# EXHIBIT B

ENTERED INTO SUSTAIN

FILED
Superior Court of California
County of Los Angeles

MAY 30 2018

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Tom G. Holmes

1  PIERCE O'DONNELL (SBN 081298)
   PODonnell@GreenbergGlusker.com
2  IRA M. STEINBERG (SBN 273997)
   ISteinberg@GreenbergGlusker.com
3  GREENBERG GLUSKER FIELDS CLAMAN &
   MACHTINGER LLP
4  1900 Avenue of the Stars, 21st Floor
   Los Angeles, California 90067-4590
5  Telephone: 310.553.3610
   Fax: 310.553.0687
6
7  Attorneys for Plaintiff
   SCHUYLER MERRITT MOORE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

WEST DISTRICT

| | |
|---|---|
| SCHUYLER MERRITT MOORE,<br><br>Plaintiff,<br><br>v.<br><br>ALISSA CHIARAVANOND,<br><br>Defendant. | Case No. SC127663<br><br>*The Honorable Nancy L. Newman, Department P*<br><br>**THIRD AMENDED COMPLAINT:**<br><br>(1) INVASION OF PRIVACY – CALIFORNIA CONSTITUTION<br>(2) INTRUSION UPON SECLUSION<br>(3) VIOLATION OF CALIFORNIA INVASION OF PRIVACY ACT<br>(4) TRESPASS<br>(5) PRIVATE ACTION UNDER COMPUTER FRAUD AND ABUSE ACT<br>(6) BREACH OF FIDUCIARY DUTY<br>(7) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>(8) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS<br><br>Action Filing Date:    June 9, 2017 |

58094-00002/3026359.1

THIRD AMENDED COMPLAINT

Plaintiff Schuyler Merritt Moore, by his undersigned counsel, hereby files his Third Amended Complaint against Defendant Alissa Chiaravanond as follows:

## INTRODUCTION

On May 27, 2017, Defendant Alissa "Sa" Chiaravanond ("Sa" or "Defendant") celebrated her birthday with her younger sister in Thailand. This is a picture of the cake.



The photograph depicts Sa holding a glass of champagne and reclining on a mountain of cash. Even though the party was in Thailand, the cake very specifically depicts Sa luxuriating in a pile of U.S. dollars. The cake was intended to celebrate a very specific act by Sa.

//

Six months before this picture was taken Sa demanded that her then husband ("Plaintiff" or "Moore"), a 61 year-old widower coping with advancing multiple sclerosis ("MS"), sign a post-nuptial agreement (the "Post-Nup") under which she would receive $5 million from him if they divorced. Moore was unusually vulnerable because of his declining health and acceded to her threats, fearing the prospect of losing Sa while struggling to cope with his advancing MS. Within three months of signing the Post-Nup, Sa filed for divorce and sought to compel Moore to pay the $5 million Sa claimed that she was owed under the Post-Nup.

In the six months preceding this picture, Sa exploited her ailing husband to extract the lop-sided Post-Nup, and though the ink was barely dry on it, she divorced him to cash in on her undeserved windfall. She then thought it fitting to celebrate what she had done with this cake. This cake symbolizes what this case is all about. While the specific torts committed by her are discussed below, fundamentally this is a case about a woman who abused the trust of a man who relied on her. Sa must be held accountable for what she has done.

## THE PARTIES

1. Schuyler Moore ("Plaintiff" or "Moore") is an individual residing at all times herein in Los Angeles, California.

2. Alissa "Sa" Chiaravanond ("Defendant" or "Sa") is an individual residing at all times herein mentioned in the State of California, County of Los Angeles.

## JURISDICTION AND VENUE

3. Jurisdiction and venue are proper because this complaint arises out of acts and omissions which occurred in Los Angeles County, California.

## GENERAL ALLEGATIONS

4. Sa and Moore began dating in 2013, and Sa moved in with Moore in 2014. Moore spoiled Sa. He paid almost all the living expenses, bought her a BMW, and gave her access to cash.

5. However, Sa was riven with jealousy over Moore's relationships with other women before she had moved in with him.

6. In 2015, Moore was diagnosed with multiple sclerosis ("MS"). MS is incurable

with known conventional therapies. This neurological disease is progressively debilitating, eventually rendering the victim unable to walk and move his or her arms, and causing loss of vision and speech, dizziness, difficulty with breathing, and other negative symptoms. Patients with advanced MS cannot care for themselves without assistance, and must rely on their spouse, family or other caregivers.

7. After a separation and reconciliation in 2016, Sa and Moore officially married in August 2016.

8. Sa, however, still remained intensely jealous, especially after finding out that Moore dated other women during their 2016 separation.

9. Sa insisted that the only way they could "have a happy life together" was for him to pay her $5 million. Moore was vulnerable. Recently diagnosed with MS, and very much wanting to stay with Sa, he was presented with an implied ultimatum from Sa – pay $5 million or divorce. This was a Hobson's Choice put to a vulnerable man.

