# EXHIBIT D

| | |
|---|---|
| **From:** | Devin Sreecharana |
| **To:** | Eric Levinrad; McCormick, Patrick Emerson |
| **Cc:** | Trevor Wainfeld; Elena Cordero; Renee Gonzales; jeff@admonlaw.com |
| **Subject:** | RE: Huynh v. Chiaravanond, et al |
| **Date:** | Wednesday, March 27, 2024 3:34:04 PM |
| **Attachments:** | image001.png |

Eric:

Your intent to assert defenses to the merits of Mr. Phong's claims was not clear to us during our call, so thank you for that clarification.  Had we understood that's the case, we would've asked you to identify the defenses so we could further assess Defendants' requested relief. Are you willing to do that now? High-level summary or bullet points are fine. I can't represent that Mr. Phong will stipulate to Defendants' motion but I think it makes sense to provide this information (and any other bases for "good cause" not identified in my below email) in advance of filing a motion. This is consistent with the purpose of yesterday's meet and confer.  If Defendants prefer to simply file the motion given the circumstances, that's Defendants' prerogative and, as noted, we'll continue to assess their position. Thank you.

Sincerely,



### Devin Sreecharana
**Shareholder**

—

**o:** 602.252.1900
**d:** 602.774.3568
**e:** devin@maypotenza.com

—

Central Arts Plaza
1850 N. Central Ave., 16th Floor
Phoenix, AZ 85004-4633
www.maypotenza.com

---

**From:** Eric Levinrad <elevinrad@ecjlaw.com>
**Sent:** Wednesday, March 27, 2024 3:14 PM
**To:** Devin Sreecharana <Devin@maypotenza.com>; McCormick, Patrick Emerson <PMcCormick@lewisroca.com>
**Cc:** Trevor Wainfeld <TWainfeld@maypotenza.com>; Elena Cordero <ECordero@maypotenza.com>; Renee Gonzales <RGonzales@maypotenza.com>; jeff@admonlaw.com
**Subject:** RE: Huynh v. Chiaravanond, et al

Thank you, Devin, for letting me know your position.

So that there be no misunderstanding, I do need to clarify one point in your email. While the primary reason that Ms. Chiaravonond did not file a responsive pleading before defaults were entered was due to the concerns for her physical safety that I explained too you, and constitute good cause for the defaults to be vacated; insofar as one of the factors that courts look at in connection with motions to vacate defaults is whether a meritorious defense is presented, we will, of course identify and discuss the meritorious defenses that exist here in support of our motion.

As I expressly told you during our conversation yesterday, in speaking to you responding to your questions, I expressly reserved all defenses and arguments at any stage of these proceedings and continue to do so.

Sincerely,

**Eric Levinrad**
Partner

ERVIN COHEN & JESSUP LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6370 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | elevinrad@ecjlaw.com | LinkedIn

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

**From:** Devin Sreecharana <Devin@maypotenza.com>
**Sent:** Wednesday, March 27, 2024 2:48 PM
**To:** Eric Levinrad <elevinrad@ecjlaw.com>; McCormick, Patrick Emerson <PMcCormick@lewisroca.com>
**Cc:** Trevor Wainfeld <TWainfeld@maypotenza.com>; Elena Cordero <ECordero@maypotenza.com>; Renee Gonzales <RGonzales@maypotenza.com>; jeff@admonlaw.com
**Subject:** RE: Huynh v. Chiaravanond, et al

Eric and Patrick:

Thank you for speaking with me and my colleagues yesterday afternoon. Based on our

discussion, it's our understanding that the alleged good cause to set aside the entry of default (as to all Defendants) are:

- Ms. Chiaravanond feared for her safety because of events that took place during the 21-day response period, but not because of the filing or service of this action. When asked, you were unwilling to provide any detail regarding the events or person(s) that caused Ms. Chiaravanond to fear for her safety or how those events prevented her (or any Defendant) from timely responding to the Complaint. Eric did, however, represent to us that he believes her fears to be legitimate.
- Because Ms. Chiaravanond feared for her safety, she left the Sedona residence and stayed in one or more hotels for approximately 2 weeks. She eventually made her way to LA and met with Eric.
- You reached out to us on Friday, March 22nd - the day Ms. Chiaravanond retained you.
- When asked whether you intended to assert any meritorious defenses in support of your clients' request to set aside default, you confirmed you do not and that Ms. Chiaravanond's fear for her safety and travel schedule were the only grounds you intend to assert. You also reserved the right to later raise any defenses, whether this case proceeds to default judgment or reverts to the pleadings stage.

