**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phong Thanh Huynh,<br><br>  Plaintiff,<br><br>v.<br><br>Alissa Chiaravanond, *et al.*,<br><br>  Defendants. | No. CV-23-08622-PCT-JJT<br><br>**ORDER** |

At issue is Defendants' Motion to Set Aside Entry of Default (Doc. 28, Mot.), to which Plaintiff filed a Response (Doc. 33, Resp.), and Defendants filed a Reply (Doc. 34, Reply). The Court has reviewed the parties' briefs and finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court will grant Defendants' Motion.

**I.   BACKGROUND**

Plaintiff Phong Huynh and Defendant Alissa Chiaravanond were previously married to each other. (Doc. 1, Compl. ¶ 75.) During their relationship, Chiaravanond acquired Defendants Pacific Shangrila LLC, ILU LLC, Cathedral Shangrila LLC, and Nido di Stelle LLC. (Compl. ¶¶ 29–34.) On December 2, 2023, after the couple separated, Plaintiff filed a Complaint alleging fourteen claims against Defendants. Plaintiff served Nido di Stelle and Cathedral Shangrila on January 16, 2024, and filed proof of service on January 29, 2024. (Docs. 9–10.) Plaintiff served Chiaravanond, Pacific Shangrila, and ILU on February 1, 2024, and filed proof of service on February 6, 2024. (Docs. 11–13.) After

Defendants failed to answer, Plaintiff filed applications for entry of default against Nido di Stelle and Cathedral Shangrila on February 7, 2024, Pacific Shangrila and ILU on February 14, 2024, and Chiaravanond on February 26, 2024. (Docs. 14, 18, 21.) The Clerk of Court entered default as to Nido di Stelle and Cathedral Shangrila on February 12, 2024, as to Pacific Shangrila and ILU on February 15, 2024, and as to Chiaravanond on February 27, 2024. (Docs. 16, 20, 23.) On April 3, 2024, Defendants appeared through counsel and moved to set aside entry of default. (Doc. 28.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) states that the Clerk of Court must enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Rule 55(c) allows the Court to set aside any entry of default for "good cause." *See O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (noting that a District Court's discretion is especially broad when considering whether to set aside entry of default). In deciding whether to exercise its discretion and set aside an entry of default, the Court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether the party seeking to set aside the default has no meritorious defense; and (3) whether setting aside the default judgment would prejudice the other party. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle* ("*Mesle*"), 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004)). A finding that any one of these factors is true is sufficient reason for the District Court to refuse to set aside the default, but the Ninth Circuit also cautions that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

## III.    ANALYSIS

### A.     Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Grp. Life Ins. Plan v.*

*Knobber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). The Ninth Circuit has held that conduct can be intentional only where "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Mesle*, 615 F.3d at 1091 (citation omitted). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional.'" *TCI Grp.*, 244 F.3d at 697.

Defendant Chiaravanond (hereinafter referred to individually as "Defendant") argues that her conduct is not culpable because her failure to timely respond is excused by her fear for her safety and her lack of familiarity with legal matters. (Mot. at 13.) Defendant alleges several incidents that contributed to her fear of Plaintiff: a fake Instagram account acting as her posted her private pictures, a prominent businessperson threatened her over the phone to return to her marriage with Plaintiff, a car followed her and drove in an aggressive and dangerous manner that caused her fear of being forced off the road, her home electronic devices were hacked, and a drone landed near her home at night. (Doc. 29, Chiaravanond Decl. ¶¶ 12–18.) Defendant also argues that she is not legally sophisticated and was not represented by legal counsel when the Answer was due. (Mot. at 13.)

Defendant failed to timely answer, but the Court will not assume, without more, that Defendant acted deviously, willfully, or in bad faith. In doing so, the Court finds that Defendant offers a credible, good faith explanation that negates any intention to take advantage of the opposing party or legal process. At most, Defendant's explanation suggests neglectful failure to answer. The first factor weighs in favor of setting aside the default.

### B.   Meritorious Defense

To satisfy the "meritorious defense" requirement, the movant need only allege sufficient facts that, if true, would constitute a defense to the plaintiff's claims. *Mesle*, 615 F.3d at 1094. Nonetheless, it is important that the movant present the District Court

1   with specific facts. *Franchise Holding II*, 375 F.3d at 926. "A 'mere general denial without
2   facts to support it' is not enough to justify vacating a default or default judgment." *Id.*
3   (quoting *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969)).

4         Although Plaintiff argues that Defendants lack meritorious defenses, Defendant alleges that Plaintiff holds no ownership interest in the properties listed in the Complaint and there is no evidence to prove otherwise, the properties were gifted to Defendant as an irrevocable dowry she is entitled to keep, and Defendant did not misrepresent herself to Plaintiff. (Mot. at 14.) Defendant also stated three affirmative defenses: waiver, acquiescence, and unclean hands. (Mot. at 15.) Defendant has thus alleged sufficient facts that would constitute a defense to Plaintiff's claims. Therefore, the Court finds that Defendant has met her burden of presenting a meritorious defense and the second factor weighs in favor of setting aside the default.

### C.   Prejudice

"To be prejudicial, the setting aside of a [default] must result in greater harm than simply delaying resolution of the case." *TCI Grp.*, 244 F.3d at 701 (citations omitted). The standard the Court applies is whether the plaintiff's ability to pursue its claim would be hindered if the default were set aside. *Id.* For a delay to be prejudicial, it must result in tangible harm, such as the loss of evidence, increased difficulties of discovery, or greater opportunities for fraud or collusion. *Id.* (citing *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996)).

Plaintiff argues that he will be prejudiced if the default were set aside because Defendant "retains illegitimate control over the [i]nvestment [p]roperties," which she could destroy or reduce the value of "before [Plaintiff] obtains control over them." (Resp. at 15.) However, that argument presumes the Court's determination of which party rightfully owns the properties. Because Plaintiff fails to argue that setting aside the default will result in tangible harm, the Court concludes that Plaintiff will not be prejudiced by the delay. Additionally, when possible, a case should be decided on the merits. The third factor weighs in favor of setting aside the default.

Because the Court finds that Defendants' failure to timely respond is not culpable conduct, Defendants have meritorious defenses, and setting aside the default will not prejudice Plaintiff, the Court grants Defendants' Motion to Set Aside Entry of Default.

**IT IS THEREFORE ORDERED** granting Defendants' Motion to Set Aside Entry of Default (Doc. 28). The Clerk of Court is directed to set aside the Entry of Default against all Defendants (Docs. 16, 20, 23).

**IT IS FURTHER ORDERED** that Defendants shall file an Answer or otherwise respond to the Complaint by **July 17, 2024**.

Dated this 2nd day of July, 2024.

Honorable John J. Tuchi
United States District Judge