Patrick Emerson McCormick (AZ Bar No. 037036)
    PMcCormick@lewisroca.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
One South Church Avenue, Suite 2000
Tucson, Arizona 85701
Telephone: (520) 622-2090
Facsimile: (520) 622-3088

Eric Levinrad (CA Bar No. 169025/Admitted Arizona PHV)
    elevinrad@ecjlaw.com
Amy S. Russell (CA Bar No. 284131/Admitted Arizona PHV)
    arussell@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Twelfth Floor
Beverly Hills, California 90212-2974
Telephone: (310) 273-6333
Facsimile: (310) 859-2325

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| PHONG THANH HUYNH, | Case No. 3:23-cv-08622-JJT |
| Plaintiff, | *Hon. John J. Tuchi, Courtroom 505* |
| v. | **DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL; AFFIRMATIVE DEFENSES** |
| ALISSA CHIARAVANOND, an individual resident of Arizona, PACIFIC SHANGRILA LLC, a Nevada limited liability company, CATHEDRAL SHANGRILA LLC, a Nevada limited liability company, NIDO DI STELLE LLC, a Nevada limited liability company, ILU LLC, an Arizona limited liability company,, | *Action Filed: December 2, 2023* |
| Defendants. | |

11293882.1

DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

124343395.1

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Alissa Chiaravanond ("Chiaravanond"), Pacific Shangrila LLC ("Pacific"), Cathedral Shangrila LLC ("Cathedral"), Nido di Stelle LLC ("Nido"), and ILU LLC ("ILU;" and collectively with Chiaravanond, Pacific, Cathedral, and Nido, "Defendants") hereby submit their answer to the Complaint of Plaintiff Phong Thanh Huynh ("Plaintiff" or "Phong") as follows and generally deny all allegations of the Complaint not expressly admitted herein:

## PARTIES

1.      On information and belief, Defendants admit the allegations in paragraph 1.

2.      Defendants deny the allegations in paragraph 2.

3.      Defendants admit that Pacific is a single-member limited liability company formed in Nevada and owned by Chiaravanond, and Defendants deny all other allegations in paragraph 3.

4.      Defendants admit the allegations in paragraph 4.

5.      Defendants admit that Cathedral is a single-member limited liability company formed in Nevada and owned by Chiaravanond, and Defendants deny all other allegations in paragraph 5.

6.      Defendants admit the allegations in paragraph 6.

7.      Defendants admit that Nido is a single-member limited liability company formed in Nevada and owned by Chiaravanond, and Defendants deny all other allegations in paragraph 7.

8.      Defendants admit that Nido's purpose is to hold residential property located in Sedona, Arizona referred to as the "Sedona House 2" and the "Sedona Land." Defendants lack sufficient knowledge or information to form a belief concerning the truth of all other allegations in paragraph 8 and on that basis deny such allegations.

9.      Defendants admit that ILU is a single-member limited liability company formed in Arizona and owned by Chiaravanond, and Defendants deny all other allegations in paragraph 9.

10.     Defendants admit that ILU's purpose is to hold land located in Malibu,

ERVIN COHEN & JESSUP LLP

California referred to as the "Malibu Land," and Defendants deny all other allegations in paragraph 10.

## JURISDICTION AND VENUE

11.    The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the allegations in paragraph 11, and on that basis deny such allegations.

12.    The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the allegations in paragraph 12, and on that basis deny such allegations. .

13.    Defendants deny the allegations in paragraph 13.

14.    Defendants admit that Chiaravanond is Pacific's sole member and manager. Defendants deny all other allegations in paragraph 14.

15.    Defendants admit that Cathedral owns property in Yavapai County, Arizona. Defendants deny all other allegations in paragraph 15.

16.    Defendants admit that Nido owns property in Yavapai County, Arizona. Defendants deny all other allegations in paragraph 16.

17.    Defendants admit that ILU was formed in Arizona. Defendants deny all other allegations in paragraph 17.

18.    The allegations in paragraph 18 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 18.

## GENERAL ALLEGATIONS

19.    On information and belief, Defendants admit the allegations in paragraph 19.

20.    Defendants admit that Chiaravanond is a 48-year old woman and dual citizen of the United States and Thailand. Defendants deny all other allegations in paragraph 20.

21.    Defendants admit the allegations in paragraph 21.

ERVIN COHEN & JESSUP LLP

22.    Defendants deny the allegations in paragraph 22.

23.    Defendants deny the allegations in paragraph 23.

24.    Defendants admit that Chiaravanond and Plaintiff started dating in or about August 2018.

25.    Defendants deny the allegations in paragraph 25.

26.    On information and belief, Defendants admit the allegations in paragraph 26.

27.    Defendants deny the allegations in paragraph 27.

28.    Defendants deny the allegations in paragraph 28.

29.    Defendants deny the allegations in paragraph 29.

30.    Defendants deny the allegations in paragraph 30.

31.    Defendants deny the allegations in paragraph 31.

32.    Defendants deny the allegations in paragraph 32.

33.    Defendants deny the allegations in paragraph 33.

34.    Defendants deny the allegations in paragraph 34.

35.    Defendants deny the allegations in paragraph 35.

36.    Defendants admit that ILU is a limited liability company formed in Arizona and that Chiaravanond is its sole member and manager.

