Devin Sreecharana, Esq. (029057)
Trevor Wainfeld, Esq. (037146)
MAY, POTENZA, BARAN & GILLESPIE, P.C.
1850 N. Central Ave., Suite 1600
Phoenix, Arizona 85021
Telephone: (602) 252-1900
Facsimile: (602) 252-1114
Email: devin@maypotenza.com
Email: twainfeld@maypotenza.com

Moshe Y. Admon, Esq. (034169)
Admon Law Firm, PLLC
300 Lenora St., #4008
Seattle, Washington 98121
Telephone: (206) 739-8383
Email: jeff@admonlaw.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Phong Thanh Huynh,<br><br>      Plaintiff,<br><br>v.<br><br>Alissa Chiaravanond, an individual resident of Arizona, Pacific Shangrila LLC, a Nevada limited liability company, Cathedral Shangrila LLC, a Nevada limited liability company, Nido di Stelle LLC, a Nevada limited liability company, ILU LLC, an Arizona limited liability company,<br><br>      Defendants. | Case No.: 3:23-cv-08622-JJT<br><br>**JOINT PROPOSED<br>CASE MANAGEMENT PLAN**<br><br>(Assigned to the Hon. John J. Tuchi) |

Pursuant to Local Rules of Civil Procedure 16(b)(1)(A) and 26(f) and this Court's Orders (Docs. 38 and 41), the Parties, through undersigned counsel, respectfully submit this Joint Proposed Case Management Plan.

The Parties, through undersigned counsel, conducted a Rule 26(f) meeting telephonically on August 8, 2024. This Joint Proposed Case Management Plan results from the Parties' Rule 26(f) meeting and joint drafting efforts.

    1.    **A brief statement of the nature of the case.**

        A.  **Plaintiff's Statement**

This case arises from actions occurring prior to and during the marriage of Plaintiff

Phong Thanh Huynh and Defendant Alissa Chiaravanond. During the marriage, Ms. Chiaravanond formed Pacific Shangrila LLC, Cathedral Shangrila LLC, Nido di Stelle LLC, and ILU LLC (collectively, the "Defendant Entities"). Ms. Chiaravanond is the sole member of the Defendant Entities. After their formation and during the marriage of Mr. Huynh and Ms. Chiaravanond, the Defendant Entities acquired real property in Malibu, California and Sedona, Arizona (the "Properties"). To purchase and renovate the Properties, Mr. Huynh transferred approximately $15.445 million to Ms. Chiaravanond before and after their marriage based on several alleged misrepresentations she made to him.

The Properties were to be purchased and held as part of his personal retirement planning and wealth/investment strategy and for his sole benefit. He only transferred funds to Ms. Chiaravanond to purchase and renovate the Properties for this purpose. In denying Mr. Huynh's claims, Ms. Chiaravanond alleges the $15,445,000 was a gift for her to purchase the Properties for her sole benefit, and part of a dowry made according to Thai culture/tradition.

Mr. Huynh denies Ms. Chiaravanond's defense. There is no evidence that Mr. Huynh transferred ~$15.445 million to Ms. Chiaravanond as a dowry or some other irrevocable gift. Rather, the evidence will show that Mr. Huynh conducted himself as a beneficial owner of the Properties (individually or through investment entities) because, among other things, he (1) expressly documented relevant money transfers as an "investment," (2) communicated with realtors and other third parties in the process to acquire the Properties, (3) sought professional advice to structure this investment, and (4) received updates from Ms. Chiaravanond on the Properties' profitability.

Ms. Chiaravanond has sought a nullification of her marriage to Mr. Huynh, which proceeding is pending in Singapore. Since October 2023, Ms. Chiaravanond, through Defendant Pacific Shangrila, LLC, has marketed for sale the house and land in Malibu, California, without notice to Mr. Huynh and over his objection.

### B. Defendants' Statement

Plaintiff contends that he gave money to Chiaravanond to purchase several parcels of real property for his benefit, but that she wrongfully failed to amend the articles of organization

of the various LLCs holding title to show an ownership interest by an entity owned by Plaintiff, instead keeping herself as the sole member of each LLC.  Based on these contentions, Plaintiff asserts claims for unjust enrichment, money had and received, conversion, resulting trust, and constructive trust, aiding and abetting, appointment of a receiver, quiet title, breach of the implied covenant of good faith, breach of fiduciary duty, constructive fraud, fraud, negligent misrepresentation, and aggravated negligence and negligence per se.

