1  Patrick Emerson McCormick (AZ Bar No. 037036)
      PMcCormick@lewisroca.com
2  **Lewis Roca Rothgerber Christie LLP**
   One South Church Avenue, Suite 2000
3  Tucson, Arizona 85701
   Telephone: (520) 622-2090
4  Facsimile: (520) 622-3088

5  Eric Levinrad (CA Bar No. 169025/Admitted AZ PHV)
      elevinrad@ecjlaw.com
6  Amy S. Russell (CA Bar No. 284131/Admitted AZ PHV)
      arussell@ecjlaw.com
7  **ERVIN COHEN & JESSUP LLP**
   9401 Wilshire Boulevard, Twelfth Floor
8  Beverly Hills, California 90212-2974
   Telephone: (310) 273-6333
9  Facsimile: (310) 859-2325

10  Attorneys for Defendants Alissa
    Chiaravanond, Pacific Shangrila LLC,
11  Cathedral Shangrila LLC, Nido di Stelle LLC,
    and ILU LLC

12

                **UNITED STATES DISTRICT COURT**
13
                **DISTRICT OF ARIZONA, PRESCOTT**
14

15

16  PHONG THANH HUYNH,                    Case No. 3:23-cv-08622-JJT

17         Plaintiff,                     The Hon. John J. Tuchi, Courtroom 505

18         v.                            **DEFENDANTS' *AMENDED* NOTICE
                                          OF MOTION TO EXPUNGE LIS
19  ALISSA CHIARAVANOND, an               PENDENS AND FOR FEES AND
    individual; PACIFIC SHANGRILA LLC,    COSTS; *AMENDED* MEMORANDUM
20  a Nevada limited liability company;   OF POINTS AND AUTHORITIES**
    CATHEDRAL SHANGRILA LLC, a
21  Nevada limited liability company; NIDO **ORAL ARGUMENT REQUESTED**
    DI STELLE LLC, a Nevada limited
22  liability company; and ILU LLC, an    *[Filed Concurrently with Declaration of
    Arizona limited liability company,     Eric Levinrad; Request for Judicial Notice;
23                                          and [Proposed] Order]*
           Defendants.
24

25

26

27

28

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

1  ### _AMENDED_ NOTICE

2  **TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF**

3  **RECORD:**

4        **PLEASE TAKE NOTICE** that on a date and time as the Court may direct before

5  the Honorable John J. Tuchi in Courtroom 505 of the United States District Court, District

6  of Arizona, Sandra Day O'Connor U.S. Courthouse, located at 401 W. Washington St.,

7  Fifth Floor, Phoenix, Arizona 85003, for the reasons set forth below, Defendants Cathedral

8  Shangrila LLC and Nido di Stelle LLC (collectively "Defendants") will and hereby do

9  move pursuant to A.R.S. § 33-420.B for an order expunging the Notices of Pendency of

10  Action (_Lis Pendens_) filed by Plaintiff Phong Thanh Huynh ("Plaintiff") in this action on

11  March 19, 2024 (Doc. Nos. 24, 25, 26) against Defendants' real properties located at 288

12  Back O Beyond Circle, Sedona, Arizona 86336; 95 Cross Creek Circle, Sedona, Arizona

13  86366; and 95 Raven's Call Place, Sedona, Arizona 86336 (collectively, the "Sedona

14  Properties").

15        Specifically, the amended motion[1] is made on the grounds that the Complaint in this

16  action does not contain any cause of action that would, if meritorious, affect the title of the

17  Sedona Properties or affect possession of the Sedona Properties. Instead, Plaintiff's theory

18  of the case is that he was fraudulently promised an indirect ownership interest in the

19  limited liability companies ("LLCs") which hold title to the Sedona Properties. Even if this

20  were true, that would not give Plaintiff an interest in the Sedona Properties. Accordingly,

21  the claims asserted by Plaintiff do not affect title to the Sedona Properties, and, therefore,

22  do not support the maintenance of the _lis pendens_ against those properties.

