Devin Sreecharana, Esq. (029057)
Trevor Wainfeld, Esq. (037146)
MAY, POTENZA, BARAN & GILLESPIE, P.C.
1850 N. Central Ave., Suite 1600
Phoenix, Arizona 85004
Telephone: (602) 252-1900
Facsimile: (602) 252-1114
Email: devin@maypotenza.com
Email: twainfeld@maypotenza.com

Moshe Y. Admon, Esq. (034169)
Admon Law Firm, PLLC
300 Lenora St., #4008
Seattle, Washington 98121
Telephone: (206) 739-8383
Email: jeff@admonlaw.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Phong Thanh Huynh,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Alissa Chiaravanond, an individual resident of Arizona, Pacific Shangrila LLC, a Nevada limited liability company, Cathedral Shangrila LLC, a Nevada limited liability company, Nido di Stelle LLC, a Nevada limited liability company, ILU LLC, an Arizona limited liability company,<br><br>　　　　Defendants. | Case No.: 3:23-cv-08622-JJT<br><br>**RESPONSE TO DEFENDANTS'** ***AMENDED*** **MOTION TO EXPUNGE** ***LIS PENDENS*** **AND FOR FEES AND COSTS**<br><br>(Assigned to the Honorable John J. Tuchi)<br><br>**(Oral Argument Requested)** |

　　　　This case is about Defendant Alissa Chiaravanond's alleged fraudulent misrepresentations to Plaintiff Phong Thanh Huynh ("Phong") relating to his investment of +$15 million in the subject properties for his own benefit. Specifically, Phong contends Defendant Chiaravanond, through the Corporate Defendants,[1] fraudulently secured title to the subject properties. Under the alleged circumstances, Phong may properly pursue and secure relief for his fraud, constructive fraud, quiet title, constructive trust, and resulting trust

---

[1] "Defendants" collectively refers to Defendants Chiaravanond and Pacific Shangrila LLC ("Pacific"), Cathedral Shangrila LLC ("Cathedral"), Nido di Stelle LLC ("Nido"), and ILU LLC ("ILU," together with Pacific, Cathedral, and Nido collectively referred to as the "Corporate Defendants").

claims, which each support a *lis pendens* on those properties under Arizona law. If he's successful, the Sedona Properties' title will be quieted and transferred to him. Accordingly, the *lis pendens* serve their purpose of providing third parties with notice of Phong's claim to title. And practically, if this Court nevertheless grants Defendants' Motion to Expunge *Lis Pendens* and for Fees and Costs (Doc. 50) (the "Motion") at this early stage, and despite the absence of a related successful dispositive motion, Defendants have demonstrated through prior conduct that they are likely to list for sale the Sedona Properties (or continue to receive any rents to Phong's detriment), and Phong may well lose his claims to the title of those Properties to a *bona fide* purchaser.

Plaintiff respectfully requests this Court deny Defendants' Motion in its entirety. The following Memorandum of Points and Authorities and this action's record support this Response.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELEVANT FACTUAL BACKGROUND

Phong does not dispute the dates on which Cathedral and Nido were organized or acquired the Sedona Properties,[2] or on which he recorded *lis pendens* thereon. But Defendants' Motion omits key facts preceding and related to those events which support the propriety of *lis pendens*, are contained in Phong's Complaint (Doc. 1), and discussed here:

**A. The Complaint pleads factual allegations showing that Phong transferred funds to Defendant Chiaravanond for the purpose of purchasing Investment Properties for his benefit.**

Phong and Defendant Chiaravanond began to date around September 2018. (Doc. 1, ¶ 24). By then, they had known one another for several years through work. *Id.* at ¶ 21. During that time, Defendant Chiaravanond held herself out to be a seasoned *real estate* investor. *Id.* at ¶ 22 (emphasis added).

---

[2] "Investment Properties" collectively refers to the properties at issue in this action, and identified in Phong's Complaint as the Malibu House, Malibu Land, Sedona House 1, Sedona House 2, and Sedona Land. *See* (Doc. 1) at ¶¶ 4, 6, 8, and 10. "Sedona Properties" collectively refers to the Sedona House 1, Sedona House, 2 and Sedona Land.

