# EXHIBIT B

Devin Sreecharana, Esq. (029057)
Trevor J. Wainfeld, Esq. (037146)
MAY, POTENZA, BARAN & GILLESPIE, P.C.
1850 N. Central Ave., Suite 1600
Phoenix, Arizona 85021
Telephone: (602) 252-1900
Facsimile: (602) 252-1114
Email: devin@maypotenza.com
      twainfeld@maypotenza.com

Moshe Y. Admon, Esq. (034169)
Admon Law Firm, PLLC
300 Lenora St., #4008
Seattle, Washington 98121
Telephone: (206) 739-8383
Email: jeff@admonlaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phong Thanh Huynh, | Civil Action No.: CV-2308622-PCT-JJT |
| Plaintiff, | **DECLARATION OF TREVOR J. WAINFELD IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR THE APPOINTMENT OF A RECEIVERSHIP OVER PACIFIC SHANGRILA LLC AND ILU LLC** |
| v. | |
| Alissa Chiaravanond, an individual resident of Arizona, Pacific Shangrila LLC, a Nevada limited liability company, Cathedral Shangrila LLC, a Nevada limited liability company, Nido di Stelle LLC, a Nevada limited liability company, ILU LLC, an Arizona limited liability company, | |
| Defendants. | |

I, Trevor J. Wainfeld, declare:

1.    I am over the age of 18 years and make this declaration voluntarily.

2.    I have personal knowledge of the statements made in this declaration.

3.    I am an attorney with the law firm May, Potenza, Baran & Gillespie, P.C. and represent the Plaintiff in this action. I am submitting this declaration in support of the Plaintiff's request for the appointment of a receiver over Pacific Shangrila LLC ("Pacific")

and ILU LLC ("ILU").

4.    On September 12, 2024, Defendants' counsel served the Initial Disclosure attached hereto as **Exhibit 1**, without providing any documents.

5.    Defendants have not produced any documents to Plaintiff since serving their Initial Disclosure.

6.    On November 12, 2024, my firm served Defendants, through their then counsel-of-record, Plaintiff's First Set of (1) Interrogatories, (2) Requests for Admission, and (3) Requests for Production (collectively, the "Written Discovery"). The Written Discovery is attached hereto as **Exhibits 2, 3, and 4 respectively**.

7.    On December 9, 2024, Defendants' then-counsel requested an extension of the deadline to respond to the Written Discovery, which my firm granted from December 12, 2024 to December 23, 2024. A true and correct copy of this email exchange is attached hereto as **Exhibit 5**.

8.    Plaintiff's counsel was not aware that Defendants' then-counsel intended to withdraw until Motions to Withdraw were filed on December 18, 2024 (Docs. 56, 57).

9.    On December 19, 2024, Defendants' then-counsel stated in an email "that the circumstances that have caused us to file the motion to withdraw render it impossible for us to provide responses to the discovery next week as scheduled." A true and correct copy of this email exchange is attached hereto as **Exhibit 6**.

10.    On December 27, 2024, I sent the letter attached hereto as **Exhibit 7** by USPS Priority Mail, which was confirmed delivered.

11.    On January 5, 2025, because the Court's mail to Defendants was undeliverable (Docs. 60, 60-1) and Defendants had not responded to my December 27 letter, I sent the email attached hereto as **Exhibit 8** to sa@megagroup.io, an email address believed to be affiliated with the Defendant Alissa Chiaravanond.

12.    To date, neither Defendant Alissa Chiaravanond nor any representative of any Defendant has responded to my correspondence to Alissa Chiaravanond.

13.    To date, Defendants have not served their response to any of the Written

Discovery or provided a date by which they will do so.

14.    On December 4, 2024, my firm sent for service the subpoena attached hereto as **Exhibit 9** to Sedona.org.

15.    On December 19, 2024, Gabe Weinem responded to the Subpoena on behalf of Sedona.org with the email attached hereto as **Exhibit 10**. This response contained a zip file containing various documents. Sedona.org did not provide a signed Affidavit of Custodian of Records.

16.    After undersigned requested additional documents from Sedona.org that appeared to exist, an attorney for Sedona.org, Scott Sikkenga, responded on January 8, 2025 requesting to extend Sedona.org's deadline to respond to the subpoena until January 16, 2025, which undersigned granted. True and correct copies of this email exchange with Scott Sikkenga are attached hereto as **Exhibit 11**.

17.    **Exhibits 12, 13, 14, and 15** are true and correct copies of documents undersigned received from Sedona.org by email on December 19, 2024.

18.    Attached hereto as **Exhibit 16** is a true and correct copy of an Affidavit of Custodian of Records I received from Mr. Sikkenga, counsel for Sedona.org, on January 13, 2025.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this ⎽13t⎽ day of January, 2025.

*Trevor J. Wainfeld*

Trevor J. Wainfeld

# EXHIBIT 1

1
Patrick Emerson McCormick (AZ Bar No. 037036)
   PMcCormick@lewisroca.com

2
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
One South Church Avenue, Suite 2000

3
Tucson, Arizona 85701
Telephone: (520) 622-2090

4
Facsimile: (520) 622-3088

5
Eric Levinrad (CA Bar No. 169025/Admitted AZ PHV)
   elevinrad@ecjlaw.com

6
Amy S. Russell (CA Bar No. 284131/Admitted AZ PHV)
   arussell@ecjlaw.com

7
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Twelfth Floor

8
Beverly Hills, California 90212-2974
Telephone: (310) 273-6333

9
Facsimile: (310) 859-2325

10
Attorneys for Defendants Alissa
Chiaravanond, Pacific Shangrila LLC,

11
Cathedral Shangrila LLC, Nido di Stelle LLC,
and ILU LLC

12

13
### UNITED STATES DISTRICT COURT

14
### DISTRICT OF ARIZONA, PRESCOTT

15

16
PHONG THANH HUYNH,

Case No. 3:23-cv-08622-JJT

17
        Plaintiff,

The Hon. John J. Tuchi, Courtroom 505

18
        v.

19
ALISSA CHIARAVANOND, an
individual; PACIFIC SHANGRILA LLC,

**INITIAL DISCLOSURE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1) OF DEFENDANTS ALISSA CHIARAVANOND, PACIFIC SHANGRILA LLC, CATHEDRAL SHANGRILA LLC, NIDO DI STELLE LLC, AND ILU LLC**

20
a Nevada limited liability company;
CATHEDRAL SHANGRILA LLC, a

21
Nevada limited liability company; NIDO
DI STELLE LLC, a Nevada limited

22
liability company; and ILU LLC, an
Arizona limited liability company,

23

24
        Defendants.

25

26

27

28

18473.1:11345282.1

DEFENDANTS' INITIAL DISCLOSURES

1    Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendants

2  Alissa Chiaravanond ("Chiaravanond"), Pacific Shangrila LLC, Cathedral Shangrila LLC,

3  Nido di Stelle LLC, and ILU LLC ("Defendants") hereby make the following mandatory

4  disclosures.  Defendants expressly reserve the right to rely on additional witnesses and

5  documents as further information is developed through discovery and investigation.

6  **A.    Names and Addresses of Individuals Likely to Have Discoverable Information**

7    1.    Defendant Alissa Chiaravanond may have information regarding, among

8  other things, her communications with Plaintiff; the parties' understandings with respect to

9  the properties in Sedona and Malibu that were purchased by the entity defendants in this

10  action; any representation that she made – and did not make – to Plaintiff; the parties'

11  shared understanding that moneys were transferred to Chiaravanond and/or the LLC

12  entities of which she was the sole member as irrevocable dowry gifts and that such moneys

13  were used, with additional moneys from Chiaravanond and/or her entities, to purchase the

14  Sedona and Malibu properties; Plaintiff's representations to Chiaravanond regarding the

15  purpose of the moneys transferred to her and/or the LLC entities of which she was the sole

16  member; Plaintiff's knowledge and understanding regarding the limited liability

17  companies (Defendants Pacific Shangrila LLC, Cathedral Shangrila LLC, Nido di Stelle

18  LLC, and ILU LLC, collectively "Entity Defendants") and the fact that Chiaravanond was

19  the sole member and the manager of each of the Entity Defendants; Plaintiff's knowledge

20  and understanding that the Entity Defendants would hold title to the Malibu and Sedona

21  Properties; Plaintiff's efforts to obtain loans and financing from Chiaravanond's family;

22  Plaintiff's efforts, both directly and through third parties, to force Chiaravanond to stay in

23  her marriage with Plaintiff against her will; Plaintiff's efforts to intimidate Chiaravanond

24  and retaliate following the breakdown of their marriage; the absence of any written

25  contracts, agreements or other documents supporting Plaintiff's claim to an ownership

26  interest in any of the properties at issue in this action; the reasons for the formation of the

27  Trilliant Group and the Trilliant Group's business relationships and agreements with

28  FWD; the ownership of the Trilliant Group and the fact that Plaintiff was never promised

ERVIN COHEN & JESSUP LLP

any type of ownership interest in the Trilliant Group; and Plaintiff's customs and practices with respect to due diligence for investments which he entered into and his lack of any such due diligence with respect to the properties at issue in this case.

2.    Plaintiff Phong Thanh Huynh may have information regarding, among other things, his communications with Plaintiff; the parties' understandings with respect to the properties in Sedona and Malibu that were purchased by the entity defendants in this action; any representation that Chiaravanond made – and did not make – to Plaintiff; the parties' shared understanding that moneys were transferred to Chiaravanond and/or the LLC entities of which she was the sole member as irrevocable dowry gifts and that such moneys were used, with additional moneys from Chiaravanond and/or her entities, to purchase the Sedona and Malibu properties; Plaintiff's representations to Chiaravanond regarding the purpose of the moneys transferred to her and/or the LLC entities of which she was the sole member; Plaintiff's knowledge and understanding regarding the limited liability companies (Defendants Pacific Shangrila LLC, Cathedral Shangrila LLC, Nido di Stelle LLC, and ILU LLC, collectively "Entity Defendants") and the fact that Chiaravanond was the sole member and the manager of each of the Entity Defendants; Plaintiff's knowledge and understanding that the Entity Defendants would hold title to the Malibu and Sedona Properties; Plaintiff's efforts to obtain loans and financing from Chiaravanond's family; Plaintiff's efforts, both directly and through third parties, to force Chiaravanond to stay in her marriage with Plaintiff against her will; Plaintiff's efforts to intimidate Chiaravanond  and retaliate following the breakdown of their marriage; the absence of any written contracts, agreements or other documents supporting Plaintiff's claim to an ownership interest in any of the properties at issue in this action; the Trilliant Group's business relationships and agreements with FWD; the ownership of the Trilliant Group and the fact that Plaintiff was never promised any type of ownership interest in the Trilliant Group; and Plaintiff's customs and practices with respect to due diligence for investments which he entered into  and his lack of any such due diligence with respect to the properties at issue in this case.

ERVIN COHEN & JESSUP LLP

1      3.    Bob Wouters, address unknown.  Mr. Wouters may have knowledge

2  regarding the claims made by Plaintiff in this action, as well as the reasons for the

3  formation of the Trilliant Group.

4      4.    Mike Plaxton, address unknown.  Mr. Plaxton may have knowledge

5  regarding the claims made by Plaintiff in this action, as well as the reasons for the

6  formation of the Trilliant Group; and the extent, if any, to which Chiaravanond held herself

7  out as a real estate expert.

8      5.    Binayak Dutta, address unknown.  Mr. Dutta may have knowledge regarding

9  the claims made by Plaintiff in this action; Chiaravanond's areas of expertise and the

10  extent, if any, to which Chiaravanond held herself out as a real estate expert.

11      6.    Joanne Laurie, address unknown.  Ms. Laurie may have information

12  regarding the extent to which Plaintiff has disclosed his purported interest in the Sedona

13  and/or Malibu properties in other relevant legal proceedings.

14      7.    Richard Li, address unknown.  Mr. Li may have knowledge regarding

15  Plaintiff's efforts, both directly and through third parties, to force Chiaravanond to stay in

16  her marriage with Plaintiff against her will; Plaintiff's efforts to intimidate Chiaravanond

17  and retaliate following the breakdown of their marriage; and the business relationships

18  between and among Plaintiff, FWD, Chiaravanond and the Trilliant Group.

19      8.    Dennis Ziengs, address unknown.  Mr. Ziengs may have knowledge

20  regarding the consulting services which Chiaravanond provide to FWD through the

21  Trilliant Group, and regarding Chiaravanond's background and areas of expertise and the

22  extent, if any, to which Chiaravanond held herself out as a real estate expert.

23      9.    Person  most knowledgeable at FWD on the relationship between and among

24  Chiaravanond, FWD and the Trilliant Group.

25  **B.**    **Documents that Defendants May Use to Support their Claims and Defenses**

26      1.    Communications between Plaintiff and Chiaravanond.

27      2.    Grant deeds reflecting the conveyance of the Sedona and Malibu Properties

28  to the respective Entity Defendants that hold title to such properties.

1      3.    The organizing documents of the Entity Defendants reflecting that

2   Chiaravanond is the sole member of such entities.

3      4.    The organizing documents of the Trilliant Group.

4      5.    Contracts between the Trilliant Group, on the one hand, and FWD, on the

5   other hand.

6   **C.    Damages**

7      Defendants are not seeking Damages at this time.

8   **D.    Insurance**

9      Defendants are not aware of any insurance agreement under which an insurance

10  business may be liable to satisfy all or part of a possible judgment in the action or to

11  indemnify or reimburse for payments made to satisfy the judgment.

12

13  DATED:  September 12, 2024          ERVIN COHEN & JESSUP LLP
                                        Eric Levinrad
14                                      Amy S. Russell
15

16                                By:    ____/s/ Eric Levinrad_____

17                                      Eric Levinrad
                                        Attorneys for Defendants Alissa
18                                      Chiaravanond, Pacific Shangrila LLC,
                                        Cathedral Shangrila LLC, Nido di Stelle LLC,
19                                      and ILU LLC
20

21

22

23

24

25

26

27

28

ERVIN COHEN & JESSUP LLP

## PROOF OF SERVICE

I, Shoeba Hassan, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 9401 Wilshire Boulevard, Twelfth Floor, Beverly Hills, California 90212.

On September 12, 2024, I served true copies of the following document(s) described as **INITIAL DISCLOSURE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1) OF DEFENDANTS ALISSA CHIARAVANOND, PACIFIC SHANGRILA LLC, CATHEDRAL SHANGRILA LLC, NIDO DI STELLE LLC, AND ILU LLC** on the interested parties in this action as follows:

| | |
|---|---|
| Devin Sreecharana<br>**MAY POTENZA BARAN & GILLESPIE PC**<br>1850 N Central Ave., Ste. 1600<br>Phoenix, AZ 85004-4633<br>602-252-1900<br>Fax: 602-252-1114<br>Email: devin@maypotenza.com<br>ecordero@maypotenza.com,<br>rgonzales@maypotenza.com | *Attorneys for Plaintiff*<br>PHONG THANH HUYNH |
| Moshe Y Admon<br>**ADMON LAW FIRM PLLC**<br>300 Lenora St., Ste. 4008<br>Seattle, WA 98121<br>206-739-8383<br>Fax: 206-494-0001<br>Email: jeff@admonlaw.com | *Attorneys for Plaintiff*<br>PHONG THANH HUYNH |
| Trevor J Wainfeld<br>**MAY POTENZA BARAN & GILLESPIE PC**<br>1850 N Central Ave., Ste. 1600<br>Phoenix, AZ 85004-4633<br>602-252-1900<br>Email: twainfeld@maypotenza.com | *Attorneys for Plaintiff*<br>PHONG THANH HUYNH |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address shassan@ecjlaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 12, 2024, in Beverly Hills, California.

