# EXHIBIT A

Devin Sreecharana, Esq. (029057)
Trevor J. Wainfeld, Esq. (037146)
MAY, POTENZA, BARAN & GILLESPIE, P.C.
1850 N. Central Ave., Suite 1600
Phoenix, Arizona 85021
Telephone: (602) 252-1900
Facsimile: (602) 252-1114
Email: devin@maypotenza.com
        twainfeld@maypotenza.com

Moshe Y. Admon, Esq. (034169)
Admon Law Firm, PLLC
300 Lenora St., #4008
Seattle, Washington 98121
Telephone: (206) 739-8383
Email: jeff@admonlaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phong Thanh Huynh, | Civil Action No.: CV-2308622-PCT-JJT |
| Plaintiff, | **DECLARATION OF TREVOR J. WAINFELD IN SUPPORT OF PLAINTIFF'S MOTION TO MODIFY RECEIVERSHIP ORDER BY ADDING CATHEDRAL SHANGILA LLC AND NIDO DI STELLE LLC TO THE RECEIVERSHIP ESTATE AND FOR THE TRANSFER OF FUNDS FROM DEFENDANT CHIARAVANOND TO RECEIVER** |
| v. | |
| Alissa Chiaravanond, an individual resident of Arizona, Pacific Shangrila LLC, a Nevada limited liability company, Cathedral Shangrila LLC, a Nevada limited liability company, Nido di Stelle LLC, a Nevada limited liability company, ILU LLC, an Arizona limited liability company, | |
| Defendants. | |

I, Trevor J. Wainfeld, declare:

1.     I am over the age of 18 years and make this declaration voluntarily.

2.     I have personal knowledge of the statements made in this declaration.

3.     I am an attorney with the law firm May, Potenza, Baran & Gillespie, P.C. and represent the Plaintiff in this action. I am submitting this declaration in support of the Plaintiff's Motion to Modify Receivership Order by Adding Cathedral Shangrila LLC

("Cathedral") and Nido di Stelle LLC ("Nido") to the Receivership Estate and for the Transfer of Funds from Defendant Chiaravanond to Receiver.

4.      Attached hereto as **Exhibit 1** is a true and correct copy of an email chain from January 23, 2025 to January 27, 2025 between Plaintiff's counsel, Defendants' counsel, the Receiver, and the Receiver's counsel (collectively, "Counsel & Receiver") in this matter.

5.      On January 27, 2025, Counsel & Receiver telephonically met and conferred. I was on this conference call. During this call, *inter alia*, Plaintiff's counsel, the Receiver, and Receiver's counsel reiterated the exigent importance of immediately understanding the existence and status of insurance and the identity of bank accounts considering the then-ongoing uncertainty surrounding the Palisades Fire and status of the Malibu Properties. Counsel & Receiver agreed that this matter was a priority for all on the call to understand. Defendants, through counsel, agreed to focus on promptly obtaining and providing that information.

6.      Attached hereto as **Exhibit 2** is a true and correct copy of an email I received from Defendants' counsel on January 29, 2025 and an attachment thereto, which identify that the fire insurance policy for the Malibu House was canceled on October 20, 2024.

7.      Attached hereto as **Exhibit 3** is a true and correct copy of an email chain between Counsel & Receiver from January 29, 2025 through January 31, 2025.

8.      Attached hereto as **Exhibit 4** is a true and correct copy of an email chain between Counsel & Receiver from January 31, 2025 through February 3, 2025.

9.      Attached hereto as **Exhibit 5** is a true and correct copy of an email chain between Counsel & Receiver between February 4, 2025 through February 5, 2025.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this 14th day of February, 2025.

*Trevor J. Wainfeld*
Trevor J. Wainfeld

# EXHIBIT 1

| | |
|---|---|
| **From:** | Matthew Hersh |
| **To:** | Trevor Wainfeld |
| **Cc:** | Daniel Mestaz; Renee Gonzales; Moshe Y Admon; Adam Bennett Nach; Stuart Rodgers; Devin Sreecharana |
| **Subject:** | Re: Huynh v. Chiaravanond et al |
| **Date:** | Monday, January 27, 2025 3:58:20 PM |
| **Attachments:** | ~WRD0003.jpg |
| | image002.png |
| | image003.png |
| | image004.jpg |
| | image005.png |
| | Outlook-cnoplush.png |
| | Outlook-143lblb0.jpg |
| | Outlook-qzut4jmt.png |
| | Outlook-ri4eybrg.png |

Counsel—

Thanks for the call this morning. I just want to confirm some points we discussed. Let me know if any of this is not right:

-Assuming we can agree on a mutually acceptable ESI protocol, you're okay with us retrieving and providing receivership company documents to the receiver from Alissa's personal accounts and devices without the receiver himself having access to those accounts/devices.

-We're reserving positions for now on whether the language giving parties access to receivership documents should be altered/stricken, but without prejudice to our right to seek a protective order with respect to specific documents or categories of documents should the need arise.

-We'll work with you promptly to propose a timeline and ESI protocol for responses and objections to your discovery requests.

-We all reserve positions on the broader case schedule for now but we've agreed to revisit the issue once you have a better sense of where we are on discovery/ESI protocol.

-I will get you a status report by no later than Wednesday.

Let me know if there's anything not right or missing here.

Thanks,

M



**Matthew Hersh (he/him)**
**Mestaz Law**

Direct: +1 602 806 2076
Mobile: +1 202 253 2514
Email: Matt@MestazLaw.com

[www.MestazLaw.com](www.MestazLaw.com)

5090 N. 40th Street, Suite 200, Phoenix, AZ 85018

---

**From:** Matthew Hersh <Matt@MestazLaw.com>
**Sent:** Friday, January 24, 2025 5:23 PM
**To:** Trevor Wainfeld <TWainfeld@maypotenza.com>
**Cc:** Daniel Mestaz <Daniel@MestazLaw.com>; Renee Gonzales <RGonzales@maypotenza.com>; Moshe Y Admon <jeff@admonlaw.com>; Adam Bennett Nach <adam.nach@lane-nach.com>; Stuart Rodgers <Stuart.Rodgers@lane-nach.com>; Devin Sreecharana <Devin@maypotenza.com>
**Subject:** Re: Huynh v. Chiaravanond et al

Trevor—

In advance of our call on Monday, let me lay out the issues I would like to discuss and our position on them:

**1. Receiver**: Without waiver of her right to seek to lift the receiver at some time in the future, Alissa intends to fully comply with the receivership. But we see two urgent issues that require immediate review by the Court:

> ***First***, the order requires the Receivership Companies to turn over "[a]ll personal property" including, among other things, computer data, user IDs, passwords, keys, access codes, pin numbers and the like. We get it. That's standard fare for most receiverships. But there's a real problem here. Alissa has run the Receivership Companies out of personal residential properties unrelated to the receivership, using personal computers, and via personal email, text messaging, internet-based applications such as WhatsApp, and other forms of personal communications. So unfortunately there is no immediate way to segregate which accounts or storage devices contain information relating to the Receivership Companies and which do not. Under the literal terms of this order, as we are reading it, we are concerned that the receiver would have access to all of it.

