1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT DISTRICT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Phong Thanh Huynh,<br><br>                              Plaintiff,<br><br>v.<br><br>Alissa Chiaravanond, an individual resident of Arizona, Pacific Shangrila LLC, a Nevada limited liability company, Cathedral Shangrila LLC, a Nevada limited liability company, Nido di Stelle LLC, a Nevada limited liability company, ILU LLC, an Arizona limited liability company,<br><br><br>                              Defendants. | Case No. 3:23-cv-08622-JJT<br><br>**ORDER MODIFYING**<br>**JANUARY 17, 2025 ORDER** |

At issue is Plaintiff Phong Thanh Huynh's Motion to Modify Receivership Order by Adding Cathedral Shangrila LLC ("Cathedral") and Nido di Stelle LLC ("Nido") to the Receivership Estate and for the Transfer of Funds from Defendant Chiaravanond to Receiver (Doc. ___) (the "Motion to Modify Receivership Order"), which Plaintiff requested the Court consider on an expedited basis (Doc. __).

The Court previously appointed Adam Nach of Peak Performance Restructuring Services, LLC ("Nach & PPRS" or "Receiver") as the receiver over Defendants Pacific Shangrila LLC ("Pacific") and ILU LLC ("ILU"). (Doc. 70). The Motion to Modify

1

Receivership Order requests the Court (a) expand the existing receivership to include Cathedral and Nido, without terminating or otherwise modifying the existing receivership, and (b) order Defendants to transfer $2,270,000.00 (the "Funds") to the Receiver in support of the Receiver's services and expenses related to the Receiver's actions to protect receivership assets. Plaintiff claims to have paid the Funds to Defendant Chiaravanond for the maintenance and improvement of the Investment Properties, but there is no evidence the Funds were used for that purpose or otherwise spent by Defendants.

Upon review of Plaintiff's Motion to Modify Receivership Order (Doc. __), and related briefing and arguments, the Court finds as follows:

1.      The Court has jurisdiction to adjudicate Plaintiff's request for appointment of a receivership over Cathedral and Nido

2.      The Court's appointment of a receiver is an "extraordinary equitable remedy" that "should be applied with caution." *Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009) [hereinafter "*Canada Life*"]. The "appointment of a receiver in equity is not a substantive right; rather, it is an ancillary remedy which does not affect the ultimate outcome of the action." *Id.* at 843 (quoting *Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev. Corp.*, 153 F.3d 1289, 1291 (11th Cir. 1998)) (internal quotation marks omitted). Thus, where a federal court has diversity jurisdiction over a case, as here, Federal Rule of Civil Procedure 66 governs the appointment of a receiver, "even in the face of differing state law." *Id.* at 843 (quoting *Nat'l P'ship Inv. Corp.*, 153 F.3d at 1291) (internal quotation marks omitted).

3.      Under Rule 66 and *Canada Life*, the Court considers a variety of factors—none of which is dispositive—in determining whether to exercise its discretion to grant a plaintiff's motion for the appointment of a receivership in a diversity action such as this one, including: (1) whether the plaintiff has a valid claim; (2) "whether there is fraudulent conduct or the probability of fraudulent conduct by the defendant"; (3) "whether the property is in imminent danger of being lost, concealed, injured, diminished in value, or

**1**
**2**
**3**
**4**
**5**
**6**
**7**
**8**

squandered"; (4) "whether legal remedies are inadequate"; (5) whether the harm to the plaintiff by denial of the appointment would outweigh injury to the defendant; (6) "the plaintiff's probable success in the action and the possibility of irreparable injury to [the] plaintiff's interest in the property"; and (7) "whether [the] plaintiff's interests sought to be protected will in fact be well-served by receivership." *Id.* at 844 (quoting 13 James Wm. Moore, *et al.*, Moore's Fed. Practice § 66.04[2][b] (3d ed. 2008), and citing *N.Y. Life Ins. Co. v. Watt W. Inv. Corp.*, 755 F. Supp. 287, 292 (E.D. Cal. 1991)) (internal quotation marks omitted).

**9**
**10**
**11**
**12**
**13**
**14**
**15**
**16**

4.      Plaintiff offers evidence of Defendants' admission that fire insurance coverage over the Malibu Properties (Doc. __, Motion, at 4) was canceled in October 2024 and not replaced. In addition, Plaintiff has presented other evidence showing that Defendants have failed to authorize repairs to the Sedona Properties (Doc. __, Motion, at 4) and have failed to pay vendors, resulting in attempts to lien those properties. In all, Plaintiffs have demonstrated Defendants' lack of diligence, competence, and/or care in managing the Investment Properties (Doc. __, Motion, at 4) and a cognizable likelihood of harm to the Sedona Parties.

