Devin Sreecharana, Esq. (029057)
Trevor J. Wainfeld, Esq. (037146)
MAY, POTENZA, BARAN & GILLESPIE, P.C.
1850 N. Central Ave., Suite 1600
Phoenix, Arizona 85021
Telephone: (602) 252-1900
Facsimile: (602) 252-1114
Email: devin@maypotenza.com
       twainfeld@maypotenza.com

Moshe Y. Admon, Esq. (034169)
Admon Law Firm, PLLC
300 Lenora St., #4008
Seattle, Washington 98121
Telephone: (206) 739-8383
Email: jeff@admonlaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phong Thanh Huynh,<br><br>    Plaintiff,<br><br>v.<br><br>Alissa Chiaravanond, an individual resident of Arizona, Pacific Shangrila LLC, a Nevada limited liability company, Cathedral Shangrila LLC, a Nevada limited liability company, Nido di Stelle LLC, a Nevada limited liability company, ILU LLC, an Arizona limited liability company,<br><br>    Defendants. | Case No.: CV-2308622-PCT-JJT<br><br>**PLAINTIFF'S MOTION TO SUPPLEMENT RECORD RE: MOTION TO MODIFY RECEIVERSHIP ORDER BY ADDING CATHEDRAL SHANGILA LLC AND NIDO DI STELLE LLC TO THE RECEIVERSHIP ESTATE AND FOR THE TRANSFER OF FUNDS FROM DEFENDANT CHIARAVANOND TO RECEIVER**<br><br>**(Expedited Consideration Requested)**<br><br>**(Oral Argument Requested)** |

Plaintiff Phong Thanh Huynh requests this Court exercise its discretion to allow him to supplement the record with new evidence that is germane to his Motion to Modify Receivership Order by Adding Cathedral Shangrila LLC and Nido di Stelle LLC and for the Transfer of Funds from Defendant Chiaravanond to Receiver (the "Motion to Modify

Receivership Order") (Doc. 78).[1] For example, yesterday, Defendants informed Mr. Huynh that (like the now destroyed Malibu House) the Sedona Houses lack insurance and Defendant Chiaravanond presently inhabits one of them. To fairly and justly adjudicate the Motion to Modify Receivership Order, the Court can and should consider such facts.

The following Memorandum of Points and Authorities, the Motion to Modify Receivership Order, and the record support this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On February 14, 2025, Mr. Huynh filed his Motion to Modify Receivership Order. On February 18, 2025, at Defendants' counsel's request, Mr. Huynh's counsel, Defendants' counsel, and the Receiver and Receiver's counsel telephonically met and conferred about (1) the Receiver's work and information he needs from Defendants regarding the Malibu Properties, (2) the Motion, and (3) Defendants' still-outstanding discovery and disclosure obligations. *See* **Exhibit A,** Declaration of Trevor J. Wainfeld, at ¶ 4.

During this phone call, undersigned counsel, for the first time, learned the following facts which support the Motion to Modify Receivership Order:

- The Sedona Properties are uninsured;
- Insurance coverage for the Malibu Properties was canceled because Defendants failed to timely pay insurance premiums;
- Defendant Chiaravanond was residing in the Malibu House before it perished and now resides in one of the Sedona Houses, rendering it unrentable and unprofitable;
- Defendant Chiaravanond has very limited cell phone and internet access, apparently inhibiting her ability to, at minimum, promptly communicate with Defendants' counsel; and,
- Defendants "lost a week" on meeting their disclosure and discovery obligations, and collecting documents the Receiver needs, at least in part, due to Defendant

---

[1] Unless otherwise noted herein, defined terms from the Motion to Modify Receivership Order (Doc. 78) are incorporated here by reference.

2

1    Chiaravanond's communication limitations. *Id.* at ¶ 5.

On February 19, 2025, Defendants' counsel followed up by email, stating that Defendants now anticipate their commencement of formal document disclosure late this week (approximately February 21, 2025) or next week (February 24-28, 2025).[2] *Id.* at ¶ 7. Despite request, Defendants have not committed to a date certain by which they will deliver fulsome discovery responses to Mr. Huynh's pending November 12, 2024 discovery requests and fully comply with their Rule 26 disclosure obligations.[3] *Id.* at ¶ 8.

Notwithstanding the foregoing and despite request, Defendants remain opposed and unwilling to stipulate to the Motion to Modify Receivership Order or otherwise expand the Receivership to include the Sedona Properties. *Id.* at ¶ 6.

## II. LEGAL ARGUMENT

> In deciding whether to grant a motion to supplement the record, district courts consider whether the evidence the party is seeking to admit is relevant and also consider whether the motion is made in good faith and whether allowing supplementation would unfairly prejudice the non-moving party.

*Udd v. City of Phx.*, No. CV-18-01616-PHX-DWL, 2020 WL 1904638, at *2 (D. Ariz. Apr. 17, 2020). The decision whether to grant a motion to supplement is within the district court's discretion. *Id.* (citing *Resilient Floor Covering Pension Tr. Fund Bd. of Trs. v. Michael's Floor Covering, Inc.*, 801 F.3d 1079, 1088 (9th Cir. 2015)).

