Devin Sreecharana, Esq. (029057)
Trevor J. Wainfeld (037146)
MAY, POTENZA, BARAN & GILLESPIE, P.C.
1850 N. Central Ave., Suite 1600
Phoenix, Arizona 85021
Telephone: (602) 252-1900
Facsimile: (602) 252-1114
Email: devin@maypotenza.com
       twainfeld@maypotenza.com

Moshe Y. Admon, Esq. (034169)
Admon Law Firm, PLLC
300 Lenora St., #4008
Seattle, Washington 98121
Telephone: (206) 739-8383
Email: jeff@admonlaw.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Phong Thanh Huynh,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Alissa Chiaravanond, an individual resident of Arizona, Pacific Shangrila LLC, a Nevada limited liability company, Cathedral Shangrila LLC, a Nevada limited liability company, Nido di Stelle LLC, a Nevada limited liability company, ILU LLC, an Arizona limited liability company,<br><br>　　　　Defendants. | Case No.: 3:23-cv-08622-JJT<br><br>**NOTICE OF DISCOVERY DISPUTE**<br><br>(Telephonic Hearing Requested) |

Pursuant to Paragraph 9 of the Scheduling Order (Doc. 47), the Parties jointly submit the following written summaries of their positions regarding a discovery dispute that cannot be resolved despite sincere efforts to resolve the matter. The Parties certify below that they have attempted to resolve this matter through personal consultation.

I.   **PLAINTIFF'S PORTION**[1]

Plaintiff incorporates his prior Notice of Discovery Dispute (Doc. 63), at 2:3-15, by this reference and uses the definitions provided therein. On January 17, 2025, the Court ordered Defendants to file a status report regarding their outstanding discovery responses and disclosures. (Doc. 69) On January 31, 2025, Defendants submitted a status report (Doc. 77) through current counsel that stated, *inter alia*: (1) Defendants "lost access" to online accounts that contain relevant information (2:9-13); (2) Defendants would propose an ESI protocol by February 7 (2:27-3:4); and, (3) document production would begin by February 14 (3:3-4).

To date, Defendants have not responded to the Written Discovery or disclosed any documents. Nor have they committed to dates by which they will fully comply with their disclosure and discovery obligations. Defendants recently, and infirmly, stated their hope to begin document production, on a rolling basis, during the week of February 24-28. It remains unclear what Defendants' forthcoming production will consist of and how soon thereafter Defendants will completely satisfy their disclosure and discovery obligations. It also remains unclear whether Defendants will provide any of their discovery responses at the same time; although Defendants have not committed to responding to the same, even preliminarily, before their counsel completes a review of their documents. Responses to at least some of the Written Discovery do not require review of documents/ESI.

Defendants' deficient discovery efforts are germane to pending Motions (*see* Docs. 78, 79, and 80) and undermining case management. Critically, deadlines relating to good faith settlement discussions (3/21/25), fact discovery completion (4/18/25), and initial expert disclosures (5/2/25) are impending. (Doc. 47). Plaintiff cannot meet those deadlines given Defendants' lack of meaningful engagement in discovery and disclosure.

Plaintiff requests the Court compel production and disclosure immediately so that Defendants' serial delays are not rewarded with scheduling order extensions (which Defendants have requested, without good cause), order Defendants' payment of Plaintiff's fees and costs

---

[1] February 24 is the first time Plaintiff was aware of the deadline proposals in Defendants' Portion. He disagrees they sufficiently address his concerns.

2

relating to his ongoing efforts to secure the subject discovery/disclosure, and enter any additional orders it deems proper. *See e.g.*, Fed. R. Civ. P. 37(b)(2)(A).

## II. DEFENDANTS' PORTION

Defendants have moved as diligently as possible to gather a wide range of electronic devices, provide those materials to their ESI consultant, and to review those documents for production. Defendants have gathered five cellphones and have to this date been able to extract data from three of them; gathered two laptops and extracted date from both; gained access to one email account and extracted data from that; and gained access to hundreds of audio files and done artificial intelligence transcriptions of those files within the relevant range. Two additional email accounts (of unknown size) are expected to be extracted tomorrow. Review of these materials is proving an unexpectedly massive task. By way of example, a single WhatsApp chain between Plaintiff Chiaravanond and Defendant consists of 38,941 PDF pages of messages (and that does not include 6 gigabytes of attachments to those messages). That is just one of 1,721 instant message/WhatsApp chains on a single phone.

Defendants fully recognize the need for prompt discovery responses and do not oppose the entry of an order setting reasonable timelines. However, such an order would need to take into account the considerable amount of data to be reviewed and would need to set timeliness that are flexible in light of considerable remaining unknowns about the volume of data to be reviewed. Defendants respectfully suggest that any such order provide as follows: (1) RFA's and those interrogatories that can be answered without a full review of all documents to be answered by Friday February 28; (2) Responses to RFP's to begin on a rolling basis by Friday February 28; (3) Defendants to provide a full written breakdown of all data on all devices/accounts, along with a review protocol for all of that data and a definitive date by when discovery responses can be substantially completed, by Wednesday March 5; and (4) Defendants to provide Plaintiff with full updates on review and production efforts every three business days beginning on Thursday February 27.[2]

---

[2] Contrary to Plaintiff's statement, Defendants expressed more than a "hope" to begin a rolling production during the week of February 24-28. Defendants expressly committed to do so—and reaffirm that commitment today.

3

RESPECTFULLY SUBMITTED this 24th day of February, 2025.

**MAY, POTENZA, BARAN & GILLESPIE, P.C.**

By /s/ *Trevor J. Wainfeld*
　　Devin Sreecharana, Esq.
　　Trevor J. Wainfeld, Esq.
　　*Attorneys for Plaintiff*


**ADMON LAW FIRM, PLLC**

Moshe Y. Admon

*Attorneys for Plaintiff*


**MESTAZ LAW**

By /s/ *Matthew Hersh* (with permission)
　　Matthew Hersh
　　*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants:

Daniel B. Mestaz
Matthew Hersh
MESTAZ LAW
5090 North 40th Street
Phoenix, AZ 85018
daniel@mestazlaw.com
matt@mestazlaw.com
*Attorneys for Defendants Alissa Chiaravanond, Pacific Shangrila LLC, Cathedral Shangrila LLC, Nido di Stelle LLC, and ILU LLC*

/s/ *Elena Cordero*