# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phong Thanh Huynh, | No. CV-23-08622-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Alissa Chiaravanond, *et al.*, | |
| Defendants. | |

At issue is the parties' Notice of Discovery Dispute (Doc. 82). The Court will resolve the dispute without a hearing. LRCiv 7.2(f).

In a follow-up to Plaintiff's prior notice of discovery dispute (Doc. 63), Plaintiff now informs the Court that Defendants still have not responded to Plaintiff's November 12, 2024, discovery requests, which responses were due on December 12, 2024—more than two months ago. The Court permitted Defendants' prior counsel to withdraw on December 20, 2024 (Doc. 59), and new counsel for Defendants appeared on January 23, 2025 (Doc. 73).

Plaintiff points out and the Court recognizes that the delays in discovery in this matter have been caused by Defendants' failure to meet deadlines. Considering Defendants have new counsel, the Court will accept counsel for Defendants' proposals (1) to begin providing answers to Plaintiff's requests for admission, interrogatories, and requests for production by February 28, 2025, (2) to "provide a full written breakdown of all data on all devices/accounts, along with a review protocol for all of that data and a definitive date

by when discovery responses can be substantially completed" by March 5, 2025, and (3) to provide Plaintiff with full discovery updates every three business days beginning February 27, 2025. The Court declines to sanction Defendants at this juncture, but after months of mostly unexcused delays, any further delay, including any failure by Defendants to meet the latest dates they proposed and the Court here accepts, will result in sanctions.

In the Notice (Doc. 82), Plaintiff also states that impending case management deadlines are impacted by Defendants' delay in responding to Plaintiff's discovery requests, including (1) the good faith settlement negotiation deadline of March 21, 2025, (2) the fact discovery completion date of April 28, 2025, and (3) the initial expert disclosure deadline of May 2, 2025 (and, by association, the rebuttal expert disclosure deadline of June 6, 2025). (*See* Doc. 47.) The Court will extend each of those deadlines approximately 30 days to account for Defendants' delay in participating in discovery.

**IT IS THEREFORE ORDERED** accepting Defendants' proposed schedule for production of discovery (Doc. 82 at 3) but warning Defendants that any further delay, including any failure by Defendants to meet the production schedule, will result in sanctions.

**IT IS FURTHER ORDERED** extending certain case management deadlines (*see* Doc. 47), as follows: (1) the good faith settlement negotiation deadline is **April 21, 2025**, (2) the fact discovery completion date is **May 28, 2025**, (3) the initial expert disclosure deadline is **June 2, 2025**, and (4) the rebuttal expert disclosure deadline is **July 7, 2025**.

Dated this 26th day of February, 2025.

Honorable John J. Tuchi
United States District Judge