**MESTAZ LAW**
5090 NORTH 40TH STREET
PHOENIX, AZ 85018
TELEPHONE (602) 806-2068

Daniel B. Mestaz (024477)
Matthew Hersh (037766)
John J. Daller (034016)
daniel@mestazlaw.com
matt@mestazlaw.com
john@mestazlaw.com
*Attorneys for Defendants Alissa Chiaravanond, Pacific Shangrila LLC, Cathedral Shangrila LLC, Nido di Stelle LLC, and ILU LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phong Thanh Huynh, | No. CV-23-08622-PCT-JJT |
| Plaintiff, | **Defendants' Motion to Supplement Record Re: Defendants' Opposition to Plaintiff's Motion to Modify Receivership Order** |
| v. | |
| Alissa Chiaravanond, et. al, | |
| Defendants | **(Oral Argument Requested)** |

Defendants request this Court exercise its discretion to allow them to supplement the record with new evidence that is germane to Defendants' Opposition (Doc. 85) to Plaintiff Phong Thanh Huynh's Motion to Modify Receivership Order by Adding Cathedral Shangrila LLC and Nico di Stelle LLC and for the Transfer of Funds from Defendant Chiaravanond to Receiver (the "Motion to Modify Receivership Order") (Doc. 78).

Since the Opposition was filed, Chiaravanond has diligently continued her efforts to preserve and protect the properties located at 288 Back 'O Beyond Circle (the "Back 'O Beyond Property") and 95 Cross Creek Circle (the "Cross Creek Property), both located in Sedona, Arizona (the "Sedona Properties"). Chiaravanond has obtained insurance coverage for both Sedona Properties and continues to work with Keith Bierman of MCA Financial Group ("MCA") to ensure the prudent management of the Sedona Properties.

This Motion is supported by the following Memorandum of Points and Authorities, the concurrently filed Declarations of Alissa Chiaravanond ("Chiaravanond Decl.") (Exhibit A) and Keith Bierman ("Bierman Decl.") (Exhibit B), the Opposition, and the Court's record.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND.

On February 14, 2025, Huynh filed his Motion to Modify Receivership Order. On February 19, 2025, Huynh filed his Motion to Supplement Record regarding the Motion to Modify Receivership Order (Doc. 80). On February 28, 2025, Defendants filed their Opposition to the Motion to Modify Receivership Order. At the time the Opposition was filed, Chiaravanond: (a) obtained insurance coverage for the Cross Creek Property and was in the process of obtaining insurance coverage for the Back 'O Beyond Property; (b) engaged Keith Bierman, the Senior Managing Director of MCA and a frequent court-appointed receiver, trustee, or special master in over one hundred matters across many varied industries and businesses, to help manage the Sedona Properties; (c) brought payments current on homeowner association bills for the Cross Creek Property (the Back 'O Beyond Property does not have a homeowners association); and (d) confirmed that water and electric bills for the Sedona Properties are paid current. Opposition, p. 6:11-14.

Since the Opposition was filed, Chiaravanond: (a) has secured insurance coverage for the Back 'O Beyond Property, effective March 19, 2025; (b) has confirmed with the

2

property management company that all utilities and other expenses are paid current and in good standing; and (c) has been working with Mr. Bierman and MCA for four weeks and timely paying for services rendered in assisting with the management of the Sedona Properties (collectively, the "Supplemental Facts"). *See* Chiaravanond Decl., ¶¶ 3-6; *see also* Bierman Decl., ¶¶ 5-8.

## II. LEGAL ARGUMENT.

The decision whether to grant a motion to supplement the record is within the district court's discretion. *Udd v. City of Phx.*, No. CV-18-01616-PHX-DWL, 2020 WL 1904638, at *2 (D. Ariz. Apr. 17, 2020) (citing *Resilient Floor Covering Pension Tr. Fund Bd. Of Trs. v. Michael's Floor Covering, Inc.*, 801 F.3d 1079, 1088 (9th Cir. 2015)). "In deciding whether to grant a motion to supplement the record, district courts consider whether the evidence the party is seeking to admit is relevant and also consider whether the motion is made in good faith and whether allowing supplementation would unfairly prejudice the non-moving party." *Courkamp v. Fisher-Price Inc.*, CV-19-02689-PHX-GMS, 2022 WL 4448323, at *2 (D. Ariz. Sept. 23, 2022) (citing *Udd*, 2020 WL 1904638, at *2).

**A.  The Supplemental Facts are Relevant to Defendants' Opposition to Huynh's Motion to Modify Receivership Order.**

The Supplemental Facts provide additional support weighing in favor of denying the Motion. Huynh argues that Chiaravanond is not properly caring for the Sedona Properties such that they are in imminent danger of being injured, diminished in value or squandered and that modification of the Receivership Order to include the Sedona Properties is warranted. *See generally* Motion to Modify Receivership Order.

In fact, Chiaravanond has obtained insurance coverage for both Sedona Properties. And Chiaravanond continues to diligently work with Mr. Bierman and the property management company to ensure that the Sedona Properties are prudently managed. Chiaravanond's continuing efforts to preserve and protect the Sedona Properties are

3

relevant to the Opposition, as they further cut against Huynh's argument that the Sedona Properties are not sufficiently managed and protected.

### B. This Motion is Made in Good Faith and Allowing Supplementation will not Unfairly Prejudice Huynh.

Defendants make this Motion in good faith. The events covered in the Supplemental Facts occurred after March 14, 2025, the date that Plaintiff's Reply (Doc. 90) was filed and briefing was completed. *See* Chiaravanond Decl., ¶ 3. Upon learning of such facts, Defendants filed this Motion.

Huynh is not unfairly prejudiced by inclusion of the Supplemental Facts in the record. The Supplemental Facts confirm that both Sedona Properties are now insured. They further confirm that Defendants are diligently working with Mr. Bierman and the property management company to ensure that the Sedona Properties are prudently managed.

Allowing Defendants to include the Supplemental Facts in the record to support their Opposition is also consistent with this Court's inherent power to manage its docket in support of the fair and just adjudication of this action and the Motion to Modify Receivership Order.

### III. CONCLUSION.

Defendants respectfully request this Court: (a) enter the contemporaneously filed proposed form of Order granting this Motion; and (b) consider the Opposition, as supplemented herein.

Respectfully submitted this 3rd day of April, 2025.

*/s/ John J. Daller*
Daniel B. Mestaz
Matthew Hersh
John J. Daller
Mestaz Law
*Counsel for Defendants*

Served this same day via ECF and also by email to the following:

Devin Sreecharana
Trevor J Wainfeld
May Potenza Baran & Gillespie PC
1850 N Central Ave., Ste. 1600
Phoenix, AZ 85004-4633
602-252-1900
devin@maypotenza.com
twainfeld@maypotenza.com

Moshe Y Admon
Admon Law Firm PLLC
300 Lenora St., Ste. 4008
Seattle, WA 98121
206-739-8383
jeff@admonlaw.com

Adam Bennett Nach
Stuart Rodgers
Lane & Nach PC
2001 E Campbell Ave., Ste. 103
Phoenix, AZ 85016
602-258-6000
adam.nach@lane-nach.com
stuart.rodgers@lane-nach.com

*/s/ John J. Daller*