Devin Sreecharana, Esq. (029057)
Trevor J. Wainfeld, Esq. (037146)
MAY, POTENZA, BARAN & GILLESPIE, P.C.
1850 N. Central Ave., Suite 1600
Phoenix, Arizona 85021
Telephone: (602) 252-1900
Facsimile: (602) 252-1114
Email: devin@maypotenza.com
       twainfeld@maypotenza.com

Moshe Y. Admon, Esq. (034169)
Admon Law Firm, PLLC
300 Lenora St., #4008
Seattle, Washington 98121
Telephone: (206) 739-8383
Email: jeff@admonlaw.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Phong Thanh Huynh,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Alissa Chiaravanond, an individual resident of Arizona, Pacific Shangrila LLC, a Nevada limited liability company, Cathedral Shangrila LLC, a Nevada limited liability company, Nido di Stelle LLC, a Nevada limited liability company, ILU LLC, an Arizona limited liability company,<br><br>　　　　Defendants. | Case No.: 3:23-cv-08622-JJT<br><br>**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO SUPPLEMENT RECORD RE: DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY RECEIVERSHIP ORDER** |

Mr. Huynh[1] objects to Defendants' Motion to Supplement Record re: Defendants' Opposition to Plaintiff's Motion to Modify Receivership Order ("Motion to Supplement")

---

[1] Capitalized terms not defined herein have the same definition as Plaintiff's Motion to Modify Receivership Order by Adding Cathedral Shangrila LLC and Nido di Stelle LLC to the Receivership Estate and for the Transfer of Funds from Defendant Chiaravanond to Receiver (Doc. 78) (the "Motion to Modify Receivership Order").

(Doc. 92) because (1) the Court should not exercise its discretion to permit supplementation where the party moving for supplementation created the supplementary evidence after briefing was complete and (2) the "new" evidence contained therein does not support the argument Defendants cite it for.

Through their Motion to Supplement, Defendants seek to supplement the record with evidence they created in support of their Opposition to the Motion to Modify Receivership Order (Doc. 85) *after* the parties fully briefed that motion. The "new" evidence consists of declarations with broad statements that Defendants secured property insurance for one Sedona Property and are allegedly timely paying the utilities on one Sedona Property and professionals they retained after (and likely in response to) Mr. Huynh's filing of his Motion to Modify Receivership Order. This underscores a broader point of prejudice in this action and support for granting the Motion to Modify Receivership Order: Defendants have mismanaged the Investment Properties and act only when Mr. Huynh seeks relief from this Court. Of course, Defendants could have acted sooner to protect and maintain the Investment Properties and disclosed their actions so Mr. Huynh could fairly address it in his motion briefing. In any event, that briefing concluded and notably, Defendants addressed the same issues in their Opposition to Modify Receivership Order. *See e.g.,* (Doc. 85) at 6:11-17.[2] They should not be permitted to supplement their briefing with evidence they created after-the-fact to support their previously-stated position while the Motion to Modify Receivership Order is pending.[3]

Defendants proffer this "new" evidence to suggest they are properly managing and protecting all the Sedona Properties (Doc. 92 at 3:25-4:2). But the subject evidence pertains to

---

[2] Motions to supplement are denied if the moving party did not act diligently in discovering new information. *Courkamp v. Fisher-Price Inc.*, No. CV-19-02689-PHX-GMS, 2022 WL 4448323 at *2 (D. Ariz. Sept. 23, 2022) (*citing Stucky v. Dep't of Educ.*, 337 F. App'x 611, 613 (9th Cir. 2009); *Nakanelua v. United Pub. Workers, AFSCME, Local 646, AFL-CIO*, No. 20-00442 JAO-KJM, 2022 WL 174098, at *2 (D. Haw. Jan. 19, 2022)).

[3] This starkly contrasts with Mr. Huynh's Motion to Supplement Record (Doc. 80), which moved the Court to consider evidence Mr. Huynh received *from* Defendants *after* filing his Motion to Modify Receivership Order (Doc. 78).

2

only one such property, Sedona House 1. (Doc. 92-1 at ¶ 5 and Exhibit 2).[4] Notably, HOA fees appear to remain outstanding. Attached hereto as **Exhibit A** is Mr. Huynh's declaration, and attached thereto is a statement he received from HOAMCO, on behalf of the Sedona Land's HOA.[5] The statement provides that as of April 1, 2025—before the April 3, 2025 Defendant Chiaravanond declaration (Doc. 92-1)—Defendants have not paid HOA dues since January 2025, and late fees and interest accrue. Ex. A at Exhibit 1 thereto. To Mr. Huynh's knowledge, this statement remains unpaid. Ex. A at ¶ 5. Defendants' request to supplement the record with partial evidence that the Defendants prepared after Motion to Modify (Doc. 78) briefing concluded is unhelpful and unfairly prejudices Mr. Huynh.

Finally, Defendants failed to meet and confer with Mr. Huynh before filing their Motion to Supplement to discuss the propriety of the same before engaging in motion practice, which further supports denial of Defendants' Motion to Supplement (Doc. 92). *Courkamp*, No. CV-19-02689-PHX-GMS, 2022 WL 4448323 at *2.

Given the foregoing, the good faith basis for Defendants' Motion to Supplement (Doc. 92) is questionable but it is unfairly prejudicial to Mr. Huynh in any event. Mr. Huynh respectfully requests the Court deny Defendants' Motion to Supplement (Doc. 92).

---

[4] Outside of their Opposition to the Motion to Modify Receivership Order and Motion to Supplement, Defendants have provided minimal disclosure of their actions relating to the Sedona Properties, and have made little progress toward meaningfully supplementing their responses to Mr. Huynh's first set of written discovery pursuant to this Court's Order (Doc. 84). While Mr. Huynh will further adhere to the Court's discovery dispute protocol if needed, as relevant here, Mr. Huynh remains largely in the dark about Defendants' treatment of the Investment Properties pre- and post-litigation. Defendants' attempted introduction of the "new" evidence raises more questions than answers: *e.g.*, What have Defendants done/What are Defendants doing to secure comprehensive property insurance on all Sedona Properties? How/Why have Defendants and their management company and consultant continued to allow HOA fees to accrue?

[5] Counsel for Mr. Huynh sent the HOA statement (Ex. A at Ex. 1 hereto) to Defendants' counsel on April 17, 2025 at 10:46 am inquiring as to the unpaid balance to the Sedona Land's HOA but have not received a substantive response as of the time of filing.

RESPECTFULLY SUBMITTED this 17th day of April, 2025.

**MAY, POTENZA, BARAN & GILLESPIE, P.C.**

By /s/ *Devin Sreecharana*
 Devin Sreecharana, Esq.
 Trevor J. Wainfeld, Esq.

**ADMON LAW FIRM, PLLC**

Moshe Y. Admon

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2025, I transmitted the foregoing document by U.S. Mail to:

Daniel B. Mestaz
Matthew Hersh
John J. Daller
MESTAZ LAW
5090 North 40th Street
Phoenix, AZ 85018
daniel@mestazlaw.com
matt@mestazlaw.com
john@MestazLaw.com
*Attorneys for Defendants Alissa Chiaravanond, Pacific Shangrila LLC, Cathedral Shangrila LLC, Nido di Stelle LLC, and ILU LLC*

/s/ *Elena Cordero*

5