**MESTAZ LAW**
5090 NORTH 40TH STREET
PHOENIX, AZ 85018
TELEPHONE (602) 806-2068

Daniel B. Mestaz (024477)
Matthew Hersh (037766)
John J. Daller (034016)
    daniel@mestazlaw.com
    matt@mestazlaw.com
    john@mestazlaw.com
*Attorneys for Defendants Alissa
Chiaravanond, Pacific Shangrila
LLC, Cathedral Shangrila LLC,
Nido di Stelle LLC, and ILU LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Phong Thanh Huynh, | No. CV-23-08622-PCT-JJT |
|---|---|
| Plaintiff, | **Joint Motion for Entry of ESI Order** |
| v. | |
| Alissa Chiaravanond, et. al, | |
| Defendants | |

The parties hereby jointly move for entry of an Order Regarding Discovery of Electronically Stored Information. The parties have agreed on all but one provision of the order: Exhibit 1, where the Parties disagree about including a manual filter for relevance after running search terms. Accordingly, two versions of the proposed order are attached to this motion. Exhibit A constitutes Plaintiff's version of the proposed order, while Exhibit B contains Defendants' version of the proposed order. The parties present their respective arguments below.

## I.      Exhibit 1[1]

### A.      Plaintiff's Position

Via Exhibit 1, Defendants wish to conduct a "manual search" for relevance (from their perspective) to exclude documents found with the agreed-upon search terms. This defies the purpose of the ESI protocol and will likely prejudice Plaintiff. *See also*, Fed. R. Civ. P. 26(b)(1) (Information is discoverable as to any relevant matter, even information not admissible at trial, if it is proportional to the needs of the case and not privileged.). The parties have addressed proportionality and protection. Section III(C) of the proposed ESI Order already includes a mechanism for conferring if a term culls an unreasonable number of documents. And the parties stipulated to entry of a Protective Order (Doc. 104).

The parties proposed and agreed upon search terms that are likely to produce relevant information. Disclosure/discovery in this case is in its infancy. Documents/ESI that appear irrelevant now may be relevant and/or discoverable. Defendants' counsel, in carrying out a manual search, may not recognize a document's or communication's relevance. Plaintiff, to be clear, is not arguing that Defendants' counsel is expected to operate in bad faith in limiting for relevance, but they do not view this case from the same lens as Plaintiff. Permitting Defendants to decide what is relevant without disclosure and discovery is fraught with danger, as Plaintiff would simply have to take their word for it and may lose access to key information to which he's entitled under the Federal Rules of Civil Procedure.

This issue comes down to Defendant Chiaravanond's desire to keep information from Plaintiff. She contends, without support, Plaintiff may abuse such information. Despite his denial of her prior unsubstantiated allegations (see e.g., Doc. 29), he agreed to

---

[1] Plaintiffs and Defendants propose the same list of search terms. Their dispute focuses on a protocol of a manual review by Defendants' counsel to exclude documents from production that are culled using search terms on the basis of relevance.

a Protective Order (Docs. 104, 105) so the Parties could finally proceed to comprehensive disclosure and discovery after many months of delay. After that effort, Defendants' version of Exhibit 1 is yet another hurdle to fulsome discovery that should be rejected.

It is unfair and prejudicial for Defendants to decide what is relevant. They have not provided hit reports, sampling, or real examples to substantiate their theoretical concerns. If a ripe issue arises, the Parties will discuss it under Section III(C). The ESI protocol should not allow a unilateral filter for relevance after search terms cull documents.

**B.    Defendants' Position**

Plaintiff's proposal is nonsensical. One of the properties in dispute is on Ravens Call Place. So a search for "raven" will be fruitful. It might also turn up hits about the Edgar Allen Poe poem, the Baltimore football team, or the story of Noah's Ark. Plaintiff wants Defendants to throw all of this over the transom.

Plaintiff's approach would prejudice Defendant Chiaravanond and create burden for everyone. It will prejudice Chiaravanond because it will assure that documents having nothing to do with this litigation—many of which may be private and sensitive—will be shared with her former husband and his counsel. If Chiaravanond has seen a doctor named Johnny Raven, those will turn up in Defendants' search. So too would confidential trade secrets about a company in Raven, Virginia, or idle gossip—in other words, nobody's business—with a friend named Melissa Raven. Some of these could be withheld on privilege or confidentiality grounds but that would require extra scrutiny, logging, and designation. All this so that Plaintiff can waste *his* time going through documents that are irrelevant.

True, Defendants can sort through all of these documents and redact for privilege and confidentiality. Defendants are seeking a more targeted approach to providing Plaintiff with what is relevant while preserving her privacy. Defendants do not want to "decide what is relevant." Plaintiff merely wants to decide what creates additional burden for absolutely no reason.  Plaintiff's approach would create unnecessary burden. Defendants should be

3

able to cull large quantities of data, based on the extensive search terms agreed to by both parties, and then, through manual review, determine what is relevant.

Respectfully submitted this 19th day of May, 2025.

**MESTAZ LAW**

By */s/ Matthew Hersh*
   Matthew Hersh
   *Counsel for Defendants*

**MAY, POTENZA, BARAN & GILLESPIE, P.C.**

By */s/ Trevor J. Wainfeld (with permission)*
   Devin Sreecharana, Esq.
   Trevor J. Wainfeld, Esq.
   *Attorneys for Plaintiff*

**ADMON LAW FIRM, PLLC**

Moshe Y. Admon
*Attorneys for Plaintiff*

4

Served this same day via ECF to the following:

Devin Sreecharana
Trevor J Wainfeld
May Potenza Baran & Gillespie PC
1850 N Central Ave., Ste. 1600
Phoenix, AZ 85004-4633
602-252-1900
devin@maypotenza.com
twainfeld@maypotenza.com

Moshe Y Admon
Admon Law Firm PLLC
300 Lenora St., Ste. 4008
Seattle, WA 98121
206-739-8383
jeff@admonlaw.com

Adam Bennett Nach
Stuart Rodgers
Lane & Nach PC
2001 E Campbell Ave., Ste. 103
Phoenix, AZ 85016
602-258-6000
adam.nach@lane-nach.com
stuart.rodgers@lane-nach.com

*/s/ Matthew Hersh*

5