Devin Sreecharana, Esq. (029057)
Trevor J. Wainfeld (037146)
MAY, POTENZA, BARAN & GILLESPIE, P.C.
1850 N. Central Ave., Suite 1600
Phoenix, Arizona 85021
Telephone: (602) 252-1900
Facsimile: (602) 252-1114
Email: devin@maypotenza.com
          twainfeld@maypotenza.com

Moshe Y. Admon, Esq. (034169)
Admon Law Firm, PLLC
300 Lenora St., #4008
Seattle, Washington 98121
Telephone: (206) 739-8383
Email: jeff@admonlaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phong Thanh Huynh,<br><br>        Plaintiff,<br>v.<br><br>Alissa Chiaravanond, an individual resident of Arizona, Pacific Shangrila LLC, a Nevada limited liability company, Cathedral Shangrila LLC, a Nevada limited liability company, Nido di Stelle LLC, a Nevada limited liability company, ILU LLC, an Arizona limited liability company,<br><br>        Defendants. | Case No.: CV-2308622-PCT-JJT<br><br>**NOTICE OF DISCOVERY DISPUTE**<br><br>(Telephonic Hearing Requested) |

Pursuant to Paragraph 9 of the Scheduling Order (Doc. 47), the Parties jointly submit the following written summaries of their positions regarding a discovery dispute that cannot be resolved despite sincere efforts to resolve the matter. The Parties certify below that they have attempted to resolve this matter through personal consultation. While the Parties agree they are at a crossroads requiring the Court's attention, because of the January 21, 2026 expert report

deadline, they also agree that they will continue efforts to resolve this discovery dispute in good faith in advance of a hearing and inform the Court if they are successful.

Because counsel for Defendants is presently residing out of the country, counsel respectfully requests (without objection from Plaintiff) that he be permitted to appear telephonically at any hearing concerning this dispute.

## I.     PLAINTIFF'S PORTION

In February 2025, the Court heard a discovery dispute premised on Defendants' failures to timely respond to discovery. (Docs. 82, 84). Defendants committed to collecting documents and responding to discovery, including hiring an ESI vendor. *Id.* The Court extended deadlines and stated "further delays will result in sanctions." (Doc. 84).

On October 10, 2025, Plaintiff served Requests for Production and Requests for Admission on Defendants (the "Requests"). (Doc. 143). The parties since stipulated and the Court granted modifications to the scheduling order, twice, in part to accommodate Defendants' document production relevant to Plaintiff's real estate appraisal expert analysis. (Docs. 148, 157). The parties stipulated to production by December 31. (Doc. 156 at 2:5–8).

On December 5, Defendants served responses to the Requests (Doc. 154). Defendants' Responses indicated forthcoming productions, without a date by which such production would occur, leaving Plaintiff without documents to inform his real estate experts' appraisal analysis in advance of the impending January 21, 2026 expert disclosure deadline.

By January 5 email and January 6, 2026 meet and confer, Defendants' counsel made clear Defendants are not cooperating—they have not provided counsel with access to ESI dated March 2025 or later. This ESI arises from Defendant Chiaravanond's email, WhatsApp, and Signal accounts, and likely includes recent information about the Properties. The quantity of this ESI is unknown, but will add to Defendants' rolling production of 50,000-plus pages of other ESI that may be relevant to his experts, leaving Plaintiff and his experts with little time to analyze those documents. Since August, Chiaravanond has vaguely alleged and relied upon a medical condition to delay discovery and depositions. It is unclear whether her alleged condition or something else created her latest disconnect from counsel and this case. Counsel has not

2

clarified, citing privilege. Plaintiff has tried to accommodate, but Defendants' familiar absence from this case is thwarting his efforts to complete fact and expert discovery and prepare for trial.

Defendants are again failing their discovery obligations without excuse. (*See* Doc. 84 at 2:4). Plaintiffs request an order immediately compelling production (subject to heightened sanctions for failure to do so) and recovery of his fees and costs incurred to compel same.

