Matthew Hersh (037766)
**THE LAW OFFICE OF MATTHEW HERSH**
2700 Woodley Road NW, Suite 626
Washington DC 20008
matt@matthewhersh.com
+1 (202) 253 2514

*Attorney for Defendants Alissa Chiaravanond, Pacific Shangrila LLC, Cathedral Shangrila LLC, Nido di Stelle LLC, and ILU LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phong Thanh Huynh, | No. CV-23-08622-PCT-JJT |
| Plaintiff, | |
| v. | **Notice of Discovery Dispute Concerning Plaintiff's Searches of Documents in Response to the ESI Order** |
| Alissa Chiaravanond, et. al, | |
| Defendants. | **(In-Person Hearing Respectfully Requested by Defendants on or Before April 15, 2026)** |

The parties jointly submit the following summaries of their positions regarding a discovery dispute that has not been resolved despite sincere efforts to resolve the matter. The dispute involves Plaintiff's compliance with the ESI Order (Doc. 115) (the "Order").

Because party depositions are noticed for the week of April 20, Defendants respectfully request an in-person hearing on the matter by no later than April 15, 2026.

**DEFENDANTS' POSITION**

Mr. Huynh pressed Alissa on her discovery obligations but shirked his own. The Order required the parties to exchange every document containing any of 83 search terms. Alissa produced 339,642 pages. Hyunh produced 1,713 pages—***0.5 percent***. This in a case where supposedly *Huynh*, not Alissa, owned the properties at stake. Alissa produced thousands of pages that Hyunh was even *copied on*. But they never surfaced from Huynh.

Now we know why. Huynh never got expert help on his search. He instead pecked away at his laptop and phones on his own. That violated the Order, which anticipated expert involvement. It violated best practices of discovery. And it raises serious questions about possible destruction of evidence. (All of this is detailed in dozens of pages of correspondence and expert declarations, which we will be glad to provide to the Court.)

Worse: The parties were to disclose custodians by May 2025. The date came and went. Then in January 2026, Huynh suddenly told us that emails and texts were in the possession of Huynh's employer, not him. But Huynh is the CEO of his employer! And he used his work email/devices whenever it was convenient to him. Suddenly now it is not.

Yet more. Huynh doubled our proposed list of search terms. And he insisted we produce *everything* that got a hit, responsive or not. A staggering waste of resources and time. But now that the shoe is on the other foot, he proposes only half the search terms— and no production of nonresponsive documents. Good for the goose, but not for the gander.

Defendants seek an order that Huynh (1) engage an expert to redo his searches, (2) have the expert report in detail on (a) what has been searched how and (b) what has been preserved, and (3) compensate Alissa for the fees and costs of (a) bringing this motion and (b) doing all the searches and production that Huynh now thinks were unnecessary. The schedule should be extended two months for the same.

**PLAINTIFF'S POSITION**

Plaintiff disagrees with Defendants' position and approach. For example, the Order does not require consultants; Defendants hired one before it was entered because of their ESI and Data Source issues (Doc. 77). Defendants' comparison of production sizes ignores that Defendants' production is mostly irrelevant, and they possessed the at-issue property/entity documents (which they continue to produce).

Defendants referenced a forthcoming discovery dispute on 1/11 (Doc. 159) and 1/22 conference. On 2/27, they sent a 22-page letter demanding that Plaintiff answer more than 66 questions, retain an ESI consultant, and supplement discovery responses. They did not request to amend the case schedule or fee shifting, but have since focused on both, especially the latter, in conferrals and correspondence. This has been an obstacle.

Some of Defendants' questions relate to Plaintiff's 2024 to mid-2025 productions. Plaintiff explained his search process in July and December 2025 discovery responses. In July 2025, Plaintiff objected to broadly producing documents FWD owns and controls. Plaintiff's officer status is not a panacea to grant third-party access to or disclose FWD data. Foreign legal (fiduciary and potentially criminal) and contractual (a disclosed (AEO) confidentiality agreement) duties limit Plaintiff's authority over FWD's data. Plaintiff must formally request further authority from FWD but lacks a framework Defendants conceptually approve that FWD will consider.

To that end, on 3/24, Plaintiff proposed *inter alia* to: (1) retain an ESI consultant for another search of Plaintiff's and FWD's (if permitted) Data Sources and produce a hit report; (2) reasonably modify and confer on search terms; (3) produce documents in the hit report; (4) provide a report from the ESI consultant explaining its search process; and, (5) seek leave to briefly extend effected deadlines once hits and production timing are ascertained. On 3/25, Defendants sent more lengthy questions, pushed this statement's filing despite stating they had more to say about the proposal, and sent another 6-page letter on 3/31. Plaintiff's proposal is proportional. Defendants' requested relief is not.

3

Respectfully submitted this 2nd day of April, 2026.


**THE LAW OFFICE OF MATTHEW HERSH**

By */s/ Matthew Hersh*
    Matthew Hersh


*Attorney for Defendants*


**MAY, POTENZA, BARAN & GILLESPIE, P.C.**

By */s/ Trevor J. Wainfeld (with permission)*
    Trevor J. Wainfeld
    Devin Sreecharana
    Trevor J. Wainfeld

**ADMON LAW FIRM, PLLC**
    Moshe Y. Admon

*Attorneys for Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants:

Devin Sreecharana
Trevor J Wainfeld
May Potenza Baran & Gillespie PC
1850 N Central Ave., Ste. 1600
Phoenix, AZ 85004-4633
602-252-1900
devin@maypotenza.com
twainfeld@maypotenza.com

Moshe Y Admon
Admon Law Firm PLLC
300 Lenora St., Ste. 4008
Seattle, WA 98121
206-739-8383
jeff@admonlaw.com

Adam Bennett Nach
Stuart Rodgers
Lane & Nach PC
2001 E Campbell Ave., Ste. 103
Phoenix, AZ 85016
602-258-6000
adam.nach@lane-nach.com
stuart.rodgers@lane-nach.com

*/s/ Matthew Hersh*