Matthew Hersh (037766)
**THE LAW OFFICE OF MATTHEW HERSH**
2700 Woodley Road NW, Suite 626
Washington DC 20008
matt@matthewhersh.com
+1 (202) 253 2514

*Attorney for Defendants Alissa Chiaravanond, Pacific Shangrila LLC, Cathedral Shangrila LLC, Nido di Stelle LLC, and ILU LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phong Thanh Huynh,<br><br>Plaintiff,<br><br>v.<br><br>Alissa Chiaravanond, et. al,<br><br>Defendants | No. CV-23-08622-PCT-JJT<br><br>**Notice of Discovery Dispute Concerning Plaintiff's Privilege Assertions Concerning Schuyler Moore**<br><br>**(Hearing Respectfully Requested on April 14, 2026)** |

The parties jointly submit the following summaries of their positions regarding a discovery dispute that cannot be resolved despite sincere efforts to resolve the matter. The dispute involves Plaintiff's assertion of privilege over seven email threads involving Plaintiff and Schuyler Moore, Defendant Alissa's Chiaravanond's former husband who is a lawyer in California as a partner at the law firm Greenberg Glusker.

The position of the parties is set forth below. The parties respectfully request that any hearing on this matter be heard along with the other discovery dispute presently scheduled to be heard on April 14, 2026 at 10:30 A.M.

The parties will provide the privilege log at issue upon the Court's request.

**DEFENDANTS' POSITION**

Mr. Huynh's privilege claim is meritless. Alissa and Moore were married between August 2016 and April 2018. The marriage ended acrimoniously, a fact that Huynh no doubt plans to use to (meritlessly) attack Alissa's credibility and character in this case. (*E.g.* Doc. 33 at pp 4-5). On August 31, 2023, Alissa served notice to Huynh of her intent to bring family law proceedings against him in a Singapore court. Huynh reached out to Moore right away and they had a series of email exchanges lasting (according to Huynh) through September 20. Huynh then listed Moore as a person with knowledge in his disclosures in this case and has indicated his intent to take his deposition.

Huynh now claims he reached out to Moore for *legal* advice. That is hard to credit. Moore is indeed an attorney (though not a family law attorney; his California practice focuses on entertainment, corporate, and tax). But there are many lawyers Huynh could have reached out to for legal advice. Common sense informs us what more likely happened: Huynh reached out to Moore as a potential *witness*. That takes care of any possible attorney-client privilege. And there is no evidence that Huynh was directed in those efforts by his own attorneys, meaning that any plausible work product privilege claim (to the extent there was ever one at all) also must fail.

But that is not all. Moore was not only Alissa's ex-husband. He was also Alissa's *attorney*. In 2016, while Alissa was negotiating a consulting agreement with FWD, Moore represented her in those negotiations. At one point, he even negotiated on Alissa's behalf *directly with Huynh* over the agreement. Given the considerable ethics issues surrounding Moore's representation adverse to a former client, to say nothing of adverse to *his own former wife*, it is hard to believe that Moore would have allowed Huynh to believe they could enter into a privileged relationship.

Defendants request an order that the privilege claim be set aside (or in the alternative, that the Court review the documents *in camera* to make such a determination).

2

**PLAINTIFF'S POSITION**

The test for determining whether the attorney-client privilege applies is set forth in *U.S. v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020) (citations omitted). "The work-product doctrine protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011). The attorney-client privilege and work-product doctrine may attach to preliminary conversations, even where the client does not ultimately retain the lawyer. *Sanmina Corp.*, 968 F.3d at 1118; *Barton v. Dist. Ct.*, 410 F.3d 1104, 1111 (9th Cir. 2005).

The controlling question is whether Plaintiff, at the time of the communications, consulted Mr. Moore, as a lawyer, for the purpose of obtaining legal advice in confidence. The privilege log, compliant with Fed. R. Civ. P. 26(b)(5)(A), confirms he did. The log identifies that at-issue communications involved other lawyers at Mr. Moore's law firm, including litigators. These communications involved discussion of possible claims, lawyer retention, and other matters related to possible legal representation.

Defendants' contention that Mr. Moore's prior marital and alleged attorney-client relationship with Ms. Chiaravanond vitiates Plaintiff's privilege is unsupported and legally irrelevant. Any conflict of interest would concern Mr. Moore's professional obligations to his former client. It does not diminish the privilege applicable to Plaintiff's (a prospective client) confidential communications with him as potential counsel. Defendants have not cited, nor has Plaintiff located, contrary authority. Nor has Plaintiff waived the privilege or work product doctrine. His disclosure of Mr. Moore as a person with knowledge concerns relevant facts, not privileged communications/work product. The scope of Mr. Moore's potential testimony may be addressed through motions *in limine* and has no bearing on whether the subject communications remain privileged.

The asserted privileges should not be set aside. Plaintiff is willing to submit the subject emails for the Court's *in camera* review.

3

Respectfully submitted this 10th day of April, 2026.


**THE LAW OFFICE OF MATTHEW HERSH**

By */s/ Matthew Hersh*
        Matthew Hersh


*Attorney for Defendants*



**MAY, POTENZA, BARAN & GILLESPIE, P.C.**

By */s/ Trevor J. Wainfeld (with permission)*
        Trevor J. Wainfeld
        Devin Sreecharana

**ADMON LAW FIRM, PLLC**
        Moshe Y. Admon

*Attorneys for Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants:

Devin Sreecharana
Trevor J Wainfeld
May Potenza Baran & Gillespie PC
1850 N Central Ave., Ste. 1600
Phoenix, AZ 85004-4633
602-252-1900
devin@maypotenza.com
twainfeld@maypotenza.com

Moshe Y Admon
Admon Law Firm PLLC
300 Lenora St., Ste. 4008
Seattle, WA 98121
206-739-8383
jeff@admonlaw.com

Adam Bennett Nach
Stuart Rodgers
Lane & Nach PC
2001 E Campbell Ave., Ste. 103
Phoenix, AZ 85016
602-258-6000
adam.nach@lane-nach.com
stuart.rodgers@lane-nach.com


*/s/ Matthew Hersh*