Matthew Hersh (037766)
**THE LAW OFFICE OF MATTHEW HERSH**
2700 Woodley Road NW, Suite 626
Washington DC 20008
matt@matthewhersh.com
+1 (202) 253 2514

*Attorney for Defendants Alissa
Chiaravanond, Pacific Shangrila LLC,
Cathedral Shangrila LLC, Nido di Stelle
LLC, and ILU LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phong Thanh Huynh, | No. CV-23-08622-PCT-JJT |
| Plaintiff, | |
| v. | **Notice of Discovery Dispute Concerning Sequencing of Party Depositions** |
| Alissa Chiaravanond, et. al, | |
| Defendants | **Hearing Requested on April 14, 2026** |

The parties jointly submit the following summaries of their positions regarding a discovery dispute that cannot be resolved despite sincere efforts to resolve the matter. The issue concerns party deposition timing and discovery sequencing.

The parties agree to the following numbered paragraphs to provide background for this dispute:

1.    The fact witness deposition deadline under the current scheduling order (Doc. 171) is April 23.  On March 26, 2026, Plaintiff noticed Ms. Chiaravanond's deposition for April 22, 2026. On March 27, 2026, Defendants noticed their own deposition of Ms. Chiaravanond for April 20, and Plaintiff's deposition on April 21 and 23 (Plaintiff

reserves his disagreement to the two-day notice but that is not before the Court and may be resolved). Plaintiff is unavailable the week of 4/20.

2.    Plaintiff proposed additional searches of ESI (Doc. 181). Until the extent of searches is decided and volume of ESI is determined, it is unknown how much time is needed to complete those searches and subsequent productions, if any.

3.    On April 8, 2026, the parties agreed to postpone the party depositions noticed for the week of April 20 and to seek leave of the Court to extend the fact witness deadline, consistent with their April 2, 2026 Notice of Discovery Dispute (Doc. 182). Defendants' counsel has a pre-scheduled vacation from 4/23 to 5/3. Plaintiff now intends to depose Ms. Chiaravanond the week of May 11. Defendants seek a protective order or other appropriate relief to postpone all party depositions until Plaintiff conducts further ESI searching and produces more documents, if any.

The parties respectfully request this dispute be heard on April 14 at 10:30 a.m. with the previously-scheduled discovery dispute hearing. (Docs. 182, 183).

**DEFENDANTS' POSITION**

Mr. Huynh now acknowledges that he needs to "retain an ESI consultant" and do "another search" of his ESI. (Doc. 181 at 3.) If he does that right, that will take a long time and will lead to a massive production. The ESI Order (Doc. 115) requires the parties to disclose every document that contains any of 83 different search terms. When Alissa did that search with the assistance of an ESI consultant, she came up with more than 300,000 pages of documents. Huynh has so far produced only 1,700 pages—0.5 percent. Unless he has hopelessly spoliated his documents, much more is coming.

The logical thing would be to complete the ESI discovery first and then to do the party depositions. But Huynh wants to rush Alissa to the deposition table now. Why? He's the one who created this problem by whiffing on his first effort at discovery. And nothing is gained by forcing the deposition of a witness who lacks the full record. Perhaps Huynh wants to lock in Alissa's testimony before she has a chance to see all of his cards. Perhaps

he wants to run up her legal fees. Maybe he is hoping Alissa doesn't show up at all. We have asked his attorneys, and they have not given us a meaningful justification. It is hard to think of one at all.

The Court should order the parties to negotiate in good faith a timeline for depositions according to the following order: First, Huynh finishes doing "another search" (Doc. 181) of his ESI. Second, Defendants depose Huynh. Third, Huynh deposes Alissa. Additionally, because deposition notices technically remain in effect for the week of April 20 (even though neither party actually wants to go through with them), the Court should issue a protective order precluding Alissa's deposition during that week.

## PLAINTIFF'S POSITION

Plaintiff has tried to depose Defendants for nearly eight months. Defendants (1) initially failed to engage in discovery, (2) worked on their year-long ESI disclosures, through many issues with device/account access, review, and production, and (3) alleged Ms. Chiaravanond's health condition significantly limited her engagement in discovery. Defendants now raise ESI and production concerns to support self-serving discovery sequencing, after Plaintiff recently pressed to schedule depositions. (Doc. 182 at 3:7–14.)

Plaintiff noticed Ms. Chiaravanond's deposition for 4/22. Defendants did not object as unavailable. Instead, they noticed their own depositions of Plaintiff (4/21 and 23) and Ms. Chiaravanond (4/20) (Plaintiff reserves objections to Defendants' Notices and admission of Defendants' deposition testimony at trial), to preserve her trial testimony and, unlike Plaintiff, viewed their notices as "largely protective in light of the current" schedule and (im)pending discovery issues.

Defendants then suggested party depositions the weeks of 5/11 or 5/18. Plaintiff agreed to the week of 5/11 but Defendants will not commit, now requiring two pre-conditions to appearing at depositions: (1) Plaintiff completes further ESI searches; and, (2) Defendants first depose Plaintiff.

Practically, this case is largely a "he said, she said" dispute with limited documentary evidence squarely probative to the merits. Defendants possess the core evidence: the parties' communications and property acquisition/finance documents. Given Ms. Chiaravanond's stated unknown trial availability, Plaintiff should depose her soon. Other than their speculation that an adverse communication must exist but has not been produced, Defendants contend they are entitled "to the full record" before they are deposed, Fed. R. Civ. P. 30(a)-(b)(1) and 26(d)(3) notwithstanding. Neither constitutes good cause for their requested relief. Further delay of Defendants' deposition does not serve the interests of justice, particularly given Defendants' role in this action's procedural history.

Plaintiff does not object to Defendants' request to depose him after more proportional ESI searching, and within a reasonable timeframe.

Respectfully submitted this 13th day of April, 2026.

**THE LAW OFFICE OF MATTHEW HERSH**

By */s/ Matthew Hersh*
    Matthew Hersh

*Attorney for Defendants*

**MAY, POTENZA, BARAN & GILLESPIE, P.C.**

By */s/ Trevor J. Wainfeld (with permission)*
    Trevor J. Wainfeld
    Devin Sreecharana

**ADMON LAW FIRM, PLLC**
    Moshe Y. Admon

*Attorneys for Plaintiff*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants:

Devin Sreecharana
Trevor J Wainfeld
May Potenza Baran & Gillespie PC
1850 N Central Ave., Ste. 1600
Phoenix, AZ 85004-4633
602-252-1900
devin@maypotenza.com
twainfeld@maypotenza.com

Moshe Y Admon
Admon Law Firm PLLC
300 Lenora St., Ste. 4008
Seattle, WA 98121
206-739-8383
jeff@admonlaw.com

Adam Bennett Nach
Stuart Rodgers
Lane & Nach PC
2001 E Campbell Ave., Ste. 103
Phoenix, AZ 85016
602-258-6000
adam.nach@lane-nach.com
stuart.rodgers@lane-nach.com

*/s/ Matthew Hersh*