**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Phong Thanh Huynh,<br><br>Plaintiff,<br>v.<br><br>Alissa Chiaravanond, an individual resident of Arizona, Pacific Shangrila LLC, a Nevada limited liability company, Cathedral Shangrila LLC, a Nevada limited liability company, Nido di Stelle LLC, a Nevada limited liability company, ILU LLC, an Arizona limited liability company,<br><br>Defendants. | Case No. CV-23-08622-PCT-JJT<br><br>**ORDER MODIFYING JANUARY 17, 2025 ORDER** |

At issue is Plaintiff Phong Thanh Huynh's Renewed Motion to Modify Receivership Order by Adding Cathedral Shangrila LLC ("Cathedral") and Nido di Stelle LLC ("Nido") to the Receivership Estate (Doc. ___) (the "Renewed Motion to Modify Receivership Order"), which Plaintiff requested the Court consider on an expedited basis (Doc. __).

The Court previously appointed Adam Nach of Peak Performance Restructuring Services, LLC ("Nach & PPRS" or "Receiver") as the receiver over Defendants Pacific Shangrila LLC ("Pacific") and ILU LLC ("ILU"). (Doc. 70). The Court denied Plaintiff's February 14, 2025 Motion to Modify Receivership Order because Defendants had retained

MCA Financial Group LLC ("MCA") to assist with their management of the three Sedona, Arizona properties at issue in this action, 288 Back O'Beyond Circle ("Sedona House 1"), 95 Cross Creek Circle ("Sedona House 2"), and 95 Ravens Call Place (the "Sedona Land") (collectively, the "Sedona Properties") (Doc. 1 at ¶¶ 6, 8). At that time, the Court "hinged its denial of the [2025 Motion to Modify Receivership Order] solely on this third *Canada Life* factor of lack of immediate danger of loss, diminishment of value, or squandered." May 8, 2025 Hearing Transcript at 45:20–23. The Court further ordered Defendant Chiaravanond to direct MCA to report "that all insurance, property tax, association fees, and utilities are current and that all noncosmetic maintenance issues are being addressed." *Id.* at 45:7–13. The Court expressly permitted Plaintiff to renew his 2025 Motion to Modify Receivership Order if Defendants failed to provide reports demonstrating the currency of those obligations and stated that, because its denial rested solely on the third *Canada Life* factor, the Court would summarily grant such motion.

Upon review of Plaintiff's Motion to Modify Receivership Order (Doc. __), and related briefing and arguments, the Court finds as follows:

1. The Court has jurisdiction to adjudicate Plaintiff's request for appointment of a receivership over Cathedral and Nido.

2. The Court's appointment of a receiver is an "extraordinary equitable remedy" that "should be applied with caution." *Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009) [hereinafter "*Canada Life*"]. The "appointment of a receiver in equity is not a substantive right; rather, it is an ancillary remedy which does not affect the ultimate outcome of the action." *Id.* at 843 (quoting *Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev. Corp.*, 153 F.3d 1289, 1291 (11th Cir. 1998)) (internal quotation marks omitted). Thus, where a federal court has diversity jurisdiction over a case, as here, Federal Rule of Civil Procedure 66 governs the appointment of a receiver, "even in the face of differing state law." *Id.* at 843 (quoting *Nat'l P'ship Inv. Corp.*, 153 F.3d at 1291) (internal quotation marks omitted).

3. Under Rule 66 and *Canada Life*, the Court considers a variety of factors—none of which is dispositive—in determining whether to exercise its discretion to grant a plaintiff's motion for the appointment of a receivership in a diversity action such as this one, including: (1) whether the plaintiff has a valid claim; (2) "whether there is fraudulent conduct or the probability of fraudulent conduct by the defendant"; (3) "whether the property is in imminent danger of being lost, concealed, injured, diminished in value, or squandered"; (4) "whether legal remedies are inadequate"; (5) whether the harm to the plaintiff by denial of the appointment would outweigh injury to the defendant; (6) "the plaintiff's probable success in the action and the possibility of irreparable injury to [the] plaintiff's interest in the property"; and (7) "whether [the] plaintiff's interests sought to be protected will in fact be well-served by receivership." *Id.* at 844 (quoting 13 James Wm. Moore, *et al.*, Moore's Fed. Practice § 66.04[2][b] (3d ed. 2008), and citing *N.Y. Life Ins. Co. v. Watt W. Inv. Corp.*, 755 F. Supp. 287, 292 (E.D. Cal. 1991)) (internal quotation marks omitted).

4. Plaintiff offers evidence that (1) 2025 property taxes remained unpaid and delinquent and that MCA was unaware of that liability until its deposition on October 27, 2026; (2) assessments to the Cross Creek Ranch Community Association (the "HOA") were not paid since 2025, resulting in two debt collection actions, and MCA was unaware of that liability until its deposition on October 27, 2026; (3) that HOA reports that one of the Sedona Properties is in "disrepair" and MCA was unaware of that alleged condition because it had never communicated directly with that HOA; (4) MCA is unaware of the condition of the Sedona Land; (5) MCA has not been in consistent, direct contact with Defendant Chiaravanond throughout 2026; (6) MCA does not have direct access to the bank account receiving revenues from the rental of one of the Sedona Properties; and (7) MCA's reporting on these conditions and liabilities over the year 2026 failed to identify these issues, and Plaintiff independently discovered and raised them with Defendants and MCA.

