Devin Sreecharana, Esq. (029057)
Trevor J. Wainfeld, Esq. (037146)
**MAY, POTENZA, BARAN & GILLESPIE, P.C.**
1850 N. Central Ave., Suite 1600
Phoenix, Arizona 85004
Telephone: (602) 252-1900
Facsimile: (602) 252-1114
Email: devin@maypotenza.com
Email: twainfeld@maypotenza.com

Moshe Y. Admon, Esq. (034169)
Admon Law Firm, PLLC
300 Lenora St., #4008
Seattle, Washington 98121
Telephone: (206) 627-0909
Email: jeff@admonlaw.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Phong Thanh Huynh,

Plaintiff,

v.

Alissa Chiaravanond, an individual resident of Arizona, Pacific Shangrila LLC, a Nevada limited liability company, Cathedral Shangrila LLC, a Nevada limited liability company, Nido di Stelle LLC, a Nevada limited liability company, ILU LLC, an Arizona limited liability company,

Defendants.

Case No.: 3:23-cv-08622-JJT

**MOTION TO SEAL EXHIBIT D TO PLAINTIFF'S RENEWED MOTION TO MODIFY RECEIVERSHIP ORDER BY ADDING CATHEDRAL SHANGRILA LLC AND NIDO DI STELLE LLC TO THE RECEIVERSHIP ESTATE**

(Assigned to the Hon. John J. Tuchi)

Pursuant to LRCiv. 5.6(d) and the Court's May 5, 2025 Protective Order (Doc. 105) (the "Protective Order"), Plaintiff by and through undersigned counsel, hereby submits this Motion to Seal Exhibit D to Plaintiff's Renewed Motion to Modify Receivership Order by Adding Cathedral Shangrila LLC and Nido Di Stelle LLC to the Receivership Estate (the "Motion to Modify"). Plaintiff requests this Court enter an order granting Plaintiff leave to

file Exhibit D to the Motion to Modify under seal. Exhibit D to the Motion to Modify contains excerpts from Defendant Alissa Chiaravanond's October 8, 2026 Deposition transcript that Defendants designated "CONFIDENTIAL" under the Protective Order (Doc. 105).

## I. LEGAL STANDARD

While there is a strong presumption in favor of access to court records, where a motion greatly correlates to a case's merits, a party may seal certain records by satisfying the "compelling reasons" standard. *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-99 (9th Cir. 2016); *see id.* at 1097 (providing examples of compelling reasons "include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing'").

District "[c]ourts relax the presumption that records should not be sealed for non-dispositive filings." *MMI, Inc. v. Baja, Inc.*, 743 F. Supp. 2d 1101, 1106 (D. Ariz. 2010) (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir.2002)). "In a non-dispositive motion, a party need only make a particularized showing of 'good cause' to seal a document instead of the normal "compelling reasons" standard." *Id.* (citing *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir.2006)).

## II. ANALYSIS

The good cause standard applies here because Plaintiff uses the cited testimony in support of his Motion to Modify, a non-dispositive filing. *MMI*, 743 F. Supp. 2d at 1106.

At each party deposition, including Defendant Chiaravanond's, the parties agreed to designate their respective deposition transcripts "CONFIDENTIAL" and, in specific instances, designate certain testimony "CONFIDENTIAL – FOR COUNSEL'S EYES ONLY" under the Protective Order (Doc. 105) given the personal and private nature of this dispute's underlying facts. Each party reserved the right to de-designate any such designations, as permitted under Section 8 of the Protective Order (Doc. 105 at 7).

There is good cause for this Motion. First, the parties agreed to designate the party deposition transcripts, including Defendant Chiaravanond's, as confidential and the portions of her deposition testimony cited in the Motion to Modify have not been de-designated. Second, Defendant Chiaravanond's cited deposition testimony relates to a personal financial transaction in which the public has no material interest outside of what already exists in the public record.

Accordingly, Plaintiff respectfully requests to file Exhibit D to his Motion to Modify under seal pursuant to Section 8 of the Protective Order (Doc. 105 at 6).

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant his Motion to Seal Exhibit D to Plaintiff's Motion to Modify and enter the contemporaneously filed proposed Order.

RESPECTFULLY SUBMITTED this 13th day of November, 2026.

**MAY, POTENZA, BARAN & GILLESPIE, P.C.**

By: */s/ Trevor J. Wainfeld*
Devin Sreecharana
Trevor J. Wainfeld

**ADMON LAW FIRM, PLLC**

By: */s/ Moshe Y. Admon*
Moshe Y. Admon, Esq.
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants:

Matthew Hersh
THE LAW OFFICE OF MATTHEW HERSH
3214 Newark Street NW
Washington, DC 20008
matt@matthewhersh.com
*Attorney for Defendants*

Adam Bennett Nach
Stuart Rodgers
NACH, RODGERS, HILKERT & SANTILLI
2001 E. Campbell Avenue, Suite 103
Phoenix, Arizona 85016
docket@nrhslaw.com
adam.nach@lane-nach.com
stuart.rodgers@nrhslaw.com
*Attorneys for Peak Performance Restructuring Services, LLC*

*/s/ Elena Cordero*