10. Moore made the understandable decision to execute the Post-Nup, which transferred approximately $5 million in property, comprised of real estate worth $4 million and $1 million in cash, to Sa as her separate property. Moore executed this agreement because he was vulnerable due to MS and had strong feelings for Sa. He never imagined that she would heartlessly abandon him so soon thereafter.

11. Even the Post-Nup did not salve Sa's ongoing paranoia about Moore's fidelity. At her request, he carried a GPS tracker. She also surreptitiously placed surveillance cameras in the home and secretly breached Moore's email account and read his private email.

12. Less than *three months* after executing the Post-Nup, Sa filed for divorce. She thereafter sought to keep the property subject to the Post-Nup agreement and demanded the cash balance be paid.

13. Sa's demand for the lop-sided Post-Nup followed by her filing for divorce three months later caused extreme stress to Moore and left him with advanced multiple sclerosis from the stress, limited working capacity, mounting medical bills, and no retirement savings. Sa took these actions for her own gain, to acquire $5 million of assets for herself, and in complete

disregard of the fiduciary duty that she owed Moore under California Family Code section 721. Sa knew these actions would cause severe emotional distress to Moore.

14. Sa vacated Moore's residence in February 2017, but continued to monitor the hidden cameras without Moore's knowledge or consent until at least sometime in April 2017, when Moore first learned about this intrusion on his privacy. On information and belief, the cameras were secretly installed in Moore's home for *at least 180 days*.

15. The secret recording and monitoring of Moore's private actions in his own home caused severe emotional distress to an already vulnerable Moore.

## FIRST CAUSE OF ACTION

### (Invasion of Privacy – California Constitution)

16. Plaintiff incorporates Paragraphs 1 to 15 as if fully stated herein.

17. Article I, § 1 of the California constitution grants every citizen of California an inalienable right to privacy.

18. Moore has a legally-protected privacy interest in his home and his private email communications. Moore's expectation of privacy was reasonable under the circumstances.

19. Sa engaged in a serious violation of Moore's right of privacy by installing secret video cameras in Moore's home, continuing to monitor them for months even after she moved out, and surreptitiously breaching his email account.

20. Sa's invasion of Moore's privacy damaged Moore in an amount to be proven at trial.

21. Sa's actions were malicious, oppressive and fraudulent (as defined in California Civil Code section 3294) and therefore punitive damages in an amount to be proven at trial should be awarded to punish Sa and deter her and others from engaging in similar conduct.

## SECOND CAUSE OF ACTION

### (Intrusion upon Seclusion)

22. Moore incorporates Paragraphs 1 to 15 as if fully stated herein.

23. Moore had a reasonable expectation of privacy in his home and in his private email.

24. Sa intruded into a private place by secretly conducting video and audio surveillance of Moore's home and reading his private email.

25. Sa intended to invade Moore's privacy by installing and then concealing the video and audio of surveillance of Moore and by surreptitiously reading his email.

26. The video and audio surveillance and email breaching are highly offensive to reasonable persons.

27. Sa's invasion of Moore's privacy damaged Moore in an amount to be proven at trial.

28. Sa's actions were malicious, oppressive and fraudulent (as defined in California Civil Code section 3294) and therefore punitive damages in an amount to be proven at trial should be awarded to punish Sa and deter her and others from engaging in similar conduct.

## THIRD CAUSE OF ACTION

### (Violation of California Invasion of Privacy Act)

29. Moore incorporates Paragraphs 1 to 15 as if fully stated herein.

30. Penal Code section 637.2 creates a private right of action against individuals who violate the prohibition against electronic eavesdropping in Penal Code section 632.

31. On information and belief, Sa intentionally eavesdropped on Moore, without his consent, through the use of secret audio and video recording devices, invading his reasonable expectation of privacy.

32. Sa committed at least 180 violations (one per day) of the California Invasion of Privacy Act and is liable for $5,000 per violation--$900,000.

33. In the alternative, Sa is liable for three times Moore's actual damages, to be proven at trial.

34. Sa's actions were malicious, oppressive and fraudulent (as defined in California Civil Code section 3294) and therefore punitive damages should be awarded in an amount to be proved at trial to punish Sa and deter her and others from engaging in similar conduct.

//

//

## FOURTH CAUSE OF ACTION

### (Trespass)

35. Moore incorporates Paragraphs 1 to 15 as if fully stated herein.

36. Sa physically intruded onto Moore's real property through the placement of secret video cameras without his consent.

37. The trespass by camera damaged Moore in an amount to be determined at trial.

38. Sa's actions were malicious, oppressive and fraudulent (as defined in California Civil Code section 3294) and therefore punitive damages should be awarded in an amount to be proven at trial to punish Sa and deter her and others from engaging in similar conduct.