Based on our present limited understanding of the alleged good cause, Mr. Phong will not stipulate to set aside the entry of default against each Defendant. If you'd like to expand upon the good cause you articulated to us yesterday before filing your motion, we'll make ourselves available for another call. Otherwise, we will further consider your clients' requested relief after reviewing your motion.

Finally, as discussed, I am attaching the Order the Court entered on March 25th, requiring Mr. Phong to file a Motion for Entry of Default Judgment within 15 days from the date of the Order.

Sincerely,


May Potenza Baran & Gillespie

**Devin Sreecharana**
Shareholder

—

**o:** 602.252.1900
**d:** 602.774.3568
**e:** devin@maypotenza.com

—

Central Arts Plaza
1850 N. Central Ave., 16th Floor
Phoenix, AZ 85004-4633
www.maypotenza.com

---

**From:** Devin Sreecharana
**Sent:** Tuesday, March 26, 2024 11:03 AM
**To:** Eric Levinrad <elevinrad@ecjlaw.com>; jeff@admonlaw.com
**Cc:** McCormick, Patrick Emerson <PMcCormick@lewisroca.com>; Trevor Wainfeld <TWainfeld@maypotenza.com>; Elena Cordero <ECordero@maypotenza.com>; Renee Gonzales <RGonzales@maypotenza.com>
**Subject:** RE: Huynh v. Chiaravanond, et al

Got it. Thanks.



**Devin Sreecharana**
**Shareholder**

—

**o:** 602.252.1900
**d:** 602.774.3568
**e:** devin@maypotenza.com

—

Central Arts Plaza
1850 N. Central Ave., 16th Floor
Phoenix, AZ 85004-4633
www.maypotenza.com

---

**From:** Eric Levinrad <elevinrad@ecjlaw.com>
**Sent:** Tuesday, March 26, 2024 8:41 AM
**To:** Devin Sreecharana <Devin@maypotenza.com>; jeff@admonlaw.com
**Cc:** McCormick, Patrick Emerson <PMcCormick@lewisroca.com>; Trevor Wainfeld <TWainfeld@maypotenza.com>; Elena Cordero <ECordero@maypotenza.com>; Renee Gonzales <RGonzales@maypotenza.com>
**Subject:** RE: Huynh v. Chiaravanond, et al

4:00 p.m. today works.

Let's use the following call-in number:

Dial-In: (888) 354-0094
Passcode:  6633682#

Talk to you then.

**Eric Levinrad**
Partner

**ERVIN COHEN & JESSUP** LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6370 *(t)* | (310) 859-2325 *(f)*
[www.ecjlaw.com](www.ecjlaw.com) | [elevinrad@ecjlaw.com](elevinrad@ecjlaw.com) | [LinkedIn](LinkedIn)

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

**From:** Devin Sreecharana <Devin@maypotenza.com>
**Sent:** Monday, March 25, 2024 6:22 PM
**To:** Eric Levinrad <elevinrad@ecjlaw.com>; jeff@admonlaw.com
**Cc:** McCormick, Patrick Emerson <PMcCormick@lewisroca.com>; Trevor Wainfeld <TWainfeld@maypotenza.com>; Elena Cordero <ECordero@maypotenza.com>; Renee Gonzales <RGonzales@maypotenza.com>
**Subject:** Re: Huynh v. Chiaravanond, et al

I can't do 2p tomorrow but I can do 3-430p. If that doesn't work, I'm currently free Wednesday from 1-4p.

Sincerely,

Devin Sreecharana
May, Potenza, Baran & Gillespie, P.C.
1850 N. Central Ave., 16th Floor
Phoenix, AZ 85004
602.774.3568

**From:** Eric Levinrad <elevinrad@ecjlaw.com>
**Sent:** Monday, March 25, 2024 6:08:16 PM
**To:** Devin Sreecharana <Devin@maypotenza.com>; jeff@admonlaw.com <jeff@admonlaw.com>
**Cc:** McCormick, Patrick Emerson <PMcCormick@lewisroca.com>; Trevor Wainfeld <TWainfeld@maypotenza.com>; Elena Cordero <ECordero@maypotenza.com>; Renee Gonzales <RGonzales@maypotenza.com>
**Subject:** RE: Huynh v. Chiaravanond, et al

Thank you., Devin,

How abut tomorrow at 2:00 p.m.?