37.    Defendants deny the allegations in paragraph 37.

38.    Defendants deny the allegations in paragraph 38.

39.    Defendants admit that Phong transferred $3,500,000 to the Trilliant Group. Defendants lack sufficient knowledge or information to form a belief concerning the truth of the allegations that the bank account from which the funds were transferred, or the money contained therein, were solely owned by Phong, and on that basis deny such allegations. Defendants deny all other allegations in paragraph 39.

40.    Defendants admit that Chiaravanond and Phong each flew to the United States in or around May 2020, but deny that they flew together or at the same time. Defendants deny all other allegations in paragraph 40.

41.    Defendants admit that, from August 2020 to October 2021, Phong

DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

ERVIN COHEN & JESSUP LLP

1  transferred $1,320,000 to Chiaravanond's personal bank account in the United States.

2  Defendants lack sufficient knowledge or information to form a belief concerning the truth

3  of the allegations that the bank account from which Phong transferred the money, or the

4  money contained therein, were solely owned by Phong, and on that basis deny such

5  allegations. Defendants deny all other allegations in paragraph 41.

6          42.    Defendants admit that Phong transferred $1,320,000 to Chiaravanond in four

7  transfers of $90,000, $200,000, $750,000, and $280,000 on or about August 27, 2020,

8  March 10, 2021, May 28, 2021, and October 1, 2021, respectively. Defendants deny all

9  other allegations in paragraph 42.

10          43.    Defendants admit that Chiaravanond formed Cathedral in Nevada in

11 February 2021.

12          44.    Defendants admit the allegations in paragraph 44.

13          45.    Defendants admit that Chiaravanond owns and controls Trilliant Group.

14 Defendants deny all other allegations in paragraph 45.

15          46.    Defendants deny the allegations in paragraph 46.

16          47.    Defendants admit that Cathedral, purchased the Sedona House 1 for

17 $3,325,000 in February 2021. Defendants deny all other allegations in paragraph 47.

18          48.    Defendants admit the allegations in paragraph 48.

19          49.    Defendants admit that Chiaravanond is Cathedral's sole member and that she

20 has not amended Cathedral's articles of organization to include Trilliant Group or Phong

21 as members. Defendants deny all other allegations in paragraph 49.

22          50.    Defendants admit that Chiaravanond formed Nido in Nevada on or about

23 July 15, 2021, and deny all other allegations in paragraph 50.

24          51.    Defendants admit the allegations in paragraph 51.

25          52.    Defendants admit that Phong transferred $4,900,000 in June and July 2021 to

26 be paid towards the purchase of the Sedona House 2. Defendants lack sufficient knowledge

27 or information to form a belief concerning the truth of the allegations that the bank

28 account, or the money contained therein, were solely owned by Phong, and on that basis

ERVIN COHEN & JESSUP LLP

1 | deny such allegations. Defendants deny all other allegations in paragraph 52.

2 | 53.    Defendants deny the allegations in paragraph 53.

3 | 54.    Defendants admit the allegations in paragraph 54.

4 | 55.    Defendants admit the allegations in paragraph 55.

5 | 56.    Defendants admit that Chiaravanond is Nido's sole member, and deny all

6 | other allegations in paragraph 56.

7 | 57.    Defendants admit that Phong transferred $525,000 in or about August 2021

8 | to be paid towards the purchase of the Sedona Land. Defendants lack sufficient knowledge

9 | or information to form a belief concerning the truth of the allegations that the bank

10 | account, or the money contained therein, were solely owned by Phong, and on that basis

11 | deny such allegations. Defendants deny all other allegations in paragraph 57.

12 | 58.    Defendants admit the allegations in paragraph 58.

13 | 59.    Defendants admit the allegations in paragraph 59.

14 | 60.    Defendants admit that Chiaravanond is Nido's sole member, and deny all

15 | other allegations in paragraph 60.

16 | 61.    Defendants admit the allegations in paragraph 61.

17 | 62.    Defendants admit the allegations in paragraph 62.

18 | 63.    Defendants admit that Phong transferred $4,250,000 to Pacific on or about

19 | February 15, 2021. Defendants lack sufficient knowledge or information to form a belief

20 | concerning the truth of the allegations that the bank account from which Phong transferred

21 | the money, or the money contained therein, were solely owned by Phong, and on that basis

22 | deny such allegations. Defendants deny all other allegations in paragraph 63.

23 | 64.    Defendants admit the allegations in paragraph 64.