These claims fail because, prior to Plaintiff's marriage to Chiaravanond, Plaintiff gave money to Chiaravanond to purchase two houses in Sedona, Arizona, and one house in Malibu, California, which he expressly told her he was giving as dowry gifts.  Plaintiff understood and intended that these properties were irrevocable gifts to Chiaravanond.  Consistent with this understanding, with Plaintiff's full knowledge and agreement, title to these properties is held by LLCs (the Defendant entities, Cathedral Shangrila LLC, Pacific Shangrila LLC, Nido di Stelle LLC, and ILU LLC),  in which Chiaravanond was the sole member and in which Plaintiff had no membership interest.

There are no documents evidencing any intention for Plaintiff to hold any interest in these properties, because that was neither his nor Chiaravanond's intention.  Chiaravanond also never represented to Plaintiff that he would hold any ownership interest in the properties or in the LLC's which she set up to hold title to those properties; again, because that was not the parties' intention.

These facts refute Plaintiff's claims and also establish various affirmative defenses, including the defenses of waiver, acquiescence, unclean hands and the bar of the statute of frauds.

**2.**    **Elements of Proof**

**A.**    **A list of elements of proof necessary for each count of the Complaint**

**Count I: Breach of the Implied Covenant of Good Faith and Fair Dealing:**

Arizona "law implies a covenant of good faith and fair dealing in every contract." *Bike Fashion Corp. v. Kramer,*  202 Ariz. 420, 46 P.3d 431 (App. 2002) (citing *Rawlings v. Apodaca*, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986)). A party breaches the implied

covenant of good faith and fair dealing "by denying the other party the expected benefits of the agreement." *Nolan v. Starlight Pines Homeowners Ass'n*, 216 Ariz. 482, 489, ¶ 27 (App. 2007); *Kuehn v. Stanley*, 208 Ariz. 124, 132 (App. 2004) ("This covenant requires that neither party act to impair the right of the other to receive the benefits that flow from their agreement or contractual relationship.").

### Count II: Unjust Enrichment:

To establish a claim for unjust enrichment, a party must show: 1) an enrichment; 2) an impoverishment; 3) a connection between the two; 4) the absence of justification for the enrichment and impoverishment; and 5) the absence of a legal remedy. *Trustmark Ins. Co. v. Bank One. Arizona*, 202 Ariz. 535, 541, 48 P.3d. 485, 491 (App. Div.1 2002) *citing City of Sierra Vista v. Cochise Enter., Inc.*, 144 Ariz. 375, 381, 697 P.2d 1125, 1131 (App. 1984).

### Count III: Money Had and Received:

Money had and received is an equitable claim, which requires a showing that "the defendant has received or obtained possession of money of the plaintiff which in equity and good conscience he ought to pay over to the plaintiff." *Hannibal-Fisher v. Grand Canyon Univ.*, 523 F.Supp.3d 1087 (D. Ariz. 2021) (quoting *Copper Belle Mining Co. of W. Virginia v. Gleeson*, 14 Ariz. 548, 551, 134 P. 285 (1913) and citing *McCarrell v. Turbeville*, 51 Ariz. 166, 173, 75 P.2d 361 (1938)); *Dream Team Holdings LLC v. Alarcon*, No. CV-16-01420-PHX-DLR, 2017 WL 3460806, at *3 (D. Ariz. Aug. 11, 2017).

### Count IV: Breach of Fiduciary Duty:

To succeed on a breach of fiduciary duty claim, the claimant must prove the existence of a fiduciary duty, breach of that duty, and damages. In Arizona, "[a] fiduciary relationship has been described as something approximating business agency, professional relationship, or family tie impelling or inducing the trusting party to relax the care and vigilance he would ordinarily exercise." *Taeger v. Catholic Family & Cmty. Servs.*, 196 Ariz. 285, 290, ¶ 11, 995 P.2d 721, 726 (App. Div. 1, 1999). A party that breaches his fiduciary duty is liable for all damages that occur as a result of the breach, *Elliott v. Videan*, 164 Ariz. 113, 119, 791 P.2d 639, 645 (1990), and may be liable for punitive damages. *Jerman v. O'Leary*, 145 Ariz. 397,

402, 701 P.3d 1205, 1210 (App. 1985).

### Count V: Constructive Fraud:

"Constructive fraud is a breach of legal or equitable duty which, without regard to moral guilt or intent of the person charged, the law declares fraudulent because the breach tends to deceive others, violates public or private confidences, or injures public interests." *Dawson v. Withycombe*, 216 Ariz. 84, 107 ¶ 72, 163 P.3d 1034, 1057 (App. 2007) (internal citation and quotation marks omitted). Constructive fraud "does not require a showing of intent to deceive or dishonesty of purpose." *Id*. Constructive fraud requires "a fiduciary or confidential relationship" and that the breacher "induce[d] justifiable reliance by the other to his detriment." *Id*. (internal citations omitted).