23        Additionally, pursuant to A.R.S. § 33-420.C, Defendants request that if they prevail

24  on this motion, they be awarded their attorneys' fees and costs incurred in relation to the

25  motion in an amount to be determined according to proof.

26  _____

27        [1] This amended motion is filed pursuant to the Court's order made during the
    September 19, 2024 Scheduling Conference, as reflected in  the September 19, 2024

28  Minute Entry [Doc. No. 46].

1  This Motion is based upon this Notice of Motion and Motion, the attached

2  Memorandum of Points and Authorities, the concurrently filed Declaration of Eric

3  Levinrad and Request for Judicial Notice, all pleadings and papers on file in this action,

4  and any oral or written argument which may be presented at or before the hearing on this

5  matter. Pursuant to L.R.Civ. 7.2(f) and as stated in the caption above, Defendants request

6  oral argument be granted on this Motion.

7  DATED:  September 24, 2024          LEWIS ROCA ROTHGERBER CHRISTIE LLP
                                        Patrick Emerson McCormick

8

9

10                                      By:  _____*/s/ Patrick Emerson McCormick*_____

11                                      Patrick Emerson McCormick
                                        Attorneys for Defendants Alissa

12                                      Chiaravanond, Pacific Shangrila LLC,
                                        Cathedral Shangrila LLC, Nido di Stelle LLC,

13                                      and ILU LLC

14

15  DATED:  September 24, 2024          ERVIN COHEN & JESSUP LLP
                                        Eric Levinrad

16                                      Amy S. Russell

17

18

19                                      By:  _____*/s/ Eric Levinrad*_____

20                                      Eric Levinrad
                                        Attorneys for Defendants Alissa

21                                      Chiaravanond, Pacific Shangrila LLC,
                                        Cathedral Shangrila LLC, Nido di Stelle LLC,

22                                      and ILU LLC

23

24

25

26

27

28

ERVIN COHEN & JESSUP LLP

1    *AMENDED* **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3    Plaintiff does not allege any claim in this action which would, even if successful,

4    affect title to real property.  As such the *lis pendens* recorded by Plaintiff is improper and

5    should  be expunged.

6    To elaborate, in this action, Plaintiff Phong Thanh Huynh ("Plaintiff") claims that

7    Defendant Alissa Chiaravanond ("Chiaravanond") falsely promised him an indirect

8    ownership interest in Defendants Cathedral Shangrila, LLC ("Cathedral") and Nido di

9    Stelle LLC ("Nido," and collectively with Cathedral, the "LLCs"), which hold title to

10   certain real properties in Sedona, Arizona ("Sedona Properties"). Based on these

11   allegations, Plaintiff has filed notices of *lis pendens* purporting to encumber the Sedona

12   Properties.

13   The *lis pendens* are improper because Arizona law only permits the filing of a *lis*

14   *pendens* in an action affecting title to real property, which is not the case here. *See* A.R.S.

15   § 12-1191(A) ("***In an action affecting title to real property***, the plaintiff at the time of

16   filing the complaint, or thereafter . . . may file in the office of the recorder of the county in

17   which the property is situated a notice of the pendency of the action or defense.").

18   Plaintiff claims to have been promised an indirect ownership interest in Cathedral

19   and Nido, the entities that hold legal title to the Sedona Properties. But, under a well-

20   established body of law applicable to limited liability companies, a membership interest in

21   an LLC is merely a personal property interest, which does not give the member an

22   ownership interest in the LLC's assets, including any real property. As such, even if

23   Plaintiff meets his burden of proving the allegations of his Complaint – namely, that he

24   was promised an ownership interest in Cathedral and Nido – that would not affect title to

25   real property, which would still be held by those same LLCs. As a result, the complaint

26   only alleges a personal property claim and does not affect title to real property. Therefore

27   Plaintiff's *lis pendens* against each Sedona Property are groundless and should be

28   expunged.