2

In early 2019, Phong informed Defendant Chiaravanond that he did not have a retirement plan through work and was pondering how to create a retirement nest-egg. To that end, Defendant Chiaravanond initially convinced Phong to seek real estate investment properties in Thailand, but plans changed when the COVID-19 Pandemic rendered travel to Thailand practically impossible. *Id.* at ¶¶ 25-27. Defendant Chiaravanond, relying on her experience owning real property in California,[3] convinced Phong to entrust her with funds to invest in real property in the United States for Phong's benefit. *Id.* at ¶¶ 26-30. Phong and Defendant Chiaravanond discussed a real estate investment plan in the United States. *Id.*

From January 2020 to August 2021, Phong transferred millions of dollars to acquire the Investment Properties. *Id.* at ¶¶ 39, 41-42, 46-47, 52-54, and 57-58. On May 1, 2022, Plaintiff and Defendant Chiaravanond married in Vancouver, Canada. *Id.* at ¶ 75. Plaintiff's contributions to his investment in the Sedona Properties continued post-marriage, as he transferred another $950,000 to Defendant Chiaravanond or the related investment entities between September 2022 and August 2023. *Id.* at ¶ 77. Plaintiff understood these funds were used to maintain and improve the Sedona Properties and pay taxes. *Id.*

Ultimately, because of Defendant Chiaravanond's misrepresentations, Plaintiff transferred at least $15,445,000 "for the purpose of purchasing and renovating the Investment Properties[.]" *Id.*at ¶ 78). The final transfer of funds for this purpose occurred approximately one week before Defendant Chiaravanond sent a letter from Singaporean legal counsel to Plaintiff seeking to nullify their marriage. *Id.* at ¶ 81.

On October 9, 2023, over Phong's objection, Defendant Chiaravanond listed for sale other Investment Properties in Malibu. *Id.* at ¶¶ 88-89.

**B. <u>Phong files his Complaint to, among other things, preserve his interest in and quiet title to the Sedona Properties</u>.**

On December 2, 2023, Phong filed his Complaint in this action to, *inter alia*, preserve his claim to the title of the Sedona Properties before Defendant Chiaravanond could sell

---

[3] As it turns out, Defendant Chiaravanond acquired the other properties she owns through the dissolution of her prior marriages.

3

them. *See generally id.* Among other causes of action, Phong pled the following:

- Count V (Constructive Fraud) alleges that Defendant Chiaravanond, as a fiduciary of Phong, made false material representations that she would help Phong invest in the Sedona Properties. Phong requests relief including piercing the corporate veils of Cathedral and Nido and a constructive trust over the Sedona Properties. *Id.* at ¶¶ 129-39.
- Count VI (Fraud) alleges that Defendant Chiaravanond knowingly made false material representations that she would help Phong invest in the Sedona Properties. Plaintiff requests relief including piercing the corporate veil of Cathedral and Nido and a constructive trust over the Sedona Properties. *Id.* at ¶¶ 140-48.
- Count XI (Resulting Trust) alleges, among other things, "Defendant Chiaravanond ***wrongfully induced Phong to transfer the Investment Properties*** and the Property Maintenance Investment to Defendant Chiaravanond." Phong requests relief including "***title to the Investment Properties and the Property Maintenance Investment should immediately transfer to Phong***." *Id.* at ¶¶ 177-81 (emphasis added).
- Count XII (Constructive Trust) alleges that based on Defendant Chiaravanond's misrepresentations, Phong understood that his transfer of funds was for the purpose of investing in the Sedona Properties for his benefit. Phong alleges he personally "holds at least an equitable interest in the" Sedona Properties. *Id.* at ¶¶ 180, 188. He further alleges "it [is] inequitable for Defendant Chiaravanond to retain legal title to the [Sedona] Properties" and he was damaged thereby. *Id.* at ¶¶ 189-90.
- Count XIII (Quiet Title) alleges:
  - "Defendant Chiaravanond has provided no consideration to retain any ownership in the Investment Properties." *Id.* at ¶ 192.

4

      o  "*Phong* claims all right, *title*, and interest in the [Sedona] Properties." *Id.* at ¶ 193 (emphasis added).

      o  "At all relevant times, *Phong* has been the *rightful owner* of the Investment Properties and lawfully entitled to possession thereof." *Id.* at ¶ 194 (emphasis added).

If successful on this claim, the Sedona Properties' title would transfer to Phong. (Doc. 1 ¶¶ 192-96).