/s/ *Shoeba Hassan*
Shoeba Hassan

# EXHIBIT 2

Devin Sreecharana, Esq. (029057)
Trevor Wainfeld, Esq. (037146)
MAY, POTENZA, BARAN & GILLESPIE, P.C.
1850 N. Central Ave., Suite 1600
Phoenix, Arizona 85021
Telephone: (602) 252-1900
Facsimile: (602) 252-1114
Email: devin@maypotenza.com
Email: twainfeld@maypotenza.com

Moshe Y. Admon, Esq. (034169)
Admon Law Firm, PLLC
300 Lenora St., #4008
Seattle, Washington 98121
Telephone: (206) 739-8383
Email: jeff@admonlaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phong Thanh Huynh,<br><br>                Plaintiff,<br><br>v.<br><br>Alissa Chiaravanond, an individual resident of Arizona, Pacific Shangrila LLC, a Nevada limited liability company, Cathedral Shangrila LLC, a Nevada limited liability company, Nido di Stelle LLC, a Nevada limited liability company, ILU LLC, an Arizona limited liability company,<br><br>                Defendants. | Case No.: 3:23-cv-08622-JJT<br><br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**<br><br><br>(Assigned to the Hon. John J. Tuchi) |

**TO:   DEFENDANTS ALISSA CHIARAVANOND, PACIFIC SHANGRILA LLC, CATHEDRAL SHANGRILA LLC, NIDO DI STELLE LLC AND ILU LLC:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Phong Thanh Huynh hereby requests that Defendants Alissa Chiaravanond, Pacific Shangrila LLC, Cathedral Shangrila LLC, Nido di Stelle LLC and ILU LLC respond to the following

interrogatories, in writing and under oath, within thirty (30) days from service.

## DEFINITIONS

1.    **"Plaintiff"** means Plaintiff Phong Thanh Huynh.

2.    **"Chiaravanond"** means Defendant Alissa Chiaravanond and her present and former employees, agents, representatives, attorneys, investigators, and any and all other persons or entities acting or purporting to act on her behalf or in concert with her.

3.    **"Pacific"** means Defendant Pacific Shangrila, LLC and its present and former employees, agents, representatives, attorneys, investigators, and any and all other persons acting or purporting to act on its behalf of or in concert with it.

4.    **"Cathedral"** means Defendant Cathedral Shangrila, LLC and its present and former employees, agents, representatives, attorneys, investigators, and any and all other persons acting or purporting to act on its behalf of or in concert with it.

5.    **"Nido"** means Defendant Nido di Stell LLC and its present and former employees, agents, representatives, attorneys, investigators, and any and all other persons acting or purporting to act on its behalf of or in concert with it.

6.    **"ILU"** means Defendant ILU LLC and its present and former employees, agents, representatives, attorneys, investigators, and any and all other persons acting or purporting to act on its behalf of or in concert with it.

7.    **"Defendants"** means, collectively, Chiaravanond, Pacific, Cathedral, Nido, and ILU.

8.    **"Defendant Entities"** means, collectively, Pacific, Cathedral, Nido, and ILU.

9.    **"Properties"** means, collectively, the real properties located at 288 Back O Beyond Circle, Second Arizona; 95 Cross Creek Circle, Sedona, Arizona; 95 Raven's Call Place, Sedona, Arizona; 20990 Las Flores Mesa Dr., Malibu, CA 90625; and 20966 Las Flores Mesa Dr., Malibu, CA 90625.

10.    **"Trilliant"** means, collectively, Trilliant Group, Ltd., Trilliant Group, and any other entity or trust going by or using the word Trilliant in its name with which Defendants individually or collectively have any relationship.

11.    "**Document**" or "**Documents**" is used in the broadest sense and shall have the same meaning and scope as used in Federal Rule of Civil Procedure 34(a), and includes any documents or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, and any tangible thing.

12.    "**Communication(s)**" shall mean any and all transfers or exchanges of information, whether verbal, written, telephonic, or through the use of any medium without limitation, including but not limited to correspondence through the United States Postal Service, correspondence through any private courier (including but not limited to FEDEX, DHL, UPS), correspondence through facsimile transmission, writings attached to any electronic message, email through any interest services provider, instant messaging (i.e. WhatsApp, Slack), messages transmitted on any personal digital device including smartphones, text messages, online social media, notes, videotapes, compact discs, USBs, CD-ROMS, DVDs, Blu-Ray discs, audio-cassettes, recordings of telephonic conversations, audio recordings, video, message pads, diaries, journal entries, memoranda chronicling any conversation, post-its, index cards, printouts of any and all online commentary, annotations on business cards, pictures, photographs (film or digital), phone records logging communications, and any and all other forms of tangible expression.

13.    "**Person**" means any natural person, firm, corporation, company, insurance company, partnership, sole proprietorship, unions, federations, joint venture, limited partnership, limited liability partnership, professional corporation, limited-liability company, organization, group of natural persons, or other association separately identifiable, whether or not such association has a separate legal existence in its own right.

14.    "**Possession**," "**custody**," or "**control**" includes the joint or several possession, custody, or control (actual or constructive) of material by Defendants.

15. **"Concerning," "relating to,"** and **"involving"** mean, in whole or in part, directly or indirectly, referring or relating to, relating, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

16. **"Identify"** or **"Identity"** means the following:

a. In the case of a natural person, to state the person's full name, current or last known addresses and contact information (including telephone number and email address), and current or last known place of employment, job title, and business contact information (including telephone number and email address);

b. In the case of a legal entity, such as an association, company, corporation, partnership, trust, or other organization, to state the entity's full name, business address, telephone number, the nature of its business or other activities, and relationship to you;

c. In the case of a Document, to state its nature or form (e.g., letter, memorandum, email, etc.), the Identity of each person who prepared it, the Identity of each person to whom it was directed, a description of its subject matter and contents, a description of the exact location, including the address, where it is or was kept, and the Identity of each person who has possession, custody, or control of it; and

d. In the case of a belief, contention, fact, or reason, to state all information known by you relating to that belief, contention, fact, or reason.

## **INSTRUCTIONS**

A. In answering these Interrogatories you are required to furnish all information that is available to you, including information that is in your possession or under your control, and information that is in the possession or under the control of your agents, employees, attorney(s), or other third parties acting, or purporting to act on your behalf, which reflect or refer to information sought by these Interrogatories, whether or not they are based on your own personal knowledge.

B. If you are unable to fully answer the following Interrogatories after conducting a reasonable investigation to obtain the necessary information to do so, you are required to

answer the portion of the Interrogatory to the best of your ability based on information in your custody and control, and set forth the factual reasons why you are unable to answer the remaining portions of the Interrogatory.

C.    If you question the meaning, relevance, intended scope, or any other aspect of any of the Interrogatories herein, your attorney should notify the undersigned attorney for Plaintiff sufficiently in advance of the due date for Answers to the Interrogatories so that your concerns can be resolved to permit timely answers.

D.    If any information responsive to any of these Interrogatories is not in your possession or within your knowledge, custody or control, identify the person or persons from which such information may be obtained.

E.    If any document identified in an answer to an Interrogatory was, but is no longer, in your possession or subject to your custody or control, or was known to you, but is no longer in existence, state what disposition was made of it and by whom, for what purpose, at whose instruction, with the date thereof, and the name and address of the person(s) now in possession, custody or control of it.

F.    Each party must personally verify the answers to these interrogatories and attach such Verification to his/her/their/its answers.

G.    Unless otherwise stated in a particular Interrogatory, the time period applicable to each Interrogatory is January 1, 2018 to present.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify and describe with specificity the date, duration, medium, and substance of each Communication between Plaintiff and Chiaravanond regarding a "sin sod" or dowry in relation to the marriage of Plaintiff to Chiaravanond. *See* April 3, 2024 Declaration of Alissa Chiaravanond (Doc. 29) ("**Chiaravanond Decl.**") at ¶ 4; Defendants' Notice of Motion to Set Aside Entry of Default; Memorandum of Points and Authorities (Doc. 28) ("**Motion to Set Aside**") at 4-6.

**RESPONSE:**

**INTERROGATORY NO. 2:**   Identify and describe with specificity the date, duration, medium, and substance of each Communication between Chiaravanond and any third party regarding a "sin sod" or dowry in relation to the marriage of Plaintiff to Chiaravanond. *See* Chiaravanond Decl. (Doc. 29) at ¶ 4; Motion to Set Aside (Doc. 28) at 4-6.

**RESPONSE:**

**INTERROGATORY NO. 3:**   Identify and describe with specificity the factual and legal basis for Defendants' contention that Plaintiff knowingly gave Chiaravanond an irrevocable gift, "sin sod," or Thai dowry. *See* Chiaravanond Decl. (Doc. 29) at ¶ 4; Motion to Set Aside (Doc. 28) at 4-6.

**RESPONSE:**

**INTERROGATORY NO. 4:**   Identify and describe with specificity the date, duration, medium, and substance of each Communication between Plaintiff and Chiaravanond regarding the formation, ownership, or operation of the Defendant Entities.

**RESPONSE:**

**INTERROGATORY NO. 5:**   Identify each person or entity, including but not limited to attorneys, accountants, and other business professionals, involved in any way in the formation, operation, and acquisition or sale of assets of the Defendant Entities.

**RESPONSE:**

**INTERROGATORY NO. 6:**   Identify and describe with specificity the business, ownership, or other relationship between each Defendant and Trilliant.

**RESPONSE:**

**INTERROGATORY NO. 7:**  Identify and describe with specificity the source of any funds used to acquire, maintain, improve, or operate the Properties.

**RESPONSE:**

**INTERROGATORY NO. 8:**  Identify every bank with which each Defendant Entity holds or has held an account and the account number(s).

**RESPONSE:**

**INTERROGATORY NO. 9:**  Identify and describe with specificity Defendants' efforts to market or sell each of the Properties.

**RESPONSE:**

**INTERROGATORY NO. 10:**   Identify and describe with specificity all Documents, Communications, facts, information, or evidence that Defendants contend demonstrates, supports, or opposes their assertion that Plaintiff intended the Properties and/or the Defendant Entities to be Chiaravanond's separate property.  *See* Motion to Set Aside at 14.

**RESPONSE:**

**INTERROGATORY NO. 11:**  Identify and describe with specificity all telephone numbers (including the number and carrier), email addresses (including the email address and host service), messaging accounts (including  any user-account identifiers and host service(s)), and social media accounts (including the platform, handle, and any other user-account

1 identifiers) Chiaravanond has maintained or used since July 1, 2018.

2

3 **RESPONSE:**

4

5 **INTERROGATORY NO. 12:**  Identify and describe with specificity when and how

6 Chiaravanond first informed Plaintiff that she had formed the Defendant Entities and

7 Trilliant.

8

9 **RESPONSE:**

10

11 **INTERROGATORY NO. 13:**  Identify and describe with specificity when and how

12 Chiaravanond first informed Plaintiff that the Defendant Entities intended to or had acquired

13 title to each of the Properties.

14

15 **RESPONSE:**

16

17 **INTERROGATORY NO. 14:**  Identify all individuals and entities who in any way

18 participated in the preparation of Defendants' responses to Plaintiff's First Set of

19 Interrogatories, First Set of Requests for Production, and First Set of Requests for Admission

20 to Defendants.

21

22 **RESPONSE:**

23

24 **INTERROGATORY NO. 15:**  If your response to any of Plaintiff's First Set of Requests

25 for Admission to Defendants served herewith is anything other than an unqualified

26 admission, identify and describe with specificity all reasons why Defendants cannot admit

27 each such request without qualification.

28

**RESPONSE:**

RESPECTFULLY SUBMITTED this 12th day of November, 2024.

**MAY, POTENZA, BARAN & GILLESPIE, P.C.**

By: */s/ Trevor J. Wainfeld*
  Devin Sreecharana
  Trevor Wainfeld

**ADMON LAW FIRM, PLLC**

By: */s/Moshe Y. Admon*
  Moshe Y. Admon, Esq.
  *Attorneys for Plaintiff*

# EXHIBIT 3

Devin Sreecharana, Esq. (029057)
Trevor Wainfeld, Esq. (037146)
MAY, POTENZA, BARAN & GILLESPIE, P.C.
1850 N. Central Ave., Suite 1600
Phoenix, Arizona 85021
Telephone: (602) 252-1900
Facsimile: (602) 252-1114
Email: devin@maypotenza.com
Email: twainfeld@maypotenza.com

Moshe Y. Admon, Esq. (034169)
Admon Law Firm, PLLC
300 Lenora St., #4008
Seattle, Washington 98121
Telephone: (206) 739-8383
Email: jeff@admonlaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phong Thanh Huynh, <br><br> Plaintiff, <br><br> v. <br><br> Alissa Chiaravanond, an individual resident of Arizona, Pacific Shangrila LLC, a Nevada limited liability company, Cathedral Shangrila LLC, a Nevada limited liability company, Nido di Stelle LLC, a Nevada limited liability company, ILU LLC, an Arizona limited liability company, <br><br> Defendants. | Case No.: 3:23-cv-08622-JJT <br><br> **PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANTS** <br><br> (Assigned to the Hon. John J. Tuchi) |

**TO:   DEFENDANTS ALISSA CHIARAVANOND, PACIFIC SHANGRILA LLC, CATHEDRAL SHANGRILA LLC, NIDO DI STELLE LLC AND ILU LLC:**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Phong Thanh Huynh ("Plaintiff") hereby requests that Defendants Alissa Chiaravanond, Pacific Shangrila LLC, Cathedral Shangrila LLC, Nido di Stelle LLC and ILU LLC (collectively,

"Defendants") respond to the following requests for admission, in writing and under oath, within thirty (30) days from service.

## DEFINITIONS

1.    **"Plaintiff"** means Plaintiff Phong Thanh Huynh.

2.    **"Chiaravanond"** means Defendant Alissa Chiaravanond and her present and former employees, agents, representatives, attorneys, investigators, and any and all other persons or entities acting or purporting to act on her behalf or in concert with her.

3.    **"Pacific"** means Defendant Pacific Shangrila, LLC and its present and former employees, agents, representatives, attorneys, investigators, and any and all other persons acting or purporting to act on its behalf of or in concert with it.

4.    **"Cathedral"** means Defendant Cathedral Shangrila, LLC and its present and former employees, agents, representatives, attorneys, investigators, and any and all other persons acting or purporting to act on its behalf of or in concert with it.

5.    **"Nido"** means Defendant Nido di Stell LLC and its present and former employees, agents, representatives, attorneys, investigators, and any and all other persons acting or purporting to act on its behalf of or in concert with it.

6.    **"ILU"** means Defendant ILU LLC and its present and former employees, agents, representatives, attorneys, investigators, and any and all other persons acting or purporting to act on its behalf of or in concert with it.

7.    **"Defendants"** means, collectively, Chiaravanond, Pacific, Cathedral, Nido, and ILU.

8.    **"Defendant Entities"** means, collectively, Pacific, Cathedral, Nido, and ILU.

9.    **"Properties"** means, collectively, the real properties located at 288 Back O Beyond Circle, Second Arizona; 95 Cross Creek Circle, Sedona, Arizona; 95 Raven's Call Place, Sedona, Arizona; 20990 Las Flores Mesa Dr., Malibu, CA 90625; and 20966 Las Flores Mesa Dr., Malibu, CA 90625.

10.    **"Trilliant"** means, collectively, Trilliant Group, Ltd., Trilliant Group, and any other entity or trust going by or using the word Trilliant in its name with which Defendants individually or collectively have any relationship.

11.    "**Document**" or "**Documents**" is used in the broadest sense and shall have the same meaning and scope as used in Federal Rule of Civil Procedure 34(a), and includes any documents or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, and any tangible thing.

12.    "**Communication(s)**" shall mean any and all transfers or exchanges of information, whether verbal, written, telephonic, or through the use of any medium without limitation, including but not limited to correspondence through the United States Postal Service, correspondence through any private courier (including but not limited to FEDEX, DHL, UPS), correspondence through facsimile transmission, writings attached to any electronic message, email through any interest services provider, instant messaging (i.e. WhatsApp, Slack), messages transmitted on any personal digital device including smartphones, text messages, online social media, notes, videotapes, compact discs, USBs, CD-ROMS, DVDs, Blu-Ray discs, audio-cassettes, recordings of telephonic conversations, audio recordings, video, message pads, diaries, journal entries, memoranda chronicling any conversation, post-its, index cards, printouts of any and all online commentary, annotations on business cards, pictures, photographs (film or digital), phone records logging communications, and any and all other forms of tangible expression.

13.    **"Person"** means any natural person, firm, corporation, company, insurance company, partnership, sole proprietorship, unions, federations, joint venture, limited partnership, limited liability partnership, professional corporation, limited-liability company, organization, group of natural persons, or other association separately identifiable, whether or not such association has a separate legal existence in its own right.

14.    **"Possession**," **"custody**," or **"control"** includes the joint or several possession, custody, or control (actual or constructive) of material by Defendants.

15.    **"Concerning," "relating to,"** and **"involving"** mean, in whole or in part, directly or indirectly, referring or relating to, relating, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**  Admit that Chiaravanond received "sin sod" or dowry from Schuyler Moore in relation to Chiaravanond's marriage to Mr. Moore.