Allowing a receiver to have passwords and access codes to all of those locations and accounts poses a number of serious problems. Among them: (A) In light of the deeply personal nature of this lawsuit and the threats and other events that Alissa has experienced to date, she has a very legitimate concern for her personal safety; (B) Alissa's files contain a wide range of sensitive information that is privileged and not subject to disclosure, such as attorney-client communications, communications with doctors, and other deeply sensitive information that are routinely protected by the courts; and (C) Alissa's files contain a wide range of sensitive business information provided to her by business partners, colleagues, and clients that have nothing to do with this litigation and that could deeply prejudice her, and those business partners, if disclosed.

We think the right solution to this situation is to handle it the way we would handle discovery – that is, we should be given an opportunity to review any material that is provided to the receiver from the above-mentioned sources in order to weed out sensitive and privileged and unrelated information. In the alternative, we could consider the appointment of a special master to do that, although that's probably going to be a slower and more cumbersome process for everyone. I am open to your thoughts.

**Second**, the order gives the parties to this action the right to "have access to, and make copies of, documents in the Receiver's possession." I don't think I have ever seen a receivership provision so broad—particularly in a case like this where, as the Court recognized in its order, the receivership is intended to be "an ancillary remedy which does not affect the ultimate outcome of the action." *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 843 (9th Cir. 2009). Even in the ordinary case, giving a party the right to information collected by a receiver would affect the "ultimate outcome" of the case because it effectively allows the party to bypass the discovery process and gain access to the counterparty's entire files. In this case, in light of the added considerations set forth above, allowing the plaintiff to have unfettered access to Alissa's personal accounts would cause irreparable personal and professional harm. We will be asking to have this provision removed wholly from the order and replaced with a protective order that expressly *precludes* the receiver from sharing this information with any party. Please let me know your views on this.

**2. Discovery responses**. We're committed to getting responses to the discovery request as soon as reasonable. We understand and appreciate the timing issues here. But we have only just obtained the files from the defendants' prior counsel in this case and from what we can tell there is a good deal of work still to be done in gathering documents. And the last thing we want to be doing is giving you documents piecemeal. So the practical

reality is that we need to work out a realistic timeline. I believe that 30 days is reasonable, but I am open to your thoughts.

There is also another issue we need to discuss which is the impact of the receiver. To the extent discovery relates to the Receivership Companies, we might have a situation in which the defendants and the receiver are effectively competing for the very same documents. It also raises the question of how we can effectively comply with our discovery obligations if we do not have control of those documents. And of course all of those issues get more complicated in light of the fact that Alissa's personal documents and the Receivership Company documents are not immediately segregable. So there has to be something worked out that will enable us to coordinate with the receiver to ensure that he is getting what he needs, you are getting what you are entitled to under the rules, and we are not left on the hook for failing to produce something that is no longer in our power to produce because of the receivership. One possibility might be a short stay of discovery until we work this out, but I am open to your (and the receiver's) thoughts.

**3. Broader case management**. Finally, we need to talk about the overall schedule for taking this case through discovery and to trial. As you know, we've lost considerable time since the scheduling order was entered. And Dan and I will need some time to get up to speed. We also have an important timing issue that we need to put front and center. Dan and I have a significant trial in another matter that will occupy us full-time in the months of July and August. We've come into this case on an emergency basis to assist Alissa with the pressing matter of discovery and receivership. We'd like very much to be in it for the long haul. But that, plus the practical reality of the lost time, means some adjustment of the schedule will be necessary.

Given the foregoing, we would propose the following, which involves only a modest adjustment on the front end (fact discovery) but a slightly longer adjustment on the back end (expert discovery and pretrial disclosures):

| Event | Original date | Proposed date |
| --- | --- | --- |
| Settlement discussions | March 22 | April 21 |
| Close of fact discovery | April 18 | May 18 |
| Disclose experts | May 2 | June 2 |
| Disclose rebuttal experts | June 6 | July 6 |
| Final pretrial disclosures | July 11 | October 11 |

| Complete discovery | August 15 | November 15 |
| Dispositive/Daubert | September 19 | December 19 |

Please give this all some thought and I look forward to hearing your views on Monday.

Thanks,

M



**Matthew Hersh (he/him)**
**Mestaz Law**

Direct: +1 602 806 2076
Mobile: +1 202 253 2514
Email: Matt@MestazLaw.com

[www.MestazLaw.com](http://www.MestazLaw.com)

5090 N. 40th Street, Suite 200, Phoenix, AZ 85018

---

**From:** Trevor Wainfeld <TWainfeld@maypotenza.com>
**Sent:** Friday, January 24, 2025 11:01 AM
**To:** Matthew Hersh <Matt@MestazLaw.com>; Devin Sreecharana <Devin@maypotenza.com>; Daniel Mestaz <Daniel@MestazLaw.com>
**Cc:** Renee Gonzales <RGonzales@maypotenza.com>; Moshe Y Admon <jeff@admonlaw.com>; Adam Bennett Nach <adam.nach@lane-nach.com>; Stuart Rodgers <Stuart.Rodgers@lane-nach.com>
**Subject:** RE: Huynh v. Chiaravanond et al

Matt,

I sent a calendar invitation with conference line instructions for Monday at 10 AM (I assume PM was a typo). Please do send topics and discussion points today.

Thanks,

Trevor



## Trevor Wainfeld
**Attorney**

—

**o:** 602.252.1900
**d:** 480.389.1604
**e:** twainfeld@maypotenza.com

—

Central Arts Plaza
1850 N. Central Ave., 16th Floor
Phoenix, AZ 85004-4633
www.maypotenza.com

---

**From:** Matthew Hersh <Matt@MestazLaw.com>
**Sent:** Friday, January 24, 2025 12:44 PM
**To:** Devin Sreecharana <Devin@maypotenza.com>; Daniel Mestaz <Daniel@MestazLaw.com>
**Cc:** Renee Gonzales <RGonzales@maypotenza.com>; Trevor Wainfeld
<TWainfeld@maypotenza.com>; Moshe Y Admon <jeff@admonlaw.com>; Adam Bennett Nach
<adam.nach@lane-nach.com>; Stuart Rodgers <Stuart.Rodgers@lane-nach.com>
**Subject:** Re: Huynh v. Chiaravanond et al

> Some people who received this message don't often get email from matt@mestazlaw.com. Learn why this is important

Devin—

Thanks for your email. Let's do Monday at 10pm. I will look out for your calendar invite.

Adam, will you or Stuart be able to join for the receiver?

I will get you more detail on topics and discussion points today.