**17**
**18**
**19**
**20**
**21**
**22**
**23**
**24**
**25**
**26**
**27**

5.      Addressing the *Canada Life* factors and as Plaintiff demonstrates in the Motion to Modify Receivership Order (Doc. __), Plaintiff has stated valid claims over the Sedona Properties in the Complaint (Doc. 1). (*See* Doc. 55 at 6 n.2 (citing *Walters v. Fid. Mortg. of Cal.*, 730 F. Supp. 2d 1185, 1197–98 (E.D. Cal. 2010)); Doc. 70 at 3:20-4:12.) Taking Plaintiff's allegations as true for the purpose of his Motion, there is at least a probability that Defendants defrauded Plaintiff. The objects of Plaintiff's request for the appointment of a receivership—the Sedona House 1 through Defendant Cathedral and Sedona House 2 and Land through Defendant Nido—are in peril and imminent danger of being damaged, diminished in value, or squandered, considering the evidence Plaintiff presents about the failure to keep insurance, store documents, pay vendors, and authorize repairs to accommodate renters. Certain aspects of the damages Plaintiff may suffer are not

**28**

compensable by money damages, including the potential loss of unique property and the enjoyment thereof, and in any case, relief may not be obtainable considering Defendant Chiaravanond's consistent lack of engagement in this case. The balance of equities clearly tips in favor of appointment of a receivership to preserve the Sedona Properties. Likewise, in the absence of the appointment of a receivership, Plaintiff's interest in the property may be irreparably damaged, and a receivership has the immediate ability to protect Plaintiff's interest by preserving the Sedona Properties. The *Canada Life* factors thus weigh in favor of appointment of a receivership.

6.     In the present circumstances, there is no other adequate remedy at law for the protection and preservation of Sedona House 1, Sedona House 2, the Sedona Land, or the rights of the parties therein.

7.     The Receiver needs the Funds to operate the Corporate Defendants and the Investment Properties, including to pay for the Receiver's services. One or more Defendants hold funds that were intended to maintain and improve the Investment Properties and do not appear to have been used for that purpose. It is appropriate for Defendants possessing such Funds to pay the Funds to the Receivership Estate to allow the Receiver to accomplish its purpose, consistent with the *Canada Life* factors.

On the basis for the foregoing findings, the full record in this matter, and good cause appearing therefor,

**IT IS ORDERED** granting Plaintiff's Motion to Modify Receivership Order (Doc. __).

**IT IS FURTHER ORDERED** that Nach & PPRS is further appointed as the receiver over the following companies:

(1) Cathedral Shangrila LLC; and,

(2) Nido di Stelle LLC

Adam Nach is not an employee or corporate officer of any party to this action, nor is Nach & PPRS otherwise interested in this action beyond its appointment as receiver.

4

**1**
**2**
**3**
**4**
**5**
**6**
**7**
**8**

  **IT IS FURTHER ORDERED** that the Court's January 17, 2025 Order (Doc. 70) shall be modified as follows: (a) the defined term "Receivership Companies" shall be redefined to include Cathedral Shangrila LLC, Nido di Stelle LLC, Pacific Shangrila LLC, and ILU LLC (Doc. 70 at 5:4-9); (b) the defined term "Receivership Estate" shall be redefined to include Cathedral Shangrila LLC, Nido di Stelle, LLC, Pacific Shangrila LLC, ILU LLC, and the assets held by each of those companies. The orders contained in the January 17, 2025 Order (Doc. 70) shall apply with full force and effect to each of the Receivership Companies and the Receivership Estate as those terms are redefined herein.

**9**
**10**
**11**
**12**
**13**
**14**
**15**

  **IT IS FURTHER ORDERED** that any Defendant possessing any portion of the Funds shall transfer those Funds to the Receivership Estate within 14 days of the date of this Order. The Funds will be part of the Receivership Estate and are only to be used by the Receiver in the performance of its obligations and payment of its services, subject to all reporting requirements in the January 17, 2025 Order (Doc. 70). Upon termination of the Receivership, any Funds remaining shall be handled consistently with the January 17, 2025 Order (Doc. 70 at 11:4-10).

**16**
**17**
**18**
**19**
**20**
**21**
**22**
**23**
**24**

  **IT IS FURTHER ODERED** that the Receivership Estate shall have the power to borrow from Plaintiff to cover operating expenses of the receivership, including but not limited to the Receiver's fees and costs, as determined by the Receiver in its sole discretion, provided that Plaintiff consents to making each such advance. Plaintiff will be given receivership certificates in exchange for such advances to the Receivership Estate. Plaintiff shall be entitled to earn interest on such advances at ten percent (10%) per annum and Plaintiff and/or Receiver may cause such receivership certificates to be recorded in applicable real property and UCC records, preserving any and all claims against the Receivership Estate's assets, including but not limited to the Investment Properties.

**25**
**26**

  **IT IS FURTHER ORDERED** that except as otherwise modified by this Order, the January 17, 2025 Order (Doc. 70) is unchanged and remains in full force and effect.

**27**
**28**

1

2      **IT IS FINALLY ORDERED** that the Court shall retain jurisdiction over the

3   Receivership Companies, Receivership Estate, and parties for the purpose of enforcing the

4   terms of this Order and ordering such other relief upon proper showing as is consistent with

5   this Order.

       SIGNED this _____ day of _____, 2025.

6

7                                                    _____

8                                                    Honorable John J. Tuchi
                                                     United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28