### A. The Supplemental Facts[4] are relevant to the Motion to Modify Receivership Order.

The Supplemental Facts underscore, at minimum, Sections II(C), II(D), II(F), and II(G)

---

[2] Initially, Defendants' counsel anticipated providing "an ESI protocol and a timeline for production by" February 7, 2025 "with production to begin by" February 10, 2025. *See* (Doc. 77 at 3:1-4).

[3] As noted in the Motion to Modify Receivership Order, Defendants' continued failure to formally respond to Mr. Huynh's pending discovery requests, produce responsive documents, and proactively disclose documents under Rule 26 is highly problematic and supports granting the Motion to Modify Receivership Order. *See e.g.,* (Doc. 78 at 6:22-7:5, fn. 7, and 13:4-14).

[4] "Supplemental Facts" collectively refer to those facts provided in Exhibit A at ¶¶ 4-8.

3

of the Motion to Modify Receivership Order. *See* (Doc. 78 at 10-13). Most critically, Defendants' failure to insure the Sedona Properties, demonstrated inability to preserve and protect the Investment Properties and timely and fully engage in this matter (with or without counsel), and Defendant Chiaravanond inhabiting one of the Sedona Houses (rather than renting it to a third-party) supports Mr. Huynh's position that the Sedona Properties are in imminent danger of being injured, diminished in value, or squandered. (Doc. 78 at 10:3-11:2).

Defendants have informally provided bits of key information during meet and confer calls over the last few weeks, which hamstrings progress in this case and cloaks the status of the Investment Properties from Mr. Huynh. Virtually every communication from Defendants raises a new concern or exacerbates an existing concern about the Investment Properties' status and safety, among other things. Considering the dearth of information produced by Defendants to date, however, the total scope of the Sedona Properties' issues is a mystery. There may be other, pending or impending, critical problems with the Sedona Properties about which Mr. Huynh (and seemingly Defendant Chiaravanond) is completely in the dark. Without real discovery and disclosure, Mr. Huynh cannot begin to assess the scope of problems with the Sedona Properties but, given Defendants' known and disclosed mismanagement to date, he must and the Court should assume the worst.

In sum, the Supplemental Facts are relevant because they make it more probable that Defendants Cathedral and Nido and, through them, Defendant Chiaravanond are incapable of preserving and protecting the Sedona Properties and that an expansion of the Receivership to include those Corporate Defendants' assets and the relief requested in the Motion to Modify Receivership Order is warranted. *See* (Doc. 78 at 15:25-16:6).

**B.    This Motion is made in good faith and with reasonable diligence.**

Mr. Huynh and his counsel learned of the Supplemental Facts for the first time on February 18 and 19, 2025. *See* Exhibit A *Id.* at ¶ 5 and 7. Upon learning of such facts, Mr. Huynh promptly filed this Motion.

### C. Allowing supplementation will not unfairly prejudice Defendants and is consistent with this Court's inherent power to manage its docket.

Defendants are not unfairly prejudiced by inclusion of the Supplemental Facts in the record because: 1) Defendants exclusively had access to and knowledge of the Supplemental Facts until yesterday, and (informally) disclosed them after the Motion to Modify Receivership Order's filing; 2) The Supplemental Facts address existing issues raised in the Motion to Modify Receivership Order; and, 3) Defendants have not yet filed a Response to the Motion to Modify Receivership Order and thus can address them therein or at a return hearing, if sooner scheduled as Mr. Huynh requests.

Allowing Mr. Huynh to include the Supplemental Facts in the record to support the Motion to Modify Receivership Order is also consistent with this Court's inherent power to manage its docket in support of this action's and the Motion to Modify Receivership Order's fair and just adjudication. *See Dietz v. Bouldin.*, 579 U.S. 40, 45, 136 S. Ct. 1885, 1891 (2016) (quoting *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631, 82 S.Ct. 1386 (1962)) ("[The United States] Supreme Court has 'long recognized that a district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"); *see also* Fed. R. Civ. P. 83(b); 5 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1194 (3d ed. 2018) (providing a district court has broad discretion to allow a party to amend a motion to "ensure that the case is adjudicated fairly and justly," particularly when "the adverse parties will not be prejudiced by the amendment").

### III. CONCLUSION

For the above reasons—and, particularly, the potential of further significant loss resulting from the Sedona Properties' lack of insurance and Defendant Chiaravanond's personal possession of one of those Properties—Mr. Huynh respectfully requests this Court: (a) enter the contemporaneously filed proposed form of Order granting this Motion; and, (b) consider the Motion to Modify Receivership Order, as supplemented herein, on an expedited basis by holding a return hearing as soon as possible, including before full briefing on the Motion to Modify Receivership Order or with expedited briefing. *See* LRCiv 7.2(b),(c).

RESPECTFULLY SUBMITTED this 19th day of February, 2025.

**MAY, POTENZA, BARAN & GILLESPIE, P.C.**

By /s/ *Devin Sreecharana*
Devin Sreecharana, Esq.
Trevor J. Wainfeld, Esq.

**ADMON LAW FIRM, PLLC**
Moshe Y. Admon

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants:

Daniel B. Mestaz
Matthew Hersh
MESTAZ LAW
5090 North 40th Street
Phoenix, AZ 85018
daniel@mestazlaw.com
matt@mestazlaw.com
*Attorneys for Defendants Alissa Chiaravanond, Pacific Shangrila LLC, Cathedral Shangrila LLC, Nido di Stelle LLC, and ILU LLC*

/s/ *Elena Cordero*