## II.   DEFENDANTS' PORTION[1]

Plaintiff's concern is understandable. He was entitled to a fulsome production in response to his RFPs. Counsel regrets that his client's condition has made it impossible to fully comply because she been unable to share for counsel's review a (narrow) set of the potentially responsive documents. The undersigned believes that his client's failure to do so arises from the same physical and mental conditions that have been supported by sworn declarations and not in an effort at delay. For reasons of privilege, counsel is unable at this time to disclose more.[2]

Plaintiff's request for an order to compel production is reasonable and the undersigned would (conditionally) stipulate to one. But any sanctions should be appropriately tailored. Outside of counsel's time to prepare these papers, Plaintiff has not yet suffered any prejudice. Neither side has yet noticed depositions and the discovery deadline is still months away—plenty of time, at least at this point, for Plaintiff's counsel to review any late-disclosed documents. Moreover, sanctions should be imposed only on Defendants and not on their counsel, who has been making his best efforts in good faith to comply with the Court's orders and the federal

---

[1] Plaintiff objects to Defendants' footnotes 3 and 5. They present matters that are irrelevant to this discovery dispute and not ripe under this Court's discovery dispute process requiring a substantive meet and confer and notice of discovery dispute. As to footnote 3, Defendants possess but have not disclosed new information about the Properties, but they have not identified any relevant information Plaintiff may have but has not produced. As to footnote 5, Defendants have indicated a letter to Plaintiff identifying their concerns is forthcoming but Plaintiff has not received it and thus cannot fairly respond to such concerns.

[2] The undersigned has retained ethics counsel to advise him on, among other things, when and whether it would be appropriate to break privilege to share further information about his client's condition. In any event, counsel would of course comply with any order to provide further information to the Court on an *ex parte* basis.

3

rules. (The undersigned believes that Plaintiff's counsel would agree with this latter point.)[3]

Two other things bear noting. First, two of the schedule changes in this case were sought by Plaintiff—including a stipulation (Doc. 156) to push internal discovery deadlines by a month, which counsel predicated on the press of other matters. Second, though Plaintiff mentions Defendants' "rolling production" of documents responsive to the ESI Order, that is irrelevant to this dispute, which focuses only on the Rule 34 requests.[4] Plaintiff *himself* only produced ESI responsive to that Order last month, after the Parties agreed to narrow the search terms.[5]

RESPECTFULLY SUBMITTED this 11th day of January, 2026.

**MAY, POTENZA, BARAN & GILLESPIE, P.C.**

By */s/ Trevor J. Wainfeld*
  Devin Sreecharana, Esq.
  Trevor J. Wainfeld, Esq.
  *Attorneys for Plaintiff*

**ADMON LAW FIRM, PLLC**

Moshe Y. Admon
*Attorneys for Plaintiff*

---

[3] There is also a pot-kettle situation here. Plaintiff himself did searches required by the ESI Order in early July, and has not disclosed any document dated thereafter. Defendants will address that at the appropriate time.

[4] Also, to be clear, the December 5 response date to RFPs was stipulated and mutual.

[5] In addition, Defendants have at this point grave concerns about the thoroughness of Plaintiff's search for documents responsive to the ESI Order. Defendants' application of the search terms surfaced roughly 50,000 documents constituting almost 400,000 pages. Plaintiff's application of the terms, by contrast, apparently surfaced only *700 pages* of (nonprivileged) documents. Something is clearly amiss here, and a discovery dispute may well be forthcoming on the matter.

**THE LAW OFFICE OF MATTHEW HERSH**

*/s/ Matthew Hersh (with permission)*
Matthew Hersh
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2026 I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants:

Matthew Hersh
Law Office of Matthew Hersh
3214 Newark Street NW
Washington, DC 20008
matt@matthewhersh.com
*Attorney for Defendants Alissa Chiaravanond, Pacific Shangrila LLC, Cathedral Shangrila LLC, Nido di Stelle LLC, and ILU LLC*

/s/*Lynn Adamick*