5. The Court addressed the *Canada Life* factors in connection with the 2025 Motion to Modify Receivership Order, hinged its denial of that Motion on the third *Canada*

*Life* factor, and stated that it would grant a renewed motion summarily if the required reports failed to demonstrate that the Sedona Properties' obligations were current. (*See* Doc. 55 at 6 n.2 (citing *Walters v. Fid. Mortg. of Cal.*, 730 F. Supp. 2d 1185, 1197–98 (E.D. Cal. 2010)); Doc. 70 at 3:20-4:12; Doc. 108).

6. As Plaintiff demonstrates in the Renewed Motion to Modify Receivership Order (Doc. __), the Court finds that the third *Canada Life* factor is satisfied because the Sedona Properties are in immediate danger of loss, diminishment of value, or squandered. The remaining *Canada Life* factors are also satisfied for the same reasons identified in the Court's Receivership Order. *See* (Doc. 70 at 3:20-4:11). The Court therefore grants the Renewed Motion to Modify Receivership Order summarily.

7. In the present circumstances, there is no other adequate remedy at law for the protection and preservation of Sedona House 1, Sedona House 2, the Sedona Land, or the alleged rights of the parties therein.

8. It would be inequitable for Defendant Chiaravanond to reside in Sedona House 2 without paying rent to the entity owning that Property, Nido, particularly as she receives revenue from the rental of Sedona House 1 but property taxes and HOA assessments are unpaid. Thus, the Court will permit the Receiver to charge Defendant Chiaravanond monthly rent, in an amount the Receiver determines to be reasonable, for her to reside at Sedona House 2. Those funds shall be part of the Receivership Estate.

9. It would be inequitable for Defendant Chiaravanond to personally retain the revenues from renting Sedona House 1, which is real property owned by Cathedral. Defendant Chiaravanond shall disgorge all such rental revenues to the Receiver.

10. It would be inequitable for Defendant Chiaravanond not to pay all outstanding amounts due to the HOA and to Yavapai County. Defendant Chiaravanond shall pay those amounts and any other past-due payments or existing liabilities that the Receiver may discover.

On the basis of the foregoing findings, the full record in this matter, and good cause appearing therefor,

**IT IS ORDERED** granting Plaintiff's Renewed Motion to Modify Receivership Order (Doc. __).

**IT IS FURTHER ORDERED** that Nach & PPRS is further appointed as the receiver over the following companies:

(1) Cathedral Shangrila LLC; and,

(2) Nido di Stelle LLC

Adam Nach is not an employee or corporate officer of any party to this action, nor is Nach & PPRS otherwise interested in this action beyond its appointment as receiver.

**IT IS FURTHER ORDERED** that the Court's January 17, 2025 Order (Doc. 70) shall be modified as follows: (a) the defined term "Receivership Companies" shall be redefined to include Cathedral Shangrila LLC, Nido di Stelle LLC, Pacific Shangrila LLC, and ILU LLC (Doc. 70 at 5:4-9); (b) the defined term "Receivership Estate" shall be redefined to include Cathedral Shangrila LLC, Nido di Stelle LLC, Pacific Shangrila LLC, ILU LLC, and the assets held by each of those companies.

**IT IS FURTHER ORDERED** that the Receiver may charge Defendant Chiaravanond monthly rent, in an amount the Receiver determines to be reasonable, for her to reside at Sedona House 2. Those funds shall be part of the Receivership Estate.

**IT IS FURTHER ORDERED** that Defendant Chiaravanond shall promptly pay, no later than 14 calendar days from this Order's entry, all revenues that have been collected from the rental of Sedona House 1 since December 2, 2023 (Doc. 1) to the Receivership Estate.

**IT IS FURTHER ORDERED** that Defendant Chiaravanond shall promptly pay, no later than 14 calendar days from this Order's entry, all delinquent property taxes, penalties, HOA assessments, and other currently- and past-due expenses and liabilities relating to the Sedona Properties, and the cost of the repairs the Receiver identifies as reasonably necessary to preserve and protect the Sedona Properties.

**IT IS FURTHER ORDERED** that except as otherwise modified by this Order and Order Authorizing Receivership Certificates (Doc. 130), the January 17, 2025 Order (Doc. 70) is unchanged and remains in full force and effect as to each of the Receivership Companies and the Receivership Estate as those terms are redefined herein.

**IT IS FINALLY ORDERED** that the Court shall retain jurisdiction over the Receivership Companies, Receivership Estate, and parties for the purpose of enforcing the terms of this Order and ordering such other relief upon proper showing as is consistent with this Order.

SIGNED this ______ day of _________________, 2026.

_________________________________
Honorable John J. Tuchi
United States District Judge