## FIFTH CAUSE OF ACTION

### (Private Action Under Computer Fraud and Abuse Act)

39. Moore incorporates Paragraphs 1 to 15 as if fully stated herein.

40. 18 U.S.C. § 1030(g) creates a private right of action against any individual who violates 18 U.S.C. § 1030(a).

41. Sa violated 18 U.S.C. § 1030(a)(2) by intentionally exceeding her authorized access to Moore's computer and email account and obtaining information without Moore's consent.

42. Moore's computer and personal email account were used for interstate commerce and communications.

43. The intrusion into Moore's email caused him physical injury by causing Moore distress which worsened his MS symptoms.

44. Sa's intrusion into Moore's private email damaged Moore in an amount to be proven at trial.

45. Sa's actions were malicious, oppressive and fraudulent (as defined in California Civil Code section 3294) and therefore punitive damages should be awarded in an amount to be proven at trial to punish Sa and deter her and others from engaging in similar conduct.

//

//

## SIXTH CAUSE OF ACTION

### (Breach of Fiduciary Duty)

46. Moore incorporates Paragraphs 1 to 15 as if fully stated herein.

47. Sa's owed Moore fiduciary duties pursuant to Family Code section 721.

48. Sa's aforementioned actions, including, but not limited to, coercing Moore to execute the Post-Nup and abandoning him shortly thereafter, and secretly surveilling him and hacking his email account, breached her fiduciary duties to Moore.

49. The actions of Sa—in coercing Moore to sign the Post-Nup under threat of divorce, and then divorcing him three months later, in conscious disregard of Moore's health and property rights and of her fiduciary duty to Moore—were intentional, malicious, oppressive and fraudulent, as defined in California Civil Code Section 3294.

## SEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

50. Moore incorporates Paragraphs 1 to 15 as if fully stated herein.

51. In cynically exploiting Moore's vulnerability and secretly surveilling him, Sa's actions constitute "outrageous" conduct directed at Moore. Moreover, Sa knew Moore was vulnerable and that her actions would exacerbate his illness.

52. Sa intentionally inflicted emotional distress on Moore, or in the alternative, acted with reckless disregard for the probability that she would cause Moore emotional distress.

53. Moore suffered—and every day suffers—severe emotional distress as the result of Sa's actions.

54. Moore has suffered harm in an amount to be determined at trial.

55. Sa's actions were malicious, oppressive and fraudulent (as defined in California Civil Code section 3294) and therefore punitive damages should be awarded in an amount to be proven at trial to punish Sa and deter her and others from engaging in similar conduct.

## EIGHTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

56. Moore incorporates Paragraphs 1 to 15 as if fully stated herein.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

57. Sa owed Moore a duty of care as her spouse and on other grounds under California law.

58. Sa breached her duty of care with respect to her conduct pertaining to the Post-Nup and secret surveillance of Moore.

59. Sa's breach caused—and continues to case—Moore severe emotional distress.

60. Moore has been damaged in an amount to be determined at trial.

WHEREFORE, Moore prays for judgment as follows:

1. For actual damages in an amount of no less than $10 million;

2. For $900,000 pursuant to the California Invasion of Privacy Act, or in the alternative, three times his actual damages arising from the violation of the California Invasion of Privacy Act;

3. For punitive damages to the maximum extent allowable under the California and United States constitution;

4. For his attorney's fees and costs; and

5. For such other and future relief in Moore's favor as this Court may deem proper.

DATED: May 30, 2018

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: *[signature]*
PIERCE O'DONNELL (SBN 081298)
IRA M. STEINBERG (SBN 273997)

Attorneys for Plaintiff
SCHUYLER MERRITT MOORE

**PROOF OF SERVICE**

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067. On May 30, 2018, I served a copy of the within document(s):

**THIRD AMENDED COMPLAINT**

☒ **U.S. MAIL:** by enclosing the above-listed document(s) in a sealed envelope, addressed to the person(s) listed below at the address(es) indicated. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited with the United States Postal Service, with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing indicated in the affidavit.

☐ **OVERNIGHT:** by placing the above-listed document(s) in a sealed _____ envelope, addressed to the person(s) listed below at the address(es) indicated, affixing a prepaid air bill thereto. Following ordinary business practices, the envelope was placed for collection on this date and would in ordinary course of business be retrieved by a _____ agent for delivery the next business day.

Donald C. Randolph, Esq.  
Daniel S. Sampson, Esq.  
Ralph & Associates  
1717 4th Street, Third Floor  
Santa Monica, CA 90401

*Attorneys for Defendant*  
*Alissa Chiaravanond*  
Tel.:  310-395-7900  
Fax:  310-395-1833  
Email: randolph@randolphassociates.com  
           dsampson@randolphassociates.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 30, 2018, at Los Angeles, California.

_____  
Kristine Nicolas

58094-00002/3026359.1

PROOF OF SERVICE