**Eric Levinrad**
Partner

ERVIN COHEN & JESSUP LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6370 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | elevinrad@ecjlaw.com | LinkedIn

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

**From:** Devin Sreecharana <Devin@maypotenza.com>
**Sent:** Friday, March 22, 2024 6:12 PM
**To:** Eric Levinrad <elevinrad@ecjlaw.com>; jeff@admonlaw.com
**Cc:** McCormick, Patrick Emerson <PMcCormick@lewisroca.com>; Trevor Wainfeld <TWainfeld@maypotenza.com>; Elena Cordero <ECordero@maypotenza.com>; Renee Gonzales <RGonzales@maypotenza.com>
**Subject:** Re: Huynh v. Chiaravanond, et al

Nice to meet you, Eric. We'd like to learn more about your clients' alleged good cause so we and our client can more fully consider their request. What is your availability for a telephonic meet and confer this coming Monday-Wednesday?

Sincerely,

Devin Sreecharana
May, Potenza, Baran & Gillespie, P.C.

1850 N. Central Ave., 16th Floor
Phoenix, AZ 85004
602.774.3568

**From:** Eric Levinrad <elevinrad@ecjlaw.com>
**Sent:** Friday, March 22, 2024 4:53 PM
**To:** Devin Sreecharana <Devin@maypotenza.com>; jeff@admonlaw.com <jeff@admonlaw.com>
**Cc:** McCormick, Patrick Emerson <PMcCormick@lewisroca.com>
**Subject:** Huynh v. Chiaravanond, et al

Counsel,

I have just been engaged to represent the Defendants in the above-reference action.

Based on my review of the docket, I note that defaults were recently entered against each of the Defendants. Please let me know if the Plaintiff will stipulate to these defaults being vacated. Absent a stipulation, I intend to bring a motion to vacate these defaults pursuant to Fed. R. Civ. Pr. Rule 55(c). This motion would be made on the grounds that Ms. Chiaravanond was forced to leave her home in Sedona due to fears for her physical safety; and, as a result, was unable to engage counsel and respond to the complaint served on her and the LLC Defendants within 21 days of service.

Please let me know at your earliest convenience if you will stipulate to the defaults being vacated.

Thank you for your consideration in this regard.

Sincerely,

**Eric Levinrad**
Partner

**Ervin Cohen & Jessup** LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6370 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | elevinrad@ecjlaw.com | LinkedIn

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

**Disclaimer**

This message and any of the attached documents contain information from the law firm of May, Potenza, Baran & Gillespie, P.C., that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information, and no privilege has been waived by your inadvertent receipt. If you have received this transmission in error, please notify the sender by reply e-mail and then delete this message. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that, to the extent this communication (or any attachment) addresses any tax matter, it was not written to be (and may not be) relied upon to (i) avoid tax-related penalties under the Internal Revenue Code, or (ii) promote, market or recommend to another party any transaction or matter addressed herein (or in any such attachment).

**Disclaimer**

This message and any of the attached documents contain information from the law firm of May, Potenza, Baran & Gillespie, P.C., that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information, and no privilege has been waived by your inadvertent receipt. If you have received this transmission in error, please notify the sender by reply e-mail and then delete this message. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that, to the extent this communication (or any attachment) addresses any tax matter, it was not written to be (and may not be) relied upon to (i) avoid tax-related penalties under the Internal Revenue Code, or (ii) promote, market or recommend to another party any transaction or matter addressed herein (or in any such attachment).

**Disclaimer**

This message and any of the attached documents contain information from the law firm of May, Potenza, Baran & Gillespie, P.C., that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information, and no privilege has been waived by your inadvertent receipt. If you have received this transmission in error, please notify the sender by reply e-mail and then delete this message. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that, to the extent this communication (or any attachment) addresses any tax matter, it was not written to be (and may not be) relied upon to (i) avoid tax-related penalties under the Internal Revenue Code, or (ii) promote, market or recommend to another party any transaction or matter addressed herein (or in any such attachment).