24 | 65.    Defendants admit the allegations in paragraph 65.

25 | 66.    Defendants admit the allegations in paragraph 66.

26 | 67.    Defendants admit that Chiaravanond is Pacific's sole member. Defendants

27 | deny all other allegations in paragraph 67.

28 | 68.    Defendants admit the allegations in paragraph 68.

ERVIN COHEN & JESSUP LLP

DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

ERVIN COHEN & JESSUP LLP

69.     Defendants admit the allegations in paragraph 69.

70.     Defendants admit that ILU purchased the Malibu Land for $227,500 on or about June 21, 2021. Defendants deny all other allegations in paragraph 70.

71.     Defendants admit the allegations in paragraph 71.

72.     Defendants admit the allegations in paragraph 72.

73.     Defendants admit the allegations in paragraph 73.

74.     Defendants admit that Chiaravanond is ILU's sole member. Defendants deny all other allegations in paragraph 74.

75.     Defendants admit the allegations in paragraph 75.

76.     Defendants admit that Phong made multiple transfers totaling $950,000 to Chiaravanond's personal bank account in the United States between September 2022 and August 2023. Defendants lack sufficient knowledge or information to form a belief concerning the truth of the allegations that the bank account from which Phong transferred the money, or the money contained therein, were solely owned by Phong, and on that basis deny such allegations. Defendants deny all other allegations in paragraph 76.

77.     Defendants admit that Phong transferred $950,000 to Chiaravanond in four transfers of $250,000, $200,000, $300,000, and $200,000 on or about September 30, 3033, June 13, 2023, June 20, 2023, and August 25, 2023, respectively. Defendants deny all other allegations in paragraph 77.

78.     Defendants admit that Phong transferred $1,320,000 to Chiaravanond before their marriage, $950,000 after their marriage, and $4,250,000 to Pacific. Defendants deny all other allegations in paragraph 78.

79.     Defendants lack sufficient knowledge or information to form a belief concerning the truth of the allegations in paragraph 79, and on that basis deny such allegations.

80.     Defendants admit the allegations in paragraph 80.

81.     On information and belief, Defendants admit the allegations in paragraph 81.

82.     Defendants deny that the Singapore home is Phong's. Defendants admit the

1    remaining allegations in paragraph 82.

2        83.    Defendants admit that Chiaravanond's counsel's letters were silent regarding

3    money Phong transferred to Chiaravanond to purchase any properties. Defendants deny all

4    other allegations in paragraph 83.

5        84.    Defendants admit the allegations in paragraph 84.

6        85.    To the extent paragraph 85 consists of legal conclusions, no response is

7    required. To the extent a response is required, Defendants object to the definition of the

8    term "Petition to Nullify the Marriage" in that such term covers within its scope multiple

9    separate documents, each of which refer to other documents and/or appendices. Subject to

10   such objection, Defendants admits that the October 9, 2023 Writ of Nullity, Statement of

11   Particulars, and Statement of Claim for Nullity do not specifically refer to the property or

12   cash described in this paragraph but denies that there was any obligation or requirement for

13   them to do so. Defendants deny all other allegations in paragraph 85.

14       86.    To the extent paragraph 86 consists of legal conclusions, no response is

15   required. To the extent a response is required, Defendants deny the allegations in

16   paragraph 86.

17       87.    Defendants deny the allegations in paragraph 87.

18       88.    Defendants deny that Phong was uninformed or that his consent was

19   required. Defendants admit the remaining allegations in paragraph 88.

20       89.    Defendants lack sufficient knowledge or information to form a belief

21   concerning the truth of the allegations in paragraph 89, and on that basis deny such

22   allegations.

23       90.    Defendants deny the allegations in paragraph 90.

24       91.    Defendants deny the allegations in paragraph 91.

25   <u>**COUNT I**</u>

26   <u>**Breach of the Implied Covenant of Good Faith and Fair Dealing**</u>

27   **(Defendant Chiaravanond)**

28       92.    Defendants incorporate their responses to each of the preceding paragraphs

ERVIN COHEN & JESSUP LLP

DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

1   as though fully set forth herein.

2       93.    To the extent paragraph 93 consists of legal conclusions, no response is

3   required. To the extent a response is required, Defendants deny the allegations in

4   paragraph 93.

5       94.    To the extent paragraph 94 consists of legal conclusions, no response is

6   required. To the extent a response is required, Defendants deny the allegations in

7   paragraph 94.

8       95.    To the extent paragraph 95 consists of legal conclusions, no response is

9   required. To the extent a response is required, Defendants deny the allegations in

10  paragraph 95.

11      96.    To the extent paragraph 96 consists of legal conclusions, no response is

12  required. To the extent a response is required, Defendants deny the allegations in

13  paragraph 96.

14      97.    To the extent paragraph 97 consists of legal conclusions, no response is

15  required. To the extent a response is required, Defendants deny the allegations in

16  paragraph 97.