### Count VI: Fraud:

To establish fraud, a plaintiff must show: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; and (9) his consequent and proximate injury. *Apolito v. Johnson*, 3 Ariz. App. 232, 413 P.2d 291 (1966).

### Count VII: Negligent Misrepresentation:

"One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." Restatement (Second) of Torts § 552(1); *see also Kuehn v. Stanley*, 208 Ariz. 124, 127, 91 P.3d 346, 349 (App. 2004) (Arizona courts follow the law of negligent misrepresentation set forth in Restatement (Second) of Torts § 552(1)).

### Count VIII: Aggravated Negligence and Negligence *Per Se*:

To prove aggravated negligence, a plaintiff must show the opposing party acted or failed to act when (s)he "knows or has reason to know facts which would lead a reasonable person to

realize that his conduct not only creates an unreasonable risk of bodily harm to others but also involves a high probability that substantial harm will result." *Luchanski v. Congrove*, 193 Ariz. 176, 179-80 (App. 1998) *quoting Walls v. Arizona Dep't of Pub. Safety*, 170 Ariz. 591, 595, 826 P.2d 1217, 1221 (App. 1991).

Regarding negligence *per se,* a person who violates a statute enacted for the protection and safety of the public is guilty of negligence per se. *Good v. City of Glendale*, 150 Ariz. 218, 221, 722 P.2d 386, 389 (App.1986); *Dyer v. Best Pharmacal*, 118 Ariz. 465, 467, 577 P.2d 1084, 1086 (App.1978); *Christy v. Baker*, 7 Ariz.App. 354, 355, 439 P.2d 517, 518 (1968). The standard of conduct comes from legislation "whose purpose is found to be exclusively or in part (a) to protect a class of persons which includes the one whose interest is invaded, and (b) to protect the particular interest which is invaded, and (c) to protect that interest against the kind of harm which has resulted, and (d) to protect that interest against the particular hazard from which the harm results." *Good*, 150 Ariz. at 221 *quoting* Restatement (Second) of Torts § 286.

As part of his negligence *per se* claim, Plaintiff alleges that Defendant Chiaravanond violated A.R.S. § 13-1802 (Class 2 Felony for Theft). Among other things, a person commits theft pursuant to A.R.S. § 13-1802 by knowingly, without lawful authority: "(2) Convert[ing] for an unauthorized term or use services or property of another entrusted to the defendant or placed in the defendant's possession for a limited, authorized term or use [or] (3) Obtain[ing] services or property of another by means of any material misrepresentation with intent to deprive the other person of such property or services[.]" A.R.S. § 13-1802(A).

**Count IX: Conversion:**

"Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." Restatement (Second) of Torts § 222A(1) (1965); *see also Miller v. Hehlen*, 209 Ariz. 462, 472, 104 P.3d 193, 203 (App. Div. 2 2005) (citing *Focal Point, Inc. v. U-Haul Co. of Ariz.*, 155 Ariz. 318, 319, 746 P.2d 488, 489 (App.1986)).

**Count X: Aiding & Abetting:**

To prove aiding and abetting, a plaintiff must show: (1) the primary tortfeasor committed a tort that causes injury to the plaintiff; (2) the defendant knew that the primary tortfeasor's conduct constituted a breach of duty; and (3) the defendant substantially assisted or encouraged the primary tortfeasor in achieving the breach. *Federico v. Maric*, 224 Ariz. 34, 36, ¶ 8, 226 P.3d 403, 405 (App. 2010) *quoting Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 485, ¶ 34, 38 P.3d 12, 23 (2002). The elements of the underlying torts are contained in Counts IV, V, VI, VII, VIII, and IX.

### Count XI: Resulting Trust:

A resulting trust is a rebuttable presumption that occurs in favor of the person who furnishes money when a person purchases property in their own name with money furnished by another person. *Toth v. Toth*, 190 Ariz. 218, 220, 946 P.2d 900, 902 (1997) *citing Becchelli v. Becchelli*, 109 Ariz. 229, 232, 508 P.2d 59, 62 (1973) and Restatement (Second) of Trusts ("Restatement") § 440 (1959); *Wheel of Life Found., Inc. v. Ladwig*, 15 Ariz.App. 523, 526–27, 489 P.2d 1225, 1228–29 (1971).