ERVIN COHEN & JESSUP LLP

Indeed, Plaintiff filed a virtually identical action in Los Angeles Superior Court in California, in which the Los Angeles Superior Court expunged the *lis pendens* Plaintiff recorded against certain properties in Malibu, California, finding that the complaint – which incorporates the same general allegations as are pled in this action and the same alleged theory of fraud, "does not assert a real property claim." The *lis pendens* against the Sedona Properties are similarly flawed, and should likewise be expunged.

Given the expungement of the *lis pendens* by the Los Angeles Superior Court based on the virtually identical pleading at issue here, Plaintiff knows that the Sedona Properties' *lis pendens* are groundless, but has nevertheless maintained these *lis pendens*, notwithstanding Defendants' request that he withdraw them. Under these circumstances, Defendants are entitled to recover their attorneys' fees and costs incurred in connection with this motion, pursuant to A.R.S. § 33-420.C, which permits a property owner to recover attorneys' fees and costs from a party that knowingly purports to create a groundless encumbrance against property and fails to release such encumbrance upon demand.

## II.    FACTUAL BACKGROUND

### A.    The Parties and Properties Involved in This Action

In February 2021, Chiaravanond established Cathedral, of which she is the sole member – and the managing member. That same month – prior to Chiaravanond's May 2022 marriage to Plaintiff[2] – Cathedral purchased the developed property located at 288 Back O Beyond Circle, Sedona, Arizona (the "Back O Beyond House"). The Back O Beyond House was conveyed by warranty grant deed from the prior owners to Cathedral, and this warranty deed was recorded on February 19, 2021.

In July, 2021, Chiaravanond established Nido, of which she is the sole member and the managing member. In July 2021 – also prior to Chiaravanond's marriage to Plaintiff –

---

[2] Plaintiff and Chiaravanond were married in May 2022. In October 2023, Chiaravanond instituted a proceeding in Singapore to annul their marriage.

ERVIN COHEN & JESSUP LLP

ILU purchased the property located at 95 Cross Creek Circle, Sedona, Arizona ("Cross Creek House"). The Cross Creek House was conveyed by warranty deed from the prior owner to Nido, and this grant deed was recorded on July 21, 2021. A few months later, in September 2021, Nido purchased the adjacent vacant property located at 95 Raven's Call Place, Sedona, Arizona ("Raven's Call Property"). The Raven's Call Property was conveyed by warranty deed from the prior owner to Nido, and this grant deed was recorded on September 10, 2021.

It is undisputed that title to the Back O Beyond House is held by Cathedral, and that titles to the Cross Creek House and Raven's Call Property are held by Nido. *See* Request for Judicial Notice; Declaration of Eric Levinrad, ¶¶ 2-4, Exhs. 1-3 (Grant Deeds transferring title of the respective Sedona Properties[3] to Cathedral and Nido). It is also undisputed that Chiaravanond is the sole member of both Cathedral and Nido. *See* Complaint [Doc. No. 1], ¶¶ 5, 7 (alleging, on information and belief, that Cathedral and Nido are single-member limited liability companies "owned by Defendant Chiaravanond").

**B.      The Claims Asserted by Plaintiff in this Action**

By his Complaint in this action [Doc. No. 1], Plaintiff alleges the following claims against Defendants Chiaravanond, Pacific, Cathedral, Nido and ILU, as indicated in the following table:

| Count # | Cause of Action | Defendant(s) Asserted Against |
|---------|-----------------|-------------------------------|
| I | Breach of the Implied Covenant of Good Faith and Fair Dealing | Chiaravanond |
| II | Unjust Enrichment | All Defendants |
| III | Money Had and Received | All Defendants |
| IV | Breach of Fiduciary Duty | Chiaravanond |

---

[3] The Back O Beyond House, the Cross Creek House and the Raven's Call Property collectively constitute the Sedona Properties.