Among other relief requested, Plaintiff asks for the following in Part E of his Prayer for Relief:

    i.    that the Court enter a judgment **quieting title on Phong's behalf** and granting all appropriate remedies permitted by the applicable quiet title statutes, A.R.S §12-1101 through §12-1104;

    ii.   that it be declared and adjudged that **no Defendant has <u>any</u> estate, interest, or encumbrance, real or in equity, in the Investment Properties** currently titled in their names;

    iii.  that Defendants be barred and forever estopped from having or claiming **<u>any</u> right or title** to the Investment Properties currently titled in their names;

    iv.  that the Investment Properties currently titled in the names of Defendants **be immediately transferred back <u>to Phong</u>**;

    v.   that **Phong <u>exclusively</u> has <u>all</u> right, title, and interest to the Investment Properties**;

    vi.  that it be declared that **Phong holds legal title to the Investment Properties** currently titled in the names of Defendants as a constructive trustee or under a resulting trust in favor of Phong.

*Id.* at 26:25-27:12, "Prayer for Relief" (emphasis added).

Phong's claims overtly request relief relating to quieting and transferring title to the Sedona Properties from Nido and Cathedral to Phong. Phong asserts no claims or relief relating to ownership of the Corporate Defendants because he is focused on recovery of the Investment Properties themselves, not ownership of the corporate vehicles for Defendant Chiaravanond's alleged fraud.

### C. **Phong files *lis pendens* against the Investment Properties**.

Consistent with the rationale for filing his Complaint, Plaintiff recorded *lis pendens* against the Sedona Properties given his claim to title. Phong also filed a Notice of Lis Pendens for each Sedona Property, each stating "Plaintiff seeks to quiet title and remove improperly recorded encumbrances, returning title to the Property to the Plaintiff." *See* (Docs. 24, 256, and 26); (Doc. 50-1) at Exhibit 8.

To preserve his right to the Investment Properties in Malibu, Plaintiff filed a separate action in California and similarly filed *lis pendens* against those Properties. In that case, Defendants Chiaravanond, Pacific, and ILU succeeded in expunging the *lis pendens* over Plaintiff's objection. Plaintiff contends the California court's decision was incorrect and intends to separately address the same with that court. In any event, this has unfortunately exposed those Properties to the possibility of a sale to a buyer that would eliminate Phong's requested relief as to those Properties. Notably, Defendant Chiaravanond listed one of those Properties for sale before Phong recorded the *lis pendens* and has since relisted it following the expungement of the related *lis pendens*.[4]

### D. **The Parties' counsel exchange pre-Motion letters regarding the *lis pendens*.**

On July 24, 2024, Defendants' counsel delivered a letter to Phong's counsel describing the California court's decision and requesting Phong remove the *lis pendens* from

---

[4] Upon information and belief, the Malibu House was listed for sale on May 16, 2024, see https://www.zillow.com/homedetails/20966-Las-Flores-Mesa-Dr-Malibu-CA-90265/95673162_zpid/ (last accessed October 8, 2024), and the price was reduced by 14% on September 30, 2024. *Id.* Upon information and belief, the Malibu Land was listed for sale on September 30, 2024. *See* https://www.zillow.com/homedetails/20966-Las-Flores-Mesa-Dr-Malibu-CA-90265/95673162_zpid/ (last accessed October 8, 2024).

the Sedona Properties. *See* (Doc. 50-7). On August 20, 2024, Phong's counsel responded, describing the *lis pendens*' propriety under Arizona law. *See* (Doc. 50-8). Phong's counsel's responsive letter also identified some of the practical, "big-picture" concerns with Defendants' treatment of the Investment Properties. To avoid judicial intervention by any party, Phong, through counsel, requested that the parties cooperate to preserve the Investment Properties as disputed assets, or at least any proceeds resulting from a sale.

On September 12, 2024, rather than respond to Phong's counsel's letter and invitation for a negotiated interim solution, Defendants filed the first version of their Motion. (Doc. 42). This Court struck that version of the Motion. (Doc. 46). Defendants' amended Motion followed.