ADMIT _____                    DENY_____

**REQUEST FOR ADMISSION NO. 2:**  Admit that Chiaravanond received "sin sod" or dowry from Israel Corpas Moreno in relation to Chiaravanond's marriage to Mr. Moreno.

ADMIT _____                    DENY_____

RESPECTFULLY SUBMITTED this 12th day of November, 2024.

MAY, POTENZA, BARAN & GILLESPIE, P.C.

By: /s/ Trevor J. Wainfeld_____
      Devin Sreecharana
      Trevor Wainfeld

ADMON LAW FIRM, PLLC

By: /s/Moshe Y. Admon_____
      Moshe Y. Admon, Esq.
      *Attorneys for Plaintiff*

4

# EXHIBIT 4

Devin Sreecharana, Esq. (029057)
Trevor Wainfeld, Esq. (037146)
MAY, POTENZA, BARAN & GILLESPIE, P.C.
1850 N. Central Ave., Suite 1600
Phoenix, Arizona 85021
Telephone: (602) 252-1900
Facsimile: (602) 252-1114
Email: devin@maypotenza.com
Email: twainfeld@maypotenza.com

Moshe Y. Admon, Esq. (034169)
Admon Law Firm, PLLC
300 Lenora St., #4008
Seattle, Washington 98121
Telephone: (206) 739-8383
Email: jeff@admonlaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phong Thanh Huynh,<br><br>        Plaintiff,<br><br>v.<br><br>Alissa Chiaravanond, an individual resident of Arizona, Pacific Shangrila LLC, a Nevada limited liability company, Cathedral Shangrila LLC, a Nevada limited liability company, Nido di Stelle LLC, a Nevada limited liability company, ILU LLC, an Arizona limited liability company,<br><br>        Defendants. | Case No.: 3:23-cv-08622-JJT<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS**<br><br>(Assigned to the Hon. John J. Tuchi) |

**TO: DEFENDANTS ALISSA CHIARAVANOND, PACIFIC SHANGRILA LLC, CATHEDRAL SHANGRILA LLC, NIDO DI STELLE LLC AND ILU LLC:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Phong Thanh Huynh hereby requests that Defendants Alissa Chiaravanond, Pacific Shangrila LLC, Cathedral Shangrila LLC, Nido di Stelle LLC, and ILU LLC respond to the following

requests for production of documents, in writing and under oath, within thirty (30) days from service.  The documents shall be produced to the offices of May, Potenza, Baran & Gillespie, P.C. at the address set out above.

### DEFINITIONS

1.    **"Plaintiff"** means Plaintiff Phong Thanh Huynh.

2.    **"Chiaravanond"** means Defendant Alissa Chiaravanond and her present and former employees, agents, representatives, attorneys, investigators, and any and all other persons or entities acting or purporting to act on her behalf or in concert with her.

3.    **"Pacific"** means Defendant Pacific Shangrila, LLC and its present and former employees, agents, representatives, attorneys, investigators, and any and all other persons acting or purporting to act on its behalf of or in concert with it.

4.    **"Cathedral"** means Defendant Cathedral Shangrila, LLC and its present and former employees, agents, representatives, attorneys, investigators, and any and all other persons acting or purporting to act on its behalf of or in concert with it.

5.    **"Nido"** means Defendant Nido di Stell LLC and its present and former employees, agents, representatives, attorneys, investigators, and any and all other persons acting or purporting to act on its behalf of or in concert with it.

6.    **"ILU"** means Defendant ILU LLC and its present and former employees, agents, representatives, attorneys, investigators, and any and all other persons acting or purporting to act on its behalf of or in concert with it.

7.    **"Defendants"** means, collectively, Chiaravanond, Pacific, Cathedral, Nido, and ILU.

8.    **"Defendant Entities"** means, collectively, Pacific, Cathedral, Nido, and ILU.

9.    **"Properties"** means, collectively, the real properties located at 288 Back O Beyond Circle, Second Arizona; 95 Cross Creek Circle, Sedona, Arizona; 95 Raven's Call Place, Sedona, Arizona; 20990 Las Flores Mesa Dr., Malibu, CA 90625; and 20966 Las Flores Mesa Dr., Malibu, CA 90625.

10.    **"Trilliant"** means, collectively, Trilliant Group, Ltd., Trilliant Group, and any other entity or trust going by or using the word Trilliant in its name with which Defendants individually or collectively have any relationship.

11.    "**Document**" or "**Documents**" is used in the broadest sense and shall have the same meaning and scope as used in Federal Rule of Civil Procedure 34(a), and includes any documents or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, and any tangible thing.

12.    "**Communication(s)**" shall mean any and all transfers or exchanges of information, whether verbal, written, telephonic, or through the use of any medium without limitation, including but not limited to correspondence through the United States Postal Service, correspondence through any private courier (including but not limited to FEDEX, DHL, UPS), correspondence through facsimile transmission, writings attached to any electronic message, email through any interest services provider, instant messaging (i.e. WhatsApp, Slack), messages transmitted on any personal digital device including smartphones, text messages, online social media, notes, videotapes, compact discs, USBs, CD-ROMS, DVDs, Blu-Ray discs, audio-cassettes, recordings of telephonic conversations, audio recordings, video, message pads, diaries, journal entries, memoranda chronicling any conversation, post-its, index cards, printouts of any and all online commentary, annotations on business cards, pictures, photographs (film or digital), phone records logging communications, and any and all other forms of tangible expression.

13.    **"Person"** means any natural person, firm, corporation, company, insurance company, partnership, sole proprietorship, unions, federations, joint venture, limited partnership, limited liability partnership, professional corporation, limited-liability company, organization, group of natural persons, or other association separately identifiable, whether or not such association has a separate legal existence in its own right.

14.     **"Possession," "custody,"** or **"control"** includes the joint or several possession, custody, or control (actual or constructive) of material by Defendants.

15.     **"Concerning," "relating to,"** and **"involving"** mean, in whole or in part, directly or indirectly, referring or relating to, relating, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

16.     **"Identify"** or **"Identity"** means the following:

a.     In the case of a natural person, to state the person's full name, current or last known addresses and contact information (including telephone number and email address), and current or last known place of employment, job title, and business contact information (including telephone number and email address);

b.     In the case of a legal entity, such as an association, company, corporation, partnership, trust, or other organization, to state the entity's full name, business address, telephone number, the nature of its business or other activities, and relationship to you;

c.     In the case of a Document, to state its nature or form (e.g., letter, memorandum, email, etc.), the Identity of each person who prepared it, the Identity of each person to whom it was directed, a description of its subject matter and contents, a description of the exact location, including the address, where it is or was kept, and the Identity of each person who has possession, custody, or control of it; and

d.     In the case of a belief, contention, fact, or reason, to state all information known by you relating to that belief, contention, fact, or reason.

## INSTRUCTIONS

A.     If Defendants object to providing some, but not all, of the documents requested by any document request, state the objection, identify each such document that Defendants are unwilling to produce because of its objection, and produce the unobjectionable documents.

B.      If any document request is withheld under a claim of privilege, state the nature of the privilege claimed, and provide sufficient information to permit a full determination of whether the claim of privilege is valid.

C.      If any of the documents requested have been destroyed, identify each such document, state the date upon which the document was destroyed, and state the reason it was destroyed.

D.      Where any draft, copy, or reproduction of any document responsive to any of the following requests contains or has been revised to include any postscript, notation, change, amendment, or addendum not appearing on said document itself as originally written, typed or otherwise prepared, produce each such draft, copy or reproduction.

E.      If any document identified in an answer to an Request was, but is no longer, in your possession or subject to your custody or control, or was known to you, but is no longer in existence, state what disposition was made of it and by whom, for what purpose, at whose instruction, with the date thereof, and the name and address of the person(s) now in possession, custody or control of it.

F.      These requests are continuing up until the time of trial and therefore require supplementation.

G.      Unless otherwise stated in a particular Request, the time period applicable to each Request is January 1, 2018 to present.

## REQUESTS

**REQUEST NO. 1:**  Produce all Documents and Communications that relate to or involve the Defendant Entities, including their formation, corporate governance, ownership, operation, and financial information.

**RESPONSE:**

**REQUEST NO. 2:**  Produce all Documents and Communications that relate to or involve Defendants' disclosure of the formation, existence, ownership, operation, or financial

information of the Defendant Entities to Plaintiff.

**RESPONSE:**

**REQUEST NO. 3:**  Produce all Documents and Communications that relate to or involve the Defendant Entities' assets, liabilities, and finances, including but not limited to balance sheets, income statements, profit and loss statements, general ledgers, statements for any bank accounts the Defendant Entities hold or held, and tax filings (including any K1, W2, and 1099 schedules/forms).

**RESPONSE:**

**REQUEST NO. 4:**  Produce all bank account statements since July 1, 2018 for any bank account maintained or previously maintained by Chiaravanond which holds or held any funds that originated directly or indirectly from Plaintiff.

**RESPONSE:**

**REQUEST NO. 5:**  Produce all Documents and Communications that relate to or involve Trilliant's interest in or relationship with Defendants. *See* April 3, 2024 Declaration of Alissa Chiaravanond (Doc. 29) ("**Chiaravanond Decl.**")  at ¶ 6.

**RESPONSE:**

**REQUEST NO. 6:**  Produce all Documents and Communications that relate to or involve any funds owned or possessed by Trilliant that originated directly or indirectly from Plaintiff.

**RESPONSE:**

**REQUEST NO. 7:**  Produce all Documents and Communications that relate to or involve Defendants' or Trilliant's prospective purchase of a home in Phuket, Thailand. *See* Chiaravanond Decl. (Doc. 29) at ¶ 6.

**RESPONSE:**

**REQUEST NO. 8:**  Produce all Documents and Communications that relate to or involve Defendants' acquisition of the Properties, including but not limited to those exchanged with or provided to or by any real estate broker, real estate agent, financial institution, investment advisor, financial advisor, title company, inspection contractor, or any other third party.

**RESPONSE:**

**REQUEST NO. 9:**  Produce all Documents and Communications provided to or exchanged with any third party to demonstrate the availability, amount, and/or source of funds to be used in connection with the Defendants' acquisition of the Properties.

**RESPONSE:**

**REQUEST NO. 10:**  Produce all Documents and Communications that relate to or involve Defendants' prospective or actual sale, transfer, or marketing for sale of the Properties since January 1, 2023.

**RESPONSE:**

**REQUEST NO. 11:**  Produce all Documents and Communications that relate to or involve any revenue Defendants have received and expenses Defendants have incurred in connection with the Properties.

**RESPONSE:**

**REQUEST NO. 12:**  Produce all Documents and Communications that relate to contracts involving the Properties, including but not limited to purchase/sale agreements, listing agreements (for vacation rental, short-term rental, long-term rental, and/or purchase), maintenance contracts, construction contracts, management contracts, and rental contracts/leases (vacation, short term, and long term).

**RESPONSE:**

**REQUEST NO. 13:**  Produce all Documents and Communications that relate to or involve any real estate investment plans, projections, or budgets prepared by, for, or on behalf of Plaintiff, Chiaravanond, the Defendant Entities, Trilliant, or any other entity affiliated with or owned by Chiaravanond involved in the ownership, maintenance, and operation of the Properties.

**RESPONSE:**

**REQUEST NO. 14:**  Produce all Documents and Communications since July 1, 2018 that relate to or involve any transfer of funds from (a) Plaintiff to any Defendant or (b) Plaintiff to any entity in which any Defendant has an indirect or direct ownership, managerial, or financial interest.

**RESPONSE:**

**REQUEST NO. 15:**  Produce all Documents and Communications that relate to or involve Defendants' assertion that Plaintiff gave or intended to give Chiaravanond a "sin sod" or dowry that would be an irrevocable gift to Chiaravanond or her family. *See* Chiaravanond

Decl. (Doc. 29) at ¶ 4; Defendants' Notice of Motion to Set Aside Entry of Default; Memorandum of Points and Authorities (Doc. 28) ("**Motion to Set Aside**") at 4 ("Plaintiff gave money to Chiaravanond as his dowry to her" and "there was never any question that these properties were dowry gifts to Chiaravanond").

**RESPONSE:**

**REQUEST NO. 16:** Produce all Documents and Communications that relate to, involve, support, or oppose Defendants' assertions that the Plaintiff and Chiaravanond "discussed and understood that the properties she purchased with this money would be owned by Chiaravanond only, and that Huynh would not have any ownership interest in the properties." *See* Motion to Set Aside (Doc. 28) at 6.

**RESPONSE:**

**REQUEST NO. 17:**  Produce all Documents and Communications that relate to, involve, support, or oppose Defendants' assertion that Chiaravanond had Plaintiff's "full knowledge and agreement" when "she set up sole purpose LLCs of which she was the only member to hold title to" the Properties. *See* Motion to Set Aside (Doc. 28) at 6.

**RESPONSE:**

**REQUEST NO. 18:**  Produce all Documents and Communications that relate to or involve any communications between Chiaravanond and Richard Li, including but not limited to phone records demonstrating the dates and durations of any phone calls between Chiaravanond and Mr. Li.

**RESPONSE:**

**REQUEST NO. 19:**  Produce all Documents and Communications that relate to or involve Defendants' assertion that Chiaravanond's electronic devices were hacked or improperly accessed.

**RESPONSE:**

**REQUEST NO. 20:**  Produce all Documents and Communications exchanged between Registered Agent Solutions, Inc. and any Defendant.

**RESPONSE:**

**REQUEST NO. 21:**  Produce all Documents and Communications that Defendants referenced or reviewed in preparing their responses to Plaintiff's First Set of Interrogatories to Defendants.

 **RESPONSE:**

**REQUEST NO. 22:**  Produce all Documents and Communications that Defendants referenced or reviewed in preparing their responses to Plaintiff's First Set of Requests for Admission to Defendants.

 **RESPONSE:**

RESPECTFULLY SUBMITTED this 12th day of November, 2024.

**MAY, POTENZA, BARAN & GILLESPIE, P.C.**

By: */s/ Trevor J. Wainfeld*
    Devin Sreecharana
    Trevor Wainfeld

**ADMON LAW FIRM, PLLC**

By: */s/Moshe Y. Admon*
    Moshe Y. Admon, Esq.
    *Attorneys for Plaintiff*

# EXHIBIT 5

| | |
|---|---|
| **From:** | Devin Sreecharana |
| **To:** | Eric Levinrad; Trevor Wainfeld |
| **Cc:** | Amy Russell; McCormick, Patrick Emerson; Renee Gonzales; Elena Cordero; Jeff M. Admon |
| **Subject:** | RE: Huynh v. Chiaravanond et al. -- Extension to respond to pending discovery |
| **Date:** | Monday, December 9, 2024 12:38:43 PM |
| **Attachments:** | image002.png |
| | image003.png |

Eric:

You may have until 12/23 to respond.

Sincerely,



# Devin Sreecharana

**Shareholder**

—

**o:** 602.252.1900
**d:** 602.774.3568
**e:** devin@maypotenza.com

—

Central Arts Plaza
1850 N. Central Ave., 16th Floor
Phoenix, AZ 85004-4633
www.maypotenza.com

**From:** Eric Levinrad <elevinrad@ecjlaw.com>
**Sent:** Monday, December 9, 2024 11:45 AM
**To:** Trevor Wainfeld <TWainfeld@maypotenza.com>
**Cc:** Amy Russell <arussell@ECJLAW.COM>; McCormick, Patrick Emerson <PMcCormick@lewisroca.com>; Devin Sreecharana <Devin@maypotenza.com>; Renee Gonzales <RGonzales@maypotenza.com>; Kim Worley <KWorley@maypotenza.com>; Jeff M. Admon <jeff@admonlaw.com>
**Subject:** Huynh v. Chiaravanond et al. -- Extension to respond to pending discovery

Trevor, et al,

May we please have a brief ten-day extension to respond to the pending written discovery, due this coming Thursday?

Please let me know if this is agreeable.

Thank you,

Eric

---

**Eric Levinrad**
Partner

ERVIN COHEN & JESSUP LLP

9401 Wilshire Boulevard, 12th Floor ⏐ Beverly Hills, CA 90212-2974
(310) 281-6370 *(t)* ⏐ (310) 859-2325 *(f)*
www.ecjlaw.com ⏐ elevinrad@ecjlaw.com ⏐ LinkedIn

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

---

**From:** Trevor Wainfeld <TWainfeld@maypotenza.com>
**Sent:** Thursday, October 17, 2024 11:58 AM
**To:** Eric Levinrad <elevinrad@ECJLAW.com>
**Cc:** Amy Russell <arussell@ECJLAW.COM>; McCormick, Patrick Emerson <PMcCormick@lewisroca.com>; Devin Sreecharana <Devin@maypotenza.com>; Renee Gonzales <RGonzales@maypotenza.com>; Kim Worley <KWorley@maypotenza.com>; Jeff M. Admon <jeff@admonlaw.com>
**Subject:** RE: Huynh v. Chiaravanond et al. -- Extension re Responses to Requests for Production

Much appreciated, Eric. Thank you.