M



**Matthew Hersh (he/him)**
**Mestaz Law**

Direct: +1 602 806 2076
Mobile: +1 202 253 2514
Email: Matt@MestazLaw.com

[www.MestazLaw.com](http://www.MestazLaw.com)

5090 N. 40th Street, Suite 200, Phoenix, AZ 85018

---

**From:** Devin Sreecharana <Devin@maypotenza.com>
**Sent:** Thursday, January 23, 2025 9:38 PM
**To:** Matthew Hersh <Matt@MestazLaw.com>; Daniel Mestaz <Daniel@MestazLaw.com>
**Cc:** Renee Gonzales <RGonzales@maypotenza.com>; Trevor Wainfeld
<TWainfeld@maypotenza.com>; Moshe Y Admon <jeff@admonlaw.com>; Adam Bennett Nach
<adam.nach@lane-nach.com>; Stuart Rodgers <Stuart.Rodgers@lane-nach.com>
**Subject:** RE: Huynh v. Chiaravanond et al

Matt and Dan:

Because of pre-existing commitments, we're not available tomorrow. We're available on
Monday between 9:30 AM and 2:30 PM. Please let us know a time that works for you and
we'll circulate a calendar invite.

In advance of our call, please identify the specific items you'd like to discuss regarding
the receivership order, discovery responses, and case management. That way, we're
prepared to address them on our call and expedite a resolution or confirmation of a
dispute. Please also let us know when your clients will provide their past due discovery
responses and document disclosure.

Sincerely,



## Devin Sreecharana
**Shareholder**

—
**o:** 602.252.1900
**d:** 602.774.3568
**e:** devin@maypotenza.com
—

Central Arts Plaza
1850 N. Central Ave., 16th Floor

Phoenix, AZ 85004-4633
www.maypotenza.com

---

**From:** Matthew Hersh <Matt@MestazLaw.com>
**Sent:** Thursday, January 23, 2025 3:17 PM
**To:** Trevor Wainfeld <TWainfeld@maypotenza.com>; Devin Sreecharana
<Devin@maypotenza.com>; Moshe Y Admon <jeff@admonlaw.com>; Adam Bennett Nach
<adam.nach@lane-nach.com>
**Cc:** Daniel Mestaz <Daniel@MestazLaw.com>
**Subject:** Huynh v. Chiaravanond et al

> Some people who received this message don't often get email from matt@mestazlaw.com. Learn why this is important

Counsel -

This firm represents Defendants Alissa Chiaravanond, Pacific Shangrila LLC, Cathedral
Shangrila LLC, Nido di Stelle LLC, and ILU LLC in the captioned matter. Going forward
please direct all correspondence to me.

Our intention is to move promptly for a protective order and/or a modification to the
Court's Order granting the motion to appoint a receiver. Pursuant to Rule 26(c), please
let me know when we can meet and confer telephonically. I can be available after 4:30
this afternoon or anytime up until 3:30 pm tomorrow.

Separately, and this is addressed specifically to Plaintiff's counsel, please let me know
when we can meet and confer concerning outstanding discovery and broader case
management issues.

Thanks,

Matt



**Matthew Hersh (he/him)**
**Mestaz Law**

Direct: +1 602 806 2076
Mobile: +1 202 253 2514
Email: Matt@MestazLaw.com

www.MestazLaw.com

5090 N. 40th Street, Suite 200, Phoenix, AZ 85018

This message and any of the attached documents contain information from the law firm of May, Potenza, Baran & Gillespie, P.C., that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information, and no privilege has been waived by your inadvertent receipt. If you have received this transmission in error, please notify the sender by reply e-mail and then delete this message. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that, to the extent this communication (or any attachment) addresses any tax matter, it was not written to be (and may not be) relied upon to (i) avoid tax-related penalties under the Internal Revenue Code, or (ii) promote, market or recommend to another party any transaction or matter addressed herein (or in any such attachment).

This message and any of the attached documents contain information from the law firm of May, Potenza, Baran & Gillespie, P.C., that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information, and no privilege has been waived by your inadvertent receipt. If you have received this transmission in error, please notify the sender by reply e-mail and then delete this message. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that, to the extent this communication (or any attachment) addresses any tax matter, it was not written to be (and may not be) relied upon to (i) avoid tax-related penalties under the Internal Revenue Code, or (ii) promote, market or recommend to another party any transaction or matter addressed herein (or in any such attachment).

# EXHIBIT 2

**From:** Matthew Hersh
**To:** Stuart Rodgers; Trevor Wainfeld; Devin Sreecharana; Moshe Y Admon; Adam Nach; Renee Gonzales
**Cc:** Daniel Mestaz
**Subject:** Re: 1 17 25 transcript attached - Huynh v. Chiaravanond
**Date:** Friday, January 31, 2025 1:43:53 PM
**Attachments:** image001.png
image002.jpg
Outlook-5a2slrnb.png
Outlook-bxjp2ahy.jpg
Outlook-nzjqrtb4.png
Outlook-35equotg.jpg
CL00001 policy cancellation - ac and email address redacted.pdf

Counsel -

As a further followup, Alissa has located in one of her email accounts a cancellation notice, dated October 2024, for the fire insurance at the Malibu location. I am attaching it here. It appears that the policy was not renewed.

We are still looking to recover the Chase bank account information from those emails for the receivership LLC and will have that for you as soon as possible.

Our ESI consultant continues to extract and process data from the various devices and to collect emails from those accounts that we are able to access. It does not appear that we will have that extraction complete today, so I do not yet have a sense of the volume. It might be a few more days into next week when that process is completed.

I will continue to keep you informed as I gain further information.

M



**Matthew Hersh (he/him)**
**Mestaz Law**

Direct: +1 602 806 2076
Mobile: +1 202 253 2514
Email: Matt@MestazLaw.com

www.MestazLaw.com

5090 N. 40th Street, Suite 200, Phoenix, AZ 85018

---

**From:** Matthew Hersh <Matt@MestazLaw.com>
**Sent:** Thursday, January 30, 2025 9:59 PM
**To:** Stuart Rodgers <Stuart.Rodgers@lane-nach.com>; Trevor J Wainfeld
<twainfeld@maypotenza.com>; Devin Sreecharana <devin@maypotenza.com>; Moshe Y Admon
<jeff@admonlaw.com>; Adam Nach <Adam.Nach@lane-nach.com>; Renee Gonzales
<RGonzales@maypotenza.com>
**Cc:** Daniel Mestaz <Daniel@MestazLaw.com>
**Subject:** Re: 1 17 25 transcript attached - Huynh v. Chiaravanond

Counsel -

Here is a further status update. As you know from her earlier declaration in this case, Alissa has been experiencing very significant security and privacy concerns since her separation from Mr. Hyunh. As a result, she has on several occasions changed telephone numbers, email addresses, and mobile telephones. In the course of those transitions she lost access to many of her online accounts, including accounts that contain insurance and banking information as well as accounts relating to the entities at issue in this lawsuit. While she had passwords to some of those accounts written down in a book that she kept in a carry bag, that bag was unfortunately at the Malibu house when it was destroyed by the California fires.

We have been working diligently with Alissa and our ESI consultant to recover as much as we can. In the interest of transparency, let me give you some insight into what we have been doing and what we anticipate the next steps will be. We have started by identifying all of the physical devices and online accounts where materials responsive to your discovery requests could conceivably be located. At this point we have identified five mobile telephones, two laptops, and five email accounts that could at least conceivably contain responsive information.