17      98.    To the extent paragraph 98 consists of legal conclusions, no response is

18  required. To the extent a response is required, Defendants deny the allegations in

19  paragraph 98.

20      99.    To the extent paragraph 99 consists of legal conclusions, no response is

21  required. To the extent a response is required, Defendants deny the allegations in

22  paragraph 99.

23      100.   To the extent paragraph 100 consists of legal conclusions, no response is

24  required. To the extent a response is required, Defendants deny the allegations in

25  paragraph 100.

26  / / /

27  / / /

28  / / /

DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

## COUNT II

### Unjust Enrichment

### (All Defendants)

101.    Defendants incorporate their responses to each of the preceding paragraphs as though fully set forth herein.

102.    Defendants deny the allegations in paragraph 102.

103.    Defendants admit that Chiaravanond owns and controls Pacific, Cathedral, and Nido, and that such entities hold title to properties at issue in this action. Defendants deny all other allegations in paragraph 103.

104.    Defendants deny the allegations in paragraph 104.

105.    Defendants admit that Chiaravanond recently filed a Petition to Nullify the Marriage. Defendants deny all other allegations in paragraph 105.

106.    To the extent paragraph 106 consists of legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 106.

107.    To the extent paragraph 107 consists of legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 107.

108.    To the extent paragraph 108 consists of legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 108.

109.    To the extent paragraph 109 consists of legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 109.

110.    Defendants lack sufficient knowledge or information to form a belief concerning the truth of the allegations in paragraph 110, and on that basis deny such allegations.

111.    To the extent paragraph 111 consists of legal conclusions, no response is

1  required. To the extent a response is required, Defendants deny the allegations in
2  paragraph 111.

3  <u>**COUNT III**</u>

4  <u>**Money Had and Received**</u>

5  **(All Defendants)**

6  112.    Defendants incorporate their responses to each of the preceding paragraphs
7  as though fully set forth herein.

8  113.    Defendants deny the allegations in paragraph 113.

9  114.    Defendants deny the allegations in paragraph 114.

10  115.    To the extent paragraph 115 consists of legal conclusions, no response is
11  required. To the extent a response is required, Defendants deny the allegations in
12  paragraph 115.

13  116.    To the extent paragraph 116 consists of legal conclusions, no response is
14  required. To the extent a response is required, Defendants deny the allegations in
15  paragraph 116.

16  117.    To the extent paragraph 117 consists of legal conclusions, no response is
17  required. To the extent a response is required, Defendants deny the allegations in
18  paragraph 117.

19  <u>**COUNT IV**</u>

20  <u>**Breach of Fiduciary Duty**</u>

21  **(Defendant Chiaravanond)**

22  118.    Defendants incorporate their responses to each of the preceding paragraphs
23  as though fully set forth herein.

24  119.    To the extent paragraph 119 consists of legal conclusions, no response is
25  required. To the extent a response is required, Defendants deny the allegations in
26  paragraph 119.

27  120.    To the extent paragraph 120 consists of legal conclusions, no response is
28  required. To the extent a response is required, Defendants deny the allegations in

ERVIN COHEN & JESSUP LLP

DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

1    paragraph 120.

2        121.    To the extent paragraph 121 consists of legal conclusions, no response is

3    required. To the extent a response is required, Defendants deny the allegations in

4    paragraph 121.

5        122.    To the extent paragraph 122 consists of legal conclusions, no response is

6    required. To the extent a response is required, Defendants deny the allegations in

7    paragraph 122.

8        123.    To the extent paragraph 123 consists of legal conclusions, no response is

9    required. To the extent a response is required, Defendants deny the allegations in

10   paragraph 123.

11       124.    To the extent paragraph 124 consists of legal conclusions, no response is

12   required. To the extent a response is required, Defendants deny the allegations in

13   paragraph 124.

14       125.    To the extent paragraph 125 consists of legal conclusions, no response is

15   required. To the extent a response is required, Defendants deny the allegations in

16   paragraph 125.

17       126.    To the extent paragraph 126 consists of legal conclusions, no response is

18   required. To the extent a response is required, Defendants deny the allegations in

19   paragraph 126.

20       127.    To the extent paragraph 127 consists of legal conclusions, no response is

21   required. To the extent a response is required, Defendants deny the allegations in

22   paragraph 127.

23       128.    To the extent paragraph 128 consists of legal conclusions, no response is

24   required. To the extent a response is required, Defendants deny the allegations in

25   paragraph 128.