### Count XII: Constructive Trust:

A constructive trust is "used whenever title to property has been obtained through actual fraud, misrepresentation, concealment, undue influence, duress or through any other means which render it unconscionable for the holder of legal title to continue to retain and enjoy its beneficial interest." *Harmon v. Harmon*, 126 Ariz. 242, 244 (App. 1980) (citing *Arm, Inc. v. Terrazas*, 24 Ariz.App. 441, 539 P.2d 915 (1975)).

### Count XIII: Quiet Title:

To prevail in a quiet title action, the plaintiff must show he has the "superior title or equity" compared to the defendant. *Chantler v. Wood*, 6 Ariz.App. 134, 138 (App. 1967) (quoting 74 C.J.S. Quieting Title § 19).

### Count XIV: Appointment of a Receiver:

The Court "may appoint a receiver to protect and preserve property or the rights of parts therein, even if the action includes no other claim for relief." A.R.S. § 12-1241. A party seeking

a receiver need only prove "that the property or rights of the parties need protection," and need not show irreparable harm or lack of an adequate legal remedy. *Gravel Resources of Ariz. v. Hills*, 217 Ariz. 33, ¶¶ 10-11 (App. 2007).

### B. A list of elements of proof necessary for each Affirmative defense

#### First Affirmative Defense - Failure to State a Cause of Action

Elements:  Although a failure to state a claim identifies a pleading deficiency rather than an affirmative defense, to the extent that any of Plaintiff's claims are deficiently pled, Plaintiff cannot obtain relief on such claims. *Major v. Bossard Incorporated*, No. CV-20-00530-TUC-JCH, 2021 WL 2566984, *2 (D. Ariz. March 12, 2021).

#### Second Affirmative Defense - Lack of Standing

Elements:  Although a Plaintiff bears the burden of establishing standing, with the result that lack of standing is, technically, not an affirmative defense, to the extent that Plaintiff lacks standing to assert any of his purported claims, he cannot obtain any relief on such claims. *Martinez v. Alltran Fin. LP*, No. CV-18-04815-PHX-DLR, 2019 WL 1777300, at *2 (D. Ariz. Apr. 23, 2019).

#### Third Affirmative Defense - Waiver/Estoppel

Elements – Waiver: Waiver is an intentional and voluntary relinquishment, express or inferred, of a known right. *American Continental Life Ins. Co. v. Ranier Const. Co., Inc.,* 125 Ariz. 53, 607 P.2d 372 (1980); *Compass Bank v. Bennett*, 240 Ariz. 58, 375 P.3d 950 (Ct. App. Div. 1 2016).

Elements –Estoppel: The essential elements of an estoppel "are conduct by which one induces another to believe in certain material facts, which inducement results in acts in reliance thereon, justifiably taken, which cause injury." *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 140 Ariz. 383, 682 P.2d 388 (1984).

#### Fourth Affirmative Defense - Accord and Satisfaction

Elements:  The elements of an accord and satisfaction are: (1) proper subject matter; (2) competent parties; (3) assent or meeting of the minds of the parties; and (4) consideration. *See*

*Abbott v. Banner Health Network*, 239 Ariz. 409, 372 P.3d 933 (2016).

### Fifth Affirmative Defense – Laches

Elements – The elements of laches are an unreasonable delay after knowledge of the facts which works a hardship to the defendant. *Jerger v. Rubin*, 106 Ariz. 114, 471 P.2d 726 (1970); *Prutch v. Town of Quartzsite*, 231 Ariz. 431, 296 P.3d 94 (Ct. App. Div. 1 2013), as amended, (Feb. 26, 2013) (noting defendant must show unreasonable delay and prejudice for laches to apply); *Summit Properties, Inc. v. Wilson*, 26 Ariz. App. 550, 550 P.2d 104 (Div. 1 1976)

### Sixth Affirmative Defense - Unclean Hands

Elements: Unclean hands "bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct" that outweighs the wrongdoing alleged on the part of the Defendant. *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 1989); *Northbay Wellness Grp., Inc. v. Beyries*, 789 F.3d 956, 960 (9th Cir. 2015); *Certified Nutraceuticals, Inc. v. Avicenna Nutraceutical, LLC*, No. 3:16-cv-02810, 2018 WL 3618243, at *5 (S.D. Cal. July 30, 2018).