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

| Count # | Cause of Action | Defendant(s) Asserted Against |
|---------|-----------------|-------------------------------|
| V | Constructive Fraud | Chiaravanond |
| VI | Fraud | Chiaravanond |
| VII | Negligent Misrepresentation | Chiaravanond |
| VIII | Aggravated Negligence and Negligence *Per Se* | Chiaravanond |
| IX | Conversion | All Defendants |
| X | Aiding and Abetting | Pacific, Cathedral, Nido and ILU |
| XI | Resulting Trust | All Defendants |
| XII | Constructive Trust | All Defendants |
| XIII | Quiet Title | Cathedral and Nido |
| XIV | Appointment of a Receiver | Pacific, Cathedral, Nido and ILU |

Central to Plaintiff's claims is the allegation that Chiaravanond allegedly represented that Cathedral and Nido (as well as Pacific and ILU) would be owned by a separate entity called the Trilliant Group, which, in turn, would be wholly owned by an entity owned and controlled by Plaintiff. *See, e.g.* Complaint [Doc. No. 1], ¶ 33 ("Defendant's Defalcation and Embezzlement Plan represented that Defendants Pacific, Cathedral, Nido, and ILU, were to be wholly owned by the Trilliant Group, Ltd., a BVI company set up in Singapore . . . , which would be owned by an offshore Trust/LLC solely owned and controlled by Phong.")[4]

Thus, while Plaintiff claims that he provided Chiaravanond with the money that was used by Cathedral and Nido (as well as Pacific and ILU) to purchase the properties, the Complaint consistently alleges that Plaintiff was only promised an indirect interest in these

---

[4] The evidence will establish that the Trilliant Group was formed by Defendant Chiaravanond long before any of the transactions alleged in the Complaint, and that it was never contemplated that Plaintiff would have any ownership interest in this entity. Nevertheless, for purposes of this motion, Defendants accept the allegations of the complaint at face value.

ERVIN COHEN & JESSUP LLP

LLCs that held title to the properties, rather than an interest in the properties themselves. *See e.g.*, *Id*., at ¶ 34 ("Chiaravanond induced Phong to hold the Investment Properties he purchased in four LLCs: (1) Defendant Pacific would hold the Malibu House, (2) Defendant ILU would hold the Malibu Land, (3) Cathedral would hold the Sedona House 1, and (4) Nido would hold Sedona House 2 and the Sedona Land"); ¶ 49 ("To date, . . . Chiaravanond has not amended Defendant Cathedral's Articles of Organization to include Trilliant Group or Phong as Defendant Cathedral's sole member"); ¶ 59 ("To date, Defendant Chiaravanond has not amended Defendant Nido's Articles of Organization to include Trilliant Group or Phong as Defendant Nido's sole member"). ***There is no allegation in the complaint that Plaintiff was ever promised title to the properties themselves***. To the contrary, the allegations that title was to be held by the LLCs directly contradict such an assertion.

Notably, Plaintiff neither attaches any written agreement granting him an interest in the Sedona Properties nor alleges the existence of any such written agreement, as is necessary under the Statute of Frauds for the enforcement of an agreement for an interest in real property. *See* A.R.S. § 44-101(6) ("No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized: . . . (6)  Upon an agreement . . . for the sale of real property or an interest therein.")

On March 19, 2024, Plaintiff filed Notices of *Lis Pendens* against each of the Sedona Properties in this action [Doc. Nos.  24, 25 and 26] and also recorded such Notices of *Lis Pendens* in the Recorder's Office of Yavapai County on that same day.  Levinrad Decl., ¶ 9, Exh. 8.

**C.    The Los Angeles Superior Court Expunged the Lis Pendens Recorded by Plaintiff in Los Angeles County**

On December 28, 2023, three-and-a-half weeks after filing the instant action, Plaintiff filed a complaint in Los Angeles Superior Court, in the action entitled *Huynh v.*

*Chiaravanond, et al*, Case Number 23SMCV06061 ("California Action"). Exh. 4.