## II. <u>LEGAL ARGUMENT</u>

### A. <u>*Lis pendens* are appropriate in actions affecting title to real property.</u>

"In an *action affecting title to real property,* the plaintiff at the time of filing the complaint, or thereafter … may file in the office of the recorder of the county in which the property is situated a notice of the pendency of the action or defense." A.R.S. § 12-1191 (emphasis added). A *lis pendens* serves two purposes:

> (1) to give notice to future third parties that whatever rights they might consider acquiring in the land could be subject to a superior right asserted by the plaintiffs in a pending action, and (2) to enable the court in which the action is pending to retain the power to fully deal with such property, to the exclusion of future claimants.

*In re Farnsworth*, 384 B.R. 842, 847 (D. Ariz. 2008) (citing *Hatch Cos. Contracting, Inc. v. Arizona Bank*, 170 Ariz. 553, 556, 826 P.2d 1179, 1182 (App.1991), review denied (1992)). *See also Brandt v. Scribner*, 13 Ariz. 169, 176 (1910) (providing A.R.S. § 12-1191 is intended to provide constructive notice "of all that is claimed in the action regardless of whether such claims are sufficiently plead, in so far as their nature and extent are disclosed by the pleadings").

Under Arizona law, the only relevant inquiry in determining whether to expunge a *lis pendens* is whether the action affects title to real property. *Santa Fe Ridge Homeowners' Ass'n v. Bartschi*, 219 Ariz. 391, 395, ¶ 11 (App. 2008) [hereafter, *Santa Fe*]. Thus, in

reviewing Defendants' Motion, the Court should not consider the merits of Plaintiff's Complaint. *See In re Farnsworth*, 384 B.R. at 847-48 (citing *TWE Retirement Fund Trust v. Ream*, 198 Ariz. 268, 271, 8 P.3d 1182, 1185 (App.2000)); *see also Santa Fe*, 219 Ariz. at 395, ¶ 11 (in assessing whether an action involves title to real property, the Court does not consider which party will prevail on the merits of their claims). Rather, the Court need only determine whether "the claim [affecting title to real property] has '**some basis**,'" and, if so, "the lis pendens should remain in effect until a trial on the merits." *Evergreen W., Inc. v. Boyd*, 167 Ariz. 614, 621 (App. 1991) (emphasis added).

The requirement that an action "affect title" to real property is broadly construed. *See Tucson Estates, Inc. v. Superior Court In & For Pima Cnty.*, 151 Ariz. 600, 605, 729 P.2d 954, 959 (App. 1986) (finding "the purpose behind the doctrine of lis pendens is best served by construing the statute to permit the filing of a notice of lis pendens in any action involving an adjudication of rights incident to title to real property.") (quoting *Hammersley v. District Court in and for County of Routt,* 199 Colo. 442, 445-46, 610 P.2d 94, 96-97 (1980) (policy goals furthered by giving an "expansive interpretation to the language 'affecting the title to real property'"). Thus, *lis pendens* are appropriate in both *in rem* and *in personam* actions, so long as the action may affect title to real property. *TWE Retirement Fund Trust*, 198 Ariz. at 271-72, ¶ 13. An action need not result in transfer of title to allow for a *lis pendens*. Rather, even an effect on "a right incident to title" is sufficient if the "judgment would expand, restrict, or burden a property owner's rights as bestowed by virtue of that title." *Santa Fe*, 219 Ariz. at 396-97, ¶ 16-17 (*lis pendens* was improper where claims to enforce existing CC&Rs would not expand, restrict, or burden rights incident to title) (citations omitted). Because a *lis pendens* is meant to provide notice to future interest-holders of a dispute regarding the title at issue, a *lis pendens* is appropriate if a future interest-holder could prevent the recording party from obtaining the relief they seek (or vice versa).

### B. **Defendants' failure to address Phong's claims for constructive fraud, fraud, resulting trust, and constructive trust, each of which affect the Sedona Properties' title, is dispositive.**

The parties agree this Court's review of the Motion should not include a determination

of the merits of Phong's claims. *See* (Doc. 50) at 13:7-27. The relevant inquiry is whether there is an "arguable" or "some" basis for the *lis pendens*. *Id.* (citing *Evergreen W., Inc.*, 167 Ariz. at 621 and *Santa Fe*, 219 Ariz. at 395). Unsurprisingly, then, Defendants premise their Motion "on the grounds that the Complaint in this action does not contain **any** cause of action that would, if meritorious, affect the title of the Sedona Properties or affect possession of the Sedona Properties." Motion at 2:15-17 (emphasis added). Yet Defendants focus heavily on Phong's quiet title claim (addressed in Section II(C) *infra*), and virtually ignore other causes of action in Phong's Complaint that are intended to, and would if successful, affect title to and possession of the Sedona Properties.