## Trevor Wainfeld
**Attorney**

—

**o:** 602.252.1900
**d:** 480.389.1604
**e:** twainfeld@maypotenza.com

—

Central Arts Plaza
1850 N. Central Ave., 16th Floor
Phoenix, AZ 85004-4633
www.maypotenza.com

**From:** Eric Levinrad <elevinrad@ecjlaw.com>
**Sent:** Thursday, October 17, 2024 2:56 PM
**To:** Trevor Wainfeld <TWainfeld@maypotenza.com>
**Cc:** Amy Russell <arussell@ECJLAW.COM>; McCormick, Patrick Emerson
<PMcCormick@lewisroca.com>; Devin Sreecharana <Devin@maypotenza.com>; Renee Gonzales
<RGonzales@maypotenza.com>; Kim Worley <KWorley@maypotenza.com>; Jeff M. Admon
<jeff@admonlaw.com>
**Subject:** RE: Huynh v. Chiaravanond et al. -- Extension re Responses to Requests for Production

Hi Trevor,

Of course you can have an extension until next Wednesday.

I hope that your server situation gets sorted out without too much inconvenience.

Best,

Eric

---

**Eric Levinrad**
Partner

Ervin Cohen & Jessup LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6370 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | elevinrad@ecjlaw.com | LinkedIn

---

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

---

**From:** Trevor Wainfeld <TWainfeld@maypotenza.com>
**Sent:** Thursday, October 17, 2024 11:25 AM
**To:** Eric Levinrad <elevinrad@ecjlaw.com>
**Cc:** Amy Russell <arussell@ECJLAW.COM>; McCormick, Patrick Emerson
<PMcCormick@lewisroca.com>; Devin Sreecharana <Devin@maypotenza.com>; Renee Gonzales
<RGonzales@maypotenza.com>; Kim Worley <KWorley@maypotenza.com>; Jeff M. Admon
<jeff@admonlaw.com>
**Subject:** Huynh v. Chiaravanond et al. -- Extension re Responses to Requests for Production

Eric,

Since yesterday, our firm has had a server outage. We are hopeful this issue will clear up over the next couple of days. Because of this, I'm requesting an extension from tomorrow to next Wednesday for Plaintiff to respond to Defendants' First Set of Requests for Production. Otherwise, we can provide our objections tomorrow and produce documents next week. Please let me know your response.


Thank you,

Trevor



## Trevor Wainfeld

**Attorney**

—

**o:** 602.252.1900
**d:** 480.389.1604
**e:** twainfeld@maypotenza.com

—

Central Arts Plaza
1850 N. Central Ave., 16th Floor
Phoenix, AZ 85004-4633
www.maypotenza.com


This message and any of the attached documents contain information from the law firm of May, Potenza, Baran & Gillespie, P.C., that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information, and no privilege has been waived by your inadvertent receipt. If you have received this transmission in error, please notify the sender by reply e-mail and then delete this message. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that, to the extent this communication (or any attachment) addresses any tax matter, it was not written to be (and may not be) relied upon to (i) avoid tax-related penalties under the Internal Revenue Code, or (ii) promote, market or recommend to another party any transaction or matter addressed herein (or in any such attachment).

This message and any of the attached documents contain information from the law firm of May, Potenza, Baran & Gillespie, P.C., that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information, and no privilege has been waived by your inadvertent receipt. If you have received this transmission in error, please notify the sender by reply e-mail and then delete this message. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that, to the extent this communication (or any attachment) addresses

any tax matter, it was not written to be (and may not be) relied upon to (i) avoid tax-related penalties under the Internal Revenue Code, or (ii) promote, market or recommend to another party any transaction or matter addressed herein (or in any such attachment).

# EXHIBIT 6

| | |
|---|---|
| **From:** | Eric Levinrad |
| **To:** | Trevor Wainfeld; McCormick, Patrick Emerson; Amy Russell |
| **Cc:** | Devin Sreecharana; Elena Cordero; Jeff M. Admon; Lynn Adamick |
| **Subject:** | RE: Phong v. Chiaravanond et al. |
| **Date:** | Thursday, December 19, 2024 10:39:20 AM |
| **Attachments:** | image001.png |
| | image002.png |

Thank you, Trevor, for setting this up.

In advance of our call, you should know that the circumstances that have caused us to file the motion to withdraw render it impossible for us to provide responses to the discovery next week as scheduled.  We will obviously have to discuss how to address this issue.

Best,

Eric

---

**Eric Levinrad**
Partner

ERVIN COHEN & JESSUP LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6370 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | elevinrad@ecjlaw.com | LinkedIn

---

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

---

**From:** Trevor Wainfeld <TWainfeld@maypotenza.com>
**Sent:** Thursday, December 19, 2024 9:23 AM
**To:** McCormick, Patrick Emerson <PMcCormick@lewisroca.com>; Eric Levinrad <elevinrad@ecjlaw.com>; Amy Russell <arussell@ECJLAW.COM>
**Cc:** Devin Sreecharana <Devin@maypotenza.com>; Elena Cordero <ECordero@maypotenza.com>; Jeff M. Admon <jeff@admonlaw.com>; Lynn Adamick <LAdamick@maypotenza.com>
**Subject:** RE: Phong v. Chiaravanond et al.

Patrick,

Thank you. Lets schedule this call for 3:30-4 Arizona time tomorrow. Please dial in to 480-566-8632 at that time. We will also distribute a calendar invitation.



# Trevor Wainfeld

**Attorney**

—

**o:** 602.252.1900
**d:** 480.389.1604
**e:** twainfeld@maypotenza.com

—

Central Arts Plaza
1850 N. Central Ave., 16th Floor
Phoenix, AZ 85004-4633
www.maypotenza.com

---

**From:** McCormick, Patrick Emerson <PMcCormick@lewisroca.com>
**Sent:** Thursday, December 19, 2024 11:56 AM
**To:** Trevor Wainfeld <TWainfeld@maypotenza.com>; Eric Levinrad <elevinrad@ecjlaw.com>; arussell@ecjlaw.com
**Cc:** Devin Sreecharana <Devin@maypotenza.com>; Elena Cordero <ECordero@maypotenza.com>; Jeff M. Admon <jeff@admonlaw.com>; Lynn Adamick <LAdamick@maypotenza.com>
**Subject:** RE: Phong v. Chiaravanond et al.

Trevor,

We are available tomorrow between 11am-4pm. Let us know what works best for your team.

Best,
Patrick

**Patrick Emerson McCormick, CIPP/US**
*He | Him | His*
Associate
PMcCormick@lewisroca.com
D. 520.629.4455

Click HERE to learn more about the Lewis Roca and Womble Bond Dickinson planned combination effective January 1, 2025.



---

**From:** Trevor Wainfeld <TWainfeld@maypotenza.com>
**Sent:** Thursday, December 19, 2024 05:32
**To:** Eric Levinrad <elevinrad@ecjlaw.com>; arussell@ecjlaw.com; McCormick, Patrick Emerson <PMcCormick@lewisroca.com>
**Cc:** Devin Sreecharana <Devin@maypotenza.com>; Elena Cordero <ECordero@maypotenza.com>; Jeff M. Admon <jeff@admonlaw.com>; Lynn Adamick <LAdamick@maypotenza.com>
**Subject:** Phong v. Chiaravanond et al.

---

<span style="color:red">CAUTION!</span> **[EXTERNAL to Lewis Roca]**

---

Eric, Amy, and Patrick,

Please provide your availability to meet and confer tomorrow (Friday, 12/20) concerning the motions to withdraw you filed yesterday and Defendants' pending responses to Plaintiff's written discovery.

Thank you,
Trevor

 May Potenza
Baran & Gillespie

## Trevor Wainfeld
**Attorney**

—

**o:** 602.252.1900
**d:** 480.389.1604
**e:** twainfeld@maypotenza.com

—

Central Arts Plaza
1850 N. Central Ave., 16th Floor
Phoenix, AZ 85004-4633
www.maypotenza.com

This message and any of the attached documents contain information from the law firm of May, Potenza, Baran & Gillespie, P.C., that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information, and no privilege has been waived by your inadvertent receipt. If you have received this transmission in error, please notify the sender by reply e-mail and then delete this message. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that, to the extent this communication (or any attachment) addresses any tax matter, it was not written to be (and may not be) relied upon to (i) avoid tax-related penalties under the Internal Revenue Code, or (ii) promote, market or recommend to another party any transaction or matter addressed herein (or in any such attachment).

---

This message and any attachments are intended only for the use of the individual or entity to which they are addressed. If the reader of this message or an attachment is not the intended recipient or the employee or agent responsible for delivering the message or attachment to the intended recipient you are hereby notified that any dissemination, distribution or copying of this message or any attachment is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender. The information transmitted in this message and any attachments may be privileged, is intended only for the personal and confidential use of the intended recipients, and is covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.

This message and any of the attached documents contain information from the law firm of May, Potenza, Baran & Gillespie, P.C., that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information, and no privilege has been waived by your inadvertent receipt. If you have received this transmission in error, please notify the sender by reply e-mail and then delete this message. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that, to the extent this communication (or any attachment) addresses any tax matter, it was not written to be (and may not be) relied upon to (i) avoid tax-related penalties under the Internal Revenue Code, or (ii) promote, market or recommend to another party any transaction or matter addressed herein (or in any such attachment).

# EXHIBIT 7

**TREVOR J. WAINFELD**
ATTORNEY AT LAW

O. 602.252.1900
D. 480.389.1604

EMAIL
twainfeld@maypotenza.com



May Potenza
Baran & Gillespie

CENTRAL ARTS PLAZA
1850 NORTH CENTRAL AVE., 16TH FLOOR
PHOENIX, AZ 85004

December 27, 2024

**VIA USPS**
Alissa Chiaravanond
c/o Registered Agent Solutions, Inc.
187 East Warm Springs Road, Suite B
Las Vegas, Nevada 89119

>    **Re:**    Phong Thanh Huynh v. Alissa Chiaravanond, *et al.*
>            United States District Court, District of Arizona
>            Case No. 3:23-cv-08622-JJT (the "Case")
>            Request to Meet and Confer re Defendants' Overdue Discovery Responses

Dear Ms. Chiaravanond:

My Firm represents Plaintiff Phong Thanh Huynh in the above-referenced Case against you, Pacific Shangrila LLC, Cathedral Shangrila LLC, Nido Di Stelle LLC, and ILU LLC (collectively, the "Defendants"). Because your former attorneys withdrew from representing Defendants in the Case, we are contacting you directly, pursuant to the instructions provided in your former attorneys' withdrawal motions. If you have retained a new attorney, please have that individual contact Devin Sreecharana (Devin@maypotenza.com), Jeff Admon (jeff@admonlaw.com), and me (twainfeld@maypotenza.com) immediately.

On November 12, 2024, my office served on you, via your former attorney: (1) Plaintiff's First Set of Requests for Production to Defendants, (2) Plaintiff's First Set of Requests for Admission to Defendants, and (3) Plaintiff's First Set of Interrogatories to Defendants (collectively, the "Written Discovery").[1] Defendants' responses to the Written Discovery were originally due on December 12, 2024.

On December 9, 2024, my office granted an extension to December 23, 2024 for Defendants to respond to the Written Discovery, pursuant to your former attorney's request.

On December 18, 2024, your former attorneys moved to withdraw as your counsel of record in the Case. On December 20, 2024, the Court granted your former attorneys' motion. Defendants are not represented by an attorney of record.

Defendants have not served responses to the Written Discovery, which are overdue. **Pursuant to Federal Rule of Civil Procedure 37(a), provide your availability on January 1, 2, 3, and 6, 2025 between 9 am and 5 pm (MST) to meet and confer by telephone regarding**

---

[1] We are providing copies of the Written Discovery to you with this letter.

Alissa Chiaravanond
December 27, 2024
Page **2** of **2**

**Defendants' late responses to the Written Discovery. Plaintiff intends to move to compel your discovery responses and for sanctions by close of business on January 6, 2025 if Defendants have not served responses to the Written Discovery and we have not had a satisfactory meet and confer telephone call**.

Please immediately contact us at the email addresses provided above or by calling my office at 602-252-1900.

Sincerely,

MAY POTENZA BARAN & GILLESPIE, PC

Trevor J. Wainfeld, Esq.

cc:    DS
       Moshe Admon

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL



**UNITED STATES POSTAL SERVICE®** | **PRIORITY® MAIL**

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited International insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

**TRACKED ■ INSURED**

EP14F October 2023
OD: 12 1/2 x 9 1/2

||||||||| PS00001000014

This package is made from post-consumer waste. Please recycle - again.

PRIORITY MAIL FLAT RATE®

Ship Date: 32/27/24
Flat Rate Env
0003

C053



U.S. POSTAGE PAID
PRIORITY MAIL
eVS-eCIP

TREVOR J. VOMFIELD
MAY PIOTROCA, BANNER A WILLESPIE
STE 1900
1509 N CENTRAL AVE
PHOENIX AZ 85004-4813



ALISSA CHIARAVANOND
REGISTERED AGENT SOLUTIONS,
STE D
187 E WARM SPRINGS RD
LAS VEGAS NV 89119-4112

USPS TRACKING # EP

9205 5902 2008 6368 1530 88



To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

how2recycle.info
PAPER PRODUCT

**UNITED STATES**
**POSTAL SERVICE** ®

**PRIORITY**®
**MAIL**

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

**TRACKED ■ INSURED**



PS00001I000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

**VISIT US AT USPS.COM**®
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.

# EXHIBIT 8

| | |
|---|---|
| **From:** | Trevor Wainfeld |
| **To:** | sa@megagroup.io |
| **Cc:** | Devin Sreecharana; Jeff M. Admon; Elena Cordero; Lynn Adamick; Renee Gonzales |
| **Subject:** | Phong Thanh Huynh v. Alissa Chiaravanond, et al. -- United States District Court, District of Arizona -- Case No. 3:23-cv-08622-JJT -- Request to Meet and Confer re Defendants' Overdue Discovery Responses |
| **Date:** | Sunday, January 5, 2025 2:11:49 PM |
| **Attachments:** | image001.png<br>Notice of Discovery Dispute.docx<br>2024-12-27 LT Chiaravanond re discovery and meet and confer.pdf<br>2024-09-19 Dkt 47 Scheduling Order.pdf |

Dear Ms. Chiaravanond,

My law firm represents Phong Huynh in litigation against you and various entities that purportedly own title to real property in California and Arizona. Since your attorneys withdrew from representing you and these entities, we have tried to contact you about your overdue responses to written discovery. Please see the attached letter to which you have not responded, and have not otherwise provided discovery responses on behalf of yourself or the entities. Pursuant to the Court's Scheduling Order at Paragraph 9 (attached for your reference), please contact us to have a telephonic meeting regarding this outstanding discovery.

If we reach an impasse after conferring by phone, you provide written confirmation that you won't confer with us by phone, or you continue to fail to respond to our communications, we intend to move forward with the discovery dispute procedure provided in the Court's Order. To that end, a draft Notice of Discovery Dispute is attached. Under Section II: Defendants' Portion (on page 3), you may insert one page describing your position about the outstanding discovery responses. To be clear, we are providing this only for convenience and to expedite any discovery dispute discussion. We are not giving short shrift to the discovery dispute process, and welcome the opportunity to speak with you about the status of the outstanding discovery responses.

If you have not responded to us **by 5:00 p.m. (AZ) on January 9, 2024**, we intend to file this Notice of Discovery Dispute (with appropriate changes to address your failure to respond) immediately thereafter. We reserve the right to make other changes to the Notice of Discovery Dispute, including to address our discussion in the meet and confer process.