With respect to the devices, all seven (5 phones, 2 laptops) are now in the hands of our ESI consultant and he is working to extract whatever information he can from them. I should have a fuller picture tomorrow of just what we can get from those devices, what kind of volume we are looking at, and when we can start reviewing and producing documents. The email accounts are potentially more of a challenge in the light of the password situation noted above. We have gained at least partial access to two of the accounts, one through a mail app on one of the devices and the other through a password reset. We are working on the others and I should know more at some point tomorrow.

This evening we were able to identify from one of the email accounts some information about insurance coverage for the Malibu house. At least as of 2023, the property at 20990 Las Flores was covered by fire policy No. 8417405 issued through Weaver Insurance under the California FAIR plan. The broker's name is Sheree Tromblee, License No. 0H72536, Main Line: 626.446.616, Direct Line: 626.773.8177. Alissa will be reaching out to her tomorrow morning to obtain further information and we will provide you all plan documents as soon as possible.

I expect to have more to share with you, and with the Court, by tomorrow.

M



**Matthew Hersh (he/him)**
**Mestaz Law**

Direct: +1 602 806 2076
Mobile: +1 202 253 2514
Email: Matt@MestazLaw.com

[www.MestazLaw.com](http://www.MestazLaw.com)

5090 N. 40th Street, Suite 200, Phoenix, AZ 85018

**From:** Stuart Rodgers <Stuart.Rodgers@lane-nach.com>
**Sent:** Thursday, January 30, 2025 12:39 PM
**To:** Matthew Hersh <Matt@MestazLaw.com>; Trevor J Wainfeld <twainfeld@maypotenza.com>; Devin Sreecharana <devin@maypotenza.com>; Moshe Y Admon <jeff@admonlaw.com>; Adam Nach <Adam.Nach@lane-nach.com>; Renee Gonzales <RGonzales@maypotenza.com>
**Cc:** Daniel Mestaz <Daniel@MestazLaw.com>
**Subject:** RE: 1 17 25 transcript attached - Huynh v. Chiaravanond

Dear Counsel,

On our call, the Receiver had asked for a copy of all insurance policies covering the Malibu Property, identity of the relevant insurance broker(s), identities of the banks that house business accounts and copies of bank records for those accounts (initially for the last year). Those are the most urgent items, and given the relative urgency it was hoped that we'd have these already. The Receiver wanted me to follow-up on the status of these items.  If these are available, we'd ask that they be

provided immediately.  If they are not available, we'd appreciate an update as to why and when they can be expected.

Regards,

Stuart B. Rodgers
*Certified Bankruptcy Specialist*
Lane & Nach, P.C.
2001 E. Campbell , Suite 103
Phoenix, AZ  85016
Office: 602-258-6000
Direct: 602-247-8589
Fax: 602-258-6003
E-mail: Stuart.Rodgers@Lane-Nach.Com

THIS TRANSMISSION IS INTENDED FOR THE SOLE USE OF THE PERSON TO WHOM IT IS ADDRESSED, AND MAY CONTAIN INFORMATION WHICH IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY. DISSEMINATION, DISTRIBUTION OR COPYING THIS COMMUNICATION IS PROHIBITED.

**From:** Matthew Hersh <Matt@MestazLaw.com>
**Sent:** Wednesday, January 29, 2025 9:05 PM
**To:** Trevor J Wainfeld <twainfeld@maypotenza.com>; Devin Sreecharana <devin@maypotenza.com>; Moshe Y Admon <jeff@admonlaw.com>; Adam Nach <Adam.Nach@lane-nach.com>; Renee Gonzales <RGonzales@maypotenza.com>; Stuart Rodgers <Stuart.Rodgers@lane-nach.com>
**Cc:** Daniel Mestaz <Daniel@MestazLaw.com>
**Subject:** Re: 1 17 25 transcript attached - Huynh v. Chiaravanond

Counsel -

Following up as promised. Alissa is in the process of gathering documents and electronic devices so that they may be properly processed and reviewed. I anticipate that by Friday I will be in a position to give you and the Court a more definite sense of when we can propose an ESI protocol, when a rolling production can begin, and when production can be completed and rogs/RFAs answered. I also anticipate having more to tell you about the insurance policy by no later than Friday, and hopefully before. I do understand the urgency of that latter point.

I need to flag one matter for you concerning discovery. Alissa advises me that many of the documents that will be necessary for her to fully respond to these discovery requests were last known by her to be in the matrimonial home that she formerly shared with your

client on Sentosa Island in Singapore. We will need to have a discussion about how she can obtain access to those documents (along with other documents and materials that belong to her).

Thanks,

M



**Matthew Hersh (he/him)**
**Mestaz Law**

Direct: +1 602 806 2076
Mobile: +1 202 253 2514
Email: Matt@MestazLaw.com

www.MestazLaw.com

5090 N. 40th Street, Suite 200, Phoenix, AZ 85018

---

**From:** Matthew Hersh <Matt@MestazLaw.com>
**Sent:** Wednesday, January 29, 2025 12:04 PM
**To:** Trevor J Wainfeld <twainfeld@maypotenza.com>; Devin Sreecharana <devin@maypotenza.com>; Moshe Y Admon <jeff@admonlaw.com>; Adam Bennett Nach <adam.nach@lane-nach.com>; Renee Gonzales <RGonzales@maypotenza.com>; Stuart Rodgers <Stuart.Rodgers@lane-nach.com> <Stuart.Rodgers@lane-nach.com>
**Subject:** Fw: 1 17 25 transcript attached - Huynh v. Chiaravanond

Counsel -

Sharing this as a courtesy. Update later today on discovery efforts.

M



**Matthew Hersh (he/him)**
**Mestaz Law**

Direct: +1 602 806 2076
Mobile: +1 202 253 2514
Email: Matt@MestazLaw.com

[www.MestazLaw.com](www.MestazLaw.com)

5090 N. 40th Street, Suite 200, Phoenix, AZ 85018

---

**From:** Scott M <smconiam@gmail.com>
**Sent:** Wednesday, January 29, 2025 11:57 AM
**To:** Matthew Hersh <Matt@MestazLaw.com>
**Subject:** 1 17 25 transcript attached - Huynh v. Chiaravanond

Mr. Hersh, I've attached the transcript as requested, along with my invoice.

--
Sincerely,

Scott M. Coniam, Court Reporter
US District Court, District of Arizona



---------- Forwarded message ---------
From: **Resource3** <Commercialservicing@weaverinsurance.com>
Date: Sun, Oct 13, 2024 at 6:47 PM
Subject: IMPORTANT: Your Dwelling Fire Insurance Policy is No Longer Valid
To:
Cc: Zane Rodriguez <zane@weaverinsurance.com>



---

### CONFIRMATION OF POLICY CANCELLATION

Named Insured: Pacific Shangrila LLC
Line of Business: Dwelling Fire
Policy Number: CFP 2936364
Insurance Company: California Fair Plan

### CANCELLATION DATE: 10/20/2024

Effective at 12:01am 10/20/2024, your above referenced insurance policy has cancelled.