26   / / /

27   / / /

28   / / /

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

| | |
|---|---|
| 1 | **COUNT V** |
| 2 | **Constructive Fraud** |
| 3 | **(Defendant Chiaravanond)** |
| 4 | 129.    Defendants incorporate their responses to each of the preceding paragraphs |
| 5 | as though fully set forth herein. |
| 6 | 130.    To the extent paragraph 130 consists of legal conclusions, no response is |
| 7 | required. To the extent a response is required, Defendants deny the allegations in |
| 8 | paragraph 130. |
| 9 | 131.    To the extent paragraph 131 consists of legal conclusions, no response is |
| 10 | required. To the extent a response is required, Defendants deny the allegations in |
| 11 | paragraph 131. |
| 12 | 132.    To the extent paragraph 132 consists of legal conclusions, no response is |
| 13 | required. To the extent a response is required, Defendants deny the allegations in |
| 14 | paragraph 132. |
| 15 | 133.    To the extent paragraph 133 consists of legal conclusions, no response is |
| 16 | required. To the extent a response is required, Defendants deny the allegations in |
| 17 | paragraph 133. |
| 18 | 134.    To the extent paragraph 134 consists of legal conclusions, no response is |
| 19 | required. To the extent a response is required, Defendants deny the allegations in |
| 20 | paragraph 134. |
| 21 | 135.    To the extent paragraph 135 consists of legal conclusions, no response is |
| 22 | required. To the extent a response is required, Defendants deny the allegations in |
| 23 | paragraph 135. |
| 24 | 136.    To the extent paragraph 136 consists of legal conclusions, no response is |
| 25 | required. To the extent a response is required, Defendants deny the allegations in |
| 26 | paragraph 136. |
| 27 | 137.    To the extent paragraph 137 consists of legal conclusions, no response is |
| 28 | required. To the extent a response is required, Defendants deny the allegations in |

DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

ERVIN COHEN & JESSUP LLP

1  paragraph 137.

2       138.    To the extent paragraph 138 consists of legal conclusions, no response is

3  required. To the extent a response is required, Defendants deny the allegations in

4  paragraph 138.

5       139.    To the extent paragraph 139 consists of legal conclusions, no response is

6  required. To the extent a response is required, Defendants deny the allegations in

7  paragraph 139.

8                                    **COUNT VI**

9                                      **Fraud**

10                         **(Defendant Chiaravanond)**

11      140.    Defendants incorporate their responses to each of the preceding paragraphs

12  as though fully set forth herein.

13      141.    To the extent paragraph 141 consists of legal conclusions, no response is

14  required. To the extent a response is required, Defendants deny the allegations in

15  paragraph 141.

16      142.    To the extent paragraph 142 consists of legal conclusions, no response is

17  required. To the extent a response is required, Defendants deny the allegations in

18  paragraph 142.

19      143.    To the extent paragraph 143 consists of legal conclusions, no response is

20  required. To the extent a response is required, Defendants deny the allegations in

21  paragraph 143.

22      144.    To the extent paragraph 144 consists of legal conclusions, no response is

23  required. To the extent a response is required, Defendants deny the allegations in

24  paragraph 144.

25      145.    To the extent paragraph 145 consists of legal conclusions, no response is

26  required. To the extent a response is required, Defendants deny the allegations in

27  paragraph 145.

28      146.    To the extent paragraph 146 consists of legal conclusions, no response is

DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

1  required. To the extent a response is required, Defendants deny the allegations in
2  paragraph 146.

3      147.    To the extent paragraph 147 consists of legal conclusions, no response is
4  required. To the extent a response is required, Defendants deny the allegations in
5  paragraph 147.

6      148.    To the extent paragraph 148 consists of legal conclusions, no response is
7  required. To the extent a response is required, Defendants deny the allegations in
8  paragraph 148.

9                          **<u>COUNT VII</u>**

10                    **<u>Negligent Misrepresentation</u>**

11                    **(Defendant Chiaravanond)**

12     149.    Defendants incorporate their responses to each of the preceding paragraphs
13  as though fully set forth herein.

14     150.    Defendants deny the allegations in paragraph 150.

15     151.    To the extent paragraph 151 consists of legal conclusions, no response is
16  required. To the extent a response is required, Defendants deny the allegations in
17  paragraph 151.

18     152.    To the extent paragraph 152 consists of legal conclusions, no response is
19  required. To the extent a response is required, Defendants deny the allegations in
20  paragraph 152.

21     153.    To the extent paragraph 153 consists of legal conclusions, no response is
22  required. To the extent a response is required, Defendants deny the allegations in
23  paragraph 153.

24     154.    To the extent paragraph 154 consists of legal conclusions, no response is
25  required. To the extent a response is required, Defendants deny the allegations in
26  paragraph 154.

27     155.    To the extent paragraph 155 consists of legal conclusions, no response is
28  required. To the extent a response is required, Defendants deny the allegations in

ERVIN COHEN & JESSUP LLP

1  paragraph 155.

2      156.    To the extent paragraph 156 consists of legal conclusions, no response is

3  required. To the extent a response is required, Defendants deny the allegations in

4  paragraph 156.