### Seventh Affirmative Defense - Acquiescence

Elements:  Establishing acquiescence requires a defendant to show: (1) the plaintiff actively represented that he or she would not assert a right or a claim; (2) the delay between the active representation and assertion of the right or claim was not excusable; and (3) the delay caused the defendant undue prejudice.  *Eat Right Foods Ltd. v. Whole Foods Mkt., Inc.*, 880 F.3d 1109, 1121 (9th Cir. 2018)

### Eighth Affirmative Defense - No Punitive Damages

Elements:  An award of punitive damages is unconstitutional if it fails to take into account (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418, 123 S. Ct. 1513, 1520, 155 L. Ed. 2d 585 (2003); *BMW of N. Am., Inc. v. Gore*,

517 U.S. 559, 575, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996).

**Ninth Affirmative Defense - Statute of Frauds**

Elements:  An agreement concerning the sale of an interest in real property, or the lease of real property for more than one year is required to be memorialized in writing to be enforceable. Ariz. Rev. Stat. § 44-101(6) ("No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged . . . an agreement . . . for the sale of real property or an interest therein.")

**Tenth Affirmative Defense - Mitigation**

Elements:  A plaintiff has a duty to take reasonable steps to mitigate his alleged damages.  *Northern Arizona Gas Service, Inc. v. Petrolane Transport, Inc.,* 145 Ariz. 467, 477, 702 P.2d 696, 706 (Ariz.Ct.App.1984);  *Biltmore Bank of Arizona v. First Nat. Mortg. Sources, L.L.C.*, No. CV-07-936-PHX-LOA, 2008 WL 564833, at *9 (D. Ariz. Feb. 26, 2008).

**Eleventh Affirmative Defense - Unjust Enrichment**

Elements:  A plaintiff's receipt of an unwarranted windfall in the event that it prevails in the action.  *Ventures Edge Legal PLLC v. GoDaddy.com LLC*, No. CV-15-02291-PHX-GMS, 2017 WL 1075059, at *4 (D. Ariz. Mar. 22, 2017).

**Twelfth Affirmative Defense - Setoff / Offset**

Elements:  Actional conduct engaged in by plaintiff causing damages to defendants, which are offset against any recovery by plaintiff. *Troung v. Garden View Townhomes LLC*, No. CV-19-05398-PHX-DLR, 2020 WL 108644, at *3 (D. Ariz. Jan. 9, 2020)

**Thirteenth Affirmative Defense - Consent**

Elements: The circumstances, considered as a whole, demonstrate that a reasonable person understood that an action would be carried out so that their acquiescence demonstrates knowing authorization of such action. *Smith v. Facebook, Inc.*, 745 F. App'x 8, 8 (9th Cir. 2018); *Calhoun v. Google, LLC*, No. 22-16993, 2024 WL 3869446, at *5 (9th Cir. Aug. 20, 2024).

**Fourteenth Affirmative Defense - Defendant's Attorneys' Fees and Costs**

Elements: Although a defendant's right to recover fees and costs is not, technically, an affirmative defense, in an abundance of caution, Defendants have pled this affirmative defense to make clear that they reserve any and all rights to recover any fees and costs to which they may be entitled from Plaintiff.

**Fifteenth Affirmative Defense - Lack of Good Faith**

Elements: The lack of a good faith basis on the part of Plaintiff for asserting any of the claims being asserted against Defendants, or any of them. *Esmart Grp. Pty Ltd. v. Grout*, No. 2:08-CV-0672-HRH, 2008 WL 11338818, at *4 (D. Ariz. July 28, 2008)

**Sixteenth Affirmative Defense - Statute of Limitations**

Elements: Plaintiff failed to commence his action within the time required by the statute of limitations applicable to each of his purported claims.  A.R.S. 12-543 *et seq.*

**Seventeenth Affirmative Defense - Improper Claim Splitting**

A plaintiff "generally has no right to maintain separate actions involving the same subject matter at the same time in the same court and against the same defendant." Adams *v. California Dep't of Heath Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (internal quotation marks and citation omitted), *overruled on other grounds by Taylor v. Sturgell*, 533 U.S. 880, 904 (2008). While the concurrently pending California state court action brought by Plaintiff against certain of the same Defendants in this action, it duplicates certain of the claims asserted in this action, almost verbatim, and therefore fails under the doctrine against claims splitting.

**3.    <u>Genuinely disputed factual and legal issues</u>**

The Parties have identified the following factual and legal disputes:

**A. <u>Plaintiff's Issues</u>**

- Whether Mr. Huynh transferred funds to purchase, improve, and maintain the Properties for his own investment and benefit.

- Whether Mr. Huynh transferred funds to purchase, improve, and maintain the Properties as a gift or dowry to Ms. Chiaravanond.