The complaint in the California Action, like the complaint in this action, names Chiaravanond, Pacific and ILU as Defendants. Indeed, with the sole exception of omitting references to the Sedona Properties and to Cathedral and Nido, the LLCs who hold title to the Sedona Properties, the complaint in the California Action is virtually identical to the Complaint in the instant action. *Cf* Complaint [Doc. No. 1], ¶¶ 9-60 and Exh. 4 (complaint in the California Action), ¶¶ 19-41, 61-77, 81-91. The only substantive difference between the complaints in the two actions is that the complaint in the California Action focuses solely on the Malibu Properties and the LLCs (Pacific and ILU) that hold title to the Malibu Properties.

Shortly after filing the California Action, Plaintiff recorded a *lis pendens* against the Malibu properties in Los Angeles County, the county in which the Malibu Properties are located. Levinrad Decl., ¶ 6.

Defendants Pacific and ILU filed a motion to expunge the *lis pendens* in the California Action, which was heard on May 30, 2024. The Los Angeles Superior Court granted this motion and expunged the lis pendens, finding:

> 1.    The Verified Complaint filed by Plaintiff in this action does not assert a real property claim; and
>
> 2.    Plaintiff has failed to establish the probable validity of any real property claims by a preponderance of the evidence.

Exh. 5.

**D.    Plaintiff Refuses to Withdraw the Improperly Filed *Lis Pendens* Encumbering the Sedona Properties**

On July 24, 2024, Defendants' counsel sent a letter to Plaintiff's counsel requesting that the *lis pendens* encumbering the Sedona Properties be removed immediately. Levinrad Decl., ¶ 7, Exh. 6. In this letter, Defendants' counsel identified why the *lis pendens* are groundless under Arizona law and reminded Plaintiff's counsel that the Los Angeles Superior Court had expunged the *lis pendens* recorded in California based on identical claims. *Id*. On August 20, 2024, Plaintiff's counsel informed Defendants counsel that

DEFENDANTS' AMENDED NOTICE OF MOTION TO EXPUNGE LIS PENDENS

ERVIN COHEN & JESSUP LLP

1  Plaintiff would not agree to withdraw the *lis pendens* as demanded. *Id*., Exh. 7.

2  **III.    THE *LIS PENDENS* SHOULD BE EXPUNGED**

3      **A.    The *Lis Pendens* are Improper in the Absence of a Real Property Claim**

4      It is hornbook law that a *lis pendens* is only permitted in an action affecting title to

5  real property. A.R.S. § 12-1191(A), which authorizes the recordation of a *lis pendens*,

6  provides in this regard: "***In an action affecting title to real property***, the plaintiff at the

7  time of filing the complaint, or thereafter . . . may file in the office of the recorder of the

8  county in which the property is situated a notice of the pendency of the action or defense"

9  (emphasis added).

10      In *Santa Fe Ridge Homeowners' Ass'n v. Bartschi*, 219 Ariz. 391, 395, 199 P.3d

11  646, 650 (Ct. App. 2008), the court made clear that only an action affecting title to real

12  property supports the recordation of a *lis pendens*. Addressing a challenge to a *lis pendens*

13  that had been recorded by a homeowner's association based on the defendant's alleged

14  failure to abide by the applicable CC&Rs, the court noted that "[i]n determining whether a

15  lis pendens was wrongfully recorded, the court is limited to considering 'whether the

16  'action is one affecting title to real property.'" *Id*. (Internal citations omitted). "In making

17  that determination, the court need find only 'some basis' that the action is one affecting

18  title to real property to conclude the lis pendens was not wrongly recorded. A lis pendens

19  is groundless or has no basis only when the claim that the action affects 'title to real

20  property has no arguable basis or is not supported by any credible evidence.'" *Id*. (Internal

21  citations omitted).