As described in Section I(B), *supra*, Counts V (constructive fraud), VI (fraud), XI (resulting trust), and XII (constructive trust) of Plaintiff's Complaint independently seek to affect title to and possession of the Sedona Properties. *See also* (Doc. 1). These claims clearly affect title as pled and under Arizona law. *See* (Doc. 1) at ¶¶ 129-148 (alleging constructive fraud and fraud, and seeking the imposition of a constructive trust); *Turley v. Ethington*, 213 Ariz. 640, 643, ¶ 9, 146 P.3d 1282, 1285 (App. 2006) (court may impose a constructive trust "whenever title to property has been obtained through actual fraud, misrepresentation, concealment, undue influence, duress or through any other means which render it unconscionable for the holder of legal title to continue to retain and enjoy its beneficial interest."); (Doc. 1) at ¶¶ 182-190 (seeking constructive trust); *Coventry Homes, Inc. v. Scottscom P'ship*, 155 Ariz. 215, 218, 745 P.2d 962, 965 (App. 1987) (constructive trust affects title to property); *Warren v. Whitehall Income Fund 86*, 170 Ariz. 241, 244 (App. 1991) (In a constructive trust case dealing with potential title changes to real property, it "was the case" that A.R.S. § 12-1191 allowed the plaintiff to file a *lis pendens*.); (Doc. 1) at ¶¶ 176-181 (seeking resulting trust and title to the Investment Properties); *Pool v. Peil*, 22 Ariz. App. 417, 528 P.2d 168 (1974) (finding resulting trust and ordering title conveyed to plaintiffs). To that end, Phong's requested relief in Part E of his Complaint's "Prayer for Relief" also makes it abundantly clear his claims affect title to the Sedona Properties; it specifically includes (a) transferring all rights and interests and possession of the Sedona

Properties to him alone and (b) retitling the Sedona Properties exclusively in his name. *See* (Doc. 1) at 26-27, "Prayer for Relief" Section E(ii)-(vi).

Setting aside Defendants' misplaced arguments regarding Phong's quiet title claim, Defendants have not and cannot establish at this early stage that there is no basis for Phong's other claims affecting title to the Sedona Properties. The existence of each of these claims and their underlying allegations are independently sufficient to support the *lis pendens* on the Sedona Properties.

### C. Defendants' attempted recharacterization of Phong's quiet title claim fails.

By definition, Phong's quiet title claim (Count XIII) affects title to real property. *See* A.R.S. § 12-1101(A) (authorizing a claim "to determine and quiet title to real property"). To argue there is *no* basis for Phong's quiet title claim, Defendants rely on the false premise that Phong contends Defendant Chiaravanond defrauded him into giving money in exchange for a membership interest in Nido and Cathedral. *See* (Doc. 50) at 13:19-27. From that false premise, Defendants conclude that Phong's quiet title claim is really a claim for money or a membership interest, and not a real property claim. *Id. See also* (Doc. 50) at 4:18-19 ("Plaintiff claims to have been promised an indirect ownership interest in Cathedral and Nido, the entities that hold legal title to the Sedona Properties.").[5] But Defendants' recharacterization is inconsistent with Phong's allegations, claims, and requested relief, which make clear Phong seeks to establish his title ownership and possession of the Sedona Properties, not a membership interest in the Corporate Defendants. *See Cook v. Town of Pinetop-Lakeside*, 232 Ariz. 173, 176, ¶ 13, 303 P.3d 67, 70 (App. 2013) ("A quiet title action is different from a claim to recover damages resulting from injury.").