May Potenza
Baran & Gillespie

Trevor Wainfeld
**Attorney**
—

**o:** 602.252.1900
**d:** 480.389.1604
**e:** twainfeld@maypotenza.com

——

Central Arts Plaza

1850 N. Central Ave., 16th Floor
Phoenix, AZ 85004-4633
www.maypotenza.com

Devin Sreecharana, Esq. (029057)
MAY, POTENZA, BARAN & GILLESPIE, P.C.
1850 N. Central Ave., Suite 1600
Phoenix, Arizona 85021
Telephone: (602) 252-1900
Facsimile: (602) 252-1114
Email: devin@maypotenza.com

Moshe Y. Admon, Esq. (*Admission Pending*)
State Bar No. 034169
Admon Law Firm, PLLC
300 Lenora St., #4008
Seattle, Washington 98121
Telephone: (206) 739-8383
Email: jeff@admonlaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phong Thanh Huynh,<br><br>        Plaintiff,<br><br>v.<br><br>Alissa Chiaravanond, an individual resident of Arizona, Pacific Shangrila LLC, a Nevada limited liability company, Cathedral Shangrila LLC, a Nevada limited liability company, Nido di Stelle LLC, a Nevada limited liability company, ILU LLC, an Arizona limited liability company,<br><br>        Defendants. | Case No.: CV-2308622-PCT-JJT<br><br>**NOTICE OF DISCOVERY DISPUTE**<br><br>(Telephonic Hearing Requested) |

Pursuant to Paragraph 9 of the Scheduling Order (Doc. 47), the Parties jointly submit the following written summaries of their positions regarding a discovery dispute that cannot be resolved despite sincere efforts to resolve the matter. The Parties certify below that they have attempted to resolve this matter through personal consultation.

## I.    PLAINTIFF'S PORTION

On November 12, 2024, Plaintiff served on Defendants his First Set of (1) Requests for Production, (2) Requests for Admission, and (3) Interrogatories (collectively, "Written Discovery"). (Doc. 54). Defendants' responses were due on December 12, 2024. On December 9, 2024, Defendants' former counsel requested a ten-day extension, which undersigned counsel granted through December 23, 2024.[1] On December 18, 2024, Defendants' former counsel moved to withdraw ("Withdrawal Motions"). (Docs. 56, 57). On December 19, 2024, Defendants' former counsel informed undersigned "that the circumstances that have caused us to file the motion to withdraw render it impossible for us to provide responses to the discovery next week as scheduled." Defendants did not propose a further extended response deadline. On December 20, 2024, the Court granted the Withdrawal Motions. (Docs. 58, 59). Defendants have not responded to the Written Discovery or to Plaintiff's request to meet and confer regarding the Written Discovery. Defendants also did not produce any documents with their Rule 26(a)(1) initial disclosure. (Doc. 45).

The Written Discovery seeks material information about five multi-million-dollar investment properties in which Plaintiff alleges an ownership interest, and Defendants' alleged scheme to defraud Plaintiff from holding such interests – the crux of his case. (Doc. 1, ¶¶ 3-10, Prayer for Relief). For example, the Written Discovery seeks documents, communications, and information relating to: the entity Defendants' formation, operations, governance, and finances; Defendants' acquisition, maintenance, and improvement of the properties; and Defendant Chiaravanond's contention that Plaintiff gifted her, as a dowry, millions of dollars to purchase the properties to his exclusion. Meanwhile, and concerningly, Defendants have listed some of the properties for sale over Plaintiff's objection.

Plaintiff requests the Court order Defendants to respond to the Written Discovery within one week of the impending telephonic conference, and award Plaintiff attorneys' fees and costs related to this dispute and any other sanction the Court deems appropriate.

---

[1] Plaintiff will provide letters, emails, and other documents to the Court upon request.

**II.    DEFENDANTS' PORTION**

RESPECTFULLY SUBMITTED this __day of January, 2025.

**MAY, POTENZA, BARAN & GILLESPIE, P.C.**

By /s/ *Devin Sreecharana*
    Devin Sreecharana, Esq.


**ADMON LAW FIRM, PLLC**

Moshe Y. Admon

*Attorneys for Plaintiff*

**TREVOR J. WAINFELD**
ATTORNEY AT LAW

O . 602.252.1900
D . 480.389.1604

EMAIL
twainfeld@maypotenza.com



**May Potenza
Baran & Gillespie**

CENTRAL ARTS PLAZA
1850 NORTH CENTRAL AVE., 16TH FLOOR
PHOENIX, AZ 85004

December 27, 2024

**VIA USPS**
Alissa Chiaravanond
c/o Registered Agent Solutions, Inc.
187 East Warm Springs Road, Suite B
Las Vegas, Nevada 89119

> **Re:**   Phong Thanh Huynh v. Alissa Chiaravanond, *et al.*
> United States District Court, District of Arizona
> Case No. 3:23-cv-08622-JJT (the "Case")
> Request to Meet and Confer re Defendants' Overdue Discovery Responses

Dear Ms. Chiaravanond:

My Firm represents Plaintiff Phong Thanh Huynh in the above-referenced Case against you, Pacific Shangrila LLC, Cathedral Shangrila LLC, Nido Di Stelle LLC, and ILU LLC (collectively, the "Defendants"). Because your former attorneys withdrew from representing Defendants in the Case, we are contacting you directly, pursuant to the instructions provided in your former attorneys' withdrawal motions. If you have retained a new attorney, please have that individual contact Devin Sreecharana (Devin@maypotenza.com), Jeff Admon (jeff@admonlaw.com), and me (twainfeld@maypotenza.com) immediately.

On November 12, 2024, my office served on you, via your former attorney: (1) Plaintiff's First Set of Requests for Production to Defendants, (2) Plaintiff's First Set of Requests for Admission to Defendants, and (3) Plaintiff's First Set of Interrogatories to Defendants (collectively, the "Written Discovery").[1] Defendants' responses to the Written Discovery were originally due on December 12, 2024.

On December 9, 2024, my office granted an extension to December 23, 2024 for Defendants to respond to the Written Discovery, pursuant to your former attorney's request.

On December 18, 2024, your former attorneys moved to withdraw as your counsel of record in the Case. On December 20, 2024, the Court granted your former attorneys' motion. Defendants are not represented by an attorney of record.

Defendants have not served responses to the Written Discovery, which are overdue. **Pursuant to Federal Rule of Civil Procedure 37(a), provide your availability on January 1, 2, 3, and 6, 2025 between 9 am and 5 pm (MST) to meet and confer by telephone regarding**

---

[1] We are providing copies of the Written Discovery to you with this letter.

Alissa Chiaravanond
December 27, 2024
Page **2** of **2**

**Defendants' late responses to the Written Discovery. Plaintiff intends to move to compel your discovery responses and for sanctions by close of business on January 6, 2025 if Defendants have not served responses to the Written Discovery and we have not had a satisfactory meet and confer telephone call**.

    Please immediately contact us at the email addresses provided above or by calling my office at 602-252-1900.

                          Sincerely,

                          MAY POTENZA BARAN & GILLESPIE, PC

                          Trevor J. Wainfeld, Esq.

cc:    DS
       Moshe Admon

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.



# UNITED STATES POSTAL SERVICE®

**PRIORITY® MAIL**

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

■ Expected delivery date specified for domestic use.
■ Domestic shipments include $100 of insurance (restrictions apply).*
■ USPS Tracking® service included for domestic and many international destinations.
■ Limited International Insurance.**
■ When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

## TRACKED ■ INSURED

EP14F October 2023
OD: 12 1/2 x 9 1/2

PS00001000014

This package is made from post-consumer waste. Please recycle - again.

---

**PRIORITY MAIL FLAT RATE®**

Ship Date: 12/27/24
Flat Rate Env
0003

C053

U.S. POSTAGE PAID
QUADIENT INC.
ePostage




PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

TREVOR J. HAMFIELD
MAY PATRICIA BANNER A VILLESPIE
STE 1900
1350 N CENTRAL AVE
PHOENIX AZ 85004-4813

ALISSA CHIARAVANOND
REGISTERED AGENT SOLUTIONS,
STE D
187 E WARM SPRINGS RD
LAS VEGAS NV 89119-4112

USPS TRACKING # EP

9205 5902 2008 6368 1530 88

To schedule free Package Pickup,
scan the QR code.




USPS.COM/PICKUP



how2recycle.info
PAPER PRODUCT

**UNITED STATES**
**POSTAL SERVICE** ®

**PRIORITY**®
**MAIL**

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

**TRACKED ■ INSURED**



PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

**VISIT US AT USPS.COM**®
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 20 lbs.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phong Thanh Huynh, | No. CV-23-08622-PCT-JJT |
| Plaintiff(s), | **RULE 16 SCHEDULING ORDER** |
| v. | |
| Alissa Chiaravanond, et al., | |
| Defendant(s). | |

Pursuant to the terms of the Joint Proposed Case Management Plan and the representations made by the parties at the Pretrial Scheduling Conference, all parties shall comply with the deadlines established in this Order.

**IT IS ORDERED** as follows:

The Court will strictly enforce the deadlines set forth in this Rule 16 Scheduling Order. Furthermore, the Court will not grant extensions to the dispositive motion cutoff date due to case processing problems, discovery disputes, or settlement negotiations.

The Federal Rules of Civil Procedure (Fed. R. Civ. P.) in effect on the date Plaintiff(s) filed this lawsuit shall apply to all proceedings concerning this case, except to the extent they are inconsistent with this Order, in which instance the provisions of this Order control.

1.     All Initial Disclosures as defined in Fed. R. Civ. P. 26(a), if not already disclosed prior to the Scheduling Conference, shall be made no later than **N/A**.

2.      To satisfy the requirements of Fed. R. Civ. P. 26(a), the parties shall file with the Clerk of the Court a Notice of Initial Disclosure, rather than copies of the actual disclosures.

3.      Motions to amend the Complaint and to join additional parties shall be filed no later than **12/6/2024**.

4.      Fact discovery shall be completed by **4/18/2025**.

5.      All parties shall disclose the identity of all persons whom they may call at trial to present evidence under Rules 702, 703, 704, or 705 of the Federal Rules of Evidence (Fed. R. Evid.) no later than **5/2/2025**. All parties shall disclose the identity of all persons providing rebuttal expert testimony no later than **6/6/2025**. These disclosures shall be full and complete as required by Fed. R. Civ. P. 26(a)(2)(A)-(C).

The disclosures of the identities of all persons whom a party may call at trial to present evidence under Fed. R. Evid. 702, 703, 704, or 705 shall also include all of the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) if the witness is either (1) retained or specifically employed to provide expert testimony in the case, or (2) is an agent or employee of the party offering the testimony whose duties regularly involve giving expert testimony. No deposition of any expert witness shall occur before the disclosures concerning expert witnesses mandated by this Order are made. Expert reports disclosed under Fed. R. Civ. P. 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures of such testimony are required on or before the dates set forth above; absent truly extraordinary circumstances, parties will not be permitted to supplement their expert reports after these dates.

6.      Discovery by interrogatory shall be governed by Fed. R. Civ. P. 33 unless otherwise ordered by the Court. Therefore, there is a limit of twenty-five (25) interrogatories, including discrete subparts.

7.      With regard to responses to requests for admission, requests for production, and interrogatories, the Federal Rules of Civil Procedure do not permit "general" or

"global" objections. Accordingly, the Court will neither consider nor rule on objections that are not specific to the individual request propounded.

      8.     Depositions shall be limited as provided by Fed. R. Civ. P. 30 and 31.

      9.     The parties shall not file written discovery motions without leave of the Court. Except during a deposition, if a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall jointly file (1) a brief written summary of the dispute, not to exceed one page per side, with an explanation of the position taken by each side; and (2) a joint written certification that counsel or the parties have attempted to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure (LRCiv) 7.2(j) and have reached an impasse. If the opposing party has refused to personally consult, the party seeking relief shall describe the efforts made to obtain personal consultation. Upon review of the filed written summary of the dispute, the Court may set a telephonic conference, order written briefing, or decide the dispute without conference or briefing. Any briefing ordered by the Court shall also comply with LRCiv 7.2(j). If a discovery dispute arises in the course of a deposition and requires an immediate ruling of the Court—a circumstance that should be exceedingly rare—the parties shall jointly contact the Court telephonically. The Court will not entertain discovery disputes after the close of discovery absent truly extraordinary circumstances.

      10.     All discovery must be completed by **8/15/2025**, including depositions of parties, witnesses and experts; answers to interrogatories; and supplements to interrogatory answers. This deadline does not alter the duties and obligations imposed on the parties by Fed. R. Civ. P. 26(e). Each party shall conduct discovery in an expeditious manner so as to complete any and all discovery by the deadline. "Complete" includes the time to propound discovery, the time to answer all propounded discovery, the time for the Court to resolve all discovery disputes, and the time for the parties to conduct any final discovery necessitated by the Court's ruling on any discovery disputes. Thus, the Court will view with disfavor any "last minute" or "eleventh hour" discovery activity that leaves

insufficient time to undertake additional discovery and requires an extension of the discovery deadline, and, in such an instance, the Court may deny a requested extension, exclude evidence, or impose other sanctions.

11.    Although General Order 20-21, dated April 16, 2020, made May 1, 2020 the termination date of the Mandatory Initial Discovery Project ("MIDP") initiated in this District on May 1, 2017 by General Order 17-08, the Court will enforce one aspect of General order 17-08 in this case. With regard to the duty to supplement discovery under Fed. R. Civ. P. 26(e), the parties must supplement initial disclosures as well as responses to other discovery requests within the 30-days-from-discovery-or-revelation deadline set by General Order 17-08 at 3 ¶ 8. (See General Order 17-08, as amended Nov. 1, 2018.)

12.    The parties must complete all pre-trial disclosures required under Fed. R. Civ. P. 26(a)(3), of all exhibits to be used and all witnesses to be called at trial, on or before **7/11/2025** so that the parties can complete meaningful discovery necessitated by those disclosures before the discovery deadline. This Order supersedes the "30 days before trial" disclosure deadline contained in Fed. R. Civ. P. 26(a)(3). Therefore, (1) failure to timely supplement responses and disclosures made under Fed. R. Civ. P. 26(a), including witnesses and exhibits for trial; (2) failure to timely supplement responses to any valid discovery requests; and (3) attempts to include witnesses or exhibits in the Joint Proposed Final Pretrial Order that were not previously disclosed in a timely manner may result in the exclusion of such evidence at trial or the imposition of other sanctions pursuant to Fed. R. Civ. P. 37, the Local Rules of the District Court, and the inherent power of the Court.

13.    Good faith settlement discussions shall be held no later than **3/21/2025**.

14.    All dispositive motions, **including *Daubert* motions**,[1] shall be filed no later than **9/19/2025**. A party or parties represented by the same lawyer shall file **no more than one motion for summary judgment** unless leave of Court is obtained**.**

---

[1] Evidentiary motions made under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

15.     Any party filing a motion for summary judgment, motion for partial summary judgment, or response thereto, shall not file a statement of facts or controverting statement of facts exceeding 10 pages in length. LRCiv 56.1 is clear that parties' statements of fact or controverting fact "should include only those facts on which the party relies" in support of the motion or response.

16.     All parties are specifically admonished that pursuant to LRCiv 7.2(i),

> if a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

17.     If no dispositive motions are pending before the Court when the dispositive motion deadline has passed, Plaintiff(s) shall file and serve within ten (10) days of the dispositive motion deadline, a Notice of Readiness for a status conference. If a dispositive motion is filed, the Court will schedule a status conference as necessary upon resolution of the motion.

Dated this 19th day of September, 2024.

_____
Honorable John J. Tuchi
United States District Judge

# EXHIBIT 9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | |
|---|---|
| Phong Thanh Huynh | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 3:23-cv-08622-JJT |
| Alissa Chiaravanond, an individual resident of Arizona, et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              Sedona.Org, LLC
                         c/o Corporation Service Company

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE "EXHIBIT A" attached.

| Place: MAY, POTENZA, BARAN & GILLESPIE, P.C. 1850 North Central Avenue, Suite 1600 Phoenix, Arizona 85004 | Date and Time: 12/19/2024 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/4/24

CLERK OF COURT

                                              OR

_____                    _____
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:23-cv-08622-JJT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Phong Thanh Huynh v. Alissa Chiaravanond, et al.**

**EXHIBIT A**

**to**

**Subpoena to Produce Documents: Sedona.Org, LLC**

**INSTRUCTIONS**

1.     In accordance with Federal Rules 34(a) and 45, these Requests apply to all Documents and Communications in Your possession, custody, or control, including Documents and Communications in the possession, custody, or control of Your predecessors, members, attorneys, agents, accountants, and advisors. A Document or Communication is deemed to be in Your possession, custody or control if it is in Your physical custody, or if it is in the physical custody of any other Person and You (i) own such Document or Communication in whole or in part; (ii) have a right, by contract, statute or otherwise, to use, inspect, examine, or copy such Document or Communication on any terms; (iii) have an understanding, express or implied, that You may use, inspect, examine, or copy such Document or Communication on any terms; or (iv) as a practical matter, have been able to use, inspect, examine, or copy such Document or Communication when You sought to do so. If any requested Document was, but no longer is, in Your possession, custody or control, state the disposition of each such Document or Communication.