CL00001

There is currently no coverage in force.

Please contact us immediately to replace coverage.

Sincerely,

**POLICY PROCESSING FOR ZANE RODRIGUEZ**

*Account Manager*

License No. 4386576



Main: 626.446.6161 Direct: 626.349.4361

License No. 0231814

zane@weaverinsurance.com

www.weaverinsurance.com

*Insurance is complicated, working with us is not.*

Note: Coverage cannot be bound, deleted, added, or amended via fax, e-mail, or voicemail without written confirmation from Weaver & Associates, Inc.

711 W. Camino Real

Arcadia, CA 91007

info@weaverinsurance.com

www.weaverinsurance.com

*Please note that coverage cannot be bound, deleted, added or amended in any way via fax, e-mail or voice mail without confirmation in writing from Weaver & Associates, Inc.*

CL00002

# EXHIBIT 3

| | |
|---|---|
| **From:** | Matthew Hersh |
| **To:** | Devin Sreecharana; Stuart Rodgers; Trevor Wainfeld; Moshe Y Admon; Adam Nach; Renee Gonzales |
| **Cc:** | Daniel Mestaz |
| **Subject:** | Re: 1 17 25 transcript attached - Huynh v. Chiaravanond |
| **Date:** | Friday, January 31, 2025 2:35:10 PM |
| **Attachments:** | ~WRD0992.jpg |
| | image001.png |
| | image002.png |
| | image003.jpg |
| | Outlook-v3jkkkh4.png |
| | Outlook-tdh55xgw.jpg |

Monday afternoon is open. 3?

M



**Matthew Hersh (he/him)**
**Mestaz Law**

Direct: +1 602 806 2076
Mobile: +1 202 253 2514
Email: Matt@MestazLaw.com

www.MestazLaw.com

5090 N. 40th Street, Suite 200, Phoenix, AZ 85018

**From:** Devin Sreecharana <Devin@maypotenza.com>
**Sent:** Friday, January 31, 2025 2:22 PM
**To:** Matthew Hersh <Matt@MestazLaw.com>; Stuart Rodgers <Stuart.Rodgers@lane-nach.com>;
Trevor Wainfeld <TWainfeld@maypotenza.com>; Moshe Y Admon <jeff@admonlaw.com>; Adam
Nach <Adam.Nach@lane-nach.com>; Renee Gonzales <RGonzales@maypotenza.com>
**Cc:** Daniel Mestaz <Daniel@MestazLaw.com>
**Subject:** RE: 1 17 25 transcript attached - Huynh v. Chiaravanond

Matt:

I'm headed into a meeting for the rest of the afternoon. What's your availability Monday?



# Devin Sreecharana

**Shareholder**

—

**o:** 602.252.1900
**d:** 602.774.3568
**e:** devin@maypotenza.com

—

Central Arts Plaza
1850 N. Central Ave., 16th Floor
Phoenix, AZ 85004-4633
www.maypotenza.com

---

**From:** Matthew Hersh <Matt@MestazLaw.com>
**Sent:** Friday, January 31, 2025 1:54 PM
**To:** Stuart Rodgers <Stuart.Rodgers@lane-nach.com>; Trevor Wainfeld <TWainfeld@maypotenza.com>; Devin Sreecharana <Devin@maypotenza.com>; Moshe Y Admon <jeff@admonlaw.com>; Adam Nach <Adam.Nach@lane-nach.com>; Renee Gonzales <RGonzales@maypotenza.com>
**Cc:** Daniel Mestaz <Daniel@MestazLaw.com>
**Subject:** Re: 1 17 25 transcript attached - Huynh v. Chiaravanond

Devin -

Further following up on the above, would you have a time today (perhaps at 3?) for a short meet and confer?

M



**Matthew Hersh (he/him)**
**Mestaz Law**

Direct: +1 602 806 2076
Mobile: +1 202 253 2514
Email: Matt@MestazLaw.com

www.MestazLaw.com

5090 N. 40th Street, Suite 200, Phoenix, AZ 85018

---

**From:** Matthew Hersh <Matt@MestazLaw.com>
**Sent:** Friday, January 31, 2025 1:42 PM
**To:** Stuart Rodgers <Stuart.Rodgers@lane-nach.com>; Trevor J Wainfeld
<twainfeld@maypotenza.com>; Devin Sreecharana <devin@maypotenza.com>; Moshe Y Admon
<jeff@admonlaw.com>; Adam Nach <Adam.Nach@lane-nach.com>; Renee Gonzales
<RGonzales@maypotenza.com>
**Cc:** Daniel Mestaz <Daniel@MestazLaw.com>
**Subject:** Re: 1 17 25 transcript attached - Huynh v. Chiaravanond

Counsel -

As a further followup, Alissa has located in one of her email accounts a cancellation
notice, dated October 2024, for the fire insurance at the Malibu location. I am attaching
it here. It appears that the policy was not renewed.

We are still looking to recover the Chase bank account information from those emails for
the receivership LLC and will have that for you as soon as possible.

Our ESI consultant continues to extract and process data from the various devices and
to collect emails from those accounts that we are able to access. It does not appear that
we will have that extraction complete today, so I do not yet have a sense of the volume. It
might be a few more days into next week when that process is completed.

I will continue to keep you informed as I gain further information.

M



**Matthew Hersh (he/him)**
**Mestaz Law**

Direct: +1 602 806 2076
Mobile: +1 202 253 2514
Email: Matt@MestazLaw.com

[www.MestazLaw.com](www.MestazLaw.com)

5090 N. 40th Street, Suite 200, Phoenix, AZ 85018

---

**From:** Matthew Hersh <Matt@MestazLaw.com>
**Sent:** Thursday, January 30, 2025 9:59 PM
**To:** Stuart Rodgers <Stuart.Rodgers@lane-nach.com>; Trevor J Wainfeld
<twainfeld@maypotenza.com>; Devin Sreecharana <devin@maypotenza.com>; Moshe Y Admon
<jeff@admonlaw.com>; Adam Nach <Adam.Nach@lane-nach.com>; Renee Gonzales
<RGonzales@maypotenza.com>
**Cc:** Daniel Mestaz <Daniel@MestazLaw.com>
**Subject:** Re: 1 17 25 transcript attached - Huynh v. Chiaravanond

Counsel -

Here is a further status update. As you know from her earlier declaration in this case,
Alissa has been experiencing very significant security and privacy concerns since her
separation from Mr. Hyunh. As a result, she has on several occasions changed
telephone numbers, email addresses, and mobile telephones. In the course of those
transitions she lost access to many of her online accounts, including accounts that
contain insurance and banking information as well as accounts relating to the entities at
issue in this lawsuit. While she had passwords to some of those accounts written down
in a book that she kept in a carry bag, that bag was unfortunately at the Malibu house
when it was destroyed by the California fires.