5                          **COUNT VIII**

6          **Aggravated Negligence and Negligence *Per Se***

7                  **(Defendant Chiaravanond)**

8      157.    Defendants incorporate their responses to each of the preceding paragraphs

9  as though fully set forth herein.

10     158.    To the extent paragraph 158 consists of legal conclusions, no response is

11  required. To the extent a response is required, Defendants deny the allegations in

12  paragraph 158.

13     159.    To the extent paragraph 159 consists of legal conclusions, no response is

14  required. To the extent a response is required, Defendants deny the allegations in

15  paragraph 159.

16     160.    To the extent paragraph 160 consists of legal conclusions, no response is

17  required. To the extent a response is required, Defendants deny the allegations in

18  paragraph 160.

19     161.    To the extent paragraph 161 consists of legal conclusions, no response is

20  required. To the extent a response is required, Defendants deny the allegations in

21  paragraph 161.

22     162.    To the extent paragraph 162 consists of legal conclusions, no response is

23  required. To the extent a response is required, Defendants deny the allegations in

24  paragraph 162.

25     163.    To the extent paragraph 163 consists of legal conclusions, no response is

26  required. To the extent a response is required, Defendants deny the allegations in

27  paragraph 163.

28     164.    To the extent paragraph 164 consists of legal conclusions, no response is

ERVIN COHEN & JESSUP LLP

1 required. To the extent a response is required, Defendants deny the allegations in
2 paragraph 164.

3 ## COUNT IX

4 ## Conversion

5 **(All Defendants)**

6 165.    Defendants incorporate their responses to each of the preceding paragraphs
7 as though fully set forth herein.

8 166.    To the extent paragraph 166 consists of legal conclusions, no response is
9 required. To the extent a response is required, Defendants deny the allegations in
10 paragraph 166.

11 167.    To the extent paragraph 167 consists of legal conclusions, no response is
12 required. To the extent a response is required, Defendants deny the allegations in
13 paragraph 167.

14 168.    To the extent paragraph 168 consists of legal conclusions, no response is
15 required. To the extent a response is required, Defendants deny the allegations in
16 paragraph 168.

17 ## COUNT X

18 ## Aiding and Abetting

19 **(Corporate Defendants)**

20 169.    Defendants incorporate their responses to each of the preceding paragraphs
21 as though fully set forth herein.

22 170.    To the extent paragraph 170 consists of legal conclusions, no response is
23 required. To the extent a response is required, Defendants deny the allegations in
24 paragraph 170.

25 171.    To the extent paragraph 171 consists of legal conclusions, no response is
26 required. To the extent a response is required, Defendants deny the allegations in
27 paragraph 171.

28 172.    To the extent paragraph 172 consists of legal conclusions, no response is

ERVIN COHEN & JESSUP LLP

DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

1  required. To the extent a response is required, Defendants deny the allegations in

2  paragraph 172.

3      173.   To the extent paragraph 173 consists of legal conclusions, no response is

4  required. To the extent a response is required, Defendants deny the allegations in

5  paragraph 173.

6      174.   To the extent paragraph 174 consists of legal conclusions, no response is

7  required. To the extent a response is required, Defendants deny the allegations in

8  paragraph 174.

9      175.   To the extent paragraph 175 consists of legal conclusions, no response is

10  required. To the extent a response is required, Defendants deny the allegations in

11  paragraph 175.

12                                **COUNT XI**

13                            **Resulting Trust**

14                            **(All Defendants)**

15      176.   Defendants incorporate their responses to each of the preceding paragraphs

16  as though fully set forth herein.

17      177.   To the extent paragraph 177 consists of legal conclusions, no response is

18  required. To the extent a response is required, Defendants deny the allegations in

19  paragraph 177.

20      178.   Defendants deny the allegations in paragraph 178.

21      179.   To the extent paragraph 179 consists of legal conclusions, no response is

22  required. To the extent a response is required, Defendants deny the allegations in

23  paragraph 179.

24      180.   To the extent paragraph 180 consists of legal conclusions, no response is

25  required. To the extent a response is required, Defendants deny the allegations in

26  paragraph 180.

27      181.   To the extent paragraph 181 consists of legal conclusions, no response is

28  required. To the extent a response is required, Defendants deny the allegations in

ERVIN COHEN & JESSUP LLP

DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

1  paragraph 181.

2                                    **COUNT XII**

3                                 **Constructive Trust**

4                                 **(All Defendants)**

5          182.    Defendants incorporate their responses to each of the preceding paragraphs

6  as though fully set forth herein.

7          183.    To the extent paragraph 183 consists of legal conclusions, no response is

8  required. To the extent a response is required, Defendants deny the allegations in

9  paragraph 183.

10         184.    Defendants deny the allegations in paragraph 184.

11         185.    To the extent paragraph 185 consists of legal conclusions, no response is

12  required. To the extent a response is required, Defendants deny the allegations in

13  paragraph 185.