- Whether the Defendant Entities, through Ms. Chiaravanond, acquired the Properties for Mr. Huynh's benefit and investment.
- Whether Ms. Chiaravanond and/or the Defendant Entities were unjustly enriched by their receipt of Mr. Huynh's funds without compensation or consideration to Mr. Huynh.
- Whether Ms. Chiaravanond knowingly made false representations to or omitted material information from Mr. Huynh so that he'd transfer funds to her to purchase the Properties.
- Whether Defendants are liable for the torts pled by Mr. Huynh in his Complaint.
- Whether the Defendant Entities knew, understood, and substantially assisted or encouraged Ms. Chiaravanond in committing various torts plead by Mr. Huynh in his Complaint.
- Whether Mr. Huynh should hold title to the Properties.
- Whether a receiver is needed to protect and preserve Mr. Huynh's interest in the Properties as this case is pending.
- The extent of damages owed by each Defendant, whether individually or jointly and severally, for their actions identified in Mr. Huynh's Complaint.

### B. Defendants' Issues

- Whether Defendant Chiaravanond represented to Phong that she was a seasoned real estate investor, that she was very familiar with the U.S. residential real estate market, and that she had experience identifying highly lucrative U.S.-based residential investments.
- Whether Chiaravanond represented to Phong that because she was a U.S. citizen, it would be much easier for Phong to purchase U.S. properties through limited liability companies which Defendant Chiaravanond would manage exclusively for Phong's benefit.

- Whether Chiaravanond represented to Phong that she wanted to help him create a retirement nest egg portfolio of profitable residential real estate; and, if so, whether Phong reasonably relied on such representations.
- Whether Chiaravanond provided Phong with an investment plan, and, if she did, whether such plan:
  - focused on inducing Phong to purchase properties in Sedona, Arizona, and Malibu, California;
  - represented that Defendants Pacific, Cathedral, Nido, and ILU were to be wholly owned by the Trilliant Group, Ltd. ("Trilliant Group"), which would be owned by an offshore Trust/LLC solely owned by Phong; and
  - induced Phong to hold the Investment Properties he purchased in four LLCs
- Whether Chiaravanond represented that the Investment Properties would be rented and generate cash flow for Phong's retirement.
- Whether Phong told Chiaravanond that he was giving her the properties as dowry gifts, intending and understanding that these were irrevocable gifts.
- Whether Phong knew that title to the properties would be held by LLC's in which he would hold no membership interest.
- Whether Phong's real property claims are barred by the statute of frauds, because they are not supported by any written agreements.
- Whether Phong's claims are barred by the doctrine of unclean hands.

Presently, the parties do not believe the above factual and legal issues can be narrowed by stipulation or motion.

### 4.     The jurisdictional basis for this case

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the Parties, in that Plaintiff is a citizen of Canada, and Defendants are citizens of Arizona, California and/or Thailand.  Additionally, the amount in controversy, whether taking into consideration the Properties' market value or the ~$15.455 million which Mr. Huynh claims to have invested to purchase the Properties (Defendants deny

that these were investments), exceeds the $75,000.00 jurisdictional limit.

This Court also has supplemental jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C. § 1367.

This Court has personal jurisdiction over each Party because each Party has consented to jurisdiction by its appearance. Additionally, Defendants caused the events alleged in the Complaint to occur and have their primary effect in Arizona. *See* Complaint (Doc. 1) at ¶¶ 13-17.

### 5.    Parties that have not been served or otherwise appeared

All named Parties have been served and have appeared in this case.

### 6.    Parties not subject to the Court's jurisdiction

None.

### 7.    Dispositive or partially dispositive issues to be decided by pre-trial motions, and the legal issues about which any pretrial motions are contemplated

Motions for summary judgment and motions *in limine*; however, given current factual disputes and the parties' impending exchange of initial disclosures (September 12, 2024), it is too early for the Parties to fully assess the appropriateness of such motions or legal issues to be raised.

Plaintiff intends to seek provisional relief, via (without limitation) a motion for appointment of a receiver, injunctive relief, and/or for a protective order. Since Plaintiff filed his Complaint in this case, Defendant Chiaravanond and the Defendant Entities have begun to list the Properties for sale. Unless the parties agree to a procedure to alleviate Plaintiff's concerns over the Defendant Entities' assets, Plaintiff may seek judicial intervention to preserve real property assets at issue in this lawsuit.

Defendants Cathedral Shangrila LLC and Nido di Stelle LLC expect to file a motion to expunge the lis pendens [Doc. Nos. 24, 25 and 26] that have been filed by Plaintiff, purporting to encumber the Sedona Properties.  This motion is expected to be filed before the September 19, 2024 Scheduling Conference.

Defendants are considering bringing a motion for leave to file counterclaims.

During counsel's Rule 26 meeting, counsel discussed whether there are any choice of law issues that will need to be addressed in connection with this action. Counsel are considering this issue, and will advise the court of any choice of law issues that may require the Court's involvement.