22      Conversely, it follows that an action for a money judgment does not support the

23  recordation of a *lis pendens*. The Court made this clear in *Coventry Homes, Inc. v.*

24  *Scottscom P'ship*, 155 Ariz. 215, 217, 745 P.2d 962, 964 (Ct. App. 1987):

25          It is well established that ***a lis pendens may not be predicated***
        ***on an action or suit for a money judgment*** but applies only to

26          an action or suit which directly affects the title to real property.
        *See generally* 8 *Thompson on Real Property* § 4308 (1963). A

27          lis pendens is void if it is filed in an action which does not
        affect title of real property and is not authorized by the statute.

28

ERVIN COHEN & JESSUP LLP

1    *Id.* (Emphasis added; citing *Mammoth Cave Production Credit Assoc. v. Gross,* 141 Ariz.

2    389, 392, 687 P.2d 397, 400 (App.1984).).

3        Applying these principles to the case before it, the *Santa Fe Ridge Homeowners'*

4    *Ass'n* court held that "Santa Fe's lawsuit to compel Bartschi's compliance with CC & Rs

5    was not an action affecting title to real property pursuant to A.R.S. § 12–1191(A).

6    Consequently, the trial court properly found that Santa Fe's recordation was groundless."

7    *Id*. at 398.

8    **B.    Because Plaintiff's Complaint Does Not Allege Claims that Affect Title**

9    **to Real Property as is Necessary to Support a *Lis Pendens*, the *Lis***

10   **Pendens* Should be Expunged**

11       It is well-established that a member of an LLC does not own an interest in the

12   LLC's property. Rather, both statutory and case law makes clear that a purported

13   membership interest in a limited liability company is a personal property interest, not an

14   interest in the LLC's real property.

15       As a fundamental matter, the Arizona Limited Liability Company Act ("Act")

16   recognizes that "[a] limited liability company is an entity distinct from its member or

17   members." A.R.S. § 29-3108(A). And, the Act makes clear that a member's interest in an

18   LLC constitutes personal – not real – property. In this regard, A.R.S. § 29-3501 provides

19   that "***[a] transferable interest is personal property***." (Emphasis added.) A "transferable

20   interest," as defined in the Act, includes, but is broader than, a membership interest in an

21   LLC. *See* A.R.S. § 29-3102(29) ("'Transferable interest' 'means the right, ***as initially***

22   ***owned by a person in the person's capacity as a member***, to receive distributions from a

23   limited liability company, whether or not the person remains a member or continues to

24   own any part of the right, and applies to any fraction of the interest, by whomever owned'"

25   (emphasis added)). *See also Cruz v. Wallace*, 2021 WL 8534021, at *2 (Ariz. Super. Oct.

26   08, 2021) ("But a membership interest in a LLC does not equate to owning the LLC's

27   assets, contrary to Wallace's argument").

28       Plaintiff alleges that he was defrauded into transferring moneys to Defendant

ERVIN COHEN & JESSUP LLP

Chiaravanond, based on alleged promises that he would hold a beneficial ownership interest in Cathedral and Nido, the LLCs who hold title to the Sedona Properties.

In this regard, Plaintiff alleges:

1. That Plaintiff was induced to hold title to the Sedona Properties in Cathedral and Nido. *See* Complaint [Doc. No. 1], ¶ 34 ("Chiaravanond induced Phong to hold the Investment Properties he purchased in four LLCs: . . . (3) Cathedral would hold the Sedona House 1, and (4) Nido would hold Sedona House 2 and the Sedona Land").

2. That the purported "Defalcation and Embezzlement Plan" represented to Plaintiff that the LLCs holding title to the Sedona Properties would be indirectly owned by Plaintiff, in that they would be owned by Trilliant, which, in turn, would be owned by an entity owned and controlled by Plaintiff. *See Id*, ¶ 33 ("Defendant's Defalcation and Embezzlement Plan represented that Defendants Pacific, Cathedral, Nido, and ILU, were to be wholly owned by the Trilliant Group, Ltd., a BVI company set up in Singapore . . . , which would be owned by an offshore Trust/LLC solely owned and controlled by Phong").