In his Complaint, Phong does not request a judicial declaration, or any other relief, that would make him a member of the Corporate Defendants. To the contrary, he seeks only a declaration that no Defendant has "any estate, interest, or encumbrance, real or in equity, in

---

[5] In the parties' Joint Proposed Case Management Plan (Doc. 43), filed the same day as Defendants' original Motion to Expunge *Lis Pendens* (Doc. 42), Defendants listed as a "[g]enuinely disputed factual and legal issue[]": "Whether *Phong's **real property claims*** are barred by the statute of frauds, because they are not supported by any written agreements." (Doc. 43) at 13:18-19 (emphasis added).

the Investment Properties currently titled in [the Corporate Defendants'] names." *See* (Doc. 1) at 27, "Prayer for Relief" Section (E)(ii). In other words, Phong seeks a declaration effectuating the transfer of the Sedona Properties' title away from the Corporate Defendants. Nor does Phong reference the Arizona Liability Company Act or Nevada LLC Act in his Complaint, and none of his claims arise from either act.[6] That is because, as alleged, the Corporate Defendants were conduits through which Defendant Chiaravanond acquired the Investment Properties as part of her alleged scheme to defraud Phong. That is also why Phong's relief is singularly and appropriately focused on *his* title ownership of the *Investment Properties*, not ownership of the Corporate Defendants.

### D. Despite minimal disclosures to date, there is evidence providing more than "some" basis for the *lis pendens*.

Although the Court need not reach the merits of Phong's claims to resolve the Motion, Defendants did not address evidence which supports the *lis pendens* and which was in their possession when they filed their Motion:[7]

- Between January 2020 and August 2021, when authorizing 3 separate transfers of funds related to the Sedona Properties, Phong noted the purpose of the transfer was for an "Investment." (Doc. 33-3) at Exhibits 2-4. None of these transfers were to Cathedral or Nido, but instead to Trilliant Group and Pioneer Title Agency, the title company that handled the Sedona Properties' acquisition.

- In June 2020, during the inspection period for purchasing one of the Investment Properties in Malibu, Plaintiff was copied on emails with the

---

[6] In their Motion, Defendants reference the Arizona Limited Liability Company Act. *See* (Doc. 50) at 11:8-12:28. It is unclear why that Act would apply to Nido or Cathedral, which are Nevada limited liability companies and presumptively governed by Nevada's LLC Act. Because Defendant Chiaravanond organized and controls these entities, she should be aware of the law applicable to their governance. Phong is not. This is additional support for Phong to have the opportunity to conduct discovery as he investigates Defendant Chiaravanond's fraudulent scheme, with Nido and Cathedral as her conduits.

[7] These documents were attached as exhibits to Phong's Declaration in support of Response to Defendants' Motion to Set Aside Entry of Default (Doc. 33-3). They were also included with Phong's Rule 26 Initial Disclosure, served on Defendants on September 12, 2024. *See* (Doc. 44).

11

      seller's realtor. (Doc. 33-3) at Exhibit 15.

- In January 2021, Plaintiff was included on various emails related to inspections for and earnest money deposits related to one of the Sedona Properties (Sedona House 1). (Doc. 33-3) at Exhibit 7.
- In July 2021, Plaintiff exchanged emails with a realtor in Arizona related to the inspection of one of the Sedona Properties (Sedona House 2) and with the homeowner's association in which that Sedona Property lies. (Doc. 33-3) at Exhibits 9, 10.

The existence of this evidence is particularly telling given the early stage of this case. As a result of Phong's allegations of fraud and Defendants' actions to acquire the Sedona Properties to Phong's exclusion, Defendants likely possess material evidence relevant to Phong's claims. Notably, Defendants filed their original Motion to Expunge *Lis Pendens* before serving their Rule 26 Initial Disclosure. *Compare* (Doc. 45) (Rule 26 Initial Disclosure)[8] *with* (Doc. 42) (Motion to Expunge *Lis Pendens*). Phong anticipates developing additional evidence to support his claim to the Sedona Properties' title as discovery proceeds. But through their early Motion, Defendants cannot fairly force Phong to prove his claims (beyond that which is in his possession) without discovery, or else face the potential loss of the real property he seeks to recover.

     Phong pled plausible claims to recover title to the Sedona Properties, for which he has evidence despite having no meaningful opportunity for discovery and no document disclosure from Defendants to date. He meets the minimum requirements for a *lis pendens* under A.R.S. § 12-1191.