2.     Reference to any individual, business entity, or association shall be deemed reference to any and all of its predecessors, successors, affiliates, and subsidiaries, as well as any and all of its past or present officers, directors, partners, members, managers, employees, representatives, and agents.

3.     In responding to each Document and/or Communication Request, You are to review and search all relevant files of appropriate entities and Persons, unless otherwise agreed by the parties or directed by the Court.

4.    You are to produce the original and all non-identical copies, including all drafts, of each Document and Communication requested. If You are not able to produce the original of any Document or Communication, please produce the best available copy and all non-identical copies, including drafts.

5.    For each Document, Communication, or electronically-stored information, if any, called for by a request and withheld or redacted on grounds of privilege or on some other basis, provide a listing of withheld or redacted Documents, Communications, or electronically-stored information in electronic spreadsheet format in compliance with Federal Rule 26(b)(5). All Document and/or Communication Requests shall be deemed to include requests for any and all transmittal sheets, cover letters, cover e-mails, enclosures, or any other annexes or attachments to the Documents and Communications.

6.    Any Document or Communication requested herein shall be produced as it is kept in the ordinary course of business. The name of the file from which it was produced, the identity of the Person from whose file it was produced, and the identity of the present custodian of that file each shall be set forth.

7.    Non-disclosure agreements shall not provide a basis for failure to produce Documents and Communications requested.

8.    The connectors "and," "or," and "and/or" shall be construed either disjunctively or conjunctively in order to bring within the scope of the Document and/or Communication Request all responses that might otherwise be construed to be outside of its scope.

9.    The use of the singular shall be construed to include the plural.

10.    The use of the gerund and all other tenses of a defined verb shall be construed to fit within each verb's definition.

11.    The terms "any," "each," and "all" shall be considered to include "each and every."

12.    The term "including" shall be construed to mean "without any limitation."

13.     Where an e-mail has an attachment, each attachment should be produced immediately following the e-mail to which it was attached.

14.     If any Document or Communication responsive to these Document and Communication Requests is known to have existed and cannot now be located, or has been destroyed or discarded, set forth a complete statement of the circumstances surrounding such loss or destruction, including: (i) a description of the Document or Communication, including the date, a summary of its contents and the identity of its author and the Person(s) to whom it was sent or shown; (ii) the last known custodian; (iii) whether the Document or Communication is missing or lost or was destroyed or discarded; and (iv) the date of loss, destruction or discarding or other disposition.

15.     The Document and Communication Requests pertain to the period beginning on January 1, 2020 and continuing through the present.

## DEFINITIONS

1.     "Chiaravanond" means Defendant Alissa Chiaravanond and her present and former employees, agents, representatives, attorneys, investigators, and any and all other persons or entities acting or purporting to act on her behalf or in concert with her.

2.     "Cathedral" means Defendant Cathedral Shangrila, LLC and its present and former employees, agents, representatives, attorneys, investigators, and any and all other persons acting or purporting to act on its behalf of or in concert with it.

3.     "Nido" means Defendant Nido di Stelle LLC and its present and former employees, agents, representatives, attorneys, investigators, and any and all other persons acting or purporting to act on its behalf of or in concert with it.

4.     "ILU" means Defendant ILU LLC and its present and former employees, agents, representatives, attorneys, investigators, and any and all other persons acting or purporting to act on its behalf of or in concert with it.

5.      "Document" or "Documents" is used in the broadest sense and shall have the same meaning and scope as used in Federal Rule of Civil Procedure 34(a), and includes any documents or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, and any tangible thing.

6.      "Communication(s)" shall mean any and all transfers or exchanges of information, whether verbal, written, telephonic, or through the use of any medium without limitation, including but not limited to correspondence through the United States Postal Service, correspondence through any private courier (including but not limited to FEDEX, DHL, UPS), correspondence through facsimile transmission, writings attached to any electronic message, email through any interest services provider, instant messaging (i.e. WhatsApp, Slack), messages transmitted on any personal digital device including smartphones, text messages, online social media, notes, videotapes, compact discs, USBs, CD-ROMS, DVDs, Blu-Ray discs, audio-cassettes, recordings of telephonic conversations, audio recordings, video, message pads, diaries, journal entries, memoranda chronicling any conversation, post-its, index cards, printouts of any and all online commentary, annotations on business cards, pictures, photographs (film or digital), phone records logging communications, and any and all other forms of tangible expression.

7.      "Person" means any natural person, firm, corporation, company, insurance company, partnership, sole proprietorship, unions, federations, joint venture, limited partnership, limited liability partnership, professional corporation, limited-liability company, organization, group of natural persons, or other association separately identifiable, whether or not such association has a separate legal existence in its own right.

8.      "Possession," "custody," or "control" includes the joint or several possession, custody, or control (actual or constructive) of material by Defendants.

9.    "Concerning," "relating to," and "involving" mean, in whole or in part, directly or indirectly, referring or relating to, relating, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

## REQUESTS

1.    All Documents and Communications relating to the property located at 288 Back O Beyond Circle, Sedona, Arizona 86336;

2.    All Documents and Communications relating to the property located at 95 Cross Creek Circle, Sedona, Arizona 86336;

3.    All Documents and Communications relating to Chiaravanond, Cathedral, Nido, and/or ILU.

4.    All Communications with Chiaravanond.

5.    All Communications with any Person you understand or believe to be affiliated with or a representative of Chiaravanond, Cathedral, Nido, and/or ILU.

# EXHIBIT 10

| | |
|---|---|
| **From:** | Gabe Weinem |
| **To:** | Trevor Wainfeld |
| **Subject:** | Huynh v. Chiaravanond, et al. / 3:3-cv-08622-JJT - Sedona.Org, LLC Subpoena |
| **Date:** | Thursday, December 19, 2024 12:50:52 PM |
| **Attachments:** | Cathedral Shangri La-Operations .zip |
| | 288 Backobeyond affidavit.pdf |

You don't often get email from gabe@ilovevacations.com. Learn why this is important

Hello Trevor,

Please find attached the documents requested.
If any questions arise, please feel free to contact me.

Best,



**Gabe Weinem**
*COO*
M: 435-571-0024 ext. 6006 | 866-634-0060
E: gabe@ilovevacations.com

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

# EXHIBIT 11

| | |
|---|---|
| **From:** | Trevor Wainfeld |
| **To:** | Sikkenga, Scott R. |
| **Cc:** | Elena Cordero; Devin Sreecharana; jeff@admonlaw.com |
| **Subject:** | RE: Huynh v. Chiaravanond, et al. / 3:3-cv-08622-JJT - Sedona.Org, LLC Subpoena |
| **Date:** | Wednesday, January 8, 2025 1:45:40 PM |
| **Attachments:** | image001.png |

Hi Mr. Sikkenga,

Thanks for your email. We will not hold you to a complete response by tomorrow. One additional week (to January 16) is acceptable. There are some expediencies in this litigation so the sooner we can obtain more documents, the better. If it would be helpful to discuss the subpoena we served or the underlying action, you are welcome to give me a call at 480-389-1604.

Thank you,
Trevor

 May Potenza
Baran & Gillespie

## Trevor Wainfeld
**Attorney**

—

**o:** 602.252.1900
**d:** 480.389.1604
**e:** twainfeld@maypotenza.com

—

Central Arts Plaza
1850 N. Central Ave., 16th Floor
Phoenix, AZ 85004-4633
www.maypotenza.com

---

**From:** Sikkenga, Scott R. <SSikkenga@honigman.com>
**Sent:** Wednesday, January 8, 2025 3:27 PM
**To:** Trevor Wainfeld <TWainfeld@maypotenza.com>
**Cc:** Elena Cordero <ECordero@maypotenza.com>; Devin Sreecharana <Devin@maypotenza.com>; jeff@admonlaw.com
**Subject:** FW: Huynh v. Chiaravanond, et al. / 3:3-cv-08622-JJT - Sedona.Org, LLC Subpoena

> You don't often get email from ssikkenga@honigman.com. Learn why this is important

Mr. Wainfeld,

This firm represents Sedona.org, LLC. I was just contacted about your below email and request for documents regarding the above-referenced litigation. I see that you are looking for a complete response from my client to your email by the close of business tomorrow January 9, 2024 (which I assume you mean 2025). I would appreciate receiving an extension of time to respond in order to give me time to review the subpoena, the prior response, and the follow-up requests. Please advise if you will agree to a one (1) week extension to respond.

Thank you for your consideration.

Scott Sikkenga

---

**From:** Trevor Wainfeld <TWainfeld@maypotenza.com>
**Date:** Thursday, January 2, 2025 at 11:02
**To:** Gabe Weinem <gabe@ilovevacations.com>
**Cc:** Elena Cordero <ECordero@maypotenza.com>, Devin Sreecharana <Devin@maypotenza.com>, Jeff M. Admon <jeff@admonlaw.com>
**Subject:** RE: Huynh v. Chiaravanond, et al. / 3:3-cv-08622-JJT - Sedona.Org, LLC Subpoena

Hi Gabe,

Thanks for responding to the subpoena we sent to Sedona.org. There are several documents/communications that appear to exist and would be responsive to the subpoena, but were not included in your response. I include a list below of some of the documents I would expect to see. Please check your records and ensure that you produce all documents and communications that are responsive to the attached subpoena. Additionally, the affidavit you provided is unsigned. Please execute and send the affidavit with the rest of the documents responsive to the subpoena. Please provide your complete response to the subpoena by close of business on January 9, 2024.

- Contract(s) between your company and Alissa Chiaravanond, Cathedral Shangrila LLC, ILU LLC, or some other entity you understand is affiliated with Chiaravanond or the property located at 288 Back O Beyond Circle. If your company manages the property without a written contract, please confirm the same and provide any documents that evidence the terms of your management of that property.
- Are there no communications with Chiaravanond before the management of this property began? The messages provided all appear to begin after the time that your company began to manage the property, and we would expect to see messages

negotiating or setting up the management of that property. The subpoena requests all communications related to the property located at 288 Back O Beyond Circle.

- All invoices and estimates for all repairs, services, etc. for the property located at 288 Back O Beyond.
    - All written communications with or about those services, repairs, etc.
- Whatsapp messages with Isa (*see* attached September 9, 2023 email from Chrystin Aponte re IMPORTANT: Refrigerator Needs to be Replaced at 288 Back O' Beyond). If there are any other text messages or whatsapp messages related to this property, please include those as well.
- Documents evidencing all income from rental property since the beginning of your engagement to manage the property located at 288 Back O Beyond
    - All communications with renters of that property

Thank you,

Trevor



Trevor Wainfeld

**Attorney**

—

**o:** 602.252.1900

**d:** 480.389.1604

**e:** twainfeld@maypotenza.com

—

Central Arts Plaza

1850 N. Central Ave., 16th Floor

Phoenix, AZ 85004-4633

www.maypotenza.com

Scott R. Sikkenga

---

**HONIGMAN LLP**
O   269.337.7772
M   269.615.5453
ssikkenga@honigman.com

This e-mail may contain confidential or privileged information.  If you are not the intended recipient, please delete it and notify the sender of the error.

---

**From:** Gabe Weinem <gabe@ilovevacations.com>
**Sent:** Thursday, December 19, 2024 12:48 PM
**To:** Trevor Wainfeld <TWainfeld@maypotenza.com>
**Subject:** Huynh v. Chiaravanond, et al. / 3:3-cv-08622-JJT - Sedona.Org, LLC Subpoena

You don't often get email from gabe@ilovevacations.com. Learn why this is important

Hello Trevor,

Please find attached the documents requested.

If any questions arise, please feel free to contact me.

Best,

**Gabe Weinem**

*COO*

M: 435-571-0024 ext. 6006 | 866-634-0060
E: gabe@ilovevacations.com

CONFIDENTIALITY NOTICE:The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

This message and any of the attached documents contain information from the law firm of May, Potenza, Baran & Gillespie, P.C., that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information, and no privilege has been waived by your inadvertent receipt. If you have received this transmission in error, please notify the sender by reply e-mail and then delete this message. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that, to the extent this communication (or any attachment) addresses any tax matter, it was not written to be (and may not be) relied upon to (i) avoid tax-related penalties under the Internal Revenue Code, or (ii) promote, market or recommend to another party any transaction or matter addressed herein (or in any such attachment).

CONFIDENTIALITY NOTICE:The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

# EXHIBIT 12

**From:** **Sa Chiaravanond**  sa@megagroup.io
**Subject:** Re: 288 Back O Beyond Circle >> ROOF REPAIR
**Date:** December 7, 2022 at 7:53 AM
**To:** Chrystin Aponte  chrystin@ilovevacations.com,  Isa Cooley  isa@ilovevacations.com

Hi Chrystin and Isa,

Thanks for the estimate and helping to fix this.

I Approve the estimate and repair.

On another note, per Isa's comment on a recent email - I understand that there has been delays in replying to you. To resolve this, I am finding the right assistant to help with this matter.

Regarding the checklist they do weekly. I would like to see what items get checked. Is it possible to share this please?

Many thanks for your ongoing support.

Happy Holidays!
Sa

On Wed, Dec 7, 2022 at 22:47 Chrystin Aponte <chrystin@ilovevacations.com> wrote:
Hi Sa,

I hope you are well.

We had two roofing companies go out to your property to give us estimates for roof repair. The first company said they would not do a repair on the roof as they do not work with that roofing material.

The second company just went out yesterday and gave us a quote for repair. Please see the attached quote below and let us know if we have permission to proceed with the work.

Thank you!

Best,
Chrystin

# ILOVEVACATIONS

## Luxury Vacation Rental Experts

Visit all of our I Love Destinations:

ILOVEVACATIONS    ILOVEPARKCITY    ILOVESCOTTSDALE

ILOVESEDONA    ILOVEWHITEFISH

imgbb.com
image not found

imgbb.com
image not found

imgbb.com
image not found

ILOVEDRIPPINGSPRINGS

imgbb.com
image not found

**Chrystin Aponte**
**Operations Manager**
Main: 928-440-2576 ext. 7018
Reservations: 888-265-3009
chrystin@ilovevacations.com

---------- Forwarded message ----------
From: **Nick Oman** <reply@mail.acculynx.com>
Date: Tue, Dec 6, 2022 at 3:55 PM
Subject: 288 Back O Beyond Circle >> ROOF REPAIR
To: <CHRYSTIN@ilovevacations.com>



Hale's Roofing

SEDONA.ORG_000001



CHRYSTIN
see the attached quote and photos. Let me know if you want to schedule this repair.
Nick

Customer contact information:
APONTE, CHRYSTIN
Job: N/A
288 Back O Beyond Circle
Sedona, AZ 86336
(928) 963-1552 - Primary
CHRYSTIN@ilovevacations.com - Primary

Thank you for considering Hale's

**Nick Oman**
Estimator
(928) 821-8018

 Reply directly to this email to respond.

You can view the whole email thread here

Hale's Roofing

SEDONA.ORG_000003

# EXHIBIT 13

SEDONA.ORG_000019

288 Back O' Beyond - IMPORTANT-5.eml

MIME-Version: 1.0
Date: Wed, 21 Jun 2023 15:55:22 -0700
References: <CAE8fsYiYJ7CZJU-21KRR86JKvsTgOVOZ-9HiKFX+Fie-TTDMFgg@mail.gmail.com>
 <CAAS78voEL-7rjtTOWRqxfcVVOOJOYiM-QjGDPrYGKq6vgB-YzA@mail.gmail.com>
 <CAE8fsYH-e3A4NVLqnoa2ksU0mD-kEuY3bNWDenjt4=_MbRLGzyw@mail.gmail.com>
 <CAAS78vrWChJOC-n3D2wya=Rznyk4=657quTmbBHLe=NRWPuJsg@mail.gmail.com>
In-Reply-To: <CAAS78vrWChJOC-n3D2wya=Rznyk4=657quTmbBHLe=NRWPuJsg@mail.gmail.com>
Message-ID: <CAE8fsYiBoz_WFy37F-ziaSUD8N2y8w-BRWbxMxSkmV0fVFDLpQ@mail.gmail.com>
Subject: Re: 288 Back O' Beyond - IMPORTANT
From: Chrystin Aponte <chrystin@ilovevacations.com>
To: Sa Chiaravanond <sa@megagroup.io>
Cc: Isa Cooley <isa@ilovevacations.com>, Cody Cardinale <cody@ilovevacations.com>
Content-Type: multipart/alternative; boundary="0000000000000b50c3905feaba98f"

--0000000000000b50c3905feaba98f
Content-Type: text/plain; charset="UTF-8"
Content-Transfer-Encoding: quoted-printable

Hi Sa,

I hope you are having a good week!
Our HVAC tech went out to check all of your systems last week. He serviced
all 3 conventional units and the 2 mini splits. Everything is running well
at this time.
The only change he made was to replace the blow cap on the master bedroom
unit with a mini turbo capacitor to extend the motor life of the unit.