We have been working diligently with Alissa and our ESI consultant to recover as much
as we can. In the interest of transparency, let me give you some insight into what we
have been doing and what we anticipate the next steps will be. We have started by
identifying all of the physical devices and online accounts where materials responsive to
your discovery requests could conceivably be located. At this point we have identified
five mobile telephones, two laptops, and five email accounts that could at least
conceivably contain responsive information.

With respect to the devices, all seven (5 phones, 2 laptops) are now in the hands of our
ESI consultant and he is working to extract whatever information he can from them. I
should have a fuller picture tomorrow of just what we can get from those devices, what
kind of volume we are looking at, and when we can start reviewing and producing

documents. The email accounts are potentially more of a challenge in the light of the password situation noted above. We have gained at least partial access to two of the accounts, one through a mail app on one of the devices and the other through a password reset. We are working on the others and I should know more at some point tomorrow.

This evening we were able to identify from one of the email accounts some information about insurance coverage for the Malibu house. At least as of 2023, the property at 20990 Las Flores was covered by fire policy No. 8417405 issued through Weaver Insurance under the California FAIR plan. The broker's name is Sheree Tromblee, License No. 0H72536, Main Line: 626.446.616, Direct Line: 626.773.8177. Alissa will be reaching out to her tomorrow morning to obtain further information and we will provide you all plan documents as soon as possible.

I expect to have more to share with you, and with the Court, by tomorrow.


M



**Matthew Hersh (he/him)**
**Mestaz Law**

Direct: +1 602 806 2076
Mobile: +1 202 253 2514
Email: Matt@MestazLaw.com

www.MestazLaw.com

5090 N. 40th Street, Suite 200, Phoenix, AZ 85018

---

**From:** Stuart Rodgers <Stuart.Rodgers@lane-nach.com>
**Sent:** Thursday, January 30, 2025 12:39 PM
**To:** Matthew Hersh <Matt@MestazLaw.com>; Trevor J Wainfeld <twainfeld@maypotenza.com>; Devin Sreecharana <devin@maypotenza.com>; Moshe Y Admon <jeff@admonlaw.com>; Adam Nach <Adam.Nach@lane-nach.com>; Renee Gonzales <RGonzales@maypotenza.com>
**Cc:** Daniel Mestaz <Daniel@MestazLaw.com>
**Subject:** RE: 1 17 25 transcript attached - Huynh v. Chiaravanond

Dear Counsel,

On our call, the Receiver had asked for a copy of all insurance policies covering the Malibu Property, identity of the relevant insurance broker(s), identities of the banks that house business accounts and copies of bank records for those accounts (initially for the last year). Those are the most urgent items, and given the relative urgency it was hoped that we'd have these already. The Receiver wanted me to follow-up on the status of these items.  If these are available, we'd ask that they be provided immediately.  If they are not available, we'd appreciate an update as to why and when they can be expected.

Regards,

Stuart B. Rodgers
*Certified Bankruptcy Specialist*
Lane & Nach, P.C.
2001 E. Campbell , Suite 103
Phoenix, AZ  85016
Office: 602-258-6000
Direct: 602-247-8589
Fax: 602-258-6003
E-mail: Stuart.Rodgers@Lane-Nach.Com

THIS TRANSMISSION IS INTENDED FOR THE SOLE USE OF THE PERSON TO WHOM IT IS ADDRESSED, AND MAY CONTAIN INFORMATION WHICH IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY. DISSEMINATION, DISTRIBUTION OR COPYING THIS COMMUNICATION IS PROHIBITED.

**From:** Matthew Hersh <Matt@MestazLaw.com>
**Sent:** Wednesday, January 29, 2025 9:05 PM
**To:** Trevor J Wainfeld <twainfeld@maypotenza.com>; Devin Sreecharana <devin@maypotenza.com>; Moshe Y Admon <jeff@admonlaw.com>; Adam Nach <Adam.Nach@lane-nach.com>; Renee Gonzales <RGonzales@maypotenza.com>; Stuart Rodgers <Stuart.Rodgers@lane-nach.com>
**Cc:** Daniel Mestaz <Daniel@MestazLaw.com>
**Subject:** Re: 1 17 25 transcript attached - Huynh v. Chiaravanond

Counsel -

Following up as promised. Alissa is in the process of gathering documents and electronic devices so that they may be properly processed and reviewed. I anticipate that by Friday I will be in a position to give you and the Court a more definite sense of when we can propose an ESI protocol, when a rolling production can begin, and when production can be completed and rogs/RFAs answered. I also anticipate having more to tell you about the insurance policy by no later than Friday, and hopefully before. I do understand the urgency of that latter point.

I need to flag one matter for you concerning discovery. Alissa advises me that many of the

documents that will be necessary for her to fully respond to these discovery requests were last known by her to be in the matrimonial home that she formerly shared with your client on Sentosa Island in Singapore. We will need to have a discussion about how she can obtain access to those documents (along with other documents and materials that belong to her).

Thanks,

M

**Matthew Hersh (he/him)**
**Mestaz Law**

Direct: +1 602 806 2076
Mobile: +1 202 253 2514
Email: Matt@MestazLaw.com

www.MestazLaw.com

5090 N. 40th Street, Suite 200, Phoenix, AZ 85018

**From:** Matthew Hersh <Matt@MestazLaw.com>
**Sent:** Wednesday, January 29, 2025 12:04 PM
**To:** Trevor J Wainfeld <twainfeld@maypotenza.com>; Devin Sreecharana <devin@maypotenza.com>; Moshe Y Admon <jeff@admonlaw.com>; Adam Bennett Nach <adam.nach@lane-nach.com>; Renee Gonzales <RGonzales@maypotenza.com>; Stuart Rodgers <Stuart.Rodgers@lane-nach.com> <Stuart.Rodgers@lane-nach.com>
**Subject:** Fw: 1 17 25 transcript attached - Huynh v. Chiaravanond

Counsel -

Sharing this as a courtesy. Update later today on discovery efforts.

M

**Matthew Hersh (he/him)**
**Mestaz Law**

Direct: +1 602 806 2076
Mobile: +1 202 253 2514
Email: Matt@MestazLaw.com

www.MestazLaw.com

5090 N. 40th Street, Suite 200, Phoenix, AZ 85018

---

**From:** Scott M <smconiam@gmail.com>
**Sent:** Wednesday, January 29, 2025 11:57 AM
**To:** Matthew Hersh <Matt@MestazLaw.com>
**Subject:** 1 17 25 transcript attached - Huynh v. Chiaravanond

Mr. Hersh, I've attached the transcript as requested, along with my invoice.

--
Sincerely,

Scott M. Coniam, Court Reporter

US District Court, District of Arizona

This message and any of the attached documents contain information from the law firm of May, Potenza, Baran & Gillespie, P.C., that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information, and no privilege has been waived by your inadvertent receipt. If you have received this transmission in error, please notify the sender by reply e-mail and then delete this message. Thank you. IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that, to the extent this communication (or any attachment) addresses any tax matter, it was not written to be (and may not be) relied upon to (i) avoid tax-related penalties under the Internal Revenue Code, or (ii) promote, market or recommend to another party any transaction or matter addressed herein (or in any such attachment).