14         186.    Defendants lack sufficient knowledge or information to form a belief

15  concerning the truth of the allegations in paragraph 186, and on that basis deny such

16  allegations.

17         187.    To the extent paragraph 187 consists of legal conclusions, no response is

18  required. To the extent a response is required, Defendants deny the allegations in

19  paragraph 187.

20         188.    To the extent paragraph 188 consists of legal conclusions, no response is

21  required. To the extent a response is required, Defendants deny the allegations in

22  paragraph 188.

23         189.    To the extent paragraph 189 consists of legal conclusions, no response is

24  required. To the extent a response is required, Defendants deny the allegations in

25  paragraph 189.

26         190.    To the extent paragraph 190 consists of legal conclusions, no response is

27  required. To the extent a response is required, Defendants deny the allegations in

28  paragraph 190.

ERVIN COHEN & JESSUP LLP

DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

ERVIN COHEN & JESSUP LLP

1                         **COUNT XIII**

2                         **Quiet Title**

3             **(Defendants Cathedral and Nido)**

4       191.   Defendants incorporate their responses to each of the preceding paragraphs

5 as though fully set forth herein.

6       192.   To the extent paragraph 192 consists of legal conclusions, no response is

7 required. To the extent a response is required, Defendants deny the allegations in

8 paragraph 192.

9       193.   Defendants lack sufficient knowledge or information to form a belief

10 concerning the truth of the allegations in paragraph 193, and on that basis deny such

11 allegations.

12       194.   To the extent paragraph 194 consists of legal conclusions, no response is

13 required. To the extent a response is required, Defendants deny the allegations in

14 paragraph 194.

15       195.   Defendants admit the allegations in paragraph 195.

16       196.   To the extent paragraph 196 consists of legal conclusions, no response is

17 required. To the extent a response is required, Defendants deny the allegations in

18 paragraph 196.

19                         **COUNT XIV**

20            **Appointment of a Receiver**

21               **(Corporate Defendants)**

22       197.   Defendants incorporate their responses to each of the preceding paragraphs

23 as though fully set forth herein.

24       198.   Defendants deny the allegations in paragraph 198.

25       199.   Defendants deny that Phong was uninformed or that his consent was

26 required. Defendants admit the remaining allegations in paragraph 199.

27       200.   To the extent paragraph 200 consists of legal conclusions, no response is

28 required. To the extent a response is required, Defendants deny the allegations in

1 | paragraph 200.

2 | 201.    To the extent paragraph 201 consists of legal conclusions, no response is
3 | required. To the extent a response is required, Defendants deny the allegations in
4 | paragraph 201.

5 | 202.    To the extent paragraph 202 consists of legal conclusions, no response is
6 | required. To the extent a response is required, Defendants deny the allegations in
7 | paragraph 202.

8 | 203.    To the extent paragraph 203 consists of legal conclusions, no response is
9 | required. To the extent a response is required, Defendants deny the allegations in
10 | paragraph 203.

11 | 204.    To the extent paragraph 204 consists of legal conclusions, no response is
12 | required. To the extent a response is required, Defendants deny the allegations in
13 | paragraph 204.

14 | 205.    To the extent paragraph 205 consists of legal conclusions, no response is
15 | required. To the extent a response is required, Defendants deny the allegations in
16 | paragraph 205.

17 | 206.    To the extent paragraph 206 consists of legal conclusions, no response is
18 | required. To the extent a response is required, Defendants deny the allegations in
19 | paragraph 206.

20 | 207.    To the extent paragraph 207 consists of legal conclusions, no response is
21 | required. To the extent a response is required, Defendants deny the allegations in
22 | paragraph 207.

23 | 208.    To the extent paragraph 208 consists of legal conclusions, no response is
24 | required. To the extent a response is required, Defendants deny the allegations in
25 | paragraph 208.

26 | 209.    To the extent paragraph 209 consists of legal conclusions, no response is
27 | required. To the extent a response is required, Defendants deny the allegations in
28 | paragraph 209.

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

## ANSWER TO PRAYER FOR RELIEF

Answering paragraphs A through H of Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to the relief sought in these paragraphs and denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendants plead the following separate and distinct affirmative defenses without conceding that they bear the burden of proof as to any of these issues. Defendants reserve the right to assert additional affirmative defenses that discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

1.      The Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute any cause of action against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

2.      Plaintiff is barred from pursuing the claims alleged in the Complaint because Plaintiff lacks standing to bring suit.

## THIRD AFFIRMATIVE DEFENSE
### (Waiver/Estoppel)

3.      The purported claims against Defendants are barred under the doctrines of waiver and estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

4.      Defendants satisfied and discharged their obligations to Plaintiff – if any obligations were owed, which Defendants deny – prior to the commencement of the action.