**8.**     **Whether the case is suitable for reference to arbitration or a United States Magistrate Judge or special master**

This case is not suitable for reference to a Magistrate Judge or special master, and the Parties have not agreed to consent to jurisdiction by a U.S. Magistrate Judge under 28 U.S.C. § 636(c).

**9.**     **The status of related cases pending before other courts or other judges of this District**

*Huynh v. Chiaravanond et al.*, Case No. 23SMCV06061 (the "California Case") is currently pending before the Superior Court of California, County of Los Angeles – Santa Monica Courthouse. The California Case presents similar issues and relief as it relates to the Properties located in Malibu, California. On August 30, 2024, Defendants filed a Motion to Stay Action in the California Case. The hearing on such motion is set for October 31, 2024. The parties have not yet fully briefed that motion.

**10.**     **A description of the Parties' discussions of initial disclosures under Fed. R. Civ. P. 26(a)**

The Parties agree to exchange initial disclosures consistent with the requirements of Fed. R. Civ. P. 26(a)(1) by September 12, 2024.

**11.**     **Proposed deadlines**

The Parties propose the following deadlines:

| Event | Deadline |
|---|---|
| Filing motions to amend the Complaint or to join additional parties | December 6, 2024 |
| Completion of all fact discovery | April 18, 2025 |
| Disclosure of areas of expert testimony | February 28, 2025 |
| Disclosure of expert reports under Fed. R. Civ. P. 26(a)(2) | May 2, 2025 |
| Disclosure of rebuttal expert reports | June 6, 2025 |

| Disclosure of all witnesses, exhibits and other matters under Fed. R. Civ. P. 26(a)(3) | July 11, 2025 |
|---|---|
| Completion of all discovery, including expert depositions | August 15, 2025 |
| Completion of good faith settlement discussions | March 21, 2025 |
| Filing of dispositive motions, including *Daubert* motions | September 19, 2025 |

The Parties are open to phased discovery to focus on issues that may be the subject of dispositive or pre-trial motion practice but are not presently able to make a specific suggestion as to how discovery should be phased or limited to preserve judicial or party economy.

**12.** **Scope of discovery**

    **A.** **The extent, nature, and location of discovery anticipated by the Parties**

The Parties anticipate discovery amongst each other concerning, at least, the following topics:

- Communications between each other;
- Communications with and documents related to third parties including realtors, title agencies, advisors, financial institutions, and others with information relevant to the Parties' claims and defenses;
- Ownership, formation, governance, actions by, and documents and communications concerning the Defendant Entities;
- Ownership, acquisition, potential disposition, and documents and communications concerning the Properties;
- Mr. Huynh's intent in providing funds to Ms. Chiaravanond to purchase and renovate the Properties, and Ms. Chiaravanond's reciprocal intent;
- Mr. Huynh's intent to invest in real property in the United States for his sole benefit, and Ms. Chiaravanond's reciprocal intent;
- The truth of representations made by Ms. Chiaravanond;
- The materiality of representations and omissions by Ms. Chiaravanond to Mr. Huynh;
- Mr. Huynh's reliance on Ms. Chiaravanond's representations and omissions;

- Causation/liability;

- Alleged damages;

- Defendants' affirmative defenses, as alleged in their Answer and provided herein;

- The extent of due diligence conducted by Mr. Huynh and each Defendant in connection with the transactions described in his Complaint;

- Mr. Huynh's bank statements setting forth, referring to or reflecting the alleged transfers of moneys referred to in the Complaint;

- Communications between Mr. Huynh, on the one hand, and any third parties, on the other hand, regarding or related to the Defendants in this action, or any of them, to the extent such Communications are relevant to the claims in the Complaint or Defendants' affirmative defenses or are reasonably calculated to lead to the discovery of admissible evidence;

- Communications between Mr. Huynh, on the one hand, and any third parties, on the other hand, regarding or related to any of the properties or transactions recited in the Complaint; and,

- The alleged "Defalcation and Embezzlement Plan" alleged in the Complaint.

- The elements of Plaintiff's claims.

The documents and information sought by the Parties relating to the above topics is either in their possession or that of third-parties.

The Parties each reserve the right to seek an ESI order and engage eDiscovery vendors/experts, as appropriate and as this case develops.

The above topics are not intended to constitute a complete list of all topics of discovery, and the parties reserve the right to propound discovery on additional topics not set forth in the foregoing list. Additionally, the parties reserve all discovery objections, including objections to discovery addressed to topics that are included in the foregoing list.