3. That neither Cathedral's nor Nido's Articles of Organization have been amended to include Trilliant or Plaintiff as its sole member. *See Id*, ¶¶ 49, 59 ("To date, . . . Chiaravanond has not amended Defendant [Cathedral's/Nido's]  Articles of Organization to include Trilliant Group or Phong as Defendant [Cathedral's/Nido's] sole member").

In short, Plaintiff alleges that Chiaravanond defrauded him by failing to give him a direct or indirect membership interest in Cathedral and/or Nido, the LLCs which hold title to the Sedona Properties.

Even if true, this allegation constitutes a claim to an interest in an LLC, which constitutes personal property. If Plaintiff meets his burden and prevails on this claim, he might, arguably, become entitled to receive a membership interest in Cathedral and/or Nido. But those entities would continue to be the owners of record of the Sedona Properties. As a result, Plaintiff's claims, as pled, do not affect title to real property. These claims, therefore, do not support the *lis pendens* that Plaintiff has filed against the Sedona Properties.

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

**C.    Plaintiff's Quiet Title Claim – with its Conclusory Allegations – Also Does Not Support Plaintiff's *Lis Pendens***

Defendants anticipate Plaintiff will assert that his quiet title claim, which includes the conclusory allegation that "at all relevant times, Phong has been the rightful owner of the Investment Properties and lawfully entitled to possession thereof" (Complaint, ¶ 194), is sufficient to support the *lis pendens*.

In determining whether a claim supports a *lis pendens*, case law is clear that a court does not simply accept the claim at face value, but, rather, is required to look beyond the pleadings to determine whether the claim, as pled, has any merit:

> In sum, we conclude that the purpose of A.R.S. § 33–420 is to permit the expeditious removal of a lis pendens alleged to be groundless only where the claim that the underlying action is one affecting title to real property has no arguable basis or is not supported by any credible evidence. Further, while this determination may require the trial court to look beyond the pleadings, it should not involve a decision on the merits of the underlying action.

*Evergreen W., Inc. v. Boyd*, 167 Ariz. 614, 621, 810 P.2d 612, 619 (Ct. App. 1991). *See also Santa Fe Ridge Homeowners' Ass'n*, *supra*, at 395 (A lis pendens is groundless or has no basis only when the claim that the action affects "title to real property has no arguable basis or is not supported by any credible evidence").

In this case, while Plaintiff pleads a claim for quiet title, the quiet title claim is based on the allegations, incorporated by reference, that Plaintiff was defrauded into giving Chiaravanond money based on the alleged misrepresentations that he would hold an ownership interest in the LLCs who would hold title to the Sedona Properties purchased with such moneys. At best, this constitutes a claim for money or for an interest in the LLCs themselves, neither of which constitute a claim to real property; and neither of which support a *lis pendens*. Given these allegations, both Plaintiff's quiet title claim as pled, and the *lis pendens* based thereon, are groundless. Accordingly, the *lis pendens* should be expunged as requested.

ERVIN COHEN & JESSUP LLP

## IV.   <u>DEFENDANTS SHOULD BE AWARDED THEIR ATTORNEYS' FEES AND COSTS RELATED TO THIS MOTION</u>

A.R.S. § 33-420.C allows the owner of a property improperly encumbered by a *lis pendens* to recover attorneys' fees and costs incurred in connection with the expungement of such groundless encumbrance when the party creating such encumbrance knows that the encumbrance is groundless and refuses to release such encumbrance within 20 days of the demand by the owner of the property. A.R.S. § 33-420.C provides in this regard:

> A person who is named in a document which purports to create an interest in, or a lien or encumbrance against, real property and who knows that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid shall be liable to the owner or title holder for the sum of not less than one thousand dollars, or for treble actual damages, whichever is greater, and reasonable attorney fees and costs as provided in this section, if he wilfully refuses to release or correct such document of record within twenty days from the date of a written request from the owner or beneficial title holder of the real property.

For the reasons discussed above, the *lis pendens* filed by Plaintiff [Doc. Nos. 24, 25 and 26] are groundless because they are not based on any claims which affect title to real property.