    **E.  <u>Arizona's Statute of Frauds does not bar Phong's claims affecting title to the Sedona Properties.</u>**

    In passing, Defendants raise a statute of frauds argument, suggesting that the absence of a written agreement between Phong and any Defendant precludes Phong's alleged interest

---

[8] Defendants did not disclose any documents with their Initial Disclosure and Phong has not received a supplemental disclosure or document production to date. If necessary, Phong will adhere to the Court's discovery dispute protocol. (Doc.47) at 3, Item 9.

in the Sedona Properties. *See* (Doc. 50) at 8:13-20 (citing A.R.S. §44-101(6), relating to "an agreement . . . for the sale of real property or an interest therein"). The Statute of Frauds only bars claims where "the promise or agreement *upon which the action is brought*" is not "in writing and signed by the party to be charged." A.R.S. § 44-101 (emphasis added). Phong has not asserted contract claims against Defendants. *See generally* (Doc. 1).

Defendants have not moved to dismiss Phong's claims involving title to the Sedona Properties or otherwise demonstrated that the Statute of Frauds bars those claims (it does not). *See e.g.*, *Turley v. Ethington*, 213 Ariz. 640, 643, ¶ 8, 146 P.3d 1282, 1285 (App. 2006) ("The statute of frauds does not bar constructive trusts, even in real property interests.") (citing *French v. French,* 125 Ariz. 12, 15, 606 P.2d 830, 833 (App.1980)); *Condos v. Felder,* 92 Ariz. 366, 370, 377 P.2d 305, 308 (1962)); *Gabitzsch v. Cole*, 95 Ariz. 15, 20, 386 P.2d 23, 26 (1963) (resulting trust is created by operation of law and is not within the Statute of Frauds).

### F. Defendants are not entitled to a fee award under A.R.S. § 33-420(C).

A.R.S. § 33-420(C), like similarly worded subsection (A) of that statute, appears to first require prosecution of a successful counterclaim prior to entry of an award of attorneys' fees and costs, and does not otherwise provide an interim sanction. *See* A.R.S. § 33-420(C) (filing a groundless *lis pendens* can create liability, damages, and then lead to an attorney fees award); *see also* A.R.S. § 33-420(B) (permitting "[t]he owner or beneficial title holder of the real property" to bring an action to quiet title and/or seek damages and if successful, seek recovery of attorneys' fees and costs); *Coit v. Sutton Funding LLC*, No. CV–10–0436–PHX–DGC, 2010 WL 2105116, at * 4 (D. Ariz. May 24, 2010) (A.R.S. § 33-420(A) does not provide for sanctions, and rather a pleaded claim is required to seek relief for wrongful lien); *Perdue v. La Rue*, 250 Ariz. 34, 39 (App. 2020) (reviewing grant of summary judgment for counterclaim under A.R.S. § 33-420(A)); *SWC Baseline & Crimson Investors, L.L.C. v. Augusta Ranch Ltd. P'ship*, 228 Ariz. 271, 278, ¶ 14 (App. 2011) (jury awarded damages based on claims pursuant to A.R.S. § 33-420(A) and (C)). Because Defendants have no counterclaims, whether for wrongful recording or otherwise, their pending request

for an award of attorneys' fees and costs is unsupported.

Even if the adjudication of Defendants' request was ripe, they are not entitled to such relief. Defendants contend the *lis pendens* "are groundless because they are not based on any claims which affect title to real property." (Doc. 50) at 14:14-16. A *lis pendens* is groundless if "the underlying action affecting title to the property has ***no*** arguable basis." *Mining Investment Group, LLC v. Roberts*, 217 Ariz. 635, 640-41, ¶ 23 (App. 2008) (emphasis added). Where there is "***some basis*** for concluding that an equitable lien or constructive trust would be imposed on the real property subject to the notice of lis pendens," the *lis pendens* is not groundless. *Coventry Homes, Inc. v. Scottscom P'ship*, 155 Ariz. 215, 218 (App. 1987) (emphasis added). As provided in Section II(D), *supra*, there is at more than "some basis" for the filing of the subject *lis pendens*.