On a different note, this week we noticed that the drip tray underneath the
refrigerator was overflowing. We had our appliance guy look at it and
noticed the door is not sealing at the top and we think that is the reason
for all of the condensation. He checked to see if he could order a
replacement door, but those doors are not available anymore. He is going to
go back to the house and see if he is able to make any adjustments himself.
If not, we may need to look into getting a replacement unit. We will keep
you posted with his findings.

Best,
Chrystin

SEDONA.ORG_0000020

288 Back O' Beyond - IMPORTANT-6.eml

MIME-Version: 1.0
Date: Sat, 15 Jul 2023 13:24:30 -0700
References: <CAE8fsYiJ7CZJU-21KRR86JKvsTgoVO2-9HiKFx+Fie-TTDMFgg@mail.com>
    <CAAS78voEL-7rjtTOWRqXfcVVOOJOYiM-QZGDPrYGKq6vgB-YzA@mail.gmail.com>
    <CAE8fsH+e3ANvLqnoa2xsU0mD-kEuY3bWDenjt4=_MbRLGzyw@mail.gmail.com>
    <CAAS78vrWChJOC-n3D2wya=Rznyk4=657quTmbBHLe=NRWPusg@mail.gmail.com>
    <CAE8fsYiBoz_WFy37F-ziaSUD8N2y8w=BRWbxMxSkmV0fVFDLpQ@mail.gmail.com>
In-Reply-To: <CAE8fsYiBoz_WFy37F-ziaSUD8N2y8w=BRWbxMxSkmV0fVFDLpQ@mail.gmail.com>
Message-ID: <CAE8fsYgEkUwVGUUkpw7fomA6Xck-U4qKjFXEBj_X-tHFwAjZg@mail.gmail.com>
Subject: Re: 288 Back O' Beyond - IMPORTANT
From: Chrystin Aponte <chrystin@ilovevacations.com>
To: Sa Chiaravanond <sa@megagroup.io>
Cc: Isa Cooley <isa@ilovevacations.com>, Cody Cardinale <cody@ilovevacations.com>
Content-Type: multipart/alternative; boundary="00000000000004db5d306008c5a19"

--00000000000004db5d306008c5a19
Content-Type: text/plain; charset="UTF-8"
Content-Transfer-Encoding: quoted-printable

Hi Sa,

I hope you are having a great weekend!

Just wanted to give you an update on both of the refrigerators at your
house.

Our appliance guy made some adjustments on the fridge door in the main
house. We will see if that prevents the leaking. If we continue to have
issues, the entire fridge will need to be replaced as we cannot find a
replacement door due to the age of the fridge.

Since I last emailed you, the refrigerator in the casita stopped
working--it was no longer cooling. Our appliance guy went over there
earlier this week and discovered a leak on the system. He fixed the leak &
charged the system. The fridge is working again.

Please let me know if you have any questions.

Best,



SEDONA.ORG_000021



```
MIME-Version: 1.0
Date: Mon, 17 Jul 2023 09:53:23 -0700
References: <CAE8fsYiJ7CZJU-2lKRR86JKvsTgQVO2-9HiKFx+Fie-TTDMFgg@mail.gmail.com>
    <CAAS78voEL-7rjtTOWrQxfcVVOOJOiM-QZGDPrYGKq6vgB-YzA@mail.gmail.com>
    <CAE8fsYh+e3ANvLgnoaZxsU0mD-kEuY3bWDenjt4=_MbRLGzyw@mail.gmail.com>
    <CAAS78+rWChJOC-n3D2wya=Rznyk4=657quTmbBHLe=NRWPuJsg@mail.gmail.com>
    <CAE8fsYiBoz_WFy37F-ziaSUD8N2y8w=BRWbxMxxSKmV0fVFDLpQ@mail.gmail.com>
    <CAE8fsYgKwVGtUukpw7fomA6Xck-U4qKjFXEBj_X-tkHFwAjZg@mail.gmail.com>
In-Reply-To: <CAE8fsYgEkwVGtUukpw7fomA6Xck-U4qKjFXEBj_X-tkHFwAjZg@mail.gmail.com>
Message-ID: <CAE8fsYgCz_4nY+dfiWpWoRBFO7nkzOBvcg_SasW9lFtBi_6HFA@mail.gmail.com>
Subject: Re: 288 Back O' Beyond - IMPORTANT
From: Chrystin Aponte <chrystin@ilovevacations.com>
To: Sa Chiaravanond <sa@megagroup.io>
Cc: Isa Cooley <isa@ilovevacations.com>, Cody Cardinale <cody@ilovevacations.com>
Content-Type: multipart/alternative; boundary="00000000000003720a0600b1a395"

--00000000000003720a0600b1a395
Content-Type: text/plain; charset="UTF-8"
Content-Transfer-Encoding: quoted-printable

Hi Sa,

The refrigerator at your home is continuing to leak. It seems to happen
more when the fridge is used more or the door is opened more, but this is
definitely something that is only going to get worse. When the current
guest checks out, we can get measurements of the fridge for you. Would
you like to pick out a new fridge and order it yourself or would you like
us to take care of ordering a new fridge? Please advise.

Thank you!

Best,
Chrystin
[image: Chrystin Aponte]

Chrystin Aponte

Operations Manager
```

SEDONA.ORG_000022

288 Back O' Beyond - IMPORTANT-8.eml

Open with

MIME-Version: 1.0
Date: Fri, 21 Jul 2023 16:56:15 -0700
References: <CAE8fsYiJ7JCJU-21KRR86JKvsTgoVO2-9HiKFx+Fie-TTDMFgg@mail.com>
  <CAAS78voEL-7rjtTOWRqXfcVVOOJJOJiM-QJGDPrYGKq6vgB-YzA@mail.gmail.com>
  <CAE8fsYh+e3AhVLqnoaZksUOmD-kEuY3bWDenjt4=_MbRLGzyw@mail.gmail.com>
  <CAAS78vrWChJOC-n3D2wya=Rznyk4=657quTmbBHLe=NRWPuJsg@mail.gmail.com>
  <CAE8fsYiBoz_WFy37F-ziaSUD8N2y8w-BRWbxMxxSkmV0fVFDLpQ@mail.gmail.com>
  <CAE8fsYgEkUVGUukpw7fomA6Xck-U4qKjFXEBj_X-tkHFwAjZg@mail.gmail.com>
  <CAE8fsYgCz_4nY+dfiWpWoRBfO7nkzOBvcg_SasW9lFtBi_6HFA@mail.gmail.com>
In-Reply-To: <CAE8fsYgCz_4nY+dfiWpWoRBfO7nkzOBvcg_SasW9lFtBi_6HFA@mail.gmail.com>
Message-ID: <CAE8fsYillycz7kw5LaJBLwf6iFN-VqoPemp5TYRBtHT1slIDdA@mail.gmail.com>
Subject: Re: 288 Back O' Beyond  IMPORTANT
From: Chrystin Aponte <chrystin@ilovevacations.com>
To: Sa Chiaravanond <sa@megagroup.io>
Cc: Isa Cooley <isa@ilovevacations.com>, Cody Cardinale <cody@ilovevacations.com>
Content-Type: multipart/alternative; boundary="000000000000ba685a0601080219"

--000000000000ba685a0601080219
Content-Type: text/plain; charset="UTF-8"
Content-Transfer-Encoding: quoted-printable

Hi Sa,

I hope you are well. I am following up with you on the refrigerator at the
home. It continues to leak and just yesterday the handle came off of the
freezer door. The fridge will need to be replaced ASAP. We will take
measurements at the next checkout. Would you like to order a new fridge or
would you like us to order one for you?

Please let me know by Sunday as we urgently need to get the refrigerator
replaced.

Thank you!

Best,
Chrystin
[image: Chrystin Aponte]



SEDONA.ORG_000023

```
Delivered-To: chrystin@ilovevacations.com
Received: by 2002:a59:db08:0:b0:3d9:9e00:e951 with SMTP id s8csp1952030vqc;
        Mon, 24 Jul 2023 10:13:53 -0700 (PDT)
X-Received: by 2002:a1f:53:1:0:b0:46e:7c85:acb0 with SMTP id h184-
2002a1f53c1000000b0046e7c85acb0mr3022506vxb.14.1690218832957;
        Mon, 24 Jul 2023 10:13:52 -0700 (PDT)
ARC-Seal: i=1; a=rsa-sha256; t=1690218832; cv=none;
        d=google.com; s=arc-20160816;
        b=IK6Md6XgnEU2TAstjLeF8b1AIOXhjWRrJc5yI6gtzNBU37ddxAYxuU77jCN8SYAX3C
         nR6yCkUhOJn9xzHoBVDMCTD13RuQW6EfwBRO1I47uzYF3vAMU3P4+i+n8s8kxwp9Tn9
         XpnIoF+at6/bfhe5+iJQ0y8kK5Q7gzb3kvTLOFUMfnwJiJN6+kJwTvXOoO/EdtEhcPk
         5DzgG9cVGWnpmxeiz/SiumIObiQhcC5+uvyo6Bap6v7G1l8RTKkRfduyYVi+eOnP1y41
         wh70yv9AzzIr7DyzQyc8dYc6XODjrgG944QHpTzAd/xTEO55WzTk3WqD5+FdHJ39tu
         J67w==
ARC-Message-Signature: i=1; a=rsa-sha256; c=relaxed/relaxed; d=google.com; s=arc-20160816;
        h=cc:to:subject:message-id:date:from:in-reply-to:references
         :mime-version:dkim-signature;
        bh=2vXn1n9PqHSglGuZbct4MGMRLntt7/3hXrCUxHdwS90=;
        fh=H2xODFN2+d+ds1MOWuZkvP3ujlVRk810/OAI2xDkjfpA=;
        b=RU7BLg804q6ofsDoHHHkxPbH9WMUCzi/hVdd/A3BRVZ9hfr02w675mhWKFX5phEHGdR
         DmB388n+0P19Yq3eL4Za4eiinMPfChURg2yrntMbGbceNxrF/9g+hcQlK28oyJ/NaSap
         1BWCF8Q14/21AFxY8pP8EMAWZo76U4HkzSf6wBeat9fOHbwc6pu3GNJT4aO93iwO3sAZ
         f5z55hspgDxuCmWDyMsz+zMONyEDr2Mukyb2FOmhiSEjufgOPGiincpBWByxN4M02kQ9
         9t41Vwo+ddI9VA+e4oM/CONC3YTyO5Ff6NJKC6/U/fUVWBhNtUGFEksh2AveFyTFaBU/f
         OA7Q==
ARC-Authentication-Results: i=1; mx.google.com;
        dkim=pass header.i=@ilovevacations-com.20221208.gappssmtp.com header.s=20221208
header.b=VphH2EOB;
        spf=pass (google.com: domain of isa@ilovevacations.com designates 209.85.220.41 as permitted
sender) smtp.mailfrom=isa@ilovevacations.com
Return-Path: <isa@ilovevacations.com>
Received: from mail-sor-f41.google.com (mail-sor-f41.google.com. [209.85.220.41])
        by mx.google.com with SMTPS id s74-
2020a1f454d00000b0048607632f3csor255598vka.4.2023.07.24.10.13.52
        for <chrystin@ilovevacations.com>
        (Google Transport Security);
        Mon, 24 Jul 2023 10:13:52 -0700 (PDT)
Received-SPF: pass (google.com: domain of isa@ilovevacations.com designates 209.85.220.41 as
permitted sender) client-ip=209.85.220.41;
```



SEDONA.ORG_000024

288 Back O' Beyond - IMPORTANT-10.eml

```
MIME-Version: 1.0
Date: Mon, 14 Aug 2023 15:46:42 -0700
References: <CAE8fsYiJ7CzJU-21KRR86JKvsTgoVO2-9HiKFx+Fie-TTDMFgg@mail.com>
    <CAAS78voEL-7rjtTOWRqXfcVVOOJO1iM-QZGDPrYGKq6vgB-YzA@mail.gmail.com>
    <CAE8fsYh+e3ANVLqnoa2XsU0mD-kEuY3bWDenjt4=_MbRLGzyw@mail.gmail.com>
    <CAAS78vrWChJOC-n3D2wya=Rznyk4=657quTmbBHLe=NRWPusg@mail.gmail.com>
    <CAE8fsYiBoz_WFy37F-ziaSUD8N2y8w-BRWbxMxSKmV0fVFDLpQ@mail.gmail.com>
    <CAE8fsYgBkUVGUukpw7fomA6Xck-U4qKjFXEBj_X-tkHFwAjZg@mail.gmail.com>
    <CAE8fsYqCz_4nY+dfiWpWoRBfO7nkz0BVcg_SasW91FtBi_6HFA@mail.gmail.com>
    <CAE8fsYizlyczTkw5LaJBLwf6lfN-VqoPemp5TYRBtHT1slIdA@mail.gmail.com>
    <CAO3NFU3YiF6mrg7yQoyf8=FK70SUKhs086mtghOYq3mJhFFftA@mail.gmail.com>
In-Reply-To: <CAO3NFU3YiF6mrg7yQoyf8=FK70SUKhs086mtghOYq3mJhFFftA@mail.gmail.com>
Message-ID: <CAE8fsYhJcQ_J_L_7DP+uqLN38Ey=PcFGm4ZifXAWVz6kPGzA@mail.gmail.com>
Subject: Re: 288 Back O' Beyond - IMPORTANT
From: Chrystin Aponte <chrystin@ilovevacations.com>
To: Isa Cooley <isa@ilovevacations.com>
Cc: Sa Chiaravanond <sa@megagroup.io>, Cody Cardinale <cody@ilovevacations.com>
Content-Type: multipart/alternative; boundary="00000000000023f2af0602e9d6a9"

--00000000000023f2af0602e9d6a9
Content-Type: text/plain; charset="UTF-8"
Content-Transfer-Encoding: quoted-printable
```

Hi Sa,

I hope you are well.

I just wanted to circle back about the leaking fridge. We have blocked the
property until this issue is resolved as this has been an issue for recent
guests.

We are going to start researching replacement options. If we find
something, do we have your permission to move forward?

Thank you.

Best,
Chrystin
[image: Chrystin Aponte]

Chrystin Aponte



SEDONA.ORG_000043

IMPORTANT_Refrigerat...Back O' Beyond.eml

MIME-Version: 1.0
Date: Sat, 9 Sep 2023 16:35:14 -0700
References: <CAE8fsYgn26_LNKis+fC9upMOzjfiWq9wcjA3gghkOTqYTOTOHg@mail.gmail.com>
In-Reply-To: <CAE8fsYgn26_LNKis+fC9upMOzjfiWq9wcjA3gghkOTqYTOTOHg@mail.gmail.com>
Message-ID: <CAE8fsYhdbDDAjbJcqV02HmbyMh_Xx=kvmoNhE4TUIYgGBc6pkw@mail.gmail.com>
Subject: Re: IMPORTANT: Refrigerator Needs to Be Replaced at 288 Back O' Beyond
From: Chrystin Aponte <chrystin@ilovevevacations.com>
To: Sa Chiaravanond <Sa@megagroup.io>, kate.riwin@megagroup.io
Cc: Isa Cooley <isa@ilovevevacations.com>,
    "Owner Experience Sedona.org" <owners@sedona.org>, Cody Cardinale <cody@ilovevevacations.com>
Content-Type: multipart/alternative; boundary="00000000000a8209506004f58b3d"

--00000000000a8209506004f58b3d
Content-Type: text/plain; charset="UTF-8"
Content-Transfer-Encoding: quoted-printable

Hi Sa,

I hope you are okay. I just wanted to follow up with you on the
refrigerator at your house. Isa informed me that she reached out to you on
WhatsApp earlier this week.

Have you had the chance to order the new fridge yet?

Your calendar is currently blocked off for September, but we have
reservations starting in October again and we will need to have the new
fridge by then.

Thank you.