# EXHIBIT 4

| | |
|---|---|
| **From:** | Matthew Hersh |
| **To:** | Devin Sreecharana; Trevor Wainfeld; Moshe Y Admon; Adam Bennett Nach; Renee Gonzales; Stuart Rodgers <Stuart.Rodgers@lane-nach.com> |
| **Cc:** | Daniel Mestaz |
| **Subject:** | Re: Status report |
| **Date:** | Monday, February 3, 2025 2:39:44 PM |
| **Attachments:** | ~WRD0004.jpg |
| | image001.png |
| | image002.png |
| | image003.jpg |
| | Outlook-jbirm5v3.png |
| | Outlook-xhtezppm.jpg |

Thanks Devin. Tomorrow I won't be available, but I can make any time work on Wednesday. Let me know.

Alissa has identified bank account information for the LLCs, as below. We are still working on gathering statements.

Pacific Shangrila LLC :

Chase



ILU LLC:

Chase



M



**Matthew Hersh (he/him)**
**Mestaz Law**

Direct: +1 602 806 2076
Mobile: +1 202 253 2514
Email: Matt@MestazLaw.com

www.MestazLaw.com

5090 N. 40th Street, Suite 200, Phoenix, AZ 85018

**From:** Devin Sreecharana <Devin@maypotenza.com>
**Sent:** Monday, February 3, 2025 1:59 PM

**To:** Matthew Hersh <Matt@MestazLaw.com>; Trevor Wainfeld <TWainfeld@maypotenza.com>; Moshe Y Admon <jeff@admonlaw.com>; Adam Bennett Nach <adam.nach@lane-nach.com>; Renee Gonzales <RGonzales@maypotenza.com>; Stuart Rodgers <Stuart.Rodgers@lane-nach.com> <Stuart.Rodgers@lane-nach.com>
**Cc:** Daniel Mestaz <Daniel@MestazLaw.com>
**Subject:** RE: Status report

Matt:

Plaintiffs' counsel is available to talk about discovery and case management tomorrow between 930a-1130a. Please let us know a time that works for you. I don't think Stuart/Adam need to be on the call.

Sincerely,



## Devin Sreecharana
**Shareholder**

—
**o:** 602.252.1900
**d:** 602.774.3568
**e:** devin@maypotenza.com

—
Central Arts Plaza
1850 N. Central Ave., 16th Floor
Phoenix, AZ 85004-4633
www.maypotenza.com

---

**From:** Matthew Hersh <Matt@MestazLaw.com>
**Sent:** Friday, January 31, 2025 9:26 PM
**To:** Trevor Wainfeld <TWainfeld@maypotenza.com>; Devin Sreecharana <Devin@maypotenza.com>; Moshe Y Admon <jeff@admonlaw.com>; Adam Bennett Nach <adam.nach@lane-nach.com>; Renee Gonzales <RGonzales@maypotenza.com>; Stuart Rodgers <Stuart.Rodgers@lane-nach.com> <Stuart.Rodgers@lane-nach.com>
**Cc:** Daniel Mestaz <Daniel@MestazLaw.com>
**Subject:** Status report

Counsel -

Please see the attached status report re discovery, filed in compliance with the Court's January 17 Order.

Please advise when we can have a next meet and confer about the status of discovery and other case management matters. I had proposed 3pm on Monday to Devin.

M



**Matthew Hersh (he/him)**
**Mestaz Law**

Direct: +1 602 806 2076
Mobile: +1 202 253 2514
Email: Matt@MestazLaw.com

www.MestazLaw.com

5090 N. 40th Street, Suite 200, Phoenix, AZ 85018

This message and any of the attached documents contain information from the law firm of May, Potenza, Baran & Gillespie, P.C., that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information, and no privilege has been waived by your inadvertent receipt. If you have received this transmission in error, please notify the sender by reply e-mail and then delete this message. Thank you. IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that, to the extent this communication (or any attachment) addresses any tax matter, it was not written to be (and may not be) relied upon to (i) avoid tax-related penalties under the Internal Revenue Code, or (ii) promote, market or recommend to another party any transaction or matter addressed herein (or in any such attachment).

# EXHIBIT 5

**From:**      Matthew Hersh
**To:**        Jeff M. Admon; Devin Sreecharana; Trevor Wainfeld; Nach, Adam; Renee Gonzales; Stuart Rodgers; Daniel
               Mestaz
**Subject:**   Re: Status Report and Demand for a Receiver
**Date:**      Wednesday, February 5, 2025 5:30:54 PM
**Attachments:** Outlook-5gvw0ttw.png
               Outlook-44po2gdw.jpg
               Outlook-uh4ek2tn.png
               Outlook-cphbnhua.jpg

Counsel -

Here's my take on what we just discussed. Feel free to add other points or correct anything I've gotten wrong:

-Putting aside whatever issues you may have with our client, you acknowledged that this firm is working diligently and in good faith to respond to your inquiries and to provide transparency.

-I informed you of our view that a receiver is not necessary over the LLCs that own the AZ properties because the exigencies that justified the original receivership—the fire and Alissa's lack of participation in the litigation—are no longer present. We also informed you that Alissa is prepared to engage the services of an appropriate professional who can assist her in assuring that the value of the assets is maintained and to provide you with continuing transparency over those efforts.

-I updated you on the status of ESI gathering and review and that I hoped to be able to give you a better sense of protocol and timeline after the weekend.

-I told you that we'll get you a timeline on the rog answers after the weekend and that we will endeavor to get you responses as soon as reasonably possible independent of the document discovery, subject to your understanding that answers may need to be supplemented/revised once document review is complete.

-I told you that we had obtained bank statements in paper for the receivership LLCs and that we'll get that scanned over the weekend and share that, subject to review for confidentiality/privilege.

-Re Jeff's inquiries:

Re 1, you acknowledged that the referenced statements are not relevant to the claims in the litigation. I told you that any assertions this firm has made in our pleadings were limited to Alissa's mindset/perception.

Re 2-5, you agreed to hold off as long as there is continuing cooperation on the ESI

discovery

Re 6, we'll get you that date if we have it

Re 7, we told you there wasn't a security system

Re 8-10, we told you that we'd do our best to answer your questions, subject again to privacy/privilege concerns. You told us you'd inquire into whether your client has removed any of Alissa's papers from the marital home. We agreed to continue good faith discussions about how Alissa can access those papers.

Re 11, we'll take a look at that in the course of responding to interrogatories and let you know if we can answer or if we have to object.

-You told me that if you do move for a receivership, you'll give me a heads up so that any hearing can be scheduled mutually to the extent possible.