///

///

///

**FIFTH AFFIRMATIVE DEFENSE**

**(Laches)**

5.      Plaintiff's Complaint and each cause of action therein is barred by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

6.      Plaintiff's Complaint and each cause of action therein is barred by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Acquiescence)**

7.      Plaintiff's Complaint and each cause of action therein is barred by the doctrine of acquiescence.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

8.      Plaintiff's claim for punitive damages is precluded by the United States and Arizona Constitutions.

**NINTH AFFIRMATIVE DEFENSE**

**(Statute of Frauds)**

9.      The Complaint, and each cause of action alleged therein, is barred by the Statute of Frauds, Ariz. Rev. Stat. § 44-101(6) and Cal. Civ. Code § 1624(a)(3), because there exists no written contract.

**TENTH AFFIRMATIVE DEFENSE**

**(Mitigation)**

10.      The Complaint, and each cause of action alleged therein, is either barred by or any damages are reduced by the fact that Plaintiff failed to mitigate his alleged damages, if any such damages occurred or exist.

/ / /

/ / /

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Unjust Enrichment)

11.    Any recovery on the Complaint, and each cause of action alleged therein, is barred in whole or in part because Plaintiff would be unjustly enriched if Plaintiff recovered any damages or relief from Defendants for injuries alleged to have been suffered.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Setoff / Offset)

12.    If Plaintiffs suffered damages, which Defendants deny, Plaintiff's damages are subject to setoff in an amount due and owing from Plaintiff for monies Defendant lost or expenses Defendant incurred as a result of Plaintiff's actions.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Consent)

13.    The Complaint, and each cause of action alleged therein, is barred because Plaintiff at all times had knowledge of, and consented to, the acts of Defendants complained of in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Defendant's Attorneys' Fees and Costs)

14.    Defendants are entitled to recover all costs and attorneys' fees incurred herein.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Lack of Good Faith)

15.    The Complaint filed by Plaintiff was brought without reasonable care and without a good faith belief there was a justifiable controversy under the facts and the law that warranted the filing of the Complaint against Defendants, and Plaintiff should therefore be responsible for all of Defendant's necessary and reasonable defense costs.

/ / /

/ / /

11293882.1

24

ERVIN COHEN & JESSUP LLP

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

16.    Defendant alleges that the relief sought in the Complaint is barred by the applicable statutes of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Improper Claim Splitting)

17.    Plaintiff has improperly filed the same or substantially similar claims in a separate lawsuit pending in the Superior Court of the State of California, County of Los Angeles, *Huynh v. Chiaravanond et al.*, case no. 23SMCV06061. As a result, Plaintiff's claims are barred under the doctrine against claim splitting.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

18.    The Complaint fails to state claims with sufficient particularity to enable Defendants to ascertain those further and additional defenses that they may have to plead in response to the Complaint. Defendants therefore reserves the right to assert all such further and additional defenses to the Complaint once the precise nature of Plaintiff's claims is ascertained through discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1.    That judgment be awarded in favor of Defendants and against Plaintiff and that the Complaint be dismissed with prejudice.

2.    That Plaintiff take nothing by his Complaint.

3.    That Defendants be awarded their costs of suit incurred herein.

4.    For attorneys' fees as permitted by applicable law.

/ / /

/ / /

/ / /

/ / /

5.    For such other and further relief as the Court shall deem just and proper.

DATED:  July 17, 2024                LEWIS ROCA ROTHGERBER CHRISTIE LLP
                                                 Patrick Emerson McCormick


                                     By:        /s/Patrick Emerson McCormick
                                                 Patrick Emerson McCormick
                                                 Attorneys for Defendants Alissa
                                                 Chiaravanond, Pacific Shangrila LLC,
                                                 Cathedral Shangrila LLC, Nido di Stelle LLC,
                                                 and ILU LLC


DATED:  July 17, 2024                ERVIN COHEN & JESSUP LLP
                                                 Eric Levinrad
                                                 Amy S. Russell


                                     By:        /s/Eric Levinrad
                                                 Eric Levinrad
                                                 Attorneys for Defendants Alissa
                                                 Chiaravanond, Pacific Shangrila LLC,
                                                 Cathedral Shangrila LLC, Nido di Stelle LLC,
                                                 and ILU LLC

DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

**PROOF OF SERVICE**

I, Daniela Rodriguez, declare:

I am a citizen of the United States and employed in Pima County, Arizona.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is One South Church Avenue, Suite 2000, Tucson, Arizona 85701-1611.

On July 17, 2024, I electronically transmitted the following document:

**DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND
FOR JURY TRIAL; AFFIRMATIVE DEFENSES**

to the Clerk's office using the CM/ECF System for filing and served through the Notice of Electronic Filing automatically generated by the Court's facilities.

I declare under penalty of perjury under the laws of the State of Arizona that the above is true and correct.

Executed on July 17, 2024, in Tucson, Arizona.


/s/ *Daniela Rodriguez*
Daniela Rodriguez