**B. Suggested changes, if any, to discovery limitations**

The Parties suggest the following discovery limitations, which may be adjusted by agreement of the parties or by an order of the Court based upon a showing of good cause :

- <u>Interrogatories</u> – Plaintiff may serve 35 interrogatories on Defendants, collectively. Defendants may collectively serve 35 interrogatories on Plaintiff. The counting of the number of interrogatories shall be governed by Fed. R. Civ. P. 33(a)(1).

- <u>Requests for Production</u>
  - Plaintiff's Position: Plaintiff may serve 40 requests on Defendants, collectively. Defendants may collectively serve 40 requests on Plaintiff.
  - Defendants' Position: There should be no limit on the number of requests propounded by any party.

- <u>Requests for Admission</u> – Plaintiff may serve 40 requests on Defendants, collectively. Defendants may collectively serve 40 requests on Plaintiff.

- <u>Depositions</u> – The Parties agree to the limits and requirements set forth in Fed. R. Civ. P. 30 and 31. The Parties reserve the right to agree to different limits for certain depositions or to seek an order permitting more than 7 hours for good cause.

- <u>Third-Party Discovery</u> – Absent good cause shown, all third-party subpoenas must be served in sufficient time, taking into account the nature and volume of the material requested, to allow for resolution of reasonably anticipated disputes and production of the material requested no later than the deadline for the completion of all fact discovery. Absent good cause shown, no third-party subpoenas shall be served fewer than 45 days prior to the deadline for the completion of fact discovery. The Parties agree to give each side notice, 3 business days in advance, of the issuance of a third-party subpoena and to exchange all third-party productions within 14 days of receipt of the productions or at least 14 days before the deposition of the producing third party, whichever is earlier.

- <u>Place of Depositions</u> – During the Rule 26 meeting, counsel discussed possibly agreeing to produce party deponents for their depositions to be taken in Arizona,

regardless of the residence of such deponents. Counsel are considering reaching an agreement in this regard, and will advise the Court if the Court's involvement is required in connection with this issue.

**13.      Estimated length of trial and suggestions for shortening the trial**

The Parties estimate and propose an eight-day jury trial. However, the Parties reserve the right to request a modification to this time period as this case progresses. At this time, the Parties do not have suggestions for shortening the trial but will consider possibilities, such as a bifurcated trial on liability, as this case progresses.

**14.      Whether a jury trial has been requested**

A jury trial has been requested, and the request is not contested.

**15.      The prospects for settlement**

The Parties have yet to substantively discuss settlement. Settlement is complicated by the divorce/nullification proceedings contemporaneously occurring in Singapore. The Parties will discuss if it may be beneficial, in conjunction with their overall separation or to simply resolve this action, to involve a third-party neutral. If, after further discussion, they are amenable to using another United States District Court Judge or Magistrate Judge to assist in their settlement efforts, they will file with the Court their request for the same.

**16.      Class Action management issues**

Not applicable to this case.

**17.      Whether this matter should be placed on the complex track for case management purposes**

No.

**18.      Any other matters that will aid the Court and Parties in resolving this case in according with Fed. R. Civ. P. 1.**

The Parties are not aware of any other matters that will aid the Court and the Parties in resolving this case at this time.

**RESPECTFULLY SUBMITTED** this 12th day of September, 2024.

**MAY, POTENZA, BARAN & GILLESPIE, P.C.**

By: /s/ Devin Sreecharana
Devin Sreecharana, Esq.
Trevor Wainfeld, Esq.

**ADMON LAW FIRM, PLLC**

By: /s/Moshe Y. Admon
Moshe Y. Admon, Esq.

*Attorneys for Plaintiff*

**LEWIS ROCA ROTHGERBER CHRISTIE LLP**

By: /s/ Patrick Emerson McCormick (with permission)
Patrick Emerson McCormick, Esq.

**ERVIN COHEN & JESSUP LLP**

By: /s/ Eric Levinrad (with permission)
Eric Levinrad, Esq.
Amy S. Russell, Esq.

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants:

Patrick Emerson McCormick
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One South Church Avenue, Suite 2000
Tucson, Arizona 85701
PMcCormick@lewisroca.com

Eric Levinrad*
Amy S. Russell*
ERVIN COHEN & JESSUP LLP
9401 Wilshire Boulevard, Twelfth Floor
Beverly Hills, California 90212-2974
elevinrad@ecjlaw.com
arussell@ecjlaw.com
*Pro Hac Vice Applications Forthcoming
Attorneys for Defendants Alissa
Chiaravanond, Pacific Shangrila LLC,
Cathedral Shangrila LLC, Nido di Stelle LLC,
and ILU LLC

/s/ Renee Gonzales