Plaintiff knows that these *lis pendens* are groundless. First, the Los Angeles Superior Court expunged the *lis pendens* encumbering the Malibu Properties, finding that the complaint in the California action, which is virtually identical to the complaint here "does not assert a real property claim." Exh. 5. Arizona's *lis pendens* statute was based on California's *lis pendens* statute at the time and guided Arizona's early jurisprudence on the issue. *Coventry Homes*, 155 Ariz. at 218. Arizona courts continue to look to California jurisprudence for guidance on *lis pendens* matters. *See e.g.*, *Farris v. Advantage Capital Corp.*, 217 Ariz. 1, ¶ 14, fn. 1, 170 P.3d 250 (2007); *TWE Retirement Fund Trust v. Ream*, 198 Ariz. 268, ¶ 18, 8 P.3d 1182 (App. 2000). There is no daylight between the Los Angeles Superior Court's analysis of Plaintiff's faulty *lis pendens* and the appropriate analysis of Plaintiff's faulty *lis pendens* in this action.

Second, on July 24, 2024, Defendants' counsel sent Plaintiff's counsel a letter

1  informing him why the *lis pendens* are groundless under Arizona law. Exh. 6. Defendants

2  have provided Plaintiff with more than the requisite twenty days to withdraw his fault *lis*

3  *pendens*, and he has affirmatively declined to do so. Exh. 7.

4      Despite knowing that the *lis pendens* are groundless, Plaintiff has refused to remove

5  the faulty *lis pendens*. As a result, Defendants are entitled to recover their attorneys' fees

6  and costs incurred in connection with the instant motion.

7  **V.    <u>CONCLUSION</u>**

8      For the foregoing reasons, Defendants respectfully request that this motion be

9  granted and that the *lis pendens* filed by Plaintiff related to the Sedona Properties be

10  expunged forthwith. Defendants also respectfully request that they be awarded their

11  attorneys' fees and costs incurred in connection with this motion in an amount to be

12  proven by a declaration from their counsel, pursuant to A.R.S. § 33-420.C.

13  DATED:  September 24, 2024        LEWIS ROCA ROTHGERBER CHRISTIE LLP
                                      Patrick Emerson McCormick
14

15

16                                   By:    ___/s/ Patrick Emerson McCormick___
17                                      Patrick Emerson McCormick
18                                      Attorneys for Defendants Alissa
                                        Chiaravanond, Pacific Shangrila LLC,
19                                      Cathedral Shangrila LLC, Nido di Stelle LLC,
                                        and ILU LLC
20

21

22

23

24

25

26

27

28

DEFENDANTS' AMENDED NOTICE OF MOTION TO EXPUNGE LIS PENDENS

ERVIN COHEN & JESSUP LLP

1  DATED:  September 24, 2024          ERVIN COHEN & JESSUP LLP
2                                                    Eric Levinrad
                                                     Amy S. Russell
3
4
5                                      By:  _____/s/ Eric Levinrad_____
6                                            Eric Levinrad
                                             Attorneys for Defendants Alissa
7                                            Chiaravanond, Pacific Shangrila LLC,
                                             Cathedral Shangrila LLC, Nido di Stelle LLC,
8                                            and ILU LLC
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ERVIN COHEN & JESSUP LLP

## PROOF OF SERVICE

I, Ayesha Rector, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 9401 Wilshire Boulevard, Twelfth Floor, Beverly Hills, California 90212.

On September 24, 2024, I electronically transmitted the following document:

**DEFENDANTS' *AMENDED* NOTICE OF MOTION TO EXPUNGE LIS PENDENS AND FOR FEES AND COSTS; *AMENDED* MEMORANDUM OF POINTS AND AUTHORITIES**

to the Clerk's office using the CM/ECF System for filing and served through the Notice of Electronic Filing automatically generated by the Court's facilities.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 24, 2024, in Beverly Hills, California.


/s/ *Ayesha Rector*
Ayesha Rector

ERVIN COHEN & JESSUP LLP