Defendants contend Phong knows the *lis pendens* are groundless because of (a) the expungement of the lis pendens on the Malibu Properties in the California Action and (b) Defendants' counsel's letter to Plaintiff's counsel requesting a release of the lis pendens. (Doc. 50) at 14:17-15:3. First, this Court is not bound by the decision to expunge *lis pendens* in the California Action. This Court should apply Arizona law to these *lis pendens* concerning Arizona properties, without relying on a non-binding California decision about different *lis pendens* affecting different properties and which remains subject to appeal. Second, Defendants' counsel's letter largely tracks the legal arguments in the Motion, and was likewise flawed. Suffice to say, that letter did not confer actual notice of a groundless filing on Phong or undersigned counsel. *See Perdue*, 250 Ariz. at 41, ¶ 28, 474 P.3d at 1204 (investor's deposition admissions in separate action illustrated she knew that she had no claim to the Property to support lis pendens); *Patterson v. Bianco*, 167 Ariz. 249, 252, 805 P.2d 1070, 1073 (App. 1991) (prospective purchaser who recorded lis pendens against entire 1,800 acres rather than 40 acres subject to quitclaim provision admitted he did so to create leverage against seller); *Richey v. W. Pac. Dev. Corp.*, 140 Ariz. 597, 601, 684 P.2d 169, 173 (App. 1984) (party seeking to recover real estate commissions admitted litigation did not affect title to property covered by lis pendens, thereby acknowledging the lis pendens was

groundless). The parties simply disagree about the propriety of Phong's filing of the *lis pendens* and the underlying factual and legal bases therefore.

Defendants have not met their burden of proof in showing that the recording of the *lis pendens* on the Sedona Properties was groundless and that Phong knew the same. They are not entitled to the monetary relief they seek under A.R.S. § 33-420(C).

### G. **Plaintiff should be given leave to amend his Complaint if necessary.**

If the Court concludes Phong's claims do not affect title to real property, it should grant him leave to amend before it considers expunging the *lis pendens*. Defendants have not moved to dismiss any of Phong's claims. But even if they had filed a *successful* motion to dismiss all of Phong's claims affecting the Sedona Properties' title (thereby eliminating the statutory basis for the *lis pendens*), it would be appropriate to reserve judgment on the Motion until after Phong has had an opportunity to amend his pleadings. *See Pence v. Northwest Trustee Servs. Inc.*, No. CV-14-02587-PHX-ROS, 2015 WL 13119364, at *7 (D. Ariz. June 24, 2015) (granting motion to dismiss with leave to amend and denying motion to quash *lis pendens* pending amendment); *Standish v. Encore Credit Corp.*, No. CV–13–01819–PHX–DGC, 2014 WL 232021, at *5 (D. Ariz. Jan. 22, 2014) (same). Proper procedure aside, a ruling expunging the *lis pendens* without first granting Phong an opportunity to amend (if necessary) would be a *de facto* ruling on his available remedies, all but assuring he does not obtain title to the Sedona Properties (even if he later amends to more clearly assert claims affecting title to them).

Defendants should not be able to attack the sufficiency of Phong's pleading or available remedies as if they filed their Motion under Rule 12(b)(6), without an opportunity to amend his Complaint.

### III.  **CONCLUSION**

Phong's Complaint sufficiently supports claims affecting title to the Sedona Properties, and thus the *lis pendens* are proper. Phong requests this Court deny the Motion in its entirety.

If the Court grants the Motion, Phong requests leave to amend his Complaint to

clarify that his claims affect title to the Investment Properties. And because there is an arguable basis for the *lis pendens*, Phong also requests this Court deny Defendants' request for an award of attorneys' fees and costs under A.R.S. § 33-420(C).

RESPECTFULLY SUBMITTED this 8th day of October, 2024.

**MAY, POTENZA, BARAN & GILLESPIE, P.C.**

By: /s/ *Devin Sreecharana*
   Devin Sreecharana
   Trevor Wainfeld

**ADMON LAW FIRM, PLLC**

Moshe Y. Admon

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants:

Patrick Emerson McCormick
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One South Church Avenue, Suite 2000
Tucson, Arizona 85701
PMcCormick@lewisroca.com

Eric Levinrad*
Amy S. Russell*
ERVIN COHEN & JESSUP LLP
9401 Wilshire Boulevard, Twelfth Floor
Beverly Hills, California 90212-2974
elevinrad@ecjlaw.com
arussell@ecjlaw.com
*Pro Hac Vice Applications Forthcoming
*Attorneys for Defendants Alissa Chiaravanond, Pacific Shangrila LLC, Cathedral Shangrila LLC, Nido di Stelle LLC, and ILU LLC*

/s/ *Elena Cordero*