Best,
Chrystin
[image: Chrystin Aponte]

Chrystin Aponte

Operations Manager

*Main:* 928-440-2576 ext. 7018 <928-440-2576>

SEDONA.ORG_000044

IMPORTANT_Refrigerat...88 Back O' Beyond.eml

MIME-Version: 1.0
Date: Fri, 25 Aug 2023 12:08:28 -0700
Message-ID: <CAE8fsYyn26_LNKis+fC9upMOzjfiWg9wcjA3gghkOTqYTOTOH@mail.gmail.com>
Subject: IMPORTANT: Refrigerator Needs to Be Replaced at 288 Back O' Beyond
From: Chrystin Aponte <chrystin@ilovevacations.com>
To: Sa Chiaravanond <Sa@megagroup.io>
Cc: Isa Cooley <isa@ilovevacations.com>,
    "Owner Experience Sedona.org" <owners@sedona.org>, Cody Cardinale <cody@ilovevacations.com>
Content-Type: multipart/alternative; boundary="0000000000006bc98603c4112b"

--0000000000006bc98603c4112b
Content-Type: text/plain; charset="UTF-8"

Hi Sa,

I hope everything is okay with you. I have been trying to email and call
you, but with no success.

The refrigerator in the main house will need to be replaced. Since the set
up is very different, we think it is best that you pick out the replacement
and order it.

We have also reached out to Mark Napier, who said he would contact you and
could help assist you with ordering the new fridge.

Look forward to hearing from you.

Thank you.

Best,
Chrystin
[image: Chrystin Aponte]

Chrystin Aponte

Operations Manager

*Main:* 928-440-2576 ext. 7018 <928-440-2576>

# EXHIBIT 14

SEDONA.ORG_000029

MIME-Version: 1.0
Date: Fri, 19 Apr 2024 15:26:33 -0700
References: <CAE8fsYhrUt6tj89Ti0JhBE2tMLQbpuR55zDh1VzE5q-XNP3qAg@mail.com>
In-Reply-To: <CAE8fsYhrUt6tj89Ti0JhBE2tMLQbpuR55zDh1VzE5q-XNP3qAg@mail.com>
Message-ID: <CAE8fsYhoxahgOGPb=L88oxtqkJuSOq4kBdgccg_-GX+r=LV-4uQ@mail.gmail.com>
Subject: Re: Fireplace Renovation at 288 Back o Beyond
From: Chrystin Aponte <chrystin@ilovevacations.com>
To: Sa Chiaravanond <Sa@megagroup.io>
Cc: Isa Cooley <isa@ilovevacations.com>, Cody Cardinale <cody@ilovevacations.com>,
    "Owner Experience Sedona.org" <owners@sedona.org>
Content-Type: multipart/alternative; boundary="00000000000008f7a5406167a9457"

--00000000000008f7a5406167a9457
Content-Type: text/plain; charset="UTF-8"
Content-Transfer-Encoding: quoted-printable

Hi Sa,

I just wanted to follow up on this email regarding your non-working
fireplace.

Please let me know if we can approve this repair. If not, we will have to
remove the fireplace from your listing.

Best,
Chrystin
[image: Chrystin Aponte]

Chrystin Aponte

Operations Manager

*Main:* 928-440-2576 ext. 7018 <928-440-2576>

*Reservations:* 888-265-3009

chrystin@ilovevacations.com
[image: I Love Vacations]
<https://www.google.com/url?q=3Dhttp://www.ilovevacations.com&source=3Dgmai=

SEDONA.ORG_000030



MIME-Version: 1.0
Date: Tue, 16 Jul 2024 13:55:06 -0700
References: <CAE8fsYhrUt6tj89Ti0JhBE2tMLQDpuR5S2Dh1VzE5q-XNP3qAg@mail.gmail.com>
        <CAB8fsYhOxaNg0GPb=i880xRqkJuSOq4xMqgcg_-GX+P=LV-4uQ@mail.gmail.com>
In-Reply-To: <CAB8fsYhOxaNg0GPb=i880xRqkJuSOq4xMqgcg_-GX+P=LV-4uQ@mail.gmail.com>
Message-ID: <CAE8fsYi6e4yCRTaYNkrNzB6tPe+fA1-4dKmG5Du0sVG7WRnxxQ@mail.gmail.com>
Subject: Re: Fireplace Renovation at 288 Back o Beyond
From: Chrystin Aponte <chrystin@ilovevacations.com>
To: Sa Chiaravanond <Sa@megagroup.io>
Cc: Isa Cooley <isa@ilovevacations.com>, Cody Cardinale <cody@ilovevacations.com>,
        "Owner Experience Sedona.org" <owners@sedona.org>
Content-Type: multipart/alternative; boundary="00000000000090ddc6061d638f42"

--00000000000090ddc6061d638f42
Content-Type: text/plain; charset="UTF-8"
Content-Transfer-Encoding: quoted-printable

Hi Sa,

I hope you are having a great summer!

I just wanted to follow up again on this email regarding your non-working
fireplace.

Please let me know if we can approve this repair. If not, we will have to
remove the fireplace from your listing.

Your response in regard to this matter is much appreciated.

Best,
Chrystin
[image: Chrystin Aponte]

Chrystin Aponte

Operations Manager

*Main:* 928-440-2576 ext. 7018 <928-440-2576>

SEDONA.ORG_000031

Fireplace Renovation at 288 Back o Beyond.eml

MIME-Version: 1.0
Date: Thu, 11 Apr 2024 11:23:07 -0700
Message-ID: <CaE8fsYhrUt6tj89Ti0JhBE2tMLQDpuR5SzDh1VzE5q-XNP3qAg@mail.gmail.com>
Subject: Fireplace Renovation at 288 Back o Beyond
From: Chrystin Aponte <chrystin@ilovevacations.com>
To: Sa Chiaravanond <Sa@megagroup.io>
Cc: Isa Cooley <isa@ilovevacations.com>, Cody Cardinale <cody@ilovevacations.com>,
    "Owner Experience Sedona.org" <owners@sedona.org>
Content-Type: multipart/mixed; boundary="00000000000006496ce0615d63f96"

--00000000000006496ce0615d63f96
Content-Type: multipart/alternative; boundary="00000000000006496cc0615d63f94"

--00000000000006496cc0615d63f94
Content-Type: text/plain; charset="UTF-8"

Hi Sa,

I hope you have been well.

The fireplace at your home needs to be repaired as it is dangerous to use.
Since there are several parts that need to be repaired, our plumber is
basically recommending to replace the whole fireplace--- new log set which
includes all new components and built-in safety features. They also
recommend setting it up to be remote operated.

I have attached the estimate below.
Please let me know if we have permission to proceed.

**We did have another fireplace company look at the fireplace as well but
they have not been very communicative and have left us hanging for quite
some time.

I think it would be a good idea to get the entire fireplace setup replaced
for safety reasons. If you choose not to go with this estimate, we will
have to shut down the fireplace indefinitely, which could have an effect on
your bookings, especially Fall & Winter bookings.

Thank you!

# EXHIBIT 15

SEDONA.ORG_000046

MIME-Version: 1.0
Date: Mon, 4 Nov 2024 11:35:53 -0700
Message-ID: <CAE8fsYiY3G_hkuxAlNL2tR6AcQRlFfp5oYoC6n4gfbFcRETEQw@mail.gmail.com>
Subject: Irrigation at 288 Back O' Beyond
From: Chrystin Aponte <chrystin@ilovevacations.com>
To: Sa Chiaravanond <Sa@megagroup.io>
Cc: Isa Cooley <isa@ilovevacations.com>, Cody Cardinale <cody@ilovevacations.com>,
    "Owner Experience Sedona.org" <owners@sedona.org>
Content-Type: multipart/alternative; boundary="0000000000063433062618ef1"

--0000000000063433062618ef1
Content-Type: text/plain; charset="UTF-8"

Hi Sa,

I hope you have been well.

The landscaper at your house has informed us that there are several
irrigation leaks on the property.
He has been continuously fixing the leaks since he started caring for your
property, but it is at the point now where the entire irrigation system
needs to be replaced.
The cost to replace all of the irrigation lines will be $3,800.

Please let us know by Friday, November 8th if you would like to
proceed with this necessary work.
If we do not hear back from you by Friday, November 8th, we will schedule
the work to be done.

Sincerely,
Chrystin

[image: Banner] <https://ilovevacations.com/>
[image: photograph] Chrystin Aponte
Operations Manager

M: 928-963-1552  <928-963-1552>| 833-363-8
E: chrystin@ilovevacations.com
[image: Banner] <https://ilovevacations.com/>

SEDONA.ORG_000047



MIME-Version: 1.0
Date: Mon, 29 Jan 2024 14:19:41 -0700
References: <CAE8fsYjtnjNoNl6o6j-WKd2kh-tLYxVf6yW_BGDhZbeWA4HEoO@mail.gmail.com>
In-Reply-To: <CAE8fsYjtnjNoNl6o6j-WKd2kh-tLYxVf6yW_BGDhZbeWA4HEoO@mail.gmail.com>
Message-ID: <CAE8fsiidtJtvVtc3i4di7xCx_Lrf5jn5c4KSBknMQ6rxmjjzcOFQw@mail.gmail.com>
Subject: Re: Oven at 288 Back o Beyond
From: Chrystin Aponte <chrystin@ilovevacations.com>
To: Sa Chiaravanond <Sa@megagroup.io>
Cc: Isa Cooley <isa@ilovevacations.com>, Cody Cardinale <cody@ilovevacations.com>
Content-Type: multipart/alternative; boundary="00000000000559a45061l01c3410"

--00000000000559a45061l01c3410
Content-Type: text/plain; charset="UTF-8"
Content-Transfer-Encoding: quoted-printable

Hi Sa,

The appliance company got back to us with a few options for replacement of
the oven.
They are not able to get another 36" oven, so the following options are for
30" ovens. Maintenance will then need to install wood trim around the oven.

The following estimate include the price of the oven, taxes, installation
and haul away of the old oven:

1.) Frigidaire =3D $1,498.79
2.) Samsung =3D $1,555.57
3.) Thor =3D $1,936.60

Since you already have a Samsung fridge, we would recommend getting a
Samsung oven to match.

Please let me know how you would like to proceed.

If we do not hear from you by Friday morning, we will approve the quote for
the Samsung oven.

Please let me know if you have any questions.

SEDONA.ORG_0000060

MIME-Version: 1.0
Date: Mon, 23 Sep 2024 11:00:24 -0700
Message-ID: <CAE8fsYi-f6oK7nsA37M42RVAsQxkApUKR_2j6=wpJ4Nfy+j56w@mail.gmail.com>
Subject: Septic Service - Pumping of septic tank & raising of septic tank at
    288 Back O' Beyond
From: Chrystin Aponte <chrystin@ilovevacations.com>
To: Sa Chiaravanond <Sa@megagroup.io>
Cc: Isa Cooley <isa@ilovevacations.com>, Cody Cardinale <cody@ilovevacations.com>,
    "Owner Experience Sedona.org" <owners@sedona.org>
Content-Type: multipart/mixed; boundary="0000000000fafde40622cd2944"

--0000000000fafde40622cd2944
Content-Type: multipart/alternative; boundary="0000000000fafde30622cd2942"

--0000000000fafde30622cd2942
Content-Type: text/plain; charset="UTF-8"

Hi Sa,

I hope you are well.
We recently called AZ Waste Water to see if they were doing regular service
on your septic tank. They informed us that they were not, but since it is
very important to have your septic system checked on a regular basis
(especially as a short term rental), we signed you up for an annual
contract with AZ Waste Water. They will now be checking your system on a
regular basis.

On their visit to your property, they discovered that the septic tank is
too far down below ground level. It will need to be raised to be up to
code. The tank is also due to be pumped.
We have attached a quote below for both of these necessary services.

If we do not hear back from you by this Friday, September 27th, we will go
ahead and schedule the work.

Thank you!

Best,
Chrystin

SEDONA.ORG_0000062

Stucco Repair at 288 Back O Beyond.eml

```
MIME-Version: 1.0
Date: Fri, 24 May 2024 17:41:24 -0700
Message-ID: <CAE8fsYh=4g5dQenzULzbsdDabhAx9NszsK+y8xtr2FNpQ96=iA@mail.gmail.com>
Subject: Stucco Repair at 288 Back O Beyond
From: Chrystin Aponte <chrystin@ilovevacations.com>
To: Sa Chiaravanond <Sa@megagroup.io>
Cc: Isa Cooley <isa@ilovevacations.com>, Cody Cardinale <cody@ilovevacations.com>,
    "Owner Experience Sedona.org" <owners@sedona.org>
Content-Type: multipart/mixed; boundary="00000000003eea0906193c8b08"

--00000000003eea0906193c8b08
Content-Type: multipart/alternative; boundary="00000000003eea0706193c8b06"

--00000000003eea0706193c8b06
Content-Type: text/plain; charset="UTF-8"


Hi Sa,


I hope you are well.


There are several areas around the casita, above the garage and around the
main house that need stucco repair. The cost to repair will be $3,800.
These repairs are necessary as if they are NOT done, they will compromise
the integrity of the home.


If we do not hear back from you by next Friday, May 31st, we will go ahead
and schedule the repairs.


Thank you!


Best,
Chrystin
[image: Chrystin Aponte]


Chrystin Aponte


Operations Manager
```

SEDONA.ORG_000077

URGENT MATTER_ AC N ...ACK O' BEYOND-2.eml    Open with ▶

MIME-Version: 1.0
Date: Thu, 15 Aug 2024 14:24:39 -0700
References: <CAE8fsYi28jGenHVwt4lJC28fUrfOeFhgx5nAuyCaWZLA6+skEQ@mail.gmail.com>
In-Reply-To: <CAE8fsYi28jGenHVwt4lJC28fUrfOeFhgx5nAuyCaWZLA6+skEQ@mail.gmail.com>
Message-ID: <CAE8fsIiaNBEiUQ2VWmd4FeBO2BQYaHY66r=Uqtc2Rjpz5xn=W@mail.gmail.com>
Subject: Re: URGENT MATTER: AC NEEDS TO BE REPLACED at 288 BACK O' BEYOND
From: Chrystin Aponte <chrystin@ilovevacations.com>
To: Sa Chiaravanond <Sa@megagroup.io>
Cc: Isa Cooley <isa@ilovevacations.com>, Cody Cardinale <cody@ilovevacations.com>,
    "Owner Experience Sedona.org" <owners@sedona.org>, Gabe Weinem <gabe@ilovevacations.com>
Content-Type: multipart/alternative; boundary="00000000000075e016061fbf78cb"

--00000000000075e016061fbf78cb
Content-Type: text/plain; charset="UTF-8"
Content-Transfer-Encoding: quoted-printable

Hi Sa,

I hope you are well.

We have discussed the AC issue with our General Manager, Gabe Weinam, at I
Love Vacations. We agreed that it is in all of our best interest to have
the AC unit replaced so we do not have to shut down your home and lose the
reservations you currently have on the books.
We have already paid the 50% deposit of $7,470 for the replacement of the
AC unit and Fiscor Heating and Cooling will replace the unit early
next week.

Please let me know if you have any questions.

Best,
Chrystin
[image: Banner] <https://ilovevacations.com/>
[image: photograph] Chrystin Aponte
Operations Manager

M: 928-963-1552 <928-963-1552>| 833-363-8[...]
E: chrystin@ilovevacations.com
[image: Banner] <https://ilovevacations.com/>

# EXHIBIT 16

## AFFIDAVIT OF CUSTODIAN OF RECORDS

STATE OF ARIZONA )

                  ) ss

County of Maricopa )

I, GABE WEINEM , depose and state as follows:

1.    I assembled and produced the attached documents, which are responsive to the Subpoena to Produce Documents to Sedona.Org, LLC;

2.    The attached documents are true and correct copies of the original documents appearing in my files and are all of the documents which are responsive to the Subpoena to Produce Documents to Sedona.Org, LLC;

3.    To the best of my knowledge, based upon my own recordkeeping practices, the attached documents were:

    a.    Made at or near the time of the event which they record;

    b.    By, or from information transmitted by a person with first-hand knowledge acquired in the course of a "regularly conducted" business activity;

    c.    Made and kept entirely in the course of my regularly conducted business practice.



_____
(Signature)

**SUBSCRIBED AND SWORN TO** before me this 7 day of January 2024.

_____
Notary Public

DROC EWING
NOTARY PUBLIC-STATE OF UTAH
COMMISSION EXP. 03/16/2025
COMMISSION NO. 717351

My Commission expires: 03-16-2025