M



**Matthew Hersh (he/him)**
**Mestaz Law**

Direct: +1 602 806 2076
Mobile: +1 202 253 2514
Email: Matt@MestazLaw.com

www.MestazLaw.com

5090 N. 40th Street, Suite 200, Phoenix, AZ 85018

**From:** Jeff M. Admon <jeff@admonlaw.com>
**Sent:** Tuesday, February 4, 2025 7:08 PM
**To:** Matthew Hersh <Matt@MestazLaw.com>; Devin Sreecharana (Devin@maypotenza.com) <Devin@maypotenza.com>; Trevor Wainfeld <TWainfeld@maypotenza.com>; Nach, Adam <Adam.Nach@Lane-Nach.Com>; Renee Gonzales <RGonzales@maypotenza.com>; Stuart Rodgers <Stuart.Rodgers@lane-nach.com>; Daniel Mestaz <Daniel@MestazLaw.com>
**Subject:** Re: Status Report and Demand for a Receiver

Hi Matt,

Let's do the entire call together with Devin and Trevor. Let me know your availability.
Best,

Moshe (Jeff) Admon
Attorney

Admon Law Firm
300 Lenora St., #4008
Seattle, WA 98121
P: 206-739-8383
F: 206-494-0001

---

**From:** Matthew Hersh <Matt@MestazLaw.com>
**Sent:** Tuesday, February 4, 2025 6:07:00 PM
**To:** Jeff M. Admon <jeff@admonlaw.com>; Devin Sreecharana (Devin@maypotenza.com)
<Devin@maypotenza.com>; Trevor Wainfeld <TWainfeld@maypotenza.com>; Nach, Adam
<Adam.Nach@Lane-Nach.Com>; Renee Gonzales <RGonzales@maypotenza.com>; Stuart Rodgers
<Stuart.Rodgers@lane-nach.com>; Daniel Mestaz <Daniel@MestazLaw.com>
**Subject:** Re: Status Report and Demand for a Receiver

Jeff -

I've had a chance to review and confer with my client about your email. Let's find a time
to talk tomorrow. Afternoon better for me.

M



**Matthew Hersh (he/him)**
**Mestaz Law**

Direct: +1 602 806 2076
Mobile: +1 202 253 2514
Email: Matt@MestazLaw.com

www.MestazLaw.com

5090 N. 40th Street, Suite 200, Phoenix, AZ 85018

---

**From:** Jeff M. Admon <jeff@admonlaw.com>

**Sent:** Tuesday, February 4, 2025 9:46 AM
**To:** Matthew Hersh <Matt@MestazLaw.com>; Devin Sreecharana (Devin@maypotenza.com) <Devin@maypotenza.com>; Trevor Wainfeld <TWainfeld@maypotenza.com>; Nach, Adam <Adam.Nach@Lane-Nach.Com>; Renee Gonzales <RGonzales@maypotenza.com>; Stuart Rodgers <Stuart.Rodgers@lane-nach.com>; Daniel Mestaz <Daniel@MestazLaw.com>
**Subject:** re: Status Report and Demand for a Receiver

Matt,

It's time for your client to put an end to the nonsense. Your client's negligence in failing to insure our client's Malibu property since October 2024—while prior counsel represented her and she listed the property for sale at $7.8 million without our client's consent—led to a total loss from the recent Palisades fires. That is our client's money, for which he worked a lifetime to save.

Your client filed for marriage annulment while the ink was still wet on the marriage certificate, attempting to take approximately $15-20 million of our client's assets, claiming that Mr. Huynh gave her those assets as part of a Thai dowry. Now, less than two weeks into your representation, you are perpetuating your client's absurd, unevidenced claim that Mr. Huynh has somehow caused your client trauma and privacy concerns by tracking her with drones. She alleges that "trauma" and "privacy concerns" led her to save passwords in a notebook that was coincidentally burned in the Malibu house. At the same time, she contradictorily claims that she stored essential documents related to this litigation in Mr. Huynh's home in Singapore (which we soon expect her to claim that Mr. Huynh has destroyed). These ridiculous lies must end, and the assets must be protected via professional management.

A.  **Immediately Provide All Evidence, Other Than Your Client's Testimony, Supporting Claims Your Client Has Made Throughout This Litigation**

Please provide all evidence—other than your client's testimony—supporting the following claims your client has made throughout this litigation and, most recently, in your January 31 status report to the Court:

1. Evidence supporting your client's claims that she experienced very significant security and privacy concerns caused by Mr. Hyunh since their separation.
2. The dates she changed telephone numbers, email addresses, and mobile telephones.
3. The brand of mobile telephones and laptops she had before her "very significant security and privacy concerns" and the brand of mobile telephones, laptops,

tablets, etc. she had after purportedly swapped them.

4. An enumerated list of all telephones, laptops, tablets, and other electronic communication devices she had since the beginning of the parties' relationship, including their brand, serial number (which she can find by contacting her service providers), and current location.

5. Whether those mobile telephones, laptops, and tablets were backed up on a cloud server (such as iCloud, Google Drive, etc.) and identify said cloud servers and user IDs.

6. The dates she accessed the Malibu property and left a "carry bag" with passwords to her online accounts written down.

7. If the Malibu property had a security system, and if so, the name and contact information of that security company.

8. A detailed list of documents she claims to have left in Mr. Huynh's Singapore home.

9. Identify with specificity where these documents are located in Mr. Huynh's Singapore home.

10. The date she left those documents in Mr. Huynh's Singapore home.

11. An enumerated list of which bank accounts she keeps and/or transferred the cash that Mr. Huynh wired her, as detailed in our Complaint.

Mr. Huynh is an executive-level professional who filed these claims to reclaim his property from your client. It is contrary to litigation principles and fundamental fairness to continuously levy these salacious, scandalous, and false allegations against him without evidence. A matter is scandalous where it wrongly casts "cruelly derogatory light on a party" or "unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Mazzeo v. Gibbons*, 649 F. Supp. 2d 1182, 1201-02 (D. Nev. 2009); *Judicial Watch, Inc. v. U.S. Dept. of Comm*., 224 F.R.D. 261, 263 (D.D.C. 2004). That is exactly the behavior your client is engaging in.

B. **Stipulate To The Appointment Of A Receiver Over All Property**

Your client's obfuscation throughout this litigation, including intentionally withholding vital discovery while failing to undertake the most basic steps of insuring the Malibu property during this litigation, has cost our client $8 million to date. Defendants' mismanagement of the investment properties is undeniable, and includes the failure to maintain insurance and preserve the properties' documents that only she had access to. Defendants have failed to pay bills, resulting in attempts to lien the properties. These properties and assets are at substantial risk under your client's incapable watch.

Therefore, we request that you stipulate to the appointment of the receiver over all the corporate defendants, properties, and assets—including the millions of dollars in cash —that your client converted from Mr. Huynh. We need a response to this by 5:00 PM today, February 4, 2025.

Sincerely,


--
Moshe (Jeff) Admon, Esq.
Admon Law Firm, PLLC
https://www.admonlaw.com

**Phone:** (206) 739-8383
**Fax:** (206) 888-6136
300 Lenora St., #4008